# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CYBERONICS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **WELLS FARGO BANK,** | § | |
| **NATIONAL ASSOCIATION,** | § | |
| **As Trustee Under Indenture,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT WELLS FARGO BANK,**
**NATIONAL ASSOCIATION'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Wells Fargo Bank, National Association, as Trustee under Indenture, ("Wells Fargo") files this Notice of Removal to remove Cause No. 2006-63284, pending in the 165th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. In support of this Notice of Removal, Wells Fargo states as follows:

**BACKGROUND**

1.    This lawsuit involves a dispute over whether Plaintiff Cyberonics, Inc. ("Cyberonics") breached the Indenture dated September 27, 2005 (the "Indenture") between Cyberonics and Wells Fargo, the Trustee under the Indenture, by, among other things, (1) failing to deliver its Form 10-K to, and file its Form 10-K with, Wells Fargo for the fiscal year ended April 28, 2006, and (2) failing to comply with a Notice of Acceleration.

2.    On October 3, 2006, Cyberonics filed its Original Petition for Declaratory Judgment ("Petition") in the matter styled Cause No. 2006-63284; *Cyberonics, Inc. v. Wells*

*Fargo Bank, National Association, as Trustee under Indenture*; In the 165th Judicial District Court of Harris County, Texas.

3.       In its Petition, Cyberonics seeks a declaratory judgment that "no Event of Default has occurred under the Indenture because it has not breached any duty to deliver within 15 days copies of its annual filings with the SEC." Exhibit B, Petition ¶ 24, at 6. Cyberonics also seeks to recover its attorneys' fees under the Texas Declaratory Judgment Act.[1]

4.       On January 5, 2007, Wells Fargo agreed to waive the issuance of the citation and service of process in the lawsuit pursuant to Texas Rules of Civil Procedure 119.

5.       No jury demand has been made, and no orders have been signed by the state court judge in this lawsuit.

## BASIS OF REMOVAL

6.       Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.       *Citizenship of the Parties.* Cyberonics is a corporation formed under the laws of Delaware. *See* Exhibit B, Petition ¶ 1, at 1. Cyberonics' principal place of business is in Houston, Texas. *See id.* Therefore, Cyberonics is a citizen of the States of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1).

8.       Cyberonics states in its Petition that Defendant Wells Fargo "has its principal trust office in Fort Worth, Texas." Exhibit B, Petition ¶ 2, at 2. However, the citizenship of a national banking association is not determined by the presence of a "principal trust office." Rather, a national banking association is deemed to be a citizen for jurisdictional purposes in the state

---

[1]    A copy of the Indenture is attached as Exhibit A to Cyberonics' Petition.

where its main office, as set forth in its articles of association, is located. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 945 (2006) ("Were we to hold . . . that a national bank is additionally a citizen of every State in which it has established a branch, the access of a federally chartered bank to a federal forum would be drastically curtailed in comparison to the access afforded state banks and other state-incorporated entities.").

9.    Defendant Wells Fargo is a national banking association organized under the laws of the United States of America with its main office in the City of Sioux Falls, County of Minnehaha, South Dakota, as provided by its articles of association. Accordingly, Wells Fargo is a citizen of the State of South Dakota. *See id.*

10.    Because Cyberonics and Wells Fargo are citizens of different states, there is complete diversity of citizenship between the parties to this lawsuit.

11.    *Amount in Controversy.*    In a declaratory judgment proceeding, the amount in controversy is measured by "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *see also Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (holding that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Williams v. State Farm Mut. Auto. Ins. Co.*, 931 F. Supp. 469, 472 (S.D. Tex. 1995) (noting that the "court may bring common sense to bear in making the amount in controversy determination").

12.    In this case, Cyberonics is seeking a declaration of whether it breached its Indenture with Wells Fargo. *See* Exhibit B, Petition ¶¶ 24-28, at 6-7. The principal amount of the securities under the Indenture is $125 million. *See id.*, Indenture (attached as Exhibit A to Cyberonics' Petition), at 9-10. A breach of the Indenture could subject Cyberonics to the

3

immediate payment of the principal amount of the securities, together with accrued and unpaid interest, or any other damages available at law or in equity.  *See id.* §§ 4.2, 4.3, at 19. Accordingly, the minimum jurisdictional amount in controversy is satisfied.

13.    In addition, the face of Plaintiff's state court petition demonstrates that the amount in controversy exceeds $75,000.00.  Specifically, Cyberonics states in its Petition that "[t]he Notice of Acceleration of the Indenture asserts that Cyberonics must immediately pay more than $125,000,000."  Exhibit B, Petition ¶ 28, at 7; *see also id.*, Civil Case Information Sheet (stating that the monetary damages are greater than $100,000).[2]  Wells Fargo is entitled to rely on Cyberonics' statements regarding the amount in controversy in order to satisfy the jurisdictional requirement.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that a state court petition may be used to determine the amount in controversy, and the sum claimed by the plaintiff controls if made in good faith); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-94 (5th Cir. 1996) (holding that a defendant could rely on deposition testimony given by the plaintiff to establish the amount in controversy for purposes of removal).

14.    Cyberonics also seeks the recovery of its attorneys' fees in its Petition.  *See* Exhibit B, Petition ¶ 29(b), at 8.  Attorneys' fees may be considered in determining the amount in controversy.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003).  Accordingly, based upon the amount of potential damages at issue, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[2]    The state court Civil Case Information Sheet is attached to the certified copy of the Petition, Exhibit B, at page 87.  Page numbers in the certified copy are located on the left-hand side of the page.

## THE REMOVAL IS TIMELY AND PROCEDURALLY CORRECT

15.     Wells Fargo agreed to waive the issuance of the citation and service of process on January 5, 2007.  Well Fargo subsequently filed this Notice of Removal within thirty days of that date and less than one year after the commencement of this suit.  *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999).  Therefore, the Notice of Removal has been filed in timely manner.

16.     Removal is proper to the Southern District of Texas, Houston Division, because Harris County – the location where Cyberonics filed its state court action – is located in this judicial district.  *See* 28 U.S.C. §§ 124(b)(2), 1441(a).

17.     Wells Fargo is the only defendant, and therefore, does not need to obtain the consent of others to remove this lawsuit.  *See* 28 U.S.C. § 1446(a).

18.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Wells Fargo attaches the following documents to this Notice of Removal:  (1) an index of matters being filed (Exhibit A); (2) a certified copy of Cyberonics' Petition (Exhibit B); (3) a certified copy of the Waiver of Issuance of Citation and Service of Process (Exhibit C); (4) a certified copy of the state court docket sheet (Exhibit D); and (5) a list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit E).

19.     A true and correct copy of this Notice of Removal will be filed with the Clerk of the 165th Judicial District Court of Harris County, Texas, and served on counsel for Cyberonics promptly after Wells Fargo files this Notice of Removal, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Wells Fargo Bank, National Association, as Trustee under Indenture, hereby provides notice that this case is removed from the 165th Judicial District Court

of Harris County, Texas, to the United States District Court for the Southern District of Texas,

Houston Division, for all further proceedings.

Respectfully submitted,


By: /s Samuel E. Stubbs
      Samuel E. Stubbs
      State Bar No. 19434500
      Texas Southern District No. 1035
      909 Fannin, Suite 2000
   Houston, Texas 77010
   Telephone: (713) 276-7645
   Telecopier: (713) 582-6473

**ATTORNEYS FOR DEFENDANT WELLS
FARGO BANK, NATIONAL ASSOCIATION**

OF COUNSEL:

PILLSBURY WINTHROP SHAW PITTMAN LLP
David Goldberg
Texas State Bar No. 00789317
Texas Southern District No. 2748
909 Fannin, Suite 2000
Houston, Texas 77010
Telephone: (713) 276-7651
Telecopier: (713) 582-6473

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2007, a true and correct copy of the foregoing Defendant Wells Fargo Bank, National Association's Notice of Removal was forwarded to the following attorney-in-charge via hand delivery:

N. Scott Fletcher
Vinson & Elkins L.L.P.
1001 Fannin Street, Suite 2300
Houston, Texas  77002-6760

/s Samuel E. Stubbs
Samuel E. Stubbs