# EXHIBIT "C"



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

AFFILIATED COMPUTER SERVICES, INC. :
    Plaintiff,

          v.

THE BANK OF NEW YORK TRUST
COMPANY, N.A., solely in its capacity as
Indenture Trustee on behalf of all Holders of
Affiliated Computer Services, Inc.'s 5.20%
Senior Notes Due 2015,

    Defendant.

---

: 06 Civ. _____

: **COMPLAINT**

: 3 0 6 - C V - 1 7 7 0 D

## NATURE OF ACTION

1.    ACS seeks a declaratory judgment that ACS is not in default under a provision in an indenture (as amended, the "Indenture") that was entered into on June 6, 2005, between ACS and The Bank of New York Trust Company, N.A. as Trustee ("BNYTC" or the "Trustee"), in connection with ACS's issuance of Senior Notes under the Indenture, as alleged in a "Notice of Default" (the "Notice") delivered to ACS and the Trustee on or after September 22, 2006. The Notice alleges that Section 4.03 of the

Indenture and Section 314(a) of the TIA affirmatively and independently required ACS to file <u>with the SEC</u> all annual reports required pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 (the "Exchange Act"), and that ACS is therefore in default under the Indenture because ACS has not yet filed its annual report on Form 10-K for the year ended June 30, 2006.

2. In fact, Section 4.03(a) of the Indenture and Section 314(a) of the TIA require only that ACS file <u>with the Trustee</u> copies of those annual reports, information, and other reports that ACS has filed with the Securities and Exchange Commission (the "SEC" or "Commission") pursuant to Section 13 or 15(d) of the Securities Exchange Act (the "Exchange Act") and to comply with Section 314(a) of the Trust Indenture Act of 1939 (the "TIA").

3. Because Section 4.03(a) of the Indenture does not require ACS to file its Form 10-K <u>with the SEC</u>, and requires only that ACS file a copy of its Form 10-K with the Trustee within 15 days after ACS files the same with the SEC, ACS respectfully requests that this Court enter a judgment declaring that ACS is not in default under Section 4.03(a) of the Indenture as alleged in the Notice.

**JURISDICTION**

4. This Court has jurisdiction over ACS's claim for declaratory relief pursuant to 28 U.S.C. § 1331 because the action arises under the TIA, 15 U.S.C. §77nnn.

5. Pursuant to 28 U.S.C. §§ 1332 and 1441, the federal district courts have original jurisdiction over this action based on diversity of citizenship among the parties in that the sole defendant in this action is diverse in citizenship from the plaintiff and the

amount in controversy exceeds $75,000, exclusive of interest and costs.  *See Wachovia v. Schmidt*, 126 S.Ct. 941, ___ U.S. ___ (Jan. 17, 2006).

## THE PARTIES

6.   Plaintiff Affiliated Computer Services, Inc. is a corporation organized under the laws of Delaware with its principal place of business located at 2828 North Haskell Avenue in Dallas, Texas.

7.   Defendant BNYTC is a national association whose articles of association do not designate a location in either Delaware or Texas as its main office.  Defendant BNYTC maintains an office in this District at Plaza of the Americas, 600 North Pearl Street, Suite 420 in Dallas, Texas 75201.  BNYTC may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

8.   Jurisdiction over Defendant is proper because Defendant does business in the State of Texas and has, *inter alia*, transacted business in this state and contracted to supply services or goods in this state.

9.   Venue is proper in this District under 28 U.S.C. § 1391 because Defendant maintains an office in and does business in this District, and the claims against Defendant have arisen in this District.

## FACTS

10.   Plaintiff ACS brings this claim for a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202.

11. ACS is a Fortune 500 and S&P 500 company with approximately 52,000 employees providing business process outsourcing, information technology outsourcing and systems integration services solutions to commercial and government clients.

12. On June 6, 2005, ACS completed a public offering of $250 million aggregate principal amount of its 4.70% Senior Notes due June 1, 2010 (the "4.70% Senior Notes") and $250 million aggregate principal amount of its 5.20% Senior Notes due June 1, 2015 (the "5.20% Senior Notes"), pursuant to the Indenture and two supplements thereto entered into between ACS and Defendant BNYTC as Trustee. The First Supplemental Indenture and Second Supplemental Indenture each expressly ratified, confirmed, and incorporated the terms of the Indenture.

13. Section 4.03 of the Indenture requires ACS to provide certain information and reports to BNYTC in its capacity as indenture trustee. Specifically, Section 4.03 provides, in pertinent part, that:

> (a) [ACS] shall file with the Trustee, within 15 days after it files the same with the SEC, copies of the annual reports and the information, documents, and other reports (or copies of those portions of any of the foregoing as the SEC may by rules and regulations prescribe) that [ACS] is required to file with the SEC pursuant to Section 13 or 15(d) of the Exchange Act. The Company shall also comply with the provisions of [the Trust Indenture Act of 1939 Section] 314(a).

(emphasis added)

14. Similarly, Section 314(a) of the TIA, compliance with which is required by reference in Section 4.03(a) of the Indenture, requires an issuer of bonds or notes to make certain periodic reports to the indenture trustee. *See* 15 U.S.C. §77nnn. Specifically, "[e]ach person who, as set forth in the registration statement or application, is or is to be an obligor upon the indenture securities covered thereby" must, *inter alia*, "(1) file with the indenture

4

<u>trustee</u> copies of the annual reports and of the information, documents, and other reports . . . which such obligor is required to file with the [Securities and Exchange] Commission pursuant to [Section 13 or 15(d) of the Securities Exchange Act] . . ." *See id.* (emphasis added)

15. Under the plain language of both Section 4.03(a) of the Indenture and Section 314(a) of the TIA, then, ACS is required to provide BNYTC in its capacity as indenture trustee with copies of the annual reports, information, documents, and other reports that ACS has filed with the SEC pursuant to Section 13 or 15(d) of the Exchange Act.

16. On September 22, 2006, Cede & Co., acting as registered Holder of record of the 5.20% Senior Notes and on behalf of certain beneficial owners of the 5.20% Senior Notes (the "Beneficial Owners"), delivered the Notice to ACS and Defendant BNYTC. The Notice purported to advise ACS and BNYTC of an "Event of Default" under the Indenture.

17. Section 6.01 of the Indenture states that an "Event of Default" occurs with respect to the securities of any series issued pursuant to a supplement to the Indenture where "ACS fails to comply with any of its . . . covenants or agreements in, or provision of, the securities of that series or [of the Indenture] . . . which shall not have been remedied within the specified period after written notice, as specified in the last paragraph of Section 6.01 [of the Indenture]." The last paragraph of Section 6.01 of the Indenture further provides that "[a] Default under clause (3) of this Section 6.01 is not an Event of Default until the Trustee notifies [ACS] or the Holders of at least 25% in principal amount of the then outstanding [s]ecurities of the series affected by that Default, or, if outstanding [s]ecurities of other series are affected by that Default, then at least 25% in principal amount of the then outstanding

[s]ecurities so affected, notify [ACS] and the Trustee, of the Default, and [ACS] fails to cure the Default within the period of days specified in the applicable indenture."

18. Despite the plain language of Section 4.03(a) of the Indenture and Section 314(a) of the TIA, both of which require only that ACS provide copies of certain of its SEC filings to the Trustee, the Notice alleges that Section 4.03(a) of the Indenture creates an additional, independent obligation to file certain reports and documents <u>with the SEC</u>. In other words, the Notice alleges that Section 4.03(a) of the Indenture and Section 314(a) of the TIA impose <u>two</u> requirements, rather than one: obligating ACS to file <u>with the SEC</u> all annual reports required pursuant to Section 13 or 15(d) of the Exchange Act <u>and to furnish to the indenture trustee</u> and the holders of the Notes annual reports that ACS has filed with the SEC. The Notice further alleges that ACS is in default under this provision of the Indenture because it has not yet not filed <u>with the SEC</u> an annual report on Form 10-K for the fiscal year ended June 30, 2006, as of September 14, 2006.

19. The Notice further requests that the Trustee and ACS remedy the purported default under the Indenture.

**FIRST CLAIM FOR DECLARATORY RELIEF**

20. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. The plain language of Section 4.03(a) of the Indenture requires ACS only to file with Defendant BNYTC as Trustee copies of certain annual reports, information, documents, and other reports that ACS has filed with the SEC pursuant to Sections 13 and 15(d) of the Exchange Act within 15 days of their filing with the SEC.

22. Similarly, Section 314(a) of the TIA requires ACS only to file with Defendant BNYTC as Trustee copies of the annual reports, information, documents, and other reports that ACS files with the SEC pursuant to Sections 13 and 15(d) of the Exchange Act.

23. Because ACS has not yet filed its annual report on Form 10-K for the fiscal year ended June 30, 2006, ACS is not yet obligated to provide copies of its Form 10-K for the fiscal year ended June 30, 2006 to the Trustee under both Section 4.03(a) of the Indenture and Section 314(a) of the TIA. Accordingly, ACS is not in default under the Indenture, as alleged in the Notice.

24. The declaratory relief sought in this action will clarify and settle the legal relations between the parties and will afford relief from the uncertainty and controversy that presently exist with respect to the parties' respective rights and obligations under the Indenture.

25. Pursuant to 28 U.S.C. § 2201, ACS is entitled to a declaratory judgment that it is not in default under Section 4.03(a) of the Indenture.

## PRAYER

WHEREFORE, Plaintiff ACS prays for the following relief:

A. A declaration that ACS is not in default under Section 4.03(a) of the Indenture; and

B. Such other relief as to which it may be entitled.

Dated:    September 26, 2006

Respectfully submitted,

*Charles Schwartz* by Permission: Arthur Sedeh

Charles W. Schwartz
State Bar No. 17861300
Attorney in Charge
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana, Suite 6800
Houston, TX 77002
Telephone No.: 713-655-5160
Facsimile No.:  888-329-2286

Michelle L. Davis*
State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Rodney Square
Wilmington, DE 19899-0636
(302) 651-3000 – phone
(888) 329-3350 – fax

*A resident of the Northern District of Texas and a member of the Bar of this Court.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

### I. (a) PLAINTIFFS
AFFILIATED COMPUTER SERVICES, INC.

**DEFENDANTS**
THE BANK OF NEW YORK TRUST, N.A., solely in its capacity as Indenture Trustee on behalf of all Holders of 5.20% Senior Notes Due 2015

(b) County of Residence of First Listed Plaintiff   Dallas County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

3 06 - CV - 1770 D

(c) Attorney's (Firm Name, Address, and Telephone Number)
Skadden, Arps, Slate, Meagher & Flom LLP
1000 Louisiana, Suite 6800, Houston, TX 77002 Phone: 713/655-5100

Attorneys (If Known)
Charles W. Schwartz
Texas Bar No. 17861300

SEP 26 2006

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U S Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:
15 U.S.C. § 77nnn; Seeking declaratory relief under Trust Indenture Act and contract between the parties.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R C P 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 09/26/2006
SIGNATURE OF ATTORNEY OF RECORD
Charles Schwartz by permission Arthur Seiler

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____