Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
BERGESON, LLP
303 Almaden Boulevard
Suite 500
San Jose, California 95110-2712
Telephone:   (408) 291-6200
Facsimile:    (408) 297-6000

Attorneys for Plaintiff FINISAR CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity, but solely in its capacity as Indenture Trustee in behalf of all Holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010; and DOES 1 through 10, inclusive,<br><br>                    Defendants | Case No. 5:07-CV-04052-JF (PVT)<br><br>**PLAINTIFF FINISAR CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO REMAND ACTION TO SANTA CLARA COUNTY SUPERIOR COURT**<br><br><br><br>Date:        **Friday, November 2, 2007**<br>Time:        **9:00 a.m.**<br>Courtroom:  **3**<br><br>District Judge:      Hon. Jeremy Fogel<br>Magistrate Judge:  Hon. Patricia V. Trumbull<br><br><br><br>Complaint Filed:   June 22, 2007<br>Trial Date Set:    None Yet |

# TABLE OF CONTENTS

PAGE(S)

I.    PRELIMINARY STATEMENT ............................................................................. 1

II.   ARGUMENT ..................................................................................................... 2

    A.    The Action Must Be Remanded Because the Allegedly Federal Issue Identified by U.S. Bank Is Not Contested. ................................................... 2

    B.    The Action Must Be Remanded Because the *Contested* Issue Arises by Contract, Not Federal Statute. .......................................................................... 3

        1.    On Finisar's Theory of the Merits, Federal Jurisdiction Is Lacking. .................... 4

        2.    Even if U.S. Bank's Theory of the Merits Were Accepted, Federal Jurisdiction Would Still Be Lacking. ................................................. 6

    C.    If U.S. Bank's Argument that the Action Arises Under the TIA Were Correct, then Removal Would Have Been Expressly Prohibited by Statute. ...................................... 7

    D.    U.S. Bank's Authorities Are Inapposite. ........................................................ 8

III.   CONCLUSION ................................................................................................. 10

1

**TABLE OF AUTHORITIES**

2

PAGE(S)

3

**Cases**

4

*Abels v. State Farm Fire & Casualty Co.,*
   770 F.2d 26, 29 (3d Cir. 1985)................................................................................. 2

5

6

*AT&T Communications of Mountain States, Inc. v. Qwest Corp.,*
   2007 WL 518537, *2 (D. Utah Feb. 13, 2007) ......................................................... 9

7

*Bank of New York v. BearingPoint, Inc.,*
   824 N.Y.S.2d 752 (N.Y. Sup.Ct. 2006) .................................................................... 5

8

*Boatmen's First National Bank v. Kansas Public Employees' Retirement System,*
   915 F.Supp. 131 (W.D. Mo. 1996) ....................................................................... 7, 9

9

10

*Burns v. Windsor Insurance Co.,*
   31 F.3d 1092 (11th Cir. 1994).................................................................................. 5

11

*Colorado River Water Conservation District v. United States,*
   424 U.S. 800, 96 S.Ct. 1236 (1976) ......................................................................... 1

12

*Cyberonics, Inc. v. Wells Fargo Bank, National Association,*
   2007 WL 1729977 (S.D. Tex. June 13, 2007) ....................................................... 5, 8

13

*Grable & Sons Metal Products v. Darue Engineering & Manufacturing,*
   545 U.S. 308, 125 S.Ct. 2363 (2005)........................................................................ 3

14

15

*Koresko v. Murphy,*
   464 F.Supp.2d 463 (E.D. Pa. 2006) .......................................................................... 9

16

*Lowdermilk v. U.S. Bank,*
   479 F.3d 994 (9th Cir. 2007)..................................................................................... 9

17

18

*Quackenbush v. Allstate Insurance Co.,*
   517 U.S. 706, 116 S.Ct. 1712 (1996) ....................................................................... 1

19

*Rosack v. Volvo of America Corp.,*
   421 F.Supp. 933 (N.D. Cal. 1976) ............................................................................ 5

20

*Rose v. SLM Corp.,*
   2007 WL 674319, *1 (W.D.N.C. Feb. 28, 2007)...................................................... 9

21

22

*Semi-Tech Litigation, LLC v. Bankers Trust Co.,*
   353 F.Supp.2d 460 (S.D.N.Y. 2005)......................................................................... 5

23

**Statutes/Rules**

24

15 U.S.C. § 77rrr ......................................................................................................... 7

25

15 U.S.C. § 77v ........................................................................................................ 2, 8

26

15 U.S.C. § 77vvv .................................................................................................... 2, 8

15 U.S.C. § 78aa .......................................................................................................... 8

27

15 U.S.C. § 78m .................................................................................................... 6, 7, 8

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15 U.S.C. § 78o .................................................................................................................. 6, 7, 8

47 U.S.C. § 453 ................................................................................................................... 8

49 U.S.C. § 32705 .............................................................................................................. 9

1        Finisar[1] respectfully offers the following points and authorities in reply to "U.S. Bank

2 Trust National Association's Response to Finisar Corporation's Amended Motion to Remand

3 Action to Santa Clara County Superior Court" (the "Opposition"), filed in behalf of U.S. Bank in

4 response to "Plaintiff Finisar Corporation's *Amended . . .* Motion to Remand Action to Santa

5 Clara County Superior Court" (the "Motion").

6                      **I.    PRELIMINARY STATEMENT**

7        This is one of two related actions that Finisar commenced in the Superior Court of the

8 State of California for the County of Santa Clara (the "State Court") seeking declaratory relief

9 under state law with respect to three contractual Indentures between Finisar and U.S. Bank.  The

10 first action was occasioned by U.S. Bank's assertion that Finisar had defaulted under the

11 Indentures by not timely filing its Form 10-Q for its fiscal quarter ended October 29, 2006, while

12 the instant Action was occasioned by similar contentions relating to later filings.  U.S. Bank

13 removed both actions to this Court, alleging that they fell within its federal question subject

14 matter jurisdiction.

15        Finisar moved to remand the first action, Case No. C 07-2101 JF (PVT), based on (1) U.S.

16 Bank's failure timely to remove and (2) lack of federal subject matter jurisdiction.  On October

17 12, 2007, the Court entered in the first action its "Order Granting Motion to Remand,"

18 "remanding the First . . . Action because the removal was untimely."  (Opp. at 3:17-18.)[2]

19 However, "[t]he Court did not address the issue of federal question."  (*Id.* at 3:18-19.)

20 _____

21 [1] To avoid undue repetition, terms defined in "Plaintiff Finisar Corporation's *Amended* Notice of Motion and Motion to Remand Action to Santa Clara County Superior Court" are used herein with the same signification.

22 [2] Finisar's present Motion is based on lack of subject matter jurisdiction.  However, the Court's
23 remand to the State Court of what U.S. Bank concedes is an essentially "identical" action may give rise to a separate ground for remand, *viz., abstention.  See Quackenbush v. Allstate Ins. Co.,*
24 517 U.S. 706, 721, 116 S.Ct. 1712 (1996) ("in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based
25 on abstention principles, but can also . . . decline to exercise jurisdiction altogether by . . . remanding . . . to state court"); *Colorado River Water Conservation Dist. v. United States,* 424
26 U.S. 800, 817-818, 96 S.Ct. 1236 (1976) (characterizing "the desirability of avoiding piecemeal jurisdiction" and "the order in which jurisdiction was obtained by the concurrent forums" as
27 factors that may be considered in determining whether abstention or dismissal "for reasons of wise judicial administration" is warranted "in situations involving the contemporaneous exercise
28 of concurrent jurisdiction . . . by state and federal court").  Because the Court had not yet remanded the earlier action, this ground was not addressed by Finisar's opening brief, and Finisar

1    Finisar's present Motion seeks remand of this, the second Action on the ground not

2    reached by the Court in adjudicating Finisar's motion to remand the first action, *viz.,* that the

3    Action arises under state contract law rather than the federal TIA.  As shown below, U.S. Bank

4    has failed in its Opposition to discharge its burden, as the proponent of federal removal

5    jurisdiction, to establish that such jurisdiction exists.  Moreover, as Finisar observed in its Motion

6    (see *id.* at 2:24-28), even if the Action *had* arisen under the TIA, removal still would have been

7    improper because, as U.S. Bank concedes, "Section 22(a) of the Securities Act of 1933, 15 U.S.C.

8    § 77v(a), incorporated by reference under Section 322(b) of the TIA, 15 U.S.C. § 77vvv(b),

9    prohibits removal" of actions brought under the TIA.  (*See* Opp. at 1:23-24.)

10                              **II.   ARGUMENT**

11   **A.      The Action Must Be Remanded Because the Allegedly Federal Issue**

12   **        Identified by U.S. Bank Is Not Contested.**

13       U.S. Bank, as the proponent of federal removal jurisdiction, bears the burden of

14   establishing its existence.  *See Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.

15   1985) ("it is the [removing] defendant's burden to show the existence of federal jurisdiction").

16   Finisar's Motion invited U.S. Bank to meet its burden by identifying a substantial and disputed

17   federal issue presented by Finisar's single claim for declaratory relief.  U.S. Bank has responded

18   by *twice* in its Opposition directly and unambiguously identifying what it contends is the issue

19   allegedly justifying the exercise of federal jurisdiction:

20               Resolution of this lawsuit necessarily depends on a substantial federal
21               question:  Is Finisar, as an issuer of public debt securities, required to file
                 reports with the SEC under the Exchange Act and provide copies of such
22               reports to the Trustee?

23               The federal issue—whether Finisar, as an issuer of public debt securities,
                 is required to file reports with the SEC under the Exchange Act and
24               provide copies of such reports to the Trustee—is at the core of the parties'
                 dispute.

25   (Opp. at 6:7-9; *see also id.* at 10:9-11.)

26

27   will not seek unfair advantage by arguing it for the first time on reply.  Should the Court
     determine that it does have subject matter jurisdiction, Finisar may present this newly-arisen
28   ground for remand in a subsequent motion.

**FINISAR'S  REPLY  IN  SUPPORT**                    2.
**OF MOTION TO REMAND**

1    Certainly, no such issue is disclosed on the face of Finisar's Complaint. U.S. Bank's

2   characterization fairly summarizes what U.S. Bank wants to make the case about, but in so doing

3   it badly distorts Finisar's actual position.

4    More to the present point, U.S. Bank's own statement of the federal issue demonstrates

5   the necessity of remand because "federal jurisdiction demands . . . a *contested* federal issue."

6   *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313, 125 S.Ct. 2363 (2005)

7   (emphasis added). As U.S. Bank elsewhere concedes (*see* Opp. at 4:15-16), Finisar does not deny

8   either that it is "required to file reports with the SEC under the Exchange Act" or that it is

9   "required . . . to provide copies of such reports to the Trustee."[3]  Finisar's Motion must be granted

10   because what U.S. Bank itself identifies as the federal issue is not even contested.

11   **B.    The Action Must Be Remanded Because the *Contested* Issue Arises by**

12   **Contract, Not Federal Statute.**

13    As a fair reading of Finisar's Complaint confirms, the contested issue in this Action is not

14   whether the Exchange Act requires Finisar to file reports as and at the times prescribed by the

15   SEC, nor whether the TIA and Indentures require Finisar to provide copies of reports filed with

16   the SEC to the Trustee.  The contested issue, rather, is whether the Indentures impose on Finisar

17   an obligation *running to the Trustee* to do something other than provide it with copies of reports

18   filed with the SEC.[4]

19

20   [3] U.S. Bank intimates that Finisar is denying or flouting its obligations to file periodic reports with the SEC. (*See, e.g.,* Opp. at 1:8-10 ["Finisar asserts that it is only required to provide copies of . . . reports . . . *if* and when it *chooses* to file them with the SEC"] [emphasis added]; 6:24

21   ["The filing of annual and quarterly reports under the Exchange Act is optional."].) Yet as U.S. Bank elsewhere admits, "Finisar does not appear to dispute that it is required to file quarterly and

22   annual reports." (*Id.* at 4:15-16.) Finisar is working diligently to satisfy its filing obligations, which it acknowledges and takes very seriously; and it has throughout been keeping the SEC and

23   the Trustee fully apprised both of the challenges it is addressing and its ongoing efforts to meet them. (*See id.* at 17-20.)  For example, Finisar has filed with the SEC and provided to U.S. Bank

24   no fewer than 18 Forms 8-K since October 29, 2006, the first filing deadline U.S. Bank alleges Finisar missed.  There are numerous enforcement mechanisms already in place to ensure that

25   publicly traded companies keep the investing public informed.  As U.S. Bank observes, the TIA was enacted in response to "previous abuses *by indenture trustees,*" not note-issuing obligors.

26   (*See id.* at 10:26 (emphasis added).)

27   [4] Here, the question is solely one of Finisar's obligations *to the Trustee.*  Although Finisar's

28   obligations to the SEC are not here at issue, it is instructive that the SEC as well as NASDAQ (the exchange on which Finisar's shares trade) have demonstrated that *they* do not see in Finisar's

1    According to Finisar's pleaded claim, the contested issue can and should be resolved by

2    reference to the plain language of the Indentures, and is thus an issue purely of state law.  U.S.

3    Bank argues that federal statutes must be consulted in addition to or in place of the contractual

4    language; but even on U.S. Bank's theory of the merits, the contested issue is one of state rather

5    than federal law because, as Finisar alleged in its Complaint and reiterated in its Motion, the

6    Indentures at issue in this Action were not required to be and have not been qualified under the

7    TIA.

8            **1.        On Finisar's Theory of the Merits, Federal Jurisdiction Is Lacking.**

9    Finisar's theory of the case is simple.  Section 4.02 of the Indentures, by its plain

10   language, requires Finisar to provide copies of SEC reports to the Trustee "within 15 days after it

11   files such . . . reports . . . with the [SEC]."  Because the reports not yet provided to the Trustee

12   have not yet been filed with the SEC, the fifteen-day period within which Section 4.02 requires

13   the reports to be provided to the Trustee cannot yet have expired.  Turning from the merits to the

14   jurisdictional issue now before the Court, because the controlling language in Section 4.02 does

15   not even appear in the TIA (or any other federal statute), the contested issue cannot be one of

16   federal law.

17   U.S. Bank does not dispute that *if* the language upon which Finisar relies is controlling,

18   then there is no federal question presented.  Instead, U.S. Bank argues that the concluding

19   sentence of Section 4.02 of the Indentures requires compliance with Section 314(a) of the TIA,

20   and that the cited provision of the TIA—together with still other statutory provisions allegedly

21   incorporated therein by reference, and instead of the language relied upon by Finisar—controls.[5]

22

23
_____

24   conduct any disregard for its filing obligations, by refraining from taking adverse actions based
     on the delays (which Finisar has reported to both entities) in the filing of its reports.

25   [5] Finisar does not concede that U.S. Bank should prevail on the merits even if the statutory
     provisions it cites are considered, but that is not the point, here.  *Here,* the point is that if the plain
26   language of the contract controls, then the contested issue can only be one of state law.  As will
     be shown in the next section, federal jurisdiction is lacking even if U.S. Bank's contention that
27   the statutory text must also be consulted is correct, because any need to consult the statutory text
     arises from the voluntary incorporation of statutory requirements into the contracts rather than by
28   operation of law.

**FINISAR'S REPLY IN SUPPORT**                    4.
**OF MOTION TO REMAND**                                    CASE NO.: 5:07-CV-04052-JF-PVT

As Finisar observed in its opening brief, *Cyberonics, Inc. v. Wells Fargo Bank, National Association,* 2007 WL 1729977 (S.D. Tex. June 13, 2007), adopted Finisar's view of the merits. U.S. Bank too narrowly construes *Cyberonics* "as instructive [only] to the question of whether Section 4.02 of the Indentures requires Finisar to file financial reports with the SEC."  (Opp. at 1:22-2:1.)  Contrary to U.S. Bank's dismissively narrow view, *Cyberonics* bears directly on the jurisdictional inquiry presently before the Court in two ways.

First, *Cyberonics* held that the disposition of the merits was controlled by the language in the indenture before it that parallels the language relied upon by Finisar in this Action.  Separate and apart from the implications that ruling has for the merits, it directly supports Finisar's jurisdictional contention by resting the merits disposition on contractual language appearing in the indenture but not found in the TIA.

Second, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).  "[A]ny doubt should be resolved in favor of remand to spare the parties proceedings which might later be nullified should jurisdiction be found to be lacking."  *Rosack v. Volvo of Am. Corp.,* 421 F.Supp. 933, 937 (N.D. Cal. 1976).  Finisar does not want to run the risk of having to defeat U.S. Bank twice, once here and again (if subject matter jurisdiction is later found to have been lacking) in the State Court.  Separate and apart even from whether *Cyberonics* was correctly decided, by showing that Finisar's position is well-founded, not only on the merits but also (by necessary implication) on jurisdiction, *Cyberonics* at a minimum creates sufficient uncertainty as to the existence of federal jurisdiction to justify (and even require) remand.[6]

---

[6] U.S. Bank counters Finisar's citation of *Cyberonics* with its own citation to *Bank of New York v. BearingPoint, Inc.,* 824 N.Y.S.2d 752 (N.Y. Sup.Ct. 2006), which reached a contrary decision on similar facts.  *Cyberonics* considered but did not follow *BearingPoint,* and the existence of competing decisions on disputed points simply underscores the uncertainty that requires remand. U.S. Bank cites *BearingPoint inter alia* for the proposition that "an issuer of debt securities 'cannot take advantage of its failure to fulfill its obligation to file timely reports with the SEC by arguing that it has consequently not breached its obligation to provide the Trustee with copies of such reports.'"  (Opp. at 10:16-18.)  On that particular point, *BearingPoint* is called into question not only by *Cyberonics* but also by *Semi-Tech Litigation, LLC v. Bankers Trust Co.,* 353 F.Supp.2d 460, 479-480 (S.D.N.Y. 2005), which excused a trustee's failure to detect a note issuer's breach of indenture provisions "precisely because [the trustee] breached its duties [to inspect certificates] under Section 315(a) [of the TIA]."

1

2.      **Even if U.S. Bank's Theory of the Merits Were Accepted, Federal**

2

**Jurisdiction Would Still Be Lacking.**

3           U.S. Bank disputes Finisar's position both on the merits and on jurisdiction.  In what will

4   presently be shown a related vein, U.S. Bank contends that "[q]ualification [of the Indentures]

5   under the TIA is irrelevant to the question before the Court."  (Opp. at 1:15-16.)  It is unclear

6   what "question" U.S. Bank has in mind, and whether and how qualification bears on the merits of

7   the Action remains to be seen.  But qualification is *highly* relevant to the issue now at hand

8   because it shows that, even if U.S. Bank were right that the Indentures require Finisar to comply

9   with the filing requirements established by the SEC pursuant to the Exchange Act, *that*

10  requirement would arise by way of contractual obligation (a matter of state law) rather than by

11  operation of federal law.

12          In keeping with its theory of the merits, U.S. Bank characterizes the action as "aris[ing]

13  under the laws of the United States, namely Sections 13 and 15(d) of the Exchange Act and

14  Section 314(a) of the TIA."  (Opp. at 2:24-25.)  Finisar's claim certainly is not *pleaded* as one for

15  relief from or pursuant to either the Exchange Act or the TIA.  To support its contention that the

16  Action nevertheless "arises" under those Acts, U.S. Bank argues that "Section 4.02 of the

17  Indentures . . . requires Finisar to comply with the provisions of Section 314(a) of the TIA, which

18  [in turn] incorporates Sections 13 and 15(d) of the Exchange Act."  (*Id.* at 4:12-14.)  U.S. Bank

19  bases its jurisdictional contention that "the Court must interpret, apply or otherwise determine the

20  effect of the Exchange Act and the TIA" on its substantive premise that "the Indentures . . .

21  require Finisar to comply with the . . . TIA . . . and the . . . Exchange Act."  (*Id.* at 6:4-5, 1:18-20.)

22          Assuming (without conceding) that the Indentures require Finisar to comply with the TIA

23  and the Exchange Act, and that the Court must therefore interpret those statutes to determine

24  whether Finisar is in default under the Indentures, U.S. Bank has still failed to address the key

25  question:  *why* do the Indentures require compliance with the TIA (and Exchange Act)?  In other

26  words, what is the origin of that contractual obligation?  Qualification is the key to answering *that*

27  question.

28

1    Had the Indentures been qualified, Section 314(a) of the TIA (and with it, on U.S. Bank's

2    theory, Sections 13 and 15(d) of the Exchange Act) would have been made a term of the

3    Indentures by operation of (federal) law.  *See* 15 U.S.C. § 77rrr(c) ("The provisions of [Sections

4    310 through 317 of the TIA] . . . are a part of and govern every *qualified* indenture, whether or

5    not physically contained therein . . .") (emphasis added).  Had the Indentures been qualified, U.S.

6    Bank's characterization of Section 4.02 of the Indentures as a "contractual provision . . .

7    mandated by Congress" and as "required by . . . federal statute" would have been in *some*

8    measure[7] accurate.  (*See* Opp. at 11:15-16, 12:9.)  But because the Indentures were and are not

9    qualified, U.S. Bank's characterization is wholly incorrect:  neither Section 4.02 nor any other

10    provision of the Indentures is mandated or required by the TIA.

11    Rather, the Indentures require compliance with Section 314(a) of the TIA—and therefore,

12    on U.S. Bank's theory, Sections 13 and 15(d) of the Exchange Act—*only* because the parties

13    chose to require it as a term of their contract.[8]  And as shown by Finisar in § IV.C of its opening

14    brief (*see* Motion at 11:22-13:5.), the voluntary adoption of statutory requirements as contractual

15    terms *by agreement,* unlike incorporation accomplished by operation of law, cannot give rise to

16    federal jurisdiction.  *See Boatmen's First Nat. Bank v. Kansas Pub. Employees' Retirement*

17    *System,* 915 F.Supp. 131, 135 (W.D. Mo. 1996) (finding no federal question jurisdiction where

18    "each indenture . . . was not qualified under the TIA").

19    **C.    If U.S. Bank's Argument that the Action Arises Under the TIA Were Correct,**

20    **then Removal Would Have Been Expressly Prohibited by Statute.**

21    According to U.S. Bank, this Action arises under the TIA and the Exchange Act; more

22    precisely, because it arises under the TIA, and the TIA references the Exchange Act, this Action

23    also arises under the Exchange Act.  As Finisar observed in its opening brief, if this Action *did*

---

24    [7] Even if the Indentures had been qualified, the *operative* language in Section 4.02, which

25    requires Finisar to provide copies of reports to the Trustee "within 15 days after it files such

26    annual and quarterly reports . . . with the [SEC]," would not be a creature of federal law because that language does not appear in the statute.

27    [8] Finisar is not contending that compliance with TIA Section 314(a) would have been optional

28    had the parties elected not to require it.  The point, rather, is that noncompliance with Section 314(a) would not then be a default under the Indentures, and so would not carry the risk of acceleration.

arise under the TIA, then its removal would have been expressly prohibited by statute.

Specifically, Section 22(b) of the TIA provides that "jurisdiction . . . brought to enforce any

liability or duty created by [the TIA] . . . shall be as provided in section 22(a) of the Securities Act

of 1933"; and the latter statute provides, "no case . . . brought in any State court of competent

jurisdiction shall be removed to any court of the United States."  15 U.S.C. §§ 77vvv(b), 77v(a).

U.S. Bank chides Finisar for "ignor[ing] the jurisdictional counterpart found under Section

27 of the Exchange Act, 15 U.S.C. § 78aa, which gives this Couurt exclusive jurisdiction over

matters arising under the Exchange Act."  (Opp. at 1:25-26.)  Finisar properly cited to the

Securities Act provision rather than the Exchange Act section because the TIA expressly

incorporates the former but not the latter.[9]

### D.    U.S. Bank's Authorities Are Inapposite.

U.S. Bank concludes its argument with a string cite of four cases offered in support of the

proposition that "[c]ourts facing similar circumstances have not hesitated to find federal question

jurisdiction."  (Opp. at 11:18-19.)  None of U.S. Bank's cases is on point.

U.S. Bank characterizes the first of its authorities as having "den[ied] [a] motion to

remand where [the] complain alleged breach of [a] contract term that incorporated [a] federal

statute by reference."  (Opp. at 11:21-22.)  Although the contract at issue in *Broder* "incorporated

a federal statute by reference," that is not *why* the motion to remand was denied.  Rather, the

*Broder* court found federal question jurisdiction in the case before it because the plaintiff sought a

declaration "stating in part that [the defendant] violated 47 U.S.C. § 453(d)"—a federal statute.

*Broder,* 418 F.3d at 195.  Here, by contrast, Finisar seeks no declaration stating whether it has

---

[9] The existence of conflicting jurisdictional statutes tells against U.S. Bank's construction of the language common to Section 314(a) of the TIA and Section 4.02 of the Indentures referencing the Exchange Act.  The TIA, like Section 4.02 of the Indentures, requires the note issuer to provide to the indenture trustee copies of reports that the issuer "is required to file with the [Securities and Exchange] Commission pursuant to" Sections 13 and 15(d) of the Exchange Act, 15 U.S.C. §§ 78m, 78o(d).  According to U.S. Bank, that reference *incorporates* the filing requirements of the Exchange Act into the TIA and the Indentures.  *Cyberonics* gave the reference a different construction, interpreting it as merely "a modifier of the types of reports that [the issuer] is required to deliver to [the trustee], not an additional obligation."  *Cyberonics,* 2007 WL 1729977 at *4.  Under U.S. Bank's construction, an action to enforce the requirements of Section 314(a) is simultaneously one arising both under the TIA and under the Exchange Act, and thus may not be removed from state court despite being within the exclusive jurisdiction of the federal courts.  Under *Cyberonics'* construction, there is no such conflict.

1   complied with the provisions of any federal statute.  *See Lowdermilk v. U.S. Bank,* 479 F.3d 994,

2   998-999 (9th Cir. 2007) ("it is well established that the plaintiff is 'master of her complaint' and

3   can plead to avoid federal jurisdiction").

4      Similarly, the complaint in *AT&T Communications of Mountain States, Inc. v. Qwest

5   Corp.,* 2007 WL 518537, *2 (D. Utah Feb. 13, 2007), "allege[d] rights and duties imposed by the

6   [Federal Telecommunications Act of 1996] and the violation of those duties."  Here, Finisar

7   alleges neither rights or duties under the TIA or Exchange Act, nor compliance therewith.  *See

8   Lowdermilk,* 479 F.3d at 998-999 ("the plaintiff is 'master of her complaint' and can plead to

9   avoid federal jurisdiction").

10      In *Rose v. SLM Corp.,* 2007 WL 674319, *1 (W.D.N.C. Feb. 28, 2007), a borrower sued a

11  lender, alleging that the lender had provided federally mandated disclosures that "formed the

12  basis of a contract to provide Plaintiff with a loan at 'the disclosed interest rate' and 'with

13  payment of the disclosed fees.'"  *Id.* at *2.  "It was this contract, Plaintiff alleges, that was

14  breached when Defendants 'unilaterally increase[ed] the commissions and fees at or immediately

15  prior to closing.'"  *Id.*  The court determined that a federal question was presented because it

16  would have to determine whether disclosures "which Defendants were required to issue under

17  federal law using federally mandated terms . . . form the basis of a contract"  *Id.* at *4.  Here, as

18  noted above, because the Indentures are not qualified, none of their terms is federally mandated.

19  *See Boatmen's,* 915 F.Supp. at 135 (finding no federal question jurisdiction where "each

20  indenture . . . was not qualified under the TIA").

21      Finally, in *Koresko v. Murphy,* 464 F.Supp.2d 463, 467 (E.D. Pa. 2006), "the Complaint

22  contain[ed] *inter alia* counts alleging violations of federal statutes."  Moreover, federal law (49

23  U.S.C. § 32705) imposed conditions precedent to the enforceability of the contract there at issue,

24  satisfaction of which the court would be required to adjudicate in order to pass on the plaintiff's

25  claim.  (*Id.* at 469.)  Here, by contrast, Finisar seeks no declaration relative to any federal statute;

26  and because the Indentures are not qualified, federal law prescribes none of their terms or

27  conditions.

28

1

## III.    CONCLUSION

2      If Finisar's pleaded view of the merits is accepted, the Action does not present a federal

3   question because its disposition turns on contractual language not found in any federal statute.

4   And even if U.S. Bank's view of the merits were adopted, the Action still would not present a

5   federal question because the Indentures are not qualified; thus if statutory requirements must be

6   consulted to determine whether Finisar is in default, that is only because the contracting parties

7   voluntarily incorporated those requirements into their agreement, which cannot create federal

8   jurisdiction.

9      Moreover, removal of any action arising under the TIA is expressly prohibited by statute.

10  And U.S. Bank's authorities are inapposite.

11     For the reasons set forth above and in Finisar's opening brief, Finisar's Motion should be

12  granted and this Action remanded.

13  DATED:  October 19, 2007            Respectfully submitted,

14                                      Sterling A. Brennan
                                        L. Rex Sears
15                                      WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

16                                      Caroline McIntyre
                                        BERGESON, LLP
17

18                                      By____/s/ L. Rex Sears_____
                                              L. Rex Sears
19                                      Attorneys for Plaintiff FINISAR CORPORATION

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson, awilkinson@faegre.com; Eva Krisztina Schueller,  eschueller@mofo.com; Michael B. Fisco, mfisco@faegre.com;  Paul T. Friedman, pfriedman@mofo.com.

**WORKMAN NYDEGGER**


/s/ L. Rex Sears
L. REX SEARS
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111
Telephone:  (801) 533-9800