1   Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
    L. Rex Sears (*Admitted Pro Hac Vice*, E-mail: rsears@wnlaw.com )
2   WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
    1000 Eagle Gate Tower
3   60 East South Temple
    Salt Lake City, Utah 84111
4   Telephone:  (801) 533-9800
    Facsimile:   (801) 328-1707
5
    Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
6   BERGESON, LLP
    303 Almaden Boulevard
7   Suite 500
    San Jose, California 95110-2712
8   Telephone:   (408) 291-6200
    Facsimile:    (408) 297-6000
9
    Attorneys for Plaintiff FINISAR CORPORATION
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15   FINISAR CORPORATION, a Delaware          Case No. 5:07-CV-04052-JF-PVT
     corporation,
16                                            JOINT CASE MANAGEMENT
                     Plaintiff,               STATEMENT AND [PROPOSED]
17                                            ORDER THEREON
            v.
18

19   U.S. BANK TRUST NATIONAL
     ASSOCIATION, a national banking
20   association, not in its individual capacity,   Date of Initial Case Management
     but solely in its capacity as Indenture        Conference:   **Friday, November 30, 2007**
21   Trustee in behalf of all Holders of Finisar    Time:        **10:30 a.m.**
     Corporation's 5¼% Convertible                  Courtroom:   **3**
22   Subordinated Notes due 2008, 2½%
     Convertible Senior Subordinated Notes due      District Judge:       Hon. Jeremy Fogel
23   2010, and 2½% Convertible Subordinated         Magistrate Judge:   Hon. Patricia V. Trumbull
     Notes due 2010; and DOES 1 through 10,
24   inclusive,
                                                    Complaint Filed:     June 21, 2007
25                                                  Trial Date:          None Yet Set
                     Defendants.
26

27

28

1    Having met and conferred as required by Rule 26(f) of the Federal Rules of Civil

2    Procedure on Tuesday, November 6, 2007, plaintiff Finisar Corporation ("Finisar") and defendant

3    U.S. Bank Trust National Association, in its capacity as indenture trustee ("U.S. Bank"), jointly

4    make the following report, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and

5    Civil Local Rule 16-9.

6                              **I.    JURISDICTION AND SERVICE**

7        Finisar commenced the above-captioned action (the "Action") in the Superior Court of the

8    State of California for the County of Santa Clara (the "State Court"), from which it was removed

9    by U.S. Bank. In the Action, Finisar seeks a declaration that it is not in default under a series of

10   three indentures between Finisar and U.S. Bank (the "Parties") as a result of its not yet having

11   filed certain financial reports with the Securities Exchange Commission (the "SEC") and U.S.

12   Bank. Although U.S. Bank has answered, it has not counterclaimed.

13       U.S. Bank contends that Finisar's cause of action arises under federal law (thus bringing

14   the Action within the federal question jurisdiction of this Court) because determining whether

15   Finisar is entitled to relief requires the Court to interpret, apply or otherwise determine the effect

16   of two federal statutes, the Securities Exchange Act of 1934 and the Trust Indenture Act of 1939,

17   under the indentures. Finisar disputes U.S. Bank's allegation that the Action falls within the

18   subject matter jurisdiction of this Court, and has moved for remand. "Plaintiff Finisar

19   Corporation's Amended . . . Motion to Remand Action to Santa Clara County Superior Court"

20   (the "Remand Motion") was heard by the Court on Friday, November 2, 2007 and is currently

21   under submission. In Finisar's view, the Court should defer entry of any case management order,

22   including any order on this statement, until after the jurisdictional issues presented by the Remand

23   Motion are adjudicated; and the Court should enter no such order if the Remand Motion is

24   granted.

25       There are no unserved named parties. Neither personal jurisdiction nor venue is disputed.

26                                    **II.    FACTS**

27       In November 2006, the Audit Committee of Finisar's Board of Directors voluntarily

28   commenced an internal investigation into historical stock option grants and practices within the

                                          2.

1  company. Finisar has informed U.S. Bank that the investigation is now largely complete and that

2  the task of preparing any necessary restatements of financials is well underway. Because the

3  investigation and restatements may affect disclosures required to be made in various SEC filings,

4  Finisar has delayed those filings pending completion thereof.

5       U.S. Bank serves as the indenture trustee pursuant to a series of three trust indentures (the

6  "Indentures") under which Finisar issued three series of convertible notes (the "Notes"). By three

7  nearly identical letters dated April 23, 2007 (the "Letters"), one for each Indenture, U.S. Bank

8  asserted that Finisar's delay in filing a Form 10-Q for the fiscal quarter ended January 31, 2007

9  with the SEC and with U.S. Bank constituted a default under the Indentures, which, if not

10 remedied within sixty days of the letters, would ripen into an "Event of Default" under the

11 Indentures (thereby entitling U.S. Bank, as indenture trustee, to accelerate Finisar's repayment

12 obligations under the Notes). Finisar commenced this Action on June 21, 2007, seeking a judicial

13 declaration that it is not in default under the Indentures as alleged by U.S. Bank or, alternatively,

14 that enforcing acceleration of the Notes for such a technical default would be inequitable. U.S.

15 Bank has asserted additional defaults after the commencement of this Action relating to Finisar's

16 delay in filing subsequent financial statements.

17      The existence and terms of the Indentures are not in dispute, nor are the facts alleged by

18 U.S. Bank to constitute a default. Instead, the Parties dispute whether the conduct constitutes a

19 default under Section 4.02 of the Indentures, which provides:

20          The Company shall file with the Trustee, within 15 days after it files such
            annual and quarterly reports, information, documents and other reports
21          with the [Securities and Exchange] Commission, copies of its annual
            report and of the information, documents and other reports (or copies of
22          such portions of any of the foregoing as the Commission may by rules and
            regulations prescribe) which the Company is required to file with the
23          Commission pursuant to Section 13 or 15(d) of the [Securities] Exchange
            Act [of 1934]. If at any time the Company is not subject to Section 13 or
24          15(d) of the Exchange Act, such reports shall be provided at the times the
            Company would have been required to provide reports had it continued to
25          be subject to such reporting requirements. The Company shall also
            comply with the other provisions of TIA Section 314(a).
26
27 According to Finisar, this provision does not require it to provide copies of reports to U.S. Bank

28 until fifteen days after those reports are actually filed with the SEC; according to U.S. Bank, this

3.

1  provision, which must be interpreted with reference to federal law incorporated therein, requires

2  Finisar to make timely filings with the SEC and to provide copies of those filings to U.S. Bank

3  within fifteen days of when they are due to be filed (rather than when they are actually filed).

### III.   LEGAL  ISSUES

5  As noted above, the Parties dispute whether the delay by Finisar in filing certain reports

6  with the SEC and with U.S. Bank constitutes a default under Section 4.02 of the Indentures.  Thus

7  far, two courts outside of this Court's jurisdiction are known to have addressed the issue.  First,

8  the Supreme Court of New York, New York County, in *Bank of New York v. BearingPoint, Inc.*,

9  824 N.Y.S.2d 752 (N.Y. Sup. Ct. 2006), found default under similar circumstances.  Second, the

10  United States District Court for the Southern District of Texas, in *Cyberonics, Inc. v. Wells Fargo*

11  *Bank National Association*, 2007 WL 1729977 (S.D. Tex. June 13, 2007), found no default under

12  similar circumstances.

13  U.S. Bank contends that the interpretation of Section 4.02 requires the Court to interpret

14  and apply the provisions of the Securities Exchange Act of 1934 and the Trust Indenture Act of

15  1939 under the Indentures, and that this Action thus arises under the laws of the United States and

16  falls within the federal question subject matter jurisdiction created by 28 U.S.C. § 1331.  Finisar

17  contends that the interpretation of the relevant provisions of the Indentures does not require the

18  interpretation or application of any federal statute, and that this Action does not arise under the

19  laws of the United States or otherwise fall within the federal question subject matter jurisdiction

20  created by 28 U.S.C. § 1331.

21  U.S. Bank also contends that the interpretation of Section 4.02 presents an issue of law for

22  the Court, which is suitable for summary judgment.  Subject to discovery, Finisar presently

23  contends that there may be parol evidence bearing on the proper interpretation of Section 4.02,

24  rendering the interpretation of that provision an issue of fact rather than of law.

### IV.   MOTIONS

26  As noted above, the Remand Motion has already been heard and is currently under

27  submission.

28

4.

1    U.S. Bank contemplates moving for summary judgment.  If U.S. Bank moves for

2    summary judgment, then Finisar may bring a cross-motion for summary judgment.

3    Although the Parties contemplate additional motions should the Action be remanded to

4    the State Court, no other motions are presently contemplated by either Party if the Action is not

5    remanded.

6    ### V.    AMENDMENT  OF  PLEADINGS

7    Neither Party presently contemplates any amendment of any pleading or any joinder of

8    any additional parties.  The Parties have agreed that any motion seeking either amendment or

9    joinder should be filed not later than December 7, 2007.

10   ### VI.    EVIDENCE  PRESERVATION

11   The Parties have agreed that discovery may encompass (a) the negotiation, preparation,

12   and execution of the Indentures and certain documents collateral thereto; and U.S. Bank further

13   contends, although Finisar disputes, that discovery may also encompass (b) the investigation and

14   preparation of Finisar's restated financial statements.  The Parties have further agreed that their

15   respective preservation obligations would not extend beyond materials, exclusive of metadata,

16   generated in connection with the negotiation, preparation, investigation and/or execution thereof.

17   Finisar, based upon what it understands to have been an agreement reached by the Parties,

18   disputes the existence of any obligation effective prior to August 29, 2007 to have preserved

19   materials generated in connection with the investigation and preparation of Finisar's restated

20   financial statements.  U.S. Bank disagrees with Finisar's understanding of the agreement reached

21   by the Parties.

22   Accordingly, Finisar has instructed employees known or believed to have participated in

23   the preparation or execution of the Indentures or collateral materials to preserve documents

24   generated in connection therewith.  Finisar has also generally instructed employees known or

25   believed to have participated in the investigation and preparation of its restated financial

26   statements to preserve all documents relating to its historical stock option grants and practices,

27   whether or not specifically related to the investigation and preparation of its restated financial

28

5.

1    statements.  Finisar's electronically stored information is periodically backed-up on tapes

2    maintained in a third-party archive.

3        U.S. Bank has also instructed employees known or believed to have participated in the

4    preparation or execution of the Indentures or collateral materials to preserve documents, including

5    electronic information, generated in connection therewith pursuant to U.S. Bank's policy

6    regarding document retention in litigation matters.

7                        **VII.    DISCLOSURES**

8        The Parties have agreed to defer making initial disclosures, as required by Rule 26(a) of

9    the Federal Rules of Civil Procedure, until after the disposition of the Remand Motion.  If the

10   Action is not remanded, the Parties will make the disclosures mandated by Rule 26(a) of the

11   Federal Rules of Civil Procedure within fourteen calendar days of entry of the Court's order

12   denying the Remand Motion.

13                       **VIII.   DISCOVERY**

14       As noted above, the Parties agree that discovery may encompass (a) the negotiation,

15   preparation, and execution of the Indentures and certain documents collateral thereto; and U.S.

16   Bank further contends, although Finisar disputes, that discovery may also encompass (b) the

17   investigation and preparation of Finisar's restated financial statements.  No discovery on other

18   topics is presently contemplated by either Party.

19       The Parties have further agreed that all document discovery may be satisfied by hardcopy

20   documents or their electronic equivalent, and thus that metadata will not be sought and need not

21   be provided.

22       No further limitation or modification of the discovery rules is contemplated, nor is any

23   phasing of discovery.

24       To date, no discovery has been taken.  The Parties have agreed to complete all discovery

25   by May 30, 2008.

26                        **IX.    RELATED  CASE**

27       This is the second action between Finisar and U.S. Bank presenting essentially the same

28   legal issues for adjudication.  The first declaratory judgment action, like the instant Action, was

6.

1   also commenced by Finisar in the State Court and removed by U.S. Bank to this Court, where it

2   was assigned Case No. 5:07-CV-02101-JF-PVT.  Finisar commenced the first declaratory

3   judgment action after receiving what U.S. Bank titled notices of default alleging that Finisar had

4   defaulted by not timely filing a Form 10-Q for the third fiscal quarter of its 2006 fiscal year.  The

5   first declaratory judgment action was remanded to the State Court on October 12, 2007, as a

6   result of procedural issues not applicable in the present Action.  The first declaratory judgment

7   action is still pending and is being litigated in the State Court.

8                                    **X.    RELIEF**

9          Finisar seeks alternative declarations.  First, Finisar seeks a declaration that, by not yet

10  providing to U.S. Bank copies of reports not yet filed with the SEC, it is not in default under the

11  Indentures so as to authorize U.S. Bank to declare an acceleration (*i.e.*, to declare all principal and

12  accrued interest immediately payable).  Second, in the alternative, Finisar seeks a declaration that

13  enforcing an acceleration under the circumstances presented would be inequitable.  Finisar is not

14  seeking damages or any other form of relief.

15         U.S. Bank is not seeking any relief.

16                           **XI.    SETTLEMENT  AND  ADR**

17         Prospects for settlement are uncertain.

18         Informal discussions relative to settlement are ongoing between counsel, focusing to date

19  on the facilitation of informal information exchanges.

20         U.S. Bank understands, based on discussions with counsel, as memorialized in

21  correspondence, that Finisar cannot give further consideration to whether, when, and under what

22  conditions a meeting could be arranged between Finisar and U.S. Bank and the holders of the

23  Notes until Finisar completes its investigation.  Finisar disputes U.S. Bank's characterization of

24  its statements regarding settlement.

25         To date, no formal alternative dispute resolution process has been employed.  The Parties

26  have agreed to submit their dispute to Early Neutral Evaluation, pursuant to ADR Local Rule 5.

27         The Parties are not presently aware of any non-dispositive motions that are likely to

28  promote settlement.

7.

1

## XII.    MAGISTRATE JUDGE

2    The Parties have not at present consented to have a magistrate judge conduct all further

3    proceedings including trial and entry of judgment.

4

## XIII.    OTHER REFERENCES

5    The Parties do not consider the Action suitable for reference to binding arbitration, a

6    special master, or the Judicial Panel on Multidistrict Litigation.

7

## XIV.    NARROWING OF ISSUES

8    The Parties contemplate filing a joint stipulation of undisputed facts by January 11, 2008.

9

## XV.    SCHEDULING

10    The Parties propose the following dates:

11    Designation of Experts:    March 7, 2008

12    Discovery Cutoff:    May 30, 2008

13    Pretrial Conference:    June 2008

14    Trial:    June 2008

15

## XVI.    TRIAL

16    Should the Action proceed to trial, the Parties anticipate a trial not more than one trial

17    week in duration.  Finisar has made a demand for jury trial in the Action.  U.S. Bank has not yet

18    determined whether it will oppose the demand on the grounds that Finisar seeks only equitable

19    relief.

20    [Balance of page intentionally left blank.]

21

22

23

24

25

26

27

28

**JOINT CASE MANAGEMENT STATEMENT
AND** [PROPOSED] **ORDER THEREON**                                            CASE NO.: 5:07-CV-04052-JF-PVT

## XVII.  INTERESTED  ENTITIES  OR  PERSONS

Both Parties have filed the "Certification of Interested Entities or Persons" required by

Civil Local Rule 3-16, collectively identifying the persons and entities listed in the attached

"Schedule of 'Interested' Parties" as having a financial or other interest in the subject matter that

could be substantially affected by the outcome of the Action.

DATED:  November 21, 2007                     Sterling A. Brennan
                                              L. Rex Sears
                                              WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

                                              Caroline McIntyre
                                              BERGESON, LLP

                                              By____/s/ L. Rex Sears_____
                                                      L. Rex Sears
                                              Attorneys for Plaintiff FINISAR CORPORATION

DATED:  November 21, 2007                     Michael B. Fisco
                                              Abby E. Wilkinson
                                              FAEGRE & BENSON LLP

                                              By____/s/ Abby E. Wilkinson_____
                                                      Abby E. Wilkinson
                                              Attorneys for Defendant
                                              U.S. BANK TRUST NATIONAL ASSOCIATION

I attest that concurrence in the filing of the foregoing document has been obtained from

each of the identified signatories thereof.

DATED:  November 21, 2007                     Sterling A. Brennan
                                              L. Rex Sears
                                              WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

                                              Caroline McIntyre
                                              BERGESON, LLP

                                              By____/s/ L. Rex Sears_____
                                                      L. Rex Sears
                                              Attorneys for Plaintiff FINISAR CORPORATION

### ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____          _____
                                              Hon. Jeremy Fogel
                                              United States District Judge

9.

SCHEDULE OF "INTERESTED" PARTIES

1    OppenheimerFunds, Inc.
2    T. Rowe Price Associates, Inc.
3    Frank H. Levinson
4    VantagePoint Venture Partners
5    Penn Capital Management, Inc.
6    Vanguard Group, Inc.
7    Kopp Investment Advisors, LLC
8    Fidelity Management & Research (US)
9    Pioneer Investment Management, Inc.
10   Barclays Global Investors, NA
11   Dawson-Herman Capital Management Inc.
12   Ardsley Partners
13   Sand Hill Advisors, Inc.
14   6th Avenue Investment Management Company, LLC
15   Jerry S. Rawls
16   Longwood Investment Advisors, Inc.
17   GLG Partners, LP
18   Emerald Advisers, Inc.
19   Hunter Hall Investment Management Ltd.
20   Schroder Investment Management North America Inc.
21   RiverSource Investments, LLC
22   College Retirement Equities Fund
23   State Street Global Advisors (US)
24   Dimensional Fund Advisors, Inc.
25   Pequot Capital Management, Inc.
26   Peconic Partners, LLC
27   Bear Stearns Asset Management, Inc.
28   Mayo Investment Advisers, LLC
29   NorthPointe Capital, LLC
30   Swedbank Robur AB
31   033 Asset Management, LLC
32   Delaware Investments
33   J.P. Morgan Investment Management Inc. (New York)
34   Deutsche Asset Management Americas
35   New Generation Advisors, Inc.
36   Northern Trust Investments, NA
37   California Public Employees' Retirement System
38   Sun Life Assurance Company of Canada (Toronto)
39   Black River Asset Management, LLC
40   Placemark Investments, Inc.
41   Washington Capital Management, Inc.
42   Cavalry Asset Management LP
43   RCM Capital Management LLC
44   JDS Capital Management, Inc.
45   Pennsylvania Public School Employees Retirement System
46   JPMorgan Investment Advisors Inc.

10.

| | | |
|---|---|---|
| 1 | 47 | D.E. Shaw & Co., LP |
| | 48 | Bodri Capital Management |
| 2 | 49 | Mellon Private Wealth Management |
| | 50 | Teachers Insurance & Annuity Association |
| 3 | 51 | BlackRock Investment Management, LLC |
| | 52 | Markston International, LLC |
| 4 | 53 | EagleRock Capital Management |
| | 54 | Stephen K. Workman |
| 5 | 55 | Robeco Investment Management Inc. (WPG) |
| 6 | 56 | Marshall Wace, LLP |
| | 57 | Credit Suisse Securities (USA) LLC |
| 7 | 58 | Citi Investment Research (US) |
| | 59 | Northern Trust Global Investments |
| 8 | 60 | Thomas Weisel Asset Management |
| 9 | 61 | Kenwood Capital Management, LLC |
| | 62 | S.A.C. Capital Management, LLC |
| 10 | 63 | Geode Capital Management, LLC |
| | 64 | Mercantile-Safe Deposit and Trust Company |
| 11 | 65 | JPMorgan Private Bank (United States) |
| | 66 | Florida State Board of Administration |
| 12 | 67 | Ohio Public Employees Retirement System |
| 13 | 68 | NorthStar Capital Funds, LLC |
| | 69 | Polar Capital Partners Ltd. |
| 14 | 70 | UBS Securities LLC |
| 15 | 71 | Credit Suisse Asset Management, LLC (US) |
| | 72 | Goldman Sachs Asset Management (US) |
| 16 | 73 | NWD Investments |
| | 74 | DWS Investment GmbH |
| 17 | 75 | Van Wagoner Capital Management, Inc. |
| | 76 | SunTrust Bank |
| 18 | 77 | AllianceBernstein LP |
| 19 | 78 | Ridgecrest Investment Management, LLC |
| | 79 | Goldman Sachs & Company, Inc. |
| 20 | 80 | AIG Global Investment Group, Inc. |
| 21 | 81 | BNL Gestioni SGR S.p.A. |
| | 82 | HBK Investments, LP |
| 22 | 83 | Millennium Management, LLC |
| | 84 | RhumbLine Advisers Corp. |
| 23 | 85 | Boston Financial Management, Inc. |
| | 86 | Suffolk Capital Management, LLC |
| 24 | 87 | Morgan Stanley & Co. Inc. |
| | 88 | Tradeworx Inc. |
| 25 | 89 | James D. Marver |
| 26 | 90 | Metropolitan Life Insurance Co. (US) |
| | 91 | Public Employees' Retirement Association of CO |
| 27 | 92 | Kentucky Retirement Systems |
| | 93 | Empire Financial Group |
| 28 | 94 | William Blair & Company, LLC |

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER THEREON                    CASE NO.: 5:07-CV-04052-JF-PVT

| | | |
|---|---|---|
| 1 | 95 | Teleos Asset Management, LLC |
| | 96 | Firsthand Capital Management, Inc. |
| 2 | 97 | MFC Global Investment Management |
| | 98 | AIM Trimark Investments |
| 3 | 99 | Banque et Caisse d'Epargne de l'Etat Luxembourg |
| | 100 | ProFund Advisors LLC |
| 4 | 101 | Piper Jaffray & Co. |
| | 102 | Alexandra Global Master Fund Ltd |
| 5 | 103 | Whitebox Diversified Conv. Arb Partners LP |
| 6 | | c/o Trident Trust |
| | 104 | Needham Emerging Growth Partners, LP |
| 7 | 105 | Eugene V. Thaw Revocable Trust |
| | 106 | Bonny Israeloff Irrevocable Trust |
| 8 | 107 | Robert L. Israeloff Irrevocable Trust |
| | 108 | Morton Seaman |
| 9 | 109 | Irwin W. Silverberg IRA |
| 10 | 110 | Stanley Kaplan IRA |
| | 111 | Delaware Charter Guarantee & Trust |
| 11 | 112 | Suzanne Chase |
| | 113 | Female Care Assoc. PA Professional Sharing Trust |
| 12 | 114 | Benetar Bernstein Schair & Ste. Employee Pension Plan & Trust |
| 13 | 115 | James W. Armour Jr. |
| | 116 | Frederic Quitkin |
| 14 | 117 | Herbert R. Kameon Living Trust |
| | 118 | Hall Family Trust |
| 15 | 119 | Joe and Truly Daniel Revocable Trust |
| | 120 | Colby & Gale Inc Profit Sharing Plan |
| 16 | 121 | Dr. Alfred G. Dickerson IRA |
| 17 | 122 | M R Johnson Family Trust |
| | 123 | Esther Nugent IRA |
| 18 | 124 | Dianne Gozonsky IRA |
| 19 | 125 | Benetar Bernstein Schair and |
| | | Stein Employee Profit Sharing Plan & Trust |
| 20 | 126 | Elliott H. Solomon IRA |
| | 127 | Hugh J. Helfenstain Recovable Trust |
| 21 | 128 | Donald Lewis Davies and |
| | | Nancy Nairn Davies Revocable Living Trust |
| 22 | 129 | David Dannenbring & Barbara Dannenbring |
| | 130 | John Fisher & Iris Fisher |
| 23 | 131 | Thomas Weisel Partners LLC |
| 24 | 132 | Acadia Trust |
| | 133 | Todd A. Grossmann PSP |
| 25 | 134 | Stephen W. Broberg and Deidre  Broberg |
| | 135 | Elizabeth P. Hicks IRA |
| 26 | 136 | H. Christina Guy |
| | 137 | G E Johnson Family Living Trust |
| 27 | 138 | Judith Polcer & Edward Polcer |
| 28 | 139 | Jean D. Thurston |

| | |
|---|---|
| 140 | Janet Danner McKinney |
| 141 | Eric C. Clark |
| 142 | Alan E. Stallings Jr. MD |
| 143 | Frederick E. Taber MD |
| 144 | Craig I LP |
| 145 | Barbara Marie LA Viletta |
| 146 | Alan E. Freeland |
| 147 | St. Matthews Episcopal Church |
| 148 | Trinity Episcopal Church |
| 149 | Episcopal Diocese of Mississippi Gray Center |
| 150 | George A. Callaway |
| 151 | Thomas H. Krocak |
| 152 | Paula Tietz IRA |
| 153 | The Beltram Family Trust |
| 154 | Lynn Perkins Trust |
| 155 | Dale Wilson Special Need Trust |
| 156 | Henry & Jeanette Mok Revocable Trust |
| 157 | Episcopal Diocese of Mississippi John Maury Allin Diocesan House |
| 158 | Martha Drilling |
| 159 | W.H. Merrell Jr. MD |
| 160 | Russell E. Thompson and Betty A. Thompson |
| 161 | Arlyn J. McCombs Pershing LLC |
| 162 | Lydia S. Rosner IRA |
| 163 | Susan H.E. Maurtiz |
| 164 | Gary C. Hendrickson |
| 165 | Mary M. Fisher & Larry M. Fisher |
| 166 | Loretta Davis IRA |
| 167 | Joyce L. Beene |
| 168 | Margaret T. Ward |
| 169 | Robert L. Riggs |
| 170 | Leighann Redding |
| 171 | Janice C. Brown Revocable Trust |
| 172 | Thomas C. Brooks & Krisztina M. Brooks |
| 173 | Lynn Anne Ishizaka & Robert T. Ishizaka Community Property |
| 174 | National Financial Services |
| 175 | F Europe LTD fbo O'Connor |
| 176 | CS Sec Eur LTD |
| 177 | Palisade Capital |
| 178 | DB Securities Service NJ Wachovia National Bank |
| 179 | Man Mac 1, Ltd |
| 180 | DB AG Equity Swaps Offshore Consolidated |
| 181 | International Monetary Fund |
| 182 | Fortissimo Fund c/o Symphony Asset |
| 183 | US Rapid |
| 184 | A G Edwards & Sons |
| 185 | First Trust & Company |
| 186 | Tennenbaum Capital Partners, LLC |
| 187 | Aristeia International Limited |

13.

1

188    Aristeia Partners, LP
189    Arpeggio Fund
190    CNH CA Master Account, L.P.
191    CSV Limited
192    Encore Fund LP
193    Ore Convertible Master Fund Ltd.
194    Fore ERISA Fund Ltd
195    Fore Multi Strategy Master Fund Ltd.
196    FGO Master Fund Ltd
197    IMF Converts
198    Rhapsody Fund
199    Wolverine Asset Management
200    Cede & Co.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14.

**JOINT CASE MANAGEMENT STATEMENT
AND** [PROPOSED] **ORDER THEREON**

CASE NO.: 5:07-CV-04052-JF-PVT

1

**CERTIFICATE OF SERVICE**

2     I hereby certify that on November 21, 2007, I electronically filed the foregoing with the

3  Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4  following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson,

5  awilkinson@faegre.com; Eva Krisztina Schueller,  eschueller@mofo.com; Michael B. Fisco,

6  mfisco@faegre.com;  Paul T. Friedman, pfriedman@mofo.com.

7

8

**WORKMAN NYDEGGER**

9

10

/s/ L. Rex Sears
_____

11  STERLING A. BRENNAN
**WORKMAN NYDEGGER**

12  1000 Eagle Gate Tower
60 East South Temple

13  Salt Lake City, UT  84111

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15.