**E-Filed 12/07/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORP.,<br><br>                 Plaintiff,<br><br>    v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>                 Defendant. | Case Number C 07-4052 JF PVT<br><br>ORDER[1] DENYING MOTION TO REMAND<br><br>[re: docket no. 15] |

    Plaintiff Finisar Corporation ("Finisar") moves to remand the instant action to the Santa Clara Superior Court for lack of subject matter jurisdiction. Defendant U.S. Bank Trust National Association ("U.S. Bank") opposes the motion. For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

    Finisar is a Delaware corporation in the business of performing performance tests on fiber optic subsystems and networks. U.S. Bank is a national banking association with its

---

[1] This disposition is not designated for publication and may not be cited.

headquarters in Delaware. U.S. Bank is the designated trustee pursuant to a series of three trust indentures ("Indentures") under which Finisar issued three series of convertible notes ("Notes").

Section 4.02 of the Indentures reads:

> The Company shall file with the Trustee, within 15 days after it files such annual and quarterly reports, information, documents, and other reports with the SEC, copies of its annual report and of the information, documents and other reports (or copies of such portions of any of the foregoing as the SEC may be rules and regulations prescribe) which the Company is required to file with the SEC pursuant to Section 13 or 15(d) of the [Securities] Exchange Act [of 1934]. If at any time the Company is not subject to Section 13 or 15(d) of the Exchange Act, such reports shall be provided at the times the Company would have been required to provide reports had it continued to have been subject to such reporting requirements. The Company also shall comply with the other provisions of [Trust Indenture Act of 1939 ("TIA")] Section 314(a).

In December 2006, Finisar filed its first of several documents entitled "Notification of Late Filing" with the SEC, informing both the SEC and the Trustee that it would be unable to file or provide quarterly and annual reports until it completed an investigation of stock option grants it made following its initial public offering on November 11, 1999. Based on its initial findings, Finisar determined that it needed to restate its historical financial statements to record charges for compensation expenses relating to past stock option grants and the tax impact related to such adjustments. As of October 12, 2007, Finisar had not filed annual or quarterly reports with the SEC or provided the information contained in such reports to the Trustee. U.S. Bank contends that Finisar's failure to file reports with the SEC and to provide copies of those reports to the Trustee constitutes a default under Section 4.02 of the Indentures.

The Trustee sent its first three "Notices of Default" to Finisar, one under each Indenture, on January 4, 2007, as a result of the company's failure to file its second quarterly report. The Trustee contends that such notice gave rise to an "Event of Default" under each Indenture on March 5, 2007. Shortly after receiving the Notices of Default, Finisar commenced a declaratory relief action in state court, asserting that its failure to file quarterly and annual reports with the SEC does not constitute default under Section 4.02 of the Indentures, or, alternatively, that enforcement of remedies under the Indentures as a result of its failure to file reports with the SEC would be inequitable.

After Finisar filed its complaint for declaratory relief, the Trustee sent Finisar three

Case No. C 07-4052 JF PVT
ORDER DENYING MOTION TO REMAND
(JFLC3)

additional Notices of Default, each dated April 24, 2007, as a result of the company's failure to file it third quarterly report. That notice purportedly gave rise to an Event of Default under each Indenture on June 23, 2007. Finisar thereafter commenced a second declaratory relief action in state court.

U.S. Bank removed the first action for declaratory relief to this Court on April 13, 2007. On May 14, 2007, Finisar moved to remand that action to state court. Without reaching the issue of whether a federal question was presented, this Court granted the motion on the basis that the removal was untimely. On August 7, 2007, U.S. Bank filed its notice of removal with respect to the second declaratory relief action, which was effectuated on August 8, 2007. On September 28, 2007, Finisar filed the instant motion to remand for lack of subject matter jurisdiction. The Court heard oral argument on November 2, 2007.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant may remove an action to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988). A party may file an action in federal court if there is diversity of citizenship among the parties or if the action raises a substantial federal question. *Ethridge* at 1393. The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Id*. The removal statute is strictly construed against removal. *Id*. The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992).

## III. DISCUSSION

Finisar argues that the instant case should be remanded because it presents no federal question. Specifically, Finisar argues that the contractual terms relevant to the parties' dispute do not originate in any federal statute. In its notice of removal, U.S. Bank stated that "[t]he relevant provisions of the Indentures expressly incorporate the [Securities] Exchange Act [of 1934] and the Trust Indenture Act [TIA] of 1939." U.S. Bank argues that the resolution of this lawsuit turns on a purely federal question of whether the TIA requires an issuer of public debt securities,

3

1  such as Finisar, to provide SEC reports to the Trustee.

2      As noted above, Section 4.02 of the Indentures expressly requires that in addition to
3  Sections 13 and 15(a) of the Exchange Act, "[t]he Company also shall comply with the other
4  provisions of TIA Section 314(a)." The Indentures thus incorporate both the Exchange Act and
5  the TIA. Federal question jurisdiction under 28 U.S.C. §1331 exists when "a well-pleaded
6  complaint establishes either that federal question creates the cause of action or that the plaintiff's
7  right to relief necessarily depends on resolution of a substantial question of law." *Empire*
8  *Healthcare Assurance, Inc. v. McVeigh,* 126 S. Ct. 2121, 2131 (2006). The second part of this
9  test is satisfied when: (1) the claim necessarily raises a federal issue; (2) the federal issue is
10 actually disputed and substantial; and (3) federal jurisdiction would not disturb any
11 congressionally-approved balance of federal and state responsibilities. *Grable & Sons Metal*
12 *Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

13     Finisar argues that the Indentures require it *only* to provide the Trustee, within fifteen
14 days of filing, copies of SEC filings actually made and impose *no* duty to provide the Trustee
15 with such documents if Finisar elects to ignore its statutory obligations under the Exchange Act
16 or the TIA. U.S. Bank contends that Section 4.02 of the Indentures is a vehicle for implementing
17 the mandates of TIA Section 314(a) and thus cannot be understood without interpreting and
18 applying that federal statute.

19     Having reviewed the Indentures as a whole in order to arrive at the most reasonable
20 interpretation of the parties' agreement, this Court concludes that Finisar's duty to provide
21 documents to the Trustee arises under federal statutes and that Section 4.02 of the Indentures is a
22 mechanism to enforce the provisions of those statues. Accordingly, determining the scope of
23 Finisar's duty requires the Court to examine and interpret federal law.

4

# IV. ORDER

Good cause therefor appearing, the motion for remand is DENIED.

DATED: December 7, 2007

_____
JEREMY FOGEL
United States District Judge

This Order was served on the following persons:

Sterling A. Brennan
Workman Nydegger
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111

D. Anthony Rodriquez
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105

Case No. C 07-4052 JF PVT
ORDER DENYING MOTION TO REMAND
(JFLC3)