
Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
L. Rex Sears (*Admitted Pro Hac Vice*, E-mail: rsears@wnlaw.com )
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
BERGESON, LLP
303 Almaden Boulevard
Suite 500
San Jose, California 95110-2712
Telephone:   (408) 291-6200
Facsimile:    (408) 297-6000

Attorneys for Plaintiff FINISAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity, but solely in its capacity as Indenture Trustee in behalf of all Holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:07-CV-04052-JF-PVT<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT**<br><br>Further Case Management Conference:<br>Date:      **Friday, February 15, 2008**<br>Time:      **10:30 a.m.**<br>Courtroom:  **3**<br><br>District Judge:       Hon. Jeremy Fogel<br>Magistrate Judge:  Hon. Patricia V. Trumbull<br><br>Complaint Filed:   June 21, 2007<br>Trial Date:             None Yet Set |

In anticipation of the further Case Management Conference to be conducted in the above-captioned action (the "Action") on Friday, February 15, 2008, at 10:30 a.m., and pursuant to Civil Local Rule 16-10(d), plaintiff Finisar Corporation ("Finisar") and defendant U.S. Bank Trust National Association, in its capacity as indenture trustee ("U.S. Bank"), make the following statement, which amends and supplements the "Joint Case Management Statement" ("Initial Statement") filed in the Action on November 21, 2007.

## I. JURISDICTION AND SERVICE

Finisar commenced the Action in the Superior Court of the State of California for the County of Santa Clara (the "State Court"), from which it was removed to this Court by U.S. Bank. Finisar sought remand, based on lack of subject matter jurisdiction. By its December 7, 2007 "Order Denying Motion to Remand," the Court ruled that it has subject matter jurisdiction over the Action.

## II. FACTS

As more fully explained in the Initial Statement, in November 2006, the Audit Committee of Finisar's Board of Directors voluntarily commenced an internal investigation into historical stock option grants and practices within the company. Because the investigation revealed that certain historical financials might have to be restated, some of Finisar's SEC filings were delayed until the investigation concluded.

U.S. Bank serves as the indenture trustee pursuant to a series of three trust indentures (the "Indentures") under which Finisar issued three series of convertible notes (the "Notes"). U.S. Bank asserts that Finisar defaulted under the Indentures by delaying its SEC filings pending the conclusion of its investigation. By this Action, Finisar seeks a judicial declaration that it is not in default as alleged by U.S. Bank or, alternatively, that enforcing acceleration of the Notes for such a technical default would be inequitable. Although U.S. Bank has answered Finisar's Complaint, it has not counterclaimed and does not seek any affirmative relief.

Since the Initial Statement was filed, Finisar has completed its investigation, restated its financials, and made all of its delayed SEC filings and provided copies of such to U.S. Bank. For its part, U.S. Bank has demanded that Finisar reimburse it for attorney fees and other costs.

Neither U.S. Bank nor any of the holders of the Notes has at any time, either before or after Finisar made its SEC filings, noticed any acceleration of the Notes.

### III.  ISSUES

The parties dispute whether the delay by Finisar in filing certain reports with the SEC and with U.S. Bank constituted a default under Section 4.02 of the Indentures.

The parties also dispute whether U.S. Bank's failure to declare any acceleration before Finisar made its delayed SEC filings bars it from doing so now.

Finally, the parties dispute whether Finisar is liable for the fees and other costs U.S. Bank has demanded that Finisar pay.

Finisar is uncertain whether it remains necessary for the litigation to proceed. The contract authorizes acceleration only when an event of default "occurs and is continuing," and what U.S. Bank has alleged to be an event of default is no longer continuing. No acceleration has been noticed to date, and if U.S. Bank does not intend to attempt to accelerate then there may no longer be a live dispute.

U.S. Bank disagrees with Finisar's characterization of the terms of the Indentures and the status of the litigation. Finisar's failure to file financial statements could only have been cured by filing the financial statements within the 60-day cure period expressly provided for under the terms of the Indentures. Acceleration is only one remedy available to the trustee and holders of the notes for Finisar's breach of the Indentures. Among other things, holders were adversely affected by Finisar's failure to provide them with current financial information for more than one year. Determination of the issues set forth above is necessary for the parties to proceed with their respective rights and obligations under the Indentures. U.S. Bank believes that each of the above-referenced issues can be resolved by cross-motions for summary judgment and will request that discovery be stayed pending the determination of such motions.

### IV.  MOTIONS

The parties contemplate filing cross-motions for summary judgment.

### V. AMENDMENT OF PLEADINGS

Finisar has asked U.S. Bank, and it has agreed, to stipulate to the filing of a supplemental complaint addressing two issues arising since the commencement of the Action, viz., (1) whether U.S. Bank is barred from now declaring an acceleration by its failure to declare any acceleration before Finisar made its delayed SEC filings and (2) whether Finisar is obligated to pay U.S. Bank its attorney fees and other costs.

### VI. DISCOVERY

The parties have exchanged their initial disclosures.

Finisar has propounded interrogatories and document requests, and noticed certain depositions of U.S. Bank representatives and designees. Assuming U.S. Bank responds appropriately, discovery should be completed by May 30, 2008, the discovery-completion date proposed by the parties in the Initial Statement.

U.S. Bank believes that no discovery is necessary to resolve the issues presented in this Action, either as currently pleaded or as proposed to be supplemented by Finisar. U.S. Bank asserts that the most efficient manner for moving forward is through cross-motions for summary judgment. U.S. Bank further asserts that no discovery should be taken pending resolution of the cross-motions. To the extent that Finisar does not agree, U.S. Bank will be required to serve discovery requests consistent in detail and scope as those served by Finisar.

### VII. RELATED CASE

A similar, earlier-filed action (which this Court remanded) is still pending in the State Court, which has set a case management conference in that parallel action for March 25, 2008.

### VIII. SETTLEMENT AND ADR

The parties met with ENE evaluator Paul Renne on January 29, 2008. No settlement was reached at the ENE, and the evaluator provided the parties with his evaluation of the merits of the case.

The parties are trying to arrange a meeting with holders of the Notes to further settlement discussions.

The parties are not presently aware of any non-dispositive motions that are likely to promote settlement.

## IX. NARROWING OF ISSUES

The parties are negotiating a stipulation of facts which they hope to file prior to or concurrent with the filing of any dispositive motions.

DATED: February 12, 2008

    Sterling A. Brennan
    L. Rex Sears
    WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

    Caroline McIntyre
    BERGESON, LLP

    By     /s/ L. Rex Sears
          L. Rex Sears
    Attorneys for Plaintiff FINISAR CORPORATION

DATED: February 12, 2008

    Michael B. Fisco
    Abby E. Wilkinson
    FAEGRE & BENSON LLP

    D. Anthony Rodriguez
    MORRISON FOERSTER LLP

    By     /s/ Michael B. Fisco
          Michael B. Fisco
    Attorneys for Defendant
    U.S. BANK TRUST NATIONAL ASSOCIATION

I attest that concurrence in the filing of the foregoing document has been obtained from each of the identified signatories thereof.

DATED: February 12, 2008

    Sterling A. Brennan
    L. Rex Sears
    WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

    Caroline McIntyre
    BERGESON, LLP

    By     /s/ L. Rex Sears
          L. Rex Sears
    Attorneys for Plaintiff FINISAR CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson, awilkinson@faegre.com; Evi Krisztina Schueller, eschueller@mofo.com; Michael B. Fisco, mfisco@faegre.com; Paul T. Friedman, pfriedman@mofo.com.

**WORKMAN NYDEGGER**

/s/ L. Rex Sears
STERLING A. BRENNAN
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111

6.