# EXHIBIT A

Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
BERGESON, LLP
303 Almaden Boulevard
Suite 500
San Jose, California 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiff FINISAR CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity but solely in its capacity as indenture trustee in behalf of all holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. 5:07-CV-04052-JF (PVT)<br><br>**PLAINTIFF FINISAR CORPORATION'S FIRST AMENDED COMPLAINT**<br><br>**(Demand for Jury Trial)**<br><br>District Judge:    Hon. Jeremy Fogel<br>Magistrate Judge: Hon. Patricia V. Trumbull<br><br>Initial Complaint Filed:  June 22, 2007<br>Trial Date:               Not Yet Set |

**FIRST AMENDED COMPLAINT**                                                                       CASE NO.: 5:07-CV-04052-JF-PVT

1    Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and "Defendant U.S. Bank Trust National Association's Written Consent to Filing of First Amended Complaint" (the "Consent") filed in the above-captioned action (the "Action") on March 19, 2008, plaintiff Finisar Corporation ("Finisar"), by this ". . . First Amended Complaint" ("Amended Complaint"), hereby amends its "Complaint for Declaratory Relief" dated June 21, 2007 (the "Initial Complaint") to allege against defendants U.S. Bank Trust National Association ("U.S. Bank"), not in its individual capacity but solely in its capacity as indenture trustee in behalf of all holders of certain 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Subordinated Notes due 2010, and 2½% Convertible Senior Subordinated Notes due 2010 issued by Finisar, and DOES 1 through 10, inclusive (hereinafter, U.S. Bank and the DOE defendants are sometimes referred to collectively as "Defendants"), the following:

## I.    INTRODUCTION

1.    Finisar is a technology company based in Santa Clara County, California, that provides fiber optic subsystems and network performance test systems, which enable high-speed communications for networking and storage applications over Ethernet local area networks, fibre channel storage area networks, and metropolitan area networks. Finisar has over 4,200 employees, and is a publicly-held company whose shares trade on NASDAQ.

2.    Finisar issued three series of convertible notes (the "Notes") under three corresponding trust indentures (the "Indentures"), pursuant to which U.S. Bank contracted to serve as the indenture trustee for the holders (the "Holders") of the various Notes. Finisar is, and at all times has been, current in all of its payment obligations under the Notes.

3.    According to U.S. Bank, however, Finisar defaulted under Section 4.02 of the Indentures by failing to timely file certain periodic reports with the Securities and Exchange Commission ("SEC"). But as, to date, at least three federal courts interpreting similar contractual provisions in other indenture agreements have uniformly held, Section 4.02 does *not* give U.S. Bank any right to enforce filing obligations imposed by the SEC. Instead, it requires only that Finisar file with U.S. Bank copies of the reports that Finisar actually files with the SEC, and to do so within fifteen (15) days of Finisar's actually having filed the reports with the SEC.

1.

**FIRST AMENDED COMPLAINT**                                                                                          CASE NO.: 5:07-CV-04052-JF-PVT

4. Finisar's filing of certain periodic reports was necessarily deferred due to Finisar's commencement, late in 2006, of a voluntary internal review and investigation (the "Investigation") of stock option grants that it made following the initial public offering of its stock shares. As Finisar explained in various Forms 8-K and 12b-25 filed with both the SEC and U.S. Bank, the pendency of the Investigation required that the filing of certain periodic reports with the SEC (and thus, perforce, with U.S. Bank) be deferred until the Investigation was concluded, because the Investigation could yield information that should be included in those reports and Finisar was precluded from filing reports with the SEC that it had reason to believe might otherwise be inaccurate or misleading.

5. Finisar announced the commencement of the Investigation, and provided regular updates on its progress and results, through press releases and Forms 8-K filed with both the SEC and U.S. Bank. Upon conclusion of the Investigation, its results were announced and disseminated, and all deferred reports were promptly finalized and filed with both the SEC and U.S. Bank.

6. Throughout the interval during which the filing of periodic reports was unavoidably deferred, Finisar regularly disseminated, through press releases and other public announcements and fora, as well as Forms 8-K filed with both the SEC and U.S. Bank, financial results and other such information that periodic reports may provide. Furthermore, Finisar offered to provide U.S. Bank and the Holders with additional financial information, subject to appropriate confidentiality and non-disclosure agreements.

7. The SEC has taken no disciplinary action against Finisar, and NASDAQ did not delist Finisar, as a consequence of Finisar having temporarily deferred the filing of certain periodic reports during the pendency of the Investigation.

8. Nonetheless, in letters sent during the interval in which Finisar's filing of periodic reports was unavoidably deferred, U.S. Bank alleged that Finisar had defaulted under Section 4.02 of the Indentures by not making timely filings with the SEC. Notwithstanding that Finisar has now filed all of the deferred reports, U.S. Bank still maintains that the purported defaults it previously asserted are somehow continuing, and it has demanded that Finisar reimburse it for

attorneys' fees and other expenses incurred in connection therewith (which Finisar has done, under protest and subject to full reservation of rights to recover all amounts paid).

9. By this Action, Finisar seeks judicial determinations that it did not default and no default is continuing under the Indentures, as well as return of monies paid by Finisar (under protest) in response to U.S. Bank's demand that Finisar reimburse it for its fees and other expenses.

## II.   PARTIES

10. Finisar now is, and at all times relevant to this Action has been, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Santa Clara County at 1389 Moffett Park Drive, Sunnyvale, California.

11. U.S. Bank now is, and at all times relevant to this Action has been, a national banking association with articles of association designating a location in Wilmington, Delaware as its main office.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are presently unknown to Finisar, which, therefore, sues such Defendants by such fictitious names. Finisar will seek leave of the Court to further amend its pleadings to show the true names and capacities of the DOE defendants when such information can be ascertained.

13. Finisar alleges on information and belief that, in performing the acts and committing the omissions alleged herein, at all times relevant hereto, each of the Defendants was the successor-in-interest, affiliate, or agent of one or more of the other Defendants, and was at all times acting within the course and scope of such described relationship and with the knowledge and approval of each of the other Defendants.

## III.   JURISDICTION AND VENUE

*Subject Matter Jurisdiction*

14. Finisar commenced this Action on June 22, 2007, by filing the Initial Complaint in the Superior Court of the State of California for the County of Santa Clara (the "State Court"), from which the Action was removed to this Court by U.S. Bank on or about August 7, 2007.

3.

15. To support its removal of the Action to this Court, U.S. Bank alleged that the Initial Complaint presented a federal question, bringing the Action within the scope of the original jurisdiction this Court is authorized to exercise by 28 U.S.C. § 1331.

16. Finisar, believing that the Initial Complaint (which contained a single claim under California state law for declaratory relief) presented no federal question and because there is not diversity of citizenship between Finisar and U.S. Bank, moved to have this Action remanded to the State Court.

17. By its December 7, 2007 "Order Denying Motion to Remand" (the "Remand Order"), this Court ruled that the Initial Complaint presented a federal question, bringing this Action within the original subject matter jurisdiction that the Court is authorized to exercise by 28 U.S.C. § 1331.

18. The additional claims for relief added by this Amended Complaint are so related to the cause of action pleaded in the Initial Complaint that they form part of the same case or controversy under Article III of the United States Constitution. Thus, if (as held in the Remand Order) this Court has original jurisdiction over the cause of action pleaded in the Initial Complaint, this Court also has supplemental jurisdiction over the other claims that are added by this Amended Complaint, pursuant to 28 U.S.C. § 1367(a).

*Personal Jurisdiction and Venue*

19. This Court's exercise of personal jurisdiction over U.S. Bank in this Action is not inconsistent with the United States Constitution or with the California Constitution, and is thus compatible with California's long-arm statute, California Code of Civil Procedure section 410.10.

20. If (as held in the Remand Order) this Action falls within the federal question subject matter jurisdiction of this Court, then venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(2).

**IV.   FACTUAL ALLEGATIONS**

21. On October 15, 2001, Finisar issued its 5¼% Convertible Subordinated Notes due 2008 (the "5¼% Notes") under a corresponding trust indenture (the "5¼% Notes Indenture"), a true and correct copy of which is attached hereto as Exhibit "A."

1   22.   On October 15, 2003, Finisar issued its 2½% Convertible Subordinated Notes due 2010 (the "2½% Notes") under a corresponding trust indenture (the "2½% Notes Indenture"), a true and correct copy of which is attached hereto as Exhibit "B."

23.   On October 12, 2006, Finisar issued its 2½% Convertible Senior Subordinated Notes due 2010 (the "2½% Senior Notes") under a corresponding trust indenture (the "2½% Senior Notes Indenture"), a true and correct copy of which is attached hereto as Exhibit "C."

24.   As of the date of the commencement of this Action, the aggregate outstanding principal amount of the 5¼% Notes was $100,250,000; of the 2½% Notes, $50,000,000; and of the 2½% Senior Notes, $100,000,000.

*SEC Filings Dispute*

25.   Section 4.02 of each of the Indentures, headed "Commission and Other Reports," in pertinent part provides:

> The Company [i.e., Finisar] *shall file with the Trustee, within 15 days after it files such . . . reports with the [SEC]*, copies of its . . . reports . . . which the Company is required to file with the [SEC] pursuant to Section 13 or 15(d) of the [Securities] Exchange Act [of 1934]. . . . The Company shall also comply with the other provisions of TIA Section 314(a).  [Emphasis added.]

26.   By three letters (collectively, the "Q2 Letters") sent to Finisar on or about January 4, 2007, one for each of the Indentures and each entitled a "Notice of Default," U.S. Bank asserted that Finisar was in default under Section 4.02 of the Indentures because it had not filed its Form 10-Q for the quarter ended October 29, 2006 (the "Q2 Form 10-Q") with the SEC on or before December 8, 2006.

27.   True and correct copies of the Q2 Letters are attached hereto collectively as Exhibit "D."

28.   By three letters (collectively, the "Q3 Letters") sent to Finisar on or about April 23, 2007, one for each of the Indentures and each entitled a "Notice of Default," U.S. Bank asserted that Finisar was in default under Section 4.02 of the Indentures because it had not filed

5.

**FIRST AMENDED COMPLAINT**                                   CASE NO.: 5:07-CV-04052-JF-PVT

1  its Form 10-Q for the quarter ended January 31, 2007 (the "Q3 Form 10-Q") with the SEC on or
2  before March 17, 2007.

3      29.    True and correct copies of the Q3 Letters are attached hereto collectively as
4  Exhibit "E."

5      30.    By three letters (collectively, the "10-K Letters") sent to Finisar on or about
6  July 16, 2007, one for each Indenture and each entitled a "Notice of Default," U.S. Bank asserted
7  that Finisar was in default under Section 4.02 of the Indentures because it had not filed its Form
8  10-K for the year ended April 30, 2007 ("Form 10-K") with the SEC on or before June 29, 2007
9  and delivered a copy thereof to U.S. Bank.

10     31.    True and correct copies of the 10-K Letters are attached hereto collectively as
11 Exhibit "F."

12     32.    On December 4, 2007, Finisar filed with the SEC, and provided to U.S. Bank
13 copies of, its Q2 Form 10-Q, Q3 Form 10-Q, and Form 10-K (collectively, "SEC Filings"), as
14 well as its Form 10-Q for the quarter ended July 29, 2007. In addition, copies of Finisar's SEC
15 Filings were also immediately made available to U.S. Bank, the Holders, and the public on
16 Finisar's website, at investor.finisar.com/edgar.cfm, as well as through the SEC's Electronic Data
17 Gathering, Analysis, and Retrieval system ("EDGAR"), at www.sec.gov/edgar.shtml.

18     33.    Finisar filed copies of each of the SEC Filings with U.S. Bank within fifteen (15)
19 days after having filed it with the SEC.

20     34.    Finisar did not default under Section 4.02 of the Indentures, as asserted by U.S.
21 Bank in the Q2, Q3, and 10-K Letters (collectively, the "Filings Letters").

22     35.    At no time has Finisar been subjected to any disciplinary action or proceeding by
23 the SEC for any delay in making its SEC Filings.

24     36.    At no time has Finisar been delisted by NASDAQ for any delay in making its SEC
25 Filings.

26                                     *Acceleration Dispute*

27     37.    Section 6.02 of each of the Indentures, headed "Acceleration," in pertinent part
28 provides:

6.

**FIRST AMENDED COMPLAINT**                                                  CASE NO.: 5:07-CV-04052-JF-PVT

> If an Event of Default . . . occurs *and is continuing*, the Trustee by notice to the Company, or the Holders of at least 25% in aggregate principal amount of the Notes at the time outstanding by notice to the Company and the Trustee, may declare the Notes due and payable at their principal amount together with accrued acceleration [emphasis added].

38. Section 6.03 of each of the Indentures, headed "Other Remedies," in pertinent part provides:

> If an Event of Default occurs *and is continuing*, the Trustee may pursue any available remedy to collect the payment of the principal and any accrued cash interest on the Notes or to enforce the performance of any provision of the Notes or this Indenture [emphasis added].

39. No Event of Default resulting from any purported default asserted in any of the Filings Letters is "continuing."

40. At no time has U.S. Bank declared or noticed an acceleration of any of the Notes under Section 6.02 of the Indentures or otherwise.

41. At no time has U.S. Bank sought or pursued any "available remedy" under Section 6.03 of the Indentures or otherwise.

42. U.S. Bank may not now declare an acceleration based on any purported default asserted in the Filings Letters, or any Event of Default alleged to arise therefrom.

43. At no time have any of the Holders either declared or noticed an acceleration of any of the Notes under Section 6.02 of the Indentures or otherwise.

44. At no time have any of the Holders sought or pursued any "available remedy" under Section 6.03 of the Indentures or otherwise.

45. The Holders may not now declare an acceleration based on any purported default asserted in the Filings Letters, or any Event of Default alleged to arise therefrom.

*Fees Dispute*

46. Section 7.06 of each of the Indentures, headed "Compensation and Indemnification of Trustee and its Prior Claim," in pertinent part provides:

> . . . the Company covenants and agrees to pay or reimburse the Trustee . . . upon its request for all reasonable expenses . . . incurred . . . by . . . it in accordance with any of the provisions of this Indenture . . . except any such expense . . . as may arise from its negligence or bad faith. The Company also covenants to indemnify the Trustee . . . for . . . any . . . expense incurred without negligence or bad faith on its part, arising out of or in connection with the . . . administration of this Indenture . . . including the costs and expenses of defending itself against or investigating any claim of liability in the premises.

47.     By letter sent to Finisar on or about January 2, 2008 (the "Fees Letter"), entitled a "Notice of Default," U.S. Bank asserted that Finisar was in default under Section 7.06 of the Indentures by failing to pay to U.S. Bank $317,817.58 to reimburse it for fees and other costs allegedly incurred in connection with the purported defaults asserted by U.S. Bank in the Filings Letters.

48.     The Fees Letter further asserted that failure to make payment as demanded within sixty (60) days of the date thereof would constitute an Event of Default under the Indentures.

49.     A true and correct copy of the Fees Letter is attached hereto as Exhibit "G."

50.     None of the fees or other costs that the Fees Letter demands that Finisar pay was incurred in accordance with any of the provisions of any of the Indentures.

51.     None of the fees or other costs that the Fees Letter demands that Finisar pay was incurred defending itself against or investigating any claim of liability in the premises.

52.     Any of the fees or other costs that the Fees Letter demands that Finisar pay that were incurred after December 4, 2007 (when Finisar filed the SEC Filings with the SEC and with U.S. Bank) have been incurred by U.S. Bank negligently and/or in bad faith.

53.     Although Finisar disagrees that it is obligated to make payment to U.S. Bank of the fees and costs claimed in the Fees Letter, to forestall any assertion by U.S. Bank that an Event of Default permitting acceleration of the Notes had occurred under the Indentures by reason of Finisar's failure to make payment as demanded, Finisar wired to U.S. Bank on February 20, 2008

1 the amount of $317,817.58, as demanded by the Fees Letter. Such payment was made by Finisar under protest and its full reservation of rights, subject to a final determination of Finisar's obligation and duties with respect to U.S. Bank's claimed fees and costs.

54. Finisar is not liable for fees or other costs incurred by U.S. Bank in connection with any purported defaults asserted by U.S. Bank in the Filings Letters.

55. Finisar is entitled to return of monies paid by it in satisfaction of U.S. Bank's demand in the Fees Letter.

## V.   CLAIMS FOR RELIEF

### First Claim for Relief

*(Declaratory Relief Regarding SEC Filings)*

56. Finisar repeats and re-alleges the allegations set forth in paragraph nos. 1 through 55, inclusive, hereinabove, as if fully set forth herein.

57. U.S. Bank maintains that Finisar defaulted under Section 4.02 of the Indentures by not timely filing its SEC Filings.

58. Section 4.02 of the Indentures does not require Finisar to file reports with the SEC by particular deadlines, but instead only requires Finisar to file with U.S. Bank copies of reports that Finisar has filed with the SEC within fifteen (15) days of having filed them with the SEC.

59. Finisar filed copies of each of its SEC Filings with U.S. Bank within fifteen (15) days of having filed them with the SEC.

60. Finisar maintains that it never was in default, as alleged by U.S. Bank in the Filings Letters, and that no Event of Default ever occurred. Nevertheless, even if, *arguendo*, Finisar were somehow determined to have defaulted under Section 4.02 of the Indentures, permitting an acceleration of the Notes for such a technical default (particularly at this late date, after Finisar has made all of its SEC Filings) would be inequitable under the facts presented in this Action and should be denied.

61. By reason of the foregoing, an actual controversy has arisen between Finisar, on the one hand, and U.S. Bank, on the other hand, respecting Finisar's rights and obligations under the Indentures.

62. By reason of the foregoing, Finisar is entitled to a judicial declaration, which shall have the force and effect of a final judgment or decree, that it did not default under Section 4.02 of the Indentures by reason of any delay in making its SEC Filings; or, in the alternative, that permitting any acceleration of the Notes under the facts presented in this Action would be inequitable.

## Second Claim for Relief

*(Declaratory Relief Regarding Acceleration)*

63. Finisar repeats and re-alleges the allegations set forth in paragraph nos. 1 through 62, inclusive, hereinabove, as if fully set forth herein.

64. Sections 6.02 and 6.03 of the Indentures do not permit an acceleration to be declared or enforced unless an Event of Default under the Indentures both occurs and is (at the time of acceleration) "continuing."

65. U.S. Bank maintains that purported defaults asserted in the Filings Letters matured into Events of Default that are somehow continuing, notwithstanding that Finisar filed the SEC Filings with both the SEC and U.S. Bank on December 4, 2007.

66. Finisar did not default under Section 4.02 of the Indentures as alleged in the Filings Letters. But even if, *arguendo,* it had, and even if those purported defaults had ripened into Events of Default under the Indentures, no such Event of Default would now be continuing (or, indeed, would have been continuing at any time since December 4, 2007, when Finisar filed its SEC Filings with the SEC and U.S. Bank).

67. By reason of the foregoing, an actual controversy has arisen between Finisar, on the one hand, and Defendants, on the other hand, respecting their respective rights and obligations under the Indentures.

68. By reason of the foregoing, Finisar is entitled to a judicial declaration, which shall have the force and effect of a final judgment or decree, that no Event of Default arising from any purported default asserted in any of the Filings Letters is continuing; and that no acceleration based on any purported default asserted in any of the Filings Letters, or any Event of Default arising therefrom, may be declared or enforced.

10.

**Third Claim for Relief**

*(Reimbursement and Restitution of Fees Paid Under Protest)*

69. Finisar repeats and re-alleges the allegations set forth in paragraph nos. 1 through 68, inclusive, hereinabove, as if fully set forth herein.

70. Finisar has paid to U.S. Bank certain amounts, under protest, to forestall any assertion by U.S. Bank that an Event of Default permitting acceleration of the Notes occurred under the Indentures by reason of failure to reimburse U.S. Bank for fees and expenses allegedly incurred in connection with purported defaults asserted in the Filings Letters.

71. Finisar is not obligated by the Indentures to reimburse U.S. Bank for fees and expenses allegedly incurred by it in connection with purported defaults asserted in the Filings Letters.

72. By reason of the foregoing, Finisar is entitled to repayment by U.S. Bank of all (or at least some) amounts paid by Finisar to U.S. Bank in satisfaction of U.S. Bank's demand that Finisar reimburse it for fees and other costs allegedly incurred in connection with purported defaults asserted in the Filings Letters.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Finisar prays the Court for the following relief:

A. That the Court declare and decree that Finisar did not default under the Indentures, as alleged in the Filings Letters;

B. That the Court declare and decree that no acceleration of any of the Notes based on any purported default asserted in any of the Filings Letters, or any Event of Default arising therefrom, may be declared or enforced;

C. That the Court order U.S. Bank to return to Finisar the monies paid by Finisar in satisfaction of U.S. Bank's demand that Finisar reimburse U.S. Bank for fees and other costs incurred in connection with purported defaults asserted in the Filings Letters;

D. That the Court award Finisar prejudgment and post-judgment interest;

E. That the Court award Finisar its costs of suit and attorneys' fees and expenses incurred in prosecuting this Action; and

1   F.   That the Court award to Finisar such other and further relief as may be deemed just
2 and proper.

### VII.   JURY DEMAND

Finisar hereby demands TRIAL BY JURY of all claims and issues so triable.

DATED: March 19, 2008

Sterling A. Brennan
L. Rex Sears
WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

Caroline McIntyre
BERGESON, LLP

By  /s/ Sterling A. Brennan
    Sterling A. Brennan
Attorneys for Plaintiff FINISAR CORPORATION

12.

**FIRST AMENDED COMPLAINT**                                              CASE NO.: 5:07-CV-04052-JF-PVT

# CERTIFICATE OF SERVICE

I hereby certify that on March __, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson, awilkinson@faegre.com; Eva K. Schueller, eschueller@mofo.com; Michael B. Fisco, mfisco@faegre.com; and Paul T. Friedman, pfriedman@mofo.com.

**WORKMAN NYDEGGER**

/s/ Sterling A. Brennan
STERLING A. BRENNAN
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah, 84111