# Exhibit G



Corporate Trust Services
1420 Fifth Avenue, 7th Floor
Seattle, WA 98101

## NOTICE OF DEFAULT

January 2, 2007

Finisar Corporation
1308 Moffett Park Drive
Sunnyvale, CA 94089
Attn: Chief Financial Officer
Telephone No.: (408) 548-1000
Facsimile No.: (408) 541-4154/9579

**Via Facsimile and Overnight Courier**

Finisar Corporation
1389 Moffett Park Drive
Sunnyvale, CA 94089
Attn: John E. Drury, Vice President, Corporate
 Controller and Acting Chief Financial Officer

Re: Finisar Corporation 5¼% Convertible Subordinated Notes due 2008
Finisar Corporation 2½% Convertible Subordinated Notes Due 2010
Finisar Corporation 2½% Convertible Senior Subordinated Notes Due 2010

Dear Mr. Drury:

As you know, U.S. Bank Trust National Association ("Trustee") serves as indenture trustee for holders of the above-referenced notes ("Notes") issued by Finisar Corporation ("Company") pursuant to three separate indentures, including that certain Indenture dated as of October 15, 2001, that certain Indenture dated as of October 15, 2003, and that certain Indenture dated as of October 12, 2006 (collectively, the "Indentures"). All capitalized terms used in this notice but not otherwise defined shall have the meanings ascribed to such terms in the Indentures.

On March 2, 2007, the Company filed a complaint against the Trustee in the Superior Court for the State of California for the County of Santa Clara ("State Court"), seeking a declaration that it is not in default under the Indenture for its failure to file a Form 10-Q for its fiscal quarter ending October 29, 2006, with the SEC and deliver copies to the Trustee ("First Declaratory Judgment Action"). On April 13, 2007, the Trustee removed the First Declaratory Judgment Action to the United States District Court for the Northern District of California ("District Court"). The Company moved to remand the action, and on October 12, 2007, the District Court remanded the action to the State Court on procedural grounds. The First Declaratory Judgment Action is currently pending before the State Court, and the action is entitled *Finisar Corporation v. U.S. Bank Trust National Association, et al.*, Case No. 07-CV-081092.

On June 22, 2007, the Company filed a second action in the State Court, seeking a declaration that it is not in default under the Indenture for its failure to file with the SEC, and deliver copies to the Trustee, a Form 10-Q for its fiscal quarter ending January 31, 2007, or any other filing with the SEC ("Second Declaratory Judgment Action"). On August 7, 2007, the Trustee removed the Second Declaratory Judgment Action to the District Court. The Company also moved to remand the Second Declaratory

Judgment Action to the State Court. On December 7, 2007, the District Court denied the Company's motion to remand. The Second Declaratory Judgment Action is currently pending before the District Court, and the action is entitled *Finisar Corporation v. U.S. Bank Trust National Association, et al.*, Case. No. 07-4052.

The Trustee has incurred fees and expenses associated with defending the above-described litigation. On July 2, 2007, and subsequently upon request of the Company, the Trustee remitted invoices for payment of its fees and expenses through May 31, 2007. The Company's counsel subsequently requested copies of the Trustee's invoices through November 30, 2007, which were provided on December 17, 2007. The Company has not yet paid the Trustee's invoices. Pursuant to Section 7.06 of the Indentures, the Company covenanted and agreed to pay the Trustee upon request for all reasonable expenses incurred by it, including the fees and expenses of its professionals. Failure by the Company to pay the Trustee's fees and expenses constitutes a Default under the Indentures.

Accordingly, the Trustee hereby (i) notifies the Company that a Default occurred under the Indentures when the Company failed to pay the Trustee's fees and expenses, and (ii) demands that the Company remedy the Default. For your convenience, enclosed and submitted for payment is the Trustee's invoice for fees and expenses, including fees and expenses incurred by its professionals, through November 30, 2007. Please wire transfer your payment to the Trustee as indicated on the enclosed invoice.

This letter constitutes a Notice of Default, as required under Section 6.01 of the Indentures. Failure by the Company to cure the Default within sixty (60) days of this Notice of Default will constitute an additional Event of Default under the Indentures.

By informing the Company of the existence of the Default identified herein, the Trustee is not waiving any other defaults or Events of Default that may have occurred under the Indentures. In addition, the Trustee reserves all of its rights and remedies available under the Indentures, the Notes, or applicable law upon the occurrence of a Default or Event of Default.

The Indentures and the Notes remain in full force and effect in accordance with their original terms. Nothing in this letter, any other correspondence, or any oral communications between the Trustee and the Company should be construed to be a waiver, modification or release of any breach, Default or Event of Default, whether now existing or hereafter arising, or any of the Trustee's rights and remedies under the Indentures and related documents and at law.

Do not hesitate to contact me should you have any questions.

Sincerely,

U.S. BANK NATIONAL ASSOCIATION

By _____
Diana Jacobs
Vice President

Enclosures

cc:   Michael B. Fisco, Esq.
      Sterling A. Brennan, Esq.
      L. Rex Sears, Esq.

fb.us.2475054.01

2