Exhibit 27

RICK D. NYDEGGER
BRENT P. LORIMER
THOMAS R. VUKSINICK
LARRY R. LAYCOCK
JONATHAN W. RICHARDS
DAVID R. WRIGHT
JOHN C. STRINGHAM
JOHN M. GUYNN
CHARLES L. ROBERTS
DANA L. TANGREN
ERIC L. MASCHOFF
CHARLES J. VEVERKA
ROBYN L. PHILLIPS
RICHARD C. GILMORE *
STERLING A. BRENNAN
R. BURNS ISRAELSEN
DAVID R. TODD
DAVID B. DELLENBACH
L. DAVID GRIFFIN
ADRIAN J. LEE
FRASER D. ROY
CARL T. REED
R. PARRISH FREEMAN, JR.
PETER F. MALEN, JR.
L. REX SEARS, PH.D.

# WORKMAN | NYDEGGER
INTELLECTUAL PROPERTY ATTORNEYS

1000 EAGLE GATE TOWER
60 EAST SOUTH TEMPLE
SALT LAKE CITY, UTAH 84111
TELEPHONE: (801) 533-9800
FAX: (801) 328-1707
WEBSITE: HTTP://WWW.WNLAW.COM



ROBERT E. AYCOCK
JENS C. JENKINS
MICHAEL B. DODD
BRETT I. JOHNSON
SARA D. JONES
TIGE KELLER
JANNA J. LEWIS
J. LAVAR OLDHAM
MICHAEL J. FRODSHAM
WESLEY C. ROSANDER
RYAN N. FARR
WILLIAM R. RICHTER
KEVIN W. STINGER
MATTHEW D. TODD
MATTHEW A. BARLOW
ANDREW S. HANSEN
CHAD E. NYDEGGER
JOSEPH G. PIA
CLINTON E. DUKE
JAMES B. BELSHE
KIRK R. HARRIS
MICHAEL M. BALLARD
DAVID A. JONES
SHANE K. JENSEN
JONATHAN M. BENNS, PH.D.
SCOTT A. WOODBURY
JOHN T. GADD
MARK W. FORD
COLBY C. NUTTALL
AARON M. SMITH
KULANIAKEA FISHER
THOMAS M. BONACCI
PAUL G. JOHNSON
AMBER B. LEAVITT
JEFFERY M. LILLYWHITE
HEATHER MANWARING
JOHN C. BACOCH

VERNON R. RICE §
OF COUNSEL

* Admitted only in California
§ Admitted only in Virginia

January 8, 2008

Michael B. Fisco, Esq.  
Abby E. Wilkinson, Esq.  
FAEGRE & BENSON LLP  
90 South Seventh Street  
Suite 2200  
Minneapolis, Minnesota 55402-3901

Via E-Mail  
And First-Class Mail

Re:   *Finisar Corporation v. U.S. Bank Trust National Association*  
S.C.C.S.C. Case No. 2007-107CV081092  
N.D. Cal. Case No. 5:07-CV-04052-JF(PVT)

Dear Michael and Abby:

We and our firm's client, Finisar Corporation ("Finisar"), are in receipt of U.S. Bank's "Invoice For Services" dated December 14, 2007, as well as various invoices to U.S. Bank from your firm and Morrison & Foerster LLP. Those invoices raise a number of questions. Prompt and complete answers to our questions will assist Finisar in evaluating U.S. Bank's request for payment.

First, U.S. Bank's December 14 invoice references "Extraordinary Fees (61.40 hours @ $375.00 per hour)" in the sum of $23,025.00. What are these "extraordinary fees"? Who performed the 61.40 hours of work? What work, in particular, was performed? What is the basis for seeking $375 per hour for such work?

Second, none of your firm's or Morrison & Foerster's invoices provides any description whatsoever of the tasks by attorneys or legal assistants, for which U.S. Bank claims the right to reimbursement in the sum of $291,338.83. Instead, each of the task descriptions has been redacted in their entirety. Although some courts have recognized a limited right to redact small portions of attorney's fee statements to protect truly privileged information, we are not aware of authority that would support wholesale redaction, as has been done by U.S. Bank in this instance. Indeed, such redaction prevents Finisar—as it would a reviewing court—from making any meaningful assessment as to whether the tasks performed are (i) an appropriate basis for the claimed fees or (ii) within the scope of the provision that U.S. Bank has pointed us to (namely, Section 7.06 of the subject Indenture Agreements) as support for its claimed fee payment request. Given that Finisar cannot make any determination as to the bases for the attorney's fees claimed, we ask that you provide to us the same invoices, but this time redacted only insofar as absolutely necessary to protect specific privileged matters.

Michael B. Fisco, Esq.
Abby E. Wilkinson, Esq.
January 8, 2008
Page 2

      Thank you in advance for your anticipated cooperation with respect to the foregoing. Please let me know if you have any questions.

                                Very truly yours,

                                WORKMAN | NYDEGGER

                                Sterling A. Brennan

c:     L. Rex Sears, Esq.