Exhibit 28



UNITED STATES | ENGLAND | GERMANY | CHINA

MICHAEL B. FISCO
MFisco@faegre.com
(612) 766-7306

January 16, 2008

Sterling A. Brennan, Esq.
[SBrennan@WNLaw.com]
Rex Sears, Esq.
[RSears@WNLaw.com]
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111

**Via E-Mail And First-Class Mail**

Re: *Finisar Corporation v. U.S. Bank Trust National Association*
S.C.C.S.C. Case No. 2007-107CV081092
N.D. Cal. Case No. 5:07-CV-04052-JF(PVT)

Dear Sterling and Rex:

This letter is in follow-up to your letter dated January 8, 2008. You have requested that we provide additional information to you regarding the invoices submitted to Finisar Corporation ("Finisar") by U.S. Bank Trust National Association, in its capacity as indenture trustee ("Trustee" or "U.S. Bank"). As you know, the Trustee submitted its invoices to and requested payment by Finisar pursuant to Section 7.06 of the subject Indenture agreements.

First, you ask what are "extraordinary fees" and who performed the 61.40 hours of work constituting such fees. Extraordinary fees are charged by the Trustee regarding the administration of defaults under the Indentures. This work was performed by Diana Jacobs, the U.S. Bank trust officer responsible for administration of the Indentures and the Trustee's relationship with Finisar. Ms. Jacobs is a Vice President in the U.S. Bank Corporate Trust Department and is responsible for managing the defaults relating to Finisar's Indentures. Extraordinary trust administration fees are customary industry charges.

As you know, Finisar commenced the above-referenced actions against U.S. Bank, in its capacity as indenture trustee, on March 22, 2007 and June 22, 2007, respectively ("Finisar Actions"). Section 7.06 of the Indentures obligates Finisar to compensate the Trustee for its fees and expenses, as well as indemnify the Trustee for any loss, liability or expense incurred without negligence or bad faith on its part, arising out of or in connection with the acceptance or administration of the Indentures or the trusts thereunder and its duties thereunder, including the costs and expenses of defending itself against or investigating any claim of liability in the premises.

Sterling A. Brennan, Esq.
Rex Sears, Esq.
January 16, 2008
Page 2

Administration of the subject Indenture agreements and the related litigation was transferred to Ms. Jacobs as a result of the Finisar Actions and Finisar's failure to timely file its financial statements with the Securities and Exchange Commission. Ms. Jacob's time is billed as "extraordinary fees" because it includes both her work for customary trust administration and the Trustee's time and expense associated with the Finisar Actions. Her time is billed at an hourly rate equal to $375. A description of Ms. Jacob's work, by hour, was previously submitted to Finisar and is enclosed again herein for your review.

Second, you ask for the invoices previously submitted by the Trustee's professionals, redacted only as necessary to protect specific privileged matters. Enclosed are copies of the redacted invoices per your request.

Please let me know if you have any further questions.

Sincerely,

Michael B. Fisco

Enclosures

cc:    Diana Jacobs (via e-mail)

fb us.2524231.02