Exhibit 33

1   Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
    L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
2   WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
    1000 Eagle Gate Tower
3   60 East South Temple
    Salt Lake City, Utah 84111
4   Telephone:  (801) 533-9800
    Facsimile:   (801) 328-1707
5
    Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
6   BERGESON, LLP
    303 Almaden Boulevard
7   Suite 500
    San Jose, California 95110-2712
8   Telephone:  (408) 291-6200
    Facsimile:   (408) 297-6000
9
    Attorneys for Plaintiff FINISAR CORPORATION
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15   FINISAR CORPORATION, a Delaware          Case No. 5:07-CV-04052-JF (PVT)
     corporation,
16                                            PLAINTIFF FINISAR CORPORATION'S
                    Plaintiff,                FIRST AMENDED COMPLAINT
17
            v.                                (Demand for Jury Trial)
18

19   U.S. BANK TRUST NATIONAL
     ASSOCIATION, a national banking
20   association, not in its individual capacity but
     solely in its capacity as indenture trustee in
21   behalf of all holders of Finisar Corporation's
     5¼% Convertible Subordinated Notes due
22   2008, 2½% Convertible Senior Subordinated
     Notes due 2010, and 2½% Convertible
23   Subordinated Notes due 2010; and DOES 1       District Judge:      Hon. Jeremy Fogel
     through 10, inclusive,                        Magistrate Judge:   Hon. Patricia V. Trumbull
24
25                  Defendants.
                                                   Initial Complaint Filed:    June 22, 2007
26                                                 Trial Date:                 Not Yet Set

27

28

     FIRST AMENDED COMPLAINT                                   CASE NO.: 5:07-CV-04052-JF-PVT

1    Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and "Defendant U.S.

2    Bank Trust National Association's Written Consent to Filing of First Amended Complaint" (the

3    "Consent") filed in the above-captioned action (the "Action") on March 19, 2008, plaintiff Finisar

4    Corporation ("Finisar"), by this ". . . First Amended Complaint" ("Amended Complaint"), hereby

5    amends its "Complaint for Declaratory Relief" dated June 21, 2007 (the "Initial Complaint") to

6    allege against defendants U.S. Bank Trust National Association ("U.S. Bank"), not in its

7    individual capacity but solely in its capacity as indenture trustee in behalf of all holders of certain

8    5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Subordinated Notes due 2010,

9    and 2½% Convertible Senior Subordinated Notes due 2010 issued by Finisar, and DOES 1

10    through 10, inclusive (hereinafter, U.S. Bank and the DOE defendants are sometimes referred to

11    collectively as "Defendants"), the following:

## I.    INTRODUCTION

13    1.    Finisar is a technology company based in Santa Clara County, California, that

14    provides fiber optic subsystems and network performance test systems, which enable high-speed

15    communications for networking and storage applications over Ethernet local area networks, fibre

16    channel storage area networks, and metropolitan area networks.  Finisar has over 4,200

17    employees, and is a publicly-held company whose shares trade on NASDAQ.

18    2.    Finisar issued three series of convertible notes (the "Notes") under three

19    corresponding trust indentures (the "Indentures"), pursuant to which U.S. Bank contracted to

20    serve as the indenture trustee for the holders (the "Holders") of the various Notes.  Finisar is, and

21    at all times has been, current in all of its payment obligations under the Notes.

22    3.    According to U.S. Bank, however, Finisar defaulted under Section 4.02 of the

23    Indentures by failing to timely file certain periodic reports with the Securities and Exchange

24    Commission ("SEC").  But as, to date, at least three federal courts interpreting similar contractual

25    provisions in other indenture agreements have uniformly held, Section 4.02 does *not* give U.S.

26    Bank any right to enforce filing obligations imposed by the SEC.  Instead, it requires only that

27    Finisar file with U.S. Bank copies of the reports that Finisar actually files with the SEC, and to do

28    so within fifteen (15) days of Finisar's actually having filed the reports with the SEC.

1.

4.      Finisar's filing of certain periodic reports was necessarily deferred due to Finisar's commencement, late in 2006, of a voluntary internal review and investigation (the "Investigation") of stock option grants that it made following the initial public offering of its stock shares. As Finisar explained in various Forms 8-K and 12b-25 filed with both the SEC and U.S. Bank, the pendency of the Investigation required that the filing of certain periodic reports with the SEC (and thus, perforce, with U.S. Bank) be deferred until the Investigation was concluded, because the Investigation could yield information that should be included in those reports and Finisar was precluded from filing reports with the SEC that it had reason to believe might otherwise be inaccurate or misleading.

5.      Finisar announced the commencement of the Investigation, and provided regular updates on its progress and results, through press releases and Forms 8-K filed with both the SEC and U.S. Bank.  Upon conclusion of the Investigation, its results were announced and disseminated, and all deferred reports were promptly finalized and filed with both the SEC and U.S. Bank.

6.      Throughout the interval during which the filing of periodic reports was unavoidably deferred, Finisar regularly disseminated, through press releases and other public announcements and fora, as well as Forms 8-K filed with both the SEC and U.S. Bank, financial results and other such information that periodic reports may provide.  Furthermore, Finisar offered to provide U.S. Bank and the Holders with additional financial information, subject to appropriate confidentiality and non-disclosure agreements.

7.      The SEC has taken no disciplinary action against Finisar, and NASDAQ did not delist Finisar, as a consequence of Finisar having temporarily deferred the filing of certain periodic reports during the pendency of the Investigation.

8.      Nonetheless, in letters sent during the interval in which Finisar's filing of periodic reports was unavoidably deferred, U.S. Bank alleged that Finisar had defaulted under Section 4.02 of the Indentures by not making timely filings with the SEC.  Notwithstanding that Finisar has now filed all of the deferred reports, U.S. Bank still maintains that the purported defaults it previously asserted are somehow continuing, and it has demanded that Finisar reimburse it for

2.

1    attorneys' fees and other expenses incurred in connection therewith (which Finisar has done,

2    under protest and subject to full reservation of rights to recover all amounts paid).

3        9.    By this Action, Finisar seeks judicial determinations that it did not default and no

4    default is continuing under the Indentures, as well as return of monies paid by Finisar (under

5    protest) in response to U.S. Bank's demand that Finisar reimburse it for its fees and other

6    expenses.

7                            **II.    PARTIES**

8        10.    Finisar now is, and at all times relevant to this Action has been, a corporation

9    organized and existing under the laws of the State of Delaware, with its principal place of

10   business located in Santa Clara County at 1389 Moffett Park Drive, Sunnyvale, California.

11       11.    U.S. Bank now is, and at all times relevant to this Action has been, a national

12   banking association with articles of association designating a location in Wilmington, Delaware

13   as its main office.

14       12.    The true names and capacities, whether individual, corporate, associate, or

15   otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are presently

16   unknown to Finisar, which, therefore, sues such Defendants by such fictitious names.  Finisar will

17   seek leave of the Court to further amend its pleadings to show the true names and capacities of

18   the DOE defendants when such information can be ascertained.

19       13.    Finisar alleges on information and belief that, in performing the acts and

20   committing the omissions alleged herein, at all times relevant hereto, each of the Defendants was

21   the successor-in-interest, affiliate, or agent of one or more of the other Defendants, and was at all

22   times acting within the course and scope of such described relationship and with the knowledge

23   and approval of each of the other Defendants.

24                        **III.    JURISDICTION AND VENUE**

25                            *Subject Matter Jurisdiction*

26       14.    Finisar commenced this Action on June 22, 2007, by filing the Initial Complaint in

27   the Superior Court of the State of California for the County of Santa Clara (the "State Court"),

28   from which the Action was removed to this Court by U.S. Bank on or about August 7, 2007.

3.

1       15.    To support its removal of the Action to this Court, U.S. Bank alleged that the

2   Initial Complaint presented a federal question, bringing the Action within the scope of the

3   original jurisdiction this Court is authorized to exercise by 28 U.S.C. § 1331.

4       16.    Finisar, believing that the Initial Complaint (which contained a single claim under

5   California state law for declaratory relief) presented no federal question and because there is not

6   diversity of citizenship between Finisar and U.S. Bank, moved to have this Action remanded to

7   the State Court.

8       17.    By its December 7, 2007 "Order Denying Motion to Remand" (the "Remand

9   Order"), this Court ruled that the Initial Complaint presented a federal question, bringing this

10  Action within the original subject matter jurisdiction that the Court is authorized to exercise by 28

11  U.S.C. § 1331.

12      18.    The additional claims for relief added by this Amended Complaint are so related to

13  the cause of action pleaded in the Initial Complaint that they form part of the same case or

14  controversy under Article III of the United States Constitution. Thus, if (as held in the Remand

15  Order) this Court has original jurisdiction over the cause of action pleaded in the Initial

16  Complaint, this Court also has supplemental jurisdiction over the other claims that are added by

17  this Amended Complaint, pursuant to 28 U.S.C. § 1367(a).

18                *Personal Jurisdiction and Venue*

19      19.    This Court's exercise of personal jurisdiction over U.S. Bank in this Action is not

20  inconsistent with the United States Constitution or with the California Constitution, and is thus

21  compatible with California's long-arm statute, California Code of Civil Procedure section 410.10.

22      20.    If (as held in the Remand Order) this Action falls within the federal question

23  subject matter jurisdiction of this Court, then venue is properly laid in this District pursuant to 28

24  U.S.C. § 1391(b)(2).

25             **IV.    FACTUAL ALLEGATIONS**

26      21.    On October 15, 2001, Finisar issued its 5¼% Convertible Subordinated Notes due

27  2008 (the "5¼% Notes") under a corresponding trust indenture (the "5¼% Notes Indenture"), a

28  true and correct copy of which is attached hereto as Exhibit "A."

4.

1    22.    On October 15, 2003, Finisar issued its 2½% Convertible Subordinated Notes due

2    2010 (the "2½% Notes") under a corresponding trust indenture (the "2½% Notes Indenture"), a

3    true and correct copy of which is attached hereto as Exhibit "B."

4    23.    On October 12, 2006, Finisar issued its 2½% Convertible Senior Subordinated

5    Notes due 2010 (the "2½% Senior Notes") under a corresponding trust indenture (the "2½%

6    Senior Notes Indenture"), a true and correct copy of which is attached hereto as Exhibit "C."

7    24.    As of the date of the commencement of this Action, the aggregate outstanding

8    principal amount of the 5¼% Notes was $100,250,000; of the 2½% Notes, $50,000,000; and of

9    the 2½% Senior Notes, $100,000,000.

10                                  *SEC Filings Dispute*

11    25.    Section 4.02 of each of the Indentures, headed "Commission and Other Reports,"

12    in pertinent part provides:

13                The Company [i.e., Finisar] *shall file with the Trustee, within 15*

14                *days after it files such . . . reports with the [SEC]*, copies of its . . . reports

15                . . . which the Company is required to file with the [SEC] pursuant to

16                Section 13 or 15(d) of the [Securities] Exchange Act [of 1934]. . . . The

17                Company shall also comply with the other provisions of TIA Section

18                314(a).  [Emphasis added.]

19    26.    By three letters (collectively, the "Q2 Letters") sent to Finisar on or about

20    January 4, 2007, one for each of the Indentures and each entitled a "Notice of Default," U.S.

21    Bank asserted that Finisar was in default under Section 4.02 of the Indentures because it had not

22    filed its Form 10-Q for the quarter ended October 29, 2006 (the "Q2 Form 10-Q") with the SEC

23    on or before December 8, 2006.

24    27.    True and correct copies of the Q2 Letters are attached hereto collectively as

25    Exhibit "D."

26    28.    By three letters (collectively, the "Q3 Letters") sent to Finisar on or about

27    April 23, 2007, one for each of the Indentures and each entitled a "Notice of Default," U.S. Bank

28    asserted that Finisar was in default under Section 4.02 of the Indentures because it had not filed

5.

1    its Form 10-Q for the quarter ended January 31, 2007 (the "Q3 Form 10-Q") with the SEC on or

2    before March 17, 2007.

3         29.    True and correct copies of the Q3 Letters are attached hereto collectively as

4    Exhibit "E."

5         30.    By three letters (collectively, the "10-K Letters") sent to Finisar on or about

6    July 16, 2007, one for each Indenture and each entitled a "Notice of Default," U.S. Bank asserted

7    that Finisar was in default under Section 4.02 of the Indentures because it had not filed its Form

8    10-K for the year ended April 30, 2007 ("Form 10-K") with the SEC on or before June 29, 2007

9    and delivered a copy thereof to U.S. Bank.

10        31.    True and correct copies of the 10-K Letters are attached hereto collectively as

11   Exhibit "F."

12        32.    On December 4, 2007, Finisar filed with the SEC, and provided to U.S. Bank

13   copies of, its Q2 Form 10-Q, Q3 Form 10-Q, and Form 10-K (collectively, "SEC Filings"), as

14   well as its Form 10-Q for the quarter ended July 29, 2007.  In addition, copies of Finisar's SEC

15   Filings were also immediately made available to U.S. Bank, the Holders, and the public on

16   Finisar's website, at investor.finisar.com/edgar.cfm, as well as through the SEC's Electronic Data

17   Gathering, Analysis, and Retrieval system ("EDGAR"), at www.sec.gov/edgar.shtml.

18        33.    Finisar filed copies of each of the SEC Filings with U.S. Bank within fifteen (15)

19   days after having filed it with the SEC.

20        34.    Finisar did not default under Section 4.02 of the Indentures, as asserted by U.S.

21   Bank in the Q2, Q3, and 10-K Letters (collectively, the "Filings Letters").

22        35.    At no time has Finisar been subjected to any disciplinary action or proceeding by

23   the SEC for any delay in making its SEC Filings.

24        36.    At no time has Finisar been delisted by NASDAQ for any delay in making its SEC

25   Filings.

26                          *Acceleration Dispute*

27        37.    Section 6.02 of each of the Indentures, headed "Acceleration," in pertinent part

28   provides:

6.

FIRST AMENDED COMPLAINT                                    CASE NO.: 5:07-CV-04052-JF-PVT

1           If an Event of Default . . . occurs *and is continuing*, the Trustee by

2           notice to the Company, or the Holders of at least 25% in aggregate

3           principal amount of the Notes at the time outstanding by notice to the

4           Company and the Trustee, may declare the Notes due and payable at their

5           principal amount together with accrued acceleration [emphasis added].

6       38.    Section 6.03 of each of the Indentures, headed "Other Remedies," in pertinent part

7   provides:

8           If an Event of Default occurs *and is continuing*, the Trustee may

9           pursue any available remedy to collect the payment of the principal and

10          any accrued cash interest on the Notes or to enforce the performance of

11          any provision of the Notes or this Indenture [emphasis added].

12      39.    No Event of Default resulting from any purported default asserted in any of the

13  Filings Letters is "continuing."

14      40.    At no time has U.S. Bank declared or noticed an acceleration of any of the Notes

15  under Section 6.02 of the Indentures or otherwise.

16      41.    At no time has U.S. Bank sought or pursued any "available remedy" under Section

17  6.03 of the Indentures or otherwise.

18      42.    U.S. Bank may not now declare an acceleration based on any purported default

19  asserted in the Filings Letters, or any Event of Default alleged to arise therefrom.

20      43.    At no time have any of the Holders either declared or noticed an acceleration of

21  any of the Notes under Section 6.02 of the Indentures or otherwise.

22      44.    At no time have any of the Holders sought or pursued any "available remedy"

23  under Section 6.03 of the Indentures or otherwise.

24      45.    The Holders may not now declare an acceleration based on any purported default

25  asserted in the Filings Letters, or any Event of Default alleged to arise therefrom.

26                           *Fees Dispute*

27      46.    Section 7.06 of each of the Indentures, headed "Compensation and

28  Indemnification of Trustee and its Prior Claim," in pertinent part provides:

7.

1    . . . the Company covenants and agrees to pay or reimburse the Trustee . . .

2    upon its request for all reasonable expenses . . . incurred . . . by . . . it in

3    accordance with any of the provisions of this Indenture . . . except any

4    such expense . . . as may arise from its negligence or bad faith. The

5    Company also covenants to indemnify the Trustee . . . for . . . any . . .

6    expense incurred without negligence or bad faith on its part, arising out of

7    or in connection with the . . . administration of this Indenture . . . including

8    the costs and expenses of defending itself against or investigating any

9    claim of liability in the premises.

10    47.    By letter sent to Finisar on or about January 2, 2008 (the "Fees Letter"), entitled a

11    "Notice of Default," U.S. Bank asserted that Finisar was in default under Section 7.06 of the

12    Indentures by failing to pay to U.S. Bank $317,817.58 to reimburse it for fees and other costs

13    allegedly incurred in connection with the purported defaults asserted by U.S. Bank in the Filings

14    Letters.

15    48.    The Fees Letter further asserted that failure to make payment as demanded within

16    sixty (60) days of the date thereof would constitute an Event of Default under the Indentures.

17    49.    A true and correct copy of the Fees Letter is attached hereto as Exhibit "G."

18    50.    None of the fees or other costs that the Fees Letter demands that Finisar pay was

19    incurred in accordance with any of the provisions of any of the Indentures.

20    51.    None of the fees or other costs that the Fees Letter demands that Finisar pay was

21    incurred defending itself against or investigating any claim of liability in the premises.

22    52.    Any of the fees or other costs that the Fees Letter demands that Finisar pay that

23    were incurred after December 4, 2007 (when Finisar filed the SEC Filings with the SEC and with

24    U.S. Bank) have been incurred by U.S. Bank negligently and/or in bad faith.

25    53.    Although Finisar disagrees that it is obligated to make payment to U.S. Bank of

26    the fees and costs claimed in the Fees Letter, to forestall any assertion by U.S. Bank that an Event

27    of Default permitting acceleration of the Notes had occurred under the Indentures by reason of

28    Finisar's failure to make payment as demanded, Finisar wired to U.S. Bank on February 20, 2008

8.

1    the amount of $317,817.58, as demanded by the Fees Letter.  Such payment was made by Finisar

2    under protest and its full reservation of rights, subject to a final determination of Finisar's

3    obligation and duties with respect to U.S. Bank's claimed fees and costs.

4        54.    Finisar is not liable for fees or other costs incurred by U.S. Bank in connection

5    with any purported defaults asserted by U.S. Bank in the Filings Letters.

6        55.    Finisar is entitled to return of monies paid by it in satisfaction of U.S. Bank's

7    demand in the Fees Letter.

8    **V.    CLAIMS  FOR  RELIEF**

9    **First Claim for Relief**

10    *(Declaratory Relief Regarding SEC Filings)*

11        56.    Finisar repeats and re-alleges the allegations set forth in paragraph nos. 1 through

12    55, inclusive, hereinabove, as if fully set forth herein.

13        57.    U.S. Bank maintains that Finisar defaulted under Section 4.02 of the Indentures by

14    not timely filing its SEC Filings.

15        58.    Section 4.02 of the Indentures does not require Finisar to file reports with the SEC

16    by particular deadlines, but instead only requires Finisar to file with U.S. Bank copies of reports

17    that Finisar has filed with the SEC within fifteen (15) days of having filed them with the SEC.

18        59.    Finisar filed copies of each of its SEC Filings with U.S. Bank within fifteen (15)

19    days of having filed them with the SEC.

20        60.    Finisar maintains that it never was in default, as alleged by U.S. Bank in the

21    Filings Letters, and that no Event of Default ever occurred.  Nevertheless, even if, *arguendo*,

22    Finisar were somehow determined to have defaulted under Section 4.02 of the Indentures,

23    permitting an acceleration of the Notes for such a technical default (particularly at this late date,

24    after Finisar has made all of its SEC Filings) would be inequitable under the facts presented in

25    this Action and should be denied.

26        61.    By reason of the foregoing, an actual controversy has arisen between Finisar, on

27    the one hand, and U.S. Bank, on the other hand, respecting Finisar's rights and obligations under

28    the Indentures.

9.

62.    By reason of the foregoing, Finisar is entitled to a judicial declaration, which shall have the force and effect of a final judgment or decree, that it did not default under Section 4.02 of the Indentures by reason of any delay in making its SEC Filings; or, in the alternative, that permitting any acceleration of the Notes under the facts presented in this Action would be inequitable.

**Second Claim for Relief**

*(Declaratory Relief Regarding Acceleration)*

63.    Finisar repeats and re-alleges the allegations set forth in paragraph nos. 1 through 62, inclusive, hereinabove, as if fully set forth herein.

64.    Sections 6.02 and 6.03 of the Indentures do not permit an acceleration to be declared or enforced unless an Event of Default under the Indentures both occurs and is (at the time of acceleration) "continuing."

65.    U.S. Bank maintains that purported defaults asserted in the Filings Letters matured into Events of Default that are somehow continuing, notwithstanding that Finisar filed the SEC Filings with both the SEC and U.S. Bank on December 4, 2007.

66.    Finisar did not default under Section 4.02 of the Indentures as alleged in the Filings Letters. But even if, *arguendo,* it had, and even if those purported defaults had ripened into Events of Default under the Indentures, no such Event of Default would now be continuing (or, indeed, would have been continuing at any time since December 4, 2007, when Finisar filed its SEC Filings with the SEC and U.S. Bank).

67.    By reason of the foregoing, an actual controversy has arisen between Finisar, on the one hand, and Defendants, on the other hand, respecting their respective rights and obligations under the Indentures.

68.    By reason of the foregoing, Finisar is entitled to a judicial declaration, which shall have the force and effect of a final judgment or decree, that no Event of Default arising from any purported default asserted in any of the Filings Letters is continuing; and that no acceleration based on any purported default asserted in any of the Filings Letters, or any Event of Default arising therefrom, may be declared or enforced.

10.

1

**Third Claim for Relief**

2

*(Reimbursement and Restitution of Fees Paid Under Protest)*

3    69.    Finisar repeats and re-alleges the allegations set forth in paragraph nos. 1 through

4    68, inclusive, hereinabove, as if fully set forth herein.

5    70.    Finisar has paid to U.S. Bank certain amounts, under protest, to forestall any

6    assertion by U.S. Bank that an Event of Default permitting acceleration of the Notes occurred

7    under the Indentures by reason of failure to reimburse U.S. Bank for fees and expenses allegedly

8    incurred in connection with purported defaults asserted in the Filings Letters.

9    71.    Finisar is not obligated by the Indentures to reimburse U.S. Bank for fees and

10    expenses allegedly incurred by it in connection with purported defaults asserted in the Filings

11    Letters.

12    72.    By reason of the foregoing, Finisar is entitled to repayment by U.S. Bank of all (or

13    at least some) amounts paid by Finisar to U.S. Bank in satisfaction of U.S. Bank's demand that

14    Finisar reimburse it for fees and other costs allegedly incurred in connection with purported

15    defaults asserted in the Filings Letters.

16                   **VI.    PRAYER FOR RELIEF**

17    WHEREFORE, Finisar prays the Court for the following relief:

18    A.    That the Court declare and decree that Finisar did not default under the Indentures,

19    as alleged in the Filings Letters;

20    B.    That the Court declare and decree that no acceleration of any of the Notes based on

21    any purported default asserted in any of the Filings Letters, or any Event of Default arising

22    therefrom, may be declared or enforced;

23    C.    That the Court order U.S. Bank to return to Finisar the monies paid by Finisar in

24    satisfaction of U.S. Bank's demand that Finisar reimburse U.S. Bank for fees and other costs

25    incurred in connection with purported defaults asserted in the Filings Letters;

26    D.    That the Court award Finisar prejudgment and post-judgment interest;

27    E.    That the Court award Finisar its costs of suit and attorneys' fees and expenses

28    incurred in prosecuting this Action; and

11.

1    F.    That the Court award to Finisar such other and further relief as may be deemed just

2    and proper.

3                              **VII.    JURY DEMAND**

4        Finisar hereby demands TRIAL BY JURY of all claims and issues so triable.

5    DATED:  March 19, 2008                Sterling A. Brennan
                                           L. Rex Sears
6                                          WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

7                                          Caroline McIntyre
                                           BERGESON, LLP
8

9                                          By____/s/ Sterling A. Brennan_____
10                                                 Sterling A. Brennan
                                           Attorneys for Plaintiff FINISAR CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   12.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF SERVICE

I hereby certify that on March19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson, awilkinson@faegre.com; Eva K. Schueller, eschueller@mofo.com; Michael B. Fisco, mfisco@faegre.com; and Paul T. Friedman, pfriedman@mofo.com.


**WORKMAN NYDEGGER**


/s/ Sterling A. Brennan
STERLING A. BRENNAN
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah, 84111

13.