Exhibit 34

**E-Filed 12/07/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FINISAR CORP., | Case Number C 07-4052 JF PVT |
| Plaintiff, | ORDER[1] DENYING MOTION TO REMAND |
| v. | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, | [re: docket no. 15] |
| Defendant. | |

Plaintiff Finisar Corporation ("Finisar") moves to remand the instant action to the Santa Clara Superior Court for lack of subject matter jurisdiction. Defendant U.S. Bank Trust National Association ("U.S. Bank") opposes the motion. For the reasons discussed below, the motion will be denied.

**I. BACKGROUND**

Finisar is a Delaware corporation in the business of performing performance tests on fiber optic subsystems and networks. U.S. Bank is a national banking association with its

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-4052 JF PVT
ORDER DENYING MOTION TO REMAND
(JFLC3)

1    headquarters in Delaware. U.S. Bank is the designated trustee pursuant to a series of three trust

2    indentures ("Indentures") under which Finisar issued three series of convertible notes ("Notes").

3         Section 4.02 of the Indentures reads:

4         The Company shall file with the Trustee, within 15 days after it files such annual and
          quarterly reports, information, documents, and other reports with the SEC, copies of its
5         annual report and of the information, documents and other reports (or copies of such
          portions of any of the foregoing as the SEC may be rules and regulations prescribe) which
6         the Company is required to file with the SEC pursuant to Section 13 or 15(d) of the
          [Securities] Exchange Act [of 1934]. If at any time the Company is not subject to Section
7         13 or 15(d) of the Exchange Act, such reports shall be provided at the times the Company
          would have been required to provide reports had it continued to have been subject to such
8         reporting requirements. The Company also shall comply with the other provisions of
          [Trust Indenture Act of 1939 ("TIA")] Section 314(a).
9
10        In December 2006, Finisar filed its first of several documents entitled "Notification of

11   Late Filing" with the SEC, informing both the SEC and the Trustee that it would be unable to file

12   or provide quarterly and annual reports until it completed an investigation of stock option grants

13   it made following its initial public offering on November 11, 1999. Based on its initial findings,

14   Finisar determined that it needed to restate its historical financial statements to record charges for

15   compensation expenses relating to past stock option grants and the tax impact related to such

16   adjustments. As of October 12, 2007, Finisar had not filed annual or quarterly reports with the

17   SEC or provided the information contained in such reports to the Trustee. U.S. Bank contends

18   that Finisar's failure to file reports with the SEC and to provide copies of those reports to the

19   Trustee constitutes a default under Section 4.02 of the Indentures.

20        The Trustee sent its first three "Notices of Default" to Finisar, one under each Indenture,

21   on January 4, 2007, as a result of the company's failure to file its second quarterly report. The

22   Trustee contends that such notice gave rise to an "Event of Default" under each Indenture on

23   March 5, 2007. Shortly after receiving the Notices of Default, Finisar commenced a declaratory

24   relief action in state court, asserting that its failure to file quarterly and annual reports with the

25   SEC does not constitute default under Section 4.02 of the Indentures, or, alternatively, that

26   enforcement of remedies under the Indentures as a result of its failure to file reports with the SEC

27   would be inequitable.

28        After Finisar filed its complaint for declaratory relief, the Trustee sent Finisar three

                                               2

Case No. C 07-4052 JF PVT
ORDER DENYING MOTION TO REMAND
(JFLC3)

1   additional Notices of Default, each dated April 24, 2007, as a result of the company's failure to

2   file it third quarterly report.  That notice purportedly gave rise to an Event of Default under each

3   Indenture on June 23, 2007.  Finisar thereafter commenced a second declaratory relief action in

4   state court.

5       U.S. Bank removed the first action for declaratory relief to this Court on April 13, 2007.

6   On May 14, 2007, Finisar moved to remand that action to state court.  Without reaching the issue

7   of whether a federal question was presented, this Court granted the motion on the basis that the

8   removal was untimely.  On August 7, 2007, U.S. Bank filed its notice of removal with respect to

9   the second declaratory relief action, which was effectuated on August 8, 2007.  On September

10  28, 2007, Finisar filed the instant motion to remand for lack of subject matter jurisdiction.  The

11  Court heard oral argument on November 2, 2007.

12                          **II. LEGAL STANDARD**

13      Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant

14  may remove an action to federal court if the plaintiff could have filed the action in federal court

15  initially.  28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389,

16  1393 (9th Cir.1988).  A party may file an action in federal court if there is diversity of citizenship

17  among the parties or if the action raises a substantial federal question.  *Ethridge* at 1393.  The

18  party invoking the removal statute bears the burden of establishing federal jurisdiction.  *Id*.  The

19  removal statute is strictly construed against removal.  *Id*.  The matter therefore should be

20  remanded if there is any doubt as to the existence of federal jurisdiction.  *Gaus v. Miles, Inc.*, 980

21  F.2d 564, 565 (9th Cir. 1992).

22                          **III. DISCUSSION**

23      Finisar argues that the instant case should be remanded because it presents no federal

24  question.  Specifically, Finisar argues that the contractual terms relevant to the parties' dispute do

25  not originate in any federal statute.  In its notice of removal, U.S. Bank stated that "[t]he relevant

26  provisions of the Indentures expressly incorporate the [Securities] Exchange Act [of 1934] and

27  the Trust Indenture Act [TIA] of 1939."  U.S. Bank argues that the resolution of this lawsuit

28  turns on a purely federal question of whether the TIA requires an issuer of public debt securities,

3

Case No. C 07-4052 JF PVT
ORDER DENYING MOTION TO REMAND
(JFLC3)

1  such as Finisar, to provide SEC reports to the Trustee.

2        As noted above, Section 4.02 of the Indentures expressly requires that in addition to

3  Sections 13 and 15(a) of the Exchange Act, "[t]he Company also shall comply with the other

4  provisions of TIA Section 314(a)."  The Indentures thus incorporate both the Exchange Act and

5  the TIA.  Federal question jurisdiction under 28 U.S.C. §1331 exists when "a well-pleaded

6  complaint establishes either that federal question creates the cause of action or that the plaintiff's

7  right to relief necessarily depends on resolution of a substantial question of law."  *Empire*

8  *Healthcare Assurance, Inc. v. McVeigh*, 126 S. Ct. 2121, 2131 (2006).  The second part of this

9  test is satisfied when: (1) the claim necessarily raises a federal issue; (2) the federal issue is

10  actually disputed and substantial; and (3) federal jurisdiction would not disturb any

11  congressionally-approved balance of federal and state responsibilities.  *Grable & Sons Metal*

12  *Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

13        Finisar argues that the Indentures require it *only* to provide the Trustee, within fifteen

14  days of filing, copies of SEC filings actually made and impose *no* duty to provide the Trustee

15  with such documents if Finisar elects to ignore its statutory obligations under the Exchange Act

16  or the TIA.  U.S. Bank contends that Section 4.02 of the Indentures is a vehicle for implementing

17  the mandates of TIA Section 314(a) and thus cannot be understood without interpreting and

18  applying that federal statute.

19        Having reviewed the Indentures as a whole in order to arrive at the most reasonable

20  interpretation of the parties' agreement, this Court concludes that Finisar's duty to provide

21  documents to the Trustee arises under federal statutes and that Section 4.02 of the Indentures is a

22  mechanism to enforce the provisions of those statues.  Accordingly, determining the scope of

23  Finisar's duty requires the Court to examine and interpret federal law.

4

Case No. C 07-4052 JF PVT
ORDER DENYING MOTION TO REMAND
(JFLC3)

1

### IV. ORDER

2      Good cause therefor appearing, the motion for remand is DENIED.

3

4    DATED: December 7, 2007

5

6                                        _____
                                         JEREMY FOGEL
7                                        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-4052 JF PVT
ORDER DENYING MOTION TO REMAND
(JFLC3)

1   This Order was served on the following persons:

2   Sterling A. Brennan
    Workman Nydegger
3   1000 Eagle Gate Tower
    60 East South Temple
4   Salt Lake City, UT  84111

5   D. Anthony Rodriquez
    Morrison & Foerster LLP
6   425 Market Street
    San Francisco, California   94105

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Case No. C 07-4052 JF PVT
ORDER DENYING MOTION TO REMAND
(JFLC3)