1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11          SAN JOSE DIVISION

12

13   FINISAR CORPORATION, a Delaware          Case No. C 07-4052 JF (PVT)
     corporation,

14
                        Plaintiff,
15                                             **[PROPOSED] ORDER GRANTING
            v.                                 U.S. BANK TRUST NATIONAL
16                                             ASSOCIATION'S MOTION FOR
     U.S. BANK TRUST NATIONAL                  SUMMARY JUDGMENT**
17   ASSOCIATION, a national banking association,
     not in its individual capacity, but solely in its
18   capacity as Indenture Trustee on behalf of all
     Holders of Finisar Corporation's 5¼%
19   Convertible Subordinated Notes due 2008, 2½%   Date:       July 11, 2008
     Convertible Senior Subordinated Notes due 2010, Time:       9:00 a.m.
20   and 2½% Convertible Subordinated Notes due     Judge:      The Hon. Jeremy Fogel
     2010, and DOES 1 through 10, inclusive,        Location:   Courtroom No. 3, 5th Fl.
21
                        Defendants.
22

23

24

25

26

27

28

1    CURRENTLY PENDING before the Court is Defendant U.S. Bank Trust National

2    Association's ("U.S. Bank" or "Trustee") motion pursuant to Rule 56(b) of the Federal Rules of

3    Civil Procedure with respect to all claims and counterclaims of the parties to this action

4    ("Motion"). The Court has considered all of the arguments and supporting materials provided by

5    both of the parties.  For the reasons discussed below, the Motion will be granted.

6    **I.    BACKGROUND**

7    Finisar Corporation ("Finisar") is a Delaware corporation in the business of performing

8    performance tests on fiber optic subsystems and networks.  U.S. Bank is a national banking

9    association with its headquarters in Delaware.  U.S. Bank acts as indenture trustee for three series

10   of debt convertible notes ("Notes") which Finisar issued under three separate indentures

11   ("Indentures") with U.S. Bank.

12   Section 4.02 of the Indentures reads:

13         The Company shall file with the Trustee, within 15 days after it
           files such annual and quarterly reports, information, documents and
14         other reports with the [Commission/SEC], copies of its annual
           report and of the information, documents and other reports (or
15         copies of such portions of any of the foregoing as the
           [Commission/SEC] may by rules and regulations prescribe) which
16         the Company is required to file with the Commission pursuant to
           Section 13 or 15(d) of the Exchange Act.  If at any time the
17         Company is not subject to Section 13 or 15(d) of the Exchange Act,
           such reports shall be provided at the times the Company would
18         have been required to provide reports had it continued to [be/have
           been] subject to such reporting requirements.  The Company also
19         shall comply with the other provisions of TIA Section 314(a).

20   In December 2006, Finisar filed its first of several documents entitled "Notification of

21   Late Filing" with the SEC, informing both the SEC and the Trustee that it would be unable to file

22   or provide quarterly and annual reports until it completed an investigation of stock option grants it

23   made following its initial public offering on November 11, 1999.  Based on its initial findings,

24   Finisar determined that it needed to restate its historical financial statements to record charges for

25   compensation expenses relating to past stock option grants and the tax impact related to such

26   adjustments.  Finisar completed its review and filed its overdue financial statements on

27   December 4, 2007.  U.S. Bank contends that Finisar's failure to timely file reports with the SEC

28

1   and to provide copies of those reports to the Trustee constitutes a Default under Section 4.02 of

2   the Indentures.

3        U.S. Bank sent its first three "Notices of Default" to Finisar, one under each Indenture, on

4   January 4, 2007, as a result of Finisar's failure to file its second quarterly report.  These notices of

5   default matured into "Events of Default" under each Indenture on March 5, 2007.  U.S. Bank sent

6   Finisar six additional Notices of Default, three dated April 23, 2007, as a result of Finisar's failure

7   to file its third quarterly report, and three dated July 16, 2007, as a result of Finisar's failure to

8   timely file its annual report.  The default notices gave rise to additional Events of Default under

9   each Indenture as of June 23, 2007, and September 14, 2007, respectively.

10       U.S. Bank sent an additional Notice of Default to Finisar on or about January 2, 2008,

11   relating to Finisar's failure to pay U.S. Bank's fees and expenses incurred in connection with this

12   Action.  Rather than allow the Default to mature into another Event of Default under the

13   Indentures, Finisar paid the fees and expenses in question "under protest."

14       Finisar commenced this action in the Superior Court for the County of Santa Clara,

15   California on June 22, 2007, and U.S. Bank removed to this Court on August 7, 2007.  On

16   December 7, 2007, this Court denied Finisar's motion to remand.  Finisar filed an amended

17   complaint with this Court on March 19, 2008 ("Complaint"), and U.S. Bank answered and

18   counterclaimed on April 18, 2008 ("Answer").

19       In its Complaint, Finisar seeks an order from the Court (1) declaring that Finisar did not

20   default under the Indentures by failing to timely file its financial statements with the SEC, and

21   even if it did, the Trustee should not be permitted to accelerate on the Notes because it would be

22   inequitable, (2) declaring that even if the above-referenced Events of Default occurred, they are

23   no longer continuing as of December 4, 2007, the date Finisar filed its financial statements, and

24   therefore the Trustee cannot accelerate the Notes or pursue any other remedies, and (3) directing

25   the Trustee to repay Finisar for all of the Trustee's fees and expenses paid by Finisar to the

26   Trustee under protest.

27       In its Answer, U.S. Bank asks the Court to find (1) that Finisar's failures to file timely

28   with the SEC and the Trustee its quarterly and annual reports constitute ongoing and existing

1    Events of Default under the Indentures, and (2) that Finisar should be ordered to pay all fees and

2    expenses incurred by U.S. Bank in acting as indenture trustee under the Indentures, including, but

3    not limited to, fees and expenses relating to the First Declaratory Judgment Action and the

4    Second Declaratory Judgment Action.

5    **II.    LEGAL STANDARD**

6          Summary judgment is appropriate where there is no genuine issue as to any material fact

7    and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex*

8    *Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The parties do not dispute the material facts relevant

9    to determining the issues in this action.  The parties dispute only the meaning of the Indenture

10   provisions relevant to the SEC filing requirements and the Trustee's right to payment of its fees

11   and expenses.  Therefore, summary judgment is appropriate in this case.

12   **III.   FINISAR'S FAILURE TO TIMELY FILE FINANCIAL STATEMENTS HAS
          RESULTED IN ONGOING EVENTS OF DEFAULT UNDER THE INDENTURES**
13

14         U.S. Bank argues that Finisar defaulted under the Indentures because Section 4.02 of the

15   Indentures requires Finisar to timely file its financial reports with the SEC and provide copies of

16   those reports to the Trustee, which Finisar did not do.  Finisar contends that the delay in filing its

17   financial statements did not result in a Default under the Indentures because Section 4.02 requires

18   only that it file with the Trustee copies of the reports that Finisar actually files with the SEC,

19   within 15 days of having filed them with the SEC.

20         As the Indentures are governed by New York law, New York rules of interpretation apply

21   in this action.  Under New York law, contracts must be construed to effectuate the parties' intent,

22   with reference to the agreement as a whole.  It is evident that in this case, the parties intended to

23   require not only that Finisar provide to the Trustee within 15 days of filing copies of its financial

24   statements with the SEC, but also that Finisar timely file with the SEC its required financial

25   statements in accordance with the Exchange Act and TIA.  As the New York Supreme Court

26   correctly recognized in *Bank of New York v. BearingPoint, Inc.*, the intent of Section 4.02 is to

27   keep investors informed of company developments.  *Bank of New York v. BearingPoint, Inc.*, 824

28   N.Y.S.2d 752 at *7, 13 Misc. 3d 1209(A) (N.Y. Sup. Ct. 2006) ("As a memorialization of

1  apparent commercial realities, this section expressed that which is known to the investment

2  community, i.e. that only by guarding against incomplete information, can investors make

3  informed decisions about their investment and guard against the risks attendant to incomplete

4  information."). Interpreting Section 4.02 of the Indentures in such a way as to make SEC filings

5  optional "vitiates the clear purpose of the Indenture[s] to provide information to the investors so

6  that they may protect their investment." *Id.*

7      Additionally, this Court has already concluded that Finisar's duty to provide documents to

8  the Trustee arises under federal statutes and that Section 4.02 of the Indentures is a mechanism to

9  enforce the provisions of those statutes. The terms of the Indenture clearly incorporate the

10  provisions of both the Exchange Act and the TIA. Section 13 of the Exchange Act provides that

11  "[e]very issuer of a security registered pursuant to section 12 of this title *shall file* with the

12  Commission" quarterly and annual reports as the SEC may prescribe "for the proper protection of

13  investors and to insure fair dealing in the security." 15 U.S.C. § 78m(a) (emphasis added).

14  Section 314(a) of the TIA provides: "Each person who . . . is or is to be an obligor upon the

15  indenture securities . . . shall: (1) file with the indenture trustee copies of the annual reports and of

16  the information, documents, and other reports . . . *which such obligor is required to file with the*

17  *Commission pursuant to section 13 or 15(d) of this title [the Securities Exchange Act of 1934]."*

18  15 U.S.C. § 77nnn(a) (emphasis added).

19      Finisar's failure to timely file its 10-Qs and 10-K until December 4, 2007, has resulted in

20  Defaults under the Indenture, which have matured into Events of Default.

21  **IV.   THE EVENTS OF DEFAULT ARE ONGOING AND THEREFORE THE**
22  **TRUSTEE MAY ACCELERATE THE NOTES**

23      Finisar argues that even if its failure to timely file its financial statements with the SEC

24  resulted in Events of Default under the Indentures, it cured the Events of Default on December 4,

25  2007, when it filed its delayed financial reports. That is not the case. Under Section 6.01(4) of

26  the Indentures, Finisar had sixty days from its receipt of the Trustee's Notices of Default to cure

27  the Defaults, and it failed to do so. Given that the stated cure periods have passed, under

28  Section 6.04 of the Indentures, Finisar's only route to cure the Events of Default would be to

1    obtain a waiver from the holders of the Notes.  It did not do so, and therefore it has not cured the

2    Events of Default.

3         Because Finisar has not cured the Events of Default, Section 6.03 of the Indentures

4    entitles the Trustee to pursue any available remedy to collect the payment of principal and interest

5    on the Subordinated Notes or to enforce the performance of any provision of the Subordinated

6    Notes or the Indentures.  Section 6.02 of the Indentures also entitles the Trustee to declare the

7    Subordinated Notes immediately due and payable.  U.S. Bank has not waived its right to

8    accelerate the Notes or to exercise any other remedy available to it.

9    **V.    FINISAR IS OBLIGATED TO PAY THE TRUSTEE'S FEES AND EXPENSES**

10        U.S. Bank argues that it is entitled to its fees and expenses under the Indentures.  Finisar

11   argues that the Indentures do not obligate it to reimburse the Trustee for the fees and expenses

12   incurred by it as a result of the Events of Default and in this Action.  Section 7.06, the Indenture

13   provision governing payment of the Trustee's fees and expenses, provides in relevant part:

14   > The Company covenants and agrees to pay to the Trustee from time
15   > to time, and the Trustee shall be entitled to, such compensation
     > (which shall not be limited by any provision of law in regard to the
     > compensation of a trustee of an express trust) to be agreed to in
16   > writing by the Trustee and the Company, and the Company
     > covenants and agrees to pay or reimburse the Trustee and each
17   > predecessor Trustee upon its request for all reasonable expenses,
     > disbursements and advances incurred or made by or on behalf of it
18   > in accordance with any of the provisions of this Indenture
     > (including (i) the reasonable compensation and the expenses and
19   > disbursements of its counsel and of all agents and other persons not
     > regularly in its employ and (ii) interest at the prime rate on any
20   > disbursements and advances made by the Trustee and not paid by
     > the Company within 5 days after receipt of an invoice for such
21   > disbursement or advance) except any such expense, disbursement or
     > advance as may arise from its negligence or bad faith . . . .
22

23   In addition to its contractual obligation under Section 7.06, Finisar separately received and

24   acknowledged written fee schedules from U.S. Bank on issuance of the Notes.  Therefore, Finisar

25   is obligated to pay the Trustee's fees and expenses in connection with this Action and as a result

26   of the Events of Default.

27

28

## VI.    ORDER

For all of the foregoing reasons, U.S. Bank's motion for summary judgment is granted, and it is hereby ordered that:

A.     Finisar defaulted under Section 4.02 of the Indentures when it failed to timely file its financial reports with the SEC and those Defaults have matured into Events of Default under the Indentures;

B.     Because Finisar has not obtained a waiver of the Defaults from the holders of the Notes, the Events of Default have not been cured by Finisar and are continuing;

C.     The Events of Default entitle U.S. Bank to accelerate the Notes under Section 6.02 of the Indentures;

D.     Section 7.06 of the Indentures obligates Finisar to pay U.S. Bank's fees and expenses in connection with this Action and as a result of the Events of Default; and

E.     Finisar is obligated to pay U.S. Bank's outstanding, unpaid fees and expenses immediately.

DATED:  _____

_____
JEREMY FOGEL
United States District Judge

[PROPOSED] ORDER GRANTING U.S. BANK TRUST NATIONAL ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C07-04052 JF (PVT)
sf-2505509

6