Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
BERGESON, LLP
303 Almaden Boulevard
Suite 500
San Jose, California 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff FINISAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity, but solely in its capacity as Indenture Trustee in behalf of all Holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:07-CV-04052-JF (PVT)<br><br>**PLAINTIFF FINISAR CORPORATION'S MOTION TO (1) DISMISS, (2) STRIKE, AND (3) ADJUDICATE U.S. BANK TRUST NATIONAL ASSOCIATION'S COUNTERCLAIMS**<br><br>[Fed. R. Civ. P. 12, subds. (b)(6), (c), and (f)]<br><br>(Points and Authorities incorporated herein; Request for Notice submitted herewith)<br><br>Date:           **Friday, July 11, 2008**<br>Time:          **9:00 a.m.**<br>Courtroom:  **3**<br><br>District Judge:        Hon. Jeremy Fogel<br>Magistrate Judge:   Hon. Patricia V. Trumbull<br><br>Complaint Filed:  June 22, 2007<br>Trial Date Set:     None Yet |

```
```

**TABLE OF CONTENTS**

**PAGE(S)**

I.   BACKGROUND .................................................................................................... 2

II.  SUMMARY OF ARGUMENT ............................................................................. 3

III. ARGUMENT .......................................................................................................... 4

    A.   The Counterclaims Should Be Dismissed or Stricken because U.S. Bank Failed to Plead them when it Answered. ................................................................................... 4

        1.   California's Compulsory Cross-Complaint Rule Applies. ................... 4

        2.   U.S. Bank's Counterclaims Fall within the Scope of California's Compulsory Cross-Complaint Rule. ................................................................ 4

        3.   Because U.S. Bank Failed to Plead its Counterclaims as and when Required by California's Compulsory Cross-Complaint Rule, it May Not Plead them Thereafter. ............................................................................ 5

    B.   The Damages Counterclaim Fails for the Further Reason that the Indentures Authorize No such Remedy. .................................................................................. 6

IV.  CONCLUSION ....................................................................................................... 8

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Carey v. Cusack,*
  245 Cal. App. 2d 57, 54 Cal. Rptr. 244 (1966) .......................................................................... 5

*Emrich v. Touche Ross & Co.,*
  846 F.2d 1190 (9th Cir. 1988) .................................................................................................. 5

*Phillips v. Bureau of Prisons,*
  591 F.2d 966 (D.C. Cir. 1979) .................................................................................................. 5

**Statutes/Rules**

California Code of Civil Procedure section 426.10 ...................................................................... 4
California Code of Civil Procedure section 426.30 ........................................................... 1, 3, 4, 5, 6
California Code of Civil Procedure section 426.50 ................................................................... 3, 6
California Code of Civil Procedure section 431.30 ...................................................................... 2
Federal Rules of Civil Procedure Rule 10 .................................................................................... 6
Federal Rules of Civil Procedure Rule 11 .................................................................................... 2
Federal Rules of Civil Procedure Rule 12 ............................................................................ 1, 4, 6, 7
Federal Rules of Civil Procedure Rule 13 ............................................................................... 3, 5, 6
Federal Rules of Civil Procedure Rule 15 .................................................................................... 3
Federal Rules of Civil Procedure Rule 8 ...................................................................................... 2
Federal Rules of Civil Procedure Rule 81 .................................................................................... 4

**Other Authorities**

*Moore's Federal Practice,* § 81.04 ............................................................................................... 4

# NOTICE OF MOTION

TO DEFENDANT U.S. BANK TRUST NATIONAL ASSOCATION AND TO ITS ATTORNEYS OF RECORD IN THE ABOVE-CAPTIONED ACTION:

    PLEASE TAKE NOTICE that, on **Friday, July 11, 2008, at 9:00 a.m**., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled Court (the Honorable Jeremy Fogel, United States District Judge, presiding) located at 280 South First Street, San Jose, California, plaintiff Finisar Corporation ("Finisar") shall—and hereby does—move the Court to (1) dismiss, (2) strike, and (3) adjudicate the counterclaims that defendant and counterclaimant U.S. Bank Trust National Association ("U.S. Bank") has attempted to plead in "Defendant and Counterclaim Plaintiff U.S. Bank Trust National Association's Answer to First Amended Complaint and Counterclaims" (the "Counterclaims"), dated and filed in the above-captioned action (the "Action") on April 18, 2008.

    The Counterclaims purport to state two "Counts." By the instant motion (the "Motion"), Finisar seeks: (1) dismissal of both Counts, pursuant to Federal Rule of Civil Procedure 12(b)(6)[1]; (2) to have both Counts and the accompanying prayer for relief—beginning at page 12, line 13 and continuing to page 14, line 1—stricken, pursuant to Rule 12(f); and (3) judgment on the pleadings with respect to the Count I, pursuant to Rule 12(c).

    Finisar's Motion is and shall be made pursuant to Rule 12, subdivisions (b)(6), (c), and (f), and California Code of Civil Procedure section 426.30(a); and on the grounds that: (1) the Counterclaims were and are compulsory in a separate and senior action, which is still pending in the Superior Court of the State of California for the County of Santa Clara ("State Court"), where U.S. Bank was required to but has not either pleaded or asked for leave to plead them; (2) U.S. Bank was required but failed to obtain leave of *this* Court before attempting to file the Counterclaims in *this* Action; and (3) U.S. Bank cannot sue for damages allegedly suffered by the holders of notes issued under the trust indentures at issue in this Action, as it attempts to do by what it styles Count I of its Counterclaim.

---

[1] Hereinafter, all references to Rule(s) are to the Federal Rules of Civil Procedure, unless otherwise specified.

FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE      1. 
AND (3) ADJUDICATE COUNTERCLAIMS      CASE NO.: 5:07-CV-04052-JF-PVT

Finisar's Motion is and shall be based upon this Notice; the Points and Authorities set forth below; the accompanying "Plaintiff Finisar Corporation's Request for Judicial Notice in Support of its Motion to (1) Dismiss, (2) Strike, and (3) Adjudicate U.S. Bank Trust National Association's Counterclaims" ("Request for Notice"), and matters appended thereto; the pleadings, documents, and other records on file in the Action; and such additional evidence and argument as may be presented in connection with the hearing and determination of the Motion.

## POINTS AND AUTHORITIES

Finisar respectfully offers the following points and authorities in support of the Motion.

### I.   BACKGROUND

Between October 15, 2001 and October 12, 2006, Finisar and U.S. Bank entered into a series of three trust indentures ("Indentures") under which Finisar issued three series of convertible notes ("Notes"). By letters dated April 23, 2007, U.S. Bank alleged that Finisar had defaulted under the Indentures by not timely with the Securities and Exchange Commission ("SEC") a Form 10-Q for its third fiscal quarter (the "Q3 Form 10-Q"). In response, Finisar commenced this Action on June 22, 2007, by filing in the State Court its "Complaint for Declaratory Relief" (the "Complaint"), seeking a declaration that it was not in default.

The U.S. Bank letters that occasioned the commencement of this Action were preceded by others, sent on or about January 4, 2007, alleging that Finisar had defaulted by not timely filing with the SEC a Form 10-Q for its *second* fiscal quarter (the "Q2 Form 10-Q"). Finisar had responded to those letters by commencing in the State Court, on March 2, 2007, *Finisar Corp. v. U.S. Bank Trust National Association*, Case No. 1:07CV081092 (the "Prior Action").[2] The Prior Action is and has been pending in the State Court, where it was commenced, ever since this Court remanded it.

California Code of Civil Procedure section 431.30 permits an answering party to make a general denial putting at issue all material allegations, rather than having to admit or deny each allegation in the manner required by Rule 8(b) (and subject to the requirements of Rule 11). U.S.

---

[2] The "Complaint for Declaratory Relief" by which Finisar commenced the Prior Action (the "Prior Action Complaint") is reproduced as Exhibit "A" to the accompanying Request for Notice.

FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE
AND (3) ADJUDICATE COUNTERCLAIMS         2.                              CASE NO.: 5:07-CV-04052-JF-PVT

1  Bank took advantage of that procedural luxury by filing answers in the State Court, in both this
2  and the Prior Action, before removing. However, U.S. Bank did not serve any cross-complaint
3  with its original answers.

4      *With* U.S. Bank's written consent, on March 19, 2008 Finisar filed in this Action "Plaintiff
5  Finisar Corporation's First Amended Complaint" (the "Amended Complaint"), augmenting its
6  original Complaint with two additional claims for relief arising out of events that transpired after
7  this Action was commenced. *See* Rule 15(a)(2) (authorizing amendments to be filed "only with
8  the opposing party's written consent or the court's leave"). *Without* seeking either leave of Court
9  or Finisar's written consent, U.S. Bank responded with its Counterclaims, purporting for the first
10 time to set up two "Counts" seeking affirmative relief. The first, styled one for breach of
11 contract, seeks damages allegedly suffered by the holders of the Notes ("Noteholders") as a result
12 of the purported defaults that Finisar seeks a declaration never occurred. (Countercls., p. 12, ¶¶
13 23-27.) The second seeks recovery of fees allegedly incurred by U.S. Bank as a result of those
14 same alleged (but nonexistent) defaults. (*Id.*, p. 13, ¶¶ 28-31.)

## II.   SUMMARY OF ARGUMENT

16     California Code of Civil Procedure section 426.30(a), to which U.S. Bank was subject
17 when it filed answers in the State Court, imposes a compulsory cross-complaint rule that is
18 comparable to the federal compulsory counterclaim rule set forth in Rule 13(a). The California
19 statute provides:

20 > If a party against whom a complaint has been filed and served fails to
> allege in a cross-complaint any related cause of action which (*at the time
21 > of serving his answer to the complaint*) he has against the plaintiff, such
> party may not thereafter in any other action assert against the plaintiff the
22 > related cause of action not pleaded. [Emphasis added.]

23     Each of the Counts U.S. Bank now attempts to set up in its Counterclaims was a "related
24 cause of action" with respect to both Finisar's initial Complaint in this Action and its still-
25 operative Prior Action Complaint. But U.S. Bank failed to allege either Count in a cross-
26 complaint against Finisar "at the time of serving [its] answer[s]" thereto. Nor did U.S. Bank seek
27 leave of the State Court, pursuant to California Code of Civil Procedure section 426.50, or leave
28 of this Court, pursuant to Rule 13(f), before trying to plead its hitherto-omitted Counts.

FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE     3.
AND (3) ADJUDICATE COUNTERCLAIMS     CASE NO.: 5:07-CV-04052-JF-PVT

California Code of Civil Procedure section 426.30(a) thus bars U.S. Bank from asserting them "thereafter in any other action." Accordingly, U.S. Bank's Counterclaims should be dismissed pursuant to Rule 12(b)(6) or stricken pursuant to Rule 12(f).

Furthermore, Count I of U.S. Bank's Counterclaims, seeking damages for the alleged breaches of the Indentures, should be adjudicated pursuant to Rule 12(c) because the Indentures do not authorize U.S. Bank to sue for such damages.[3]

### III.  ARGUMENT

**A.  The Counterclaims Should Be Dismissed or Stricken because U.S. Bank Failed to Plead them when it Answered.**

**1.  California's Compulsory Cross-Complaint Rule Applies.**

Rule 81(c)(1) provides that the Rules "apply to a civil action" only *after* "it is removed from state court." Thus, even "[a]fter removal of an action to federal court, state procedural rules will continue to govern with respect to any issues that arose prior to removal." 14 *Moore's Federal Practice*, § 81.04[2] (Matthew Bender 3d ed. 2008). Because California's compulsory cross-complaint rule is triggered by the filing of an answer, and because U.S. Bank answered before removing, U.S. Bank was and is subject to that rule.

**2.  U.S. Bank's Counterclaims Fall within the Scope of California's Compulsory Cross-Complaint Rule.**

As noted above, California's compulsory cross-complaint rule is set forth in California Code of Civil Procedure section 426.30(a), as follows:

> If a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

"Related cause of action," in turn, is defined by California Code of Civil Procedure section 426.10(c) as "a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." In this context, "[t]he term 'transaction' is not limited to a single, isolated act or occurrence, but may

---

[3] This Motion is directed to defects unique to U.S. Bank's Counterclaims. Finisar will address issues common to those and to Finisar's own claims, such as the absence of any underlying default, in its motion for summary judgment, which will also be set for hearing on July 11, 2008.

FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE   4.
AND (3) ADJUDICATE COUNTERCLAIMS                           CASE NO.: 5:07-CV-04052-JF-PVT

embrace a series of acts or occurrences logically interrelated." *Carey v. Cusack,* 245 Cal. App. 2d 57, 66, 54 Cal. Rptr. 244 (1966).

By its initial Complaint in this Action, Finisar sought a declaration that it had not defaulted under the Indentures by not timely filing its Q3 Form 10-Q with the SEC. Similarly, by its Prior Action Complaint,[4] Finisar sought a declaration that it had not defaulted by not timely filing its Form 10-Q for the prior quarter. U.S. Bank, by its Counterclaims, seeks unspecified damages belatedly said to have been suffered by the Noteholders and fees allegedly incurred by U.S. Bank itself as a result of the very alleged defaults that Finisar asked for declarations never occurred. (Countercls., pp. 12-13, ¶¶ 23-31.) Clearly, U.S. Bank's Counterclaims comprise "related causes of action" with respect to both Finisar's Prior Action Complaint and Finisar's initial Complaint in this Action.[5]

> 3. **Because U.S. Bank Failed to Plead its Counterclaims as and when Required by California's Compulsory Cross-Complaint Rule, it May Not Plead them Thereafter.**

Because U.S. Bank filed no counterclaims when it answered either Finisar's Prior Action Complaint or Finisar's initial Complaint in this Action,[6] California Code of Civil Procedure section 426.30(a) bars U.S. Bank from pleading its Counterclaims now.

The foregoing is framed with reference to California's cross-complaint rule, because U.S. Bank answered before it removed; but federal procedure would dictate the same result. Specifically, Rule 13(a)(1) requires that a pleading "state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim . . . arises out of the

---

[4] Public records of judicial proceedings, such as the Prior Action Complaint (reproduced as Exhibit "A" to the accompanying Request for Notice) are subject to judicial notice and may be considered "when passing on a motion attacking the legal efficacy" of a pleading. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988) (quoting *Phillips v. Bureau of Prisons,* 591 F.2d 966, 969 (D.C. Cir. 1979).

[5] Finisar's Amended Complaint seeks return of fees paid by Finisar to U.S. Bank, and Finisar's earlier complaints do not. However, Finisar had no claim for recovery of those fees until U.S. Bank demanded and Finisar paid them, neither of which occurred until after Finisar's original complaints were filed. U.S. Bank, by contrast, had whatever claim it now has for fees from the outset.

[6] U.S. Bank's original answers to Finisar's earlier complaints are reproduced as Exhibits "B" and "C" to the accompanying Request for Notice.

FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE AND (3) ADJUDICATE COUNTERCLAIMS       5.       CASE NO.: 5:07-CV-04052-JF-PVT

transaction or occurrence that is the subject matter of the opposing party's claim." The subject matter of Finisar's Complaint (both Initial and Amended) is the purported defaults alleged by U.S. Bank, and U.S. Bank's Counterclaims arise out of that same subject matter. Accordingly, even if U.S. Bank's Counterclaims were not barred by California Code of Civil Procedure section 426.30(a) (which they are), they would still be barred by Rule 13(a)(1).

Because both Counts of U.S. Bank's Counterclaims are barred by U.S. Bank's failure to plead them as and when required, and because U.S. Bank never sought relief pursuant to California Code of Civil Procedure section 426.50 and Rule 13(f), they should be dismissed pursuant to Rule 12(b)(6) or stricken pursuant to Rule 12(f).

### B. The Damages Counterclaim Fails for the Further Reason that the Indentures Authorize No such Remedy.

Count I of U.S. Bank's Counterclaims seeks damages allegedly suffered by the Noteholders as a result of Finisar's supposed breaches of the Indentures. (Countercls., p. 12, ¶¶ 23-27.) Because U.S. Bank is attempting to sue in the Noteholders' behalf as trustee under the Indentures, its standing is limited to that conferred by the Indentures. The scope of U.S. Bank's authority to pursue Noteholder remedies is set forth in Section 6.03 of the Indentures, as follows:

> If an Event of Default occurs and is continuing, the Trustee may pursue any available remedy to *collect the payment of the principal and any accrued cash interest on the Notes* or to *enforce the performance* of any provision of the Notes or this Indenture. [Emphasis added.]

(Am. Compl., Exs. A-C.)[7] Structured and numbered, the foregoing provision authorizes U.S. Bank to sue, if "an Event of Default occurs and is continuing":

(1) to collect the payment of:

(a) the principal and

(b) any accrued cash interest on the Notes; or

(2) to enforce the performance of any provision of the Notes or this Indenture.

---

[7] The Indentures are truly and correctly reproduced as Exhibits A-C to the Amended Complaint, as U.S. Bank admits on page 3, paragraphs 21-24 of the Counterclaims. Pursuant to Rule 10(c), those exhibits comprise part of the pleadings, and thus may be considered in ruling on Finisar's Motion.

FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE AND (3) ADJUDICATE COUNTERCLAIMS          6.          CASE NO.: 5:07-CV-04052-JF-PVT

1    U.S. Bank is not asserting a claim for specific performance, per clause (2) of Section 6.03, but instead solely for damages. But whatever those supposed and unspecified damages are, they cannot be unpaid principal or interest, as contemplated by clause (1):

- The damages cannot be unpaid principal because the Indentures attached to the pleadings reveal that none of the Notes even matures until August 2008; and although Section 6.02 of the Indentures authorizes the Trustee to "declare the Notes due and payable at their principal amount together with accrued interest," *prior* to maturity, "[i]f an Event of Default . . . occurs and is continuing," U.S. Bank admits on page 5, paragraphs 40 and 43 of its Counterclaims that no acceleration has been declared (and hence the Notes cannot have prematurely become payable due to an acceleration).

- The damages cannot be interest because U.S. Bank admits on page 1, paragraph 2 of its Counterclaims that "Finisar is current on all payments due on the . . . Notes."

Because U.S. Bank has admitted that no unpaid principal or interest is due, whatever damages U.S. Bank seeks by Count I of its Counterclaim must fall outside the scope of clause (1) of Section 6.03 of the Indentures

U.S. Bank is *not* suing for specific performance, for unpaid interest (Finisar is current), to recover principal (no repayment is yet due), or to enforce an acceleration (none has been declared). Instead, Count I of the Counterclaim seeks some other (unspecified) damages. But the Indentures do not authorize U.S. Bank to pursue any such remedy in behalf of Noteholders. Accordingly, Count I of the Counterclaims should be adjudicated on the pleadings, pursuant to Rule 12(c).

///
///
///
///
///
///

FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE         7.
AND (3) ADJUDICATE COUNTERCLAIMS                              CASE NO.: 5:07-CV-04052-JF-PVT

## IV. CONCLUSION

For all of the foregoing reasons, Finisar's Motion should be granted, and U.S. Bank's Counterclaims dismissed or struck; and Count I, in particular, adjudicated on the pleadings.

DATED: May 8, 2008                    Respectfully submitted,

Sterling A. Brennan
L. Rex Sears
WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

Caroline McIntyre
BERGESON, LLP


By     /s/ L. Rex Sears
            L. Rex Sears
      Attorneys for Plaintiff FINISAR CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson, awilkinson@faegre.com; Eva K. Schueller, eschueller@mofo.com; Michael B. Fisco, mfisco@faegre.com; Edward T. Wahl, ewahl@faegre.com and Paul T. Friedman, pfriedman@mofo.com.

**WORKMAN NYDEGGER**

/s/ L. Rex Sears
L. REX SEARS
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111
Telephone:  (801) 533-9800

FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE AND (3) ADJUDICATE COUNTERCLAIMS

9.

CASE NO.: 5:07-CV-04052-JF-PVT