Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
BERGESON, LLP
303 Almaden Boulevard
Suite 500
San Jose, California 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff FINISAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>            Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity, but solely in its capacity as Indenture Trustee in behalf of all Holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 010, and 2½% Convertible Subordinated Notes due 2010; and DOES 1 through 10, inclusive,<br><br>            Defendants<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:07-CV-04052-JF (PVT)<br><br>**PLAINTIFF FINISAR CORPORATION'S MOTION FOR MONETARY DISCOVERY SANCTIONS**<br><br>(Declaration of L. Rex Sears filed herewith)<br><br><br><br>Date:         **Tuesday, June 17, 2008**<br>Time:        **10:00 a.m.**<br>Courtroom:  **5 (Magistrate Judge Trumbull)**<br><br>District Judge:         Hon. Jeremy Fogel<br>Magistrate Judge:   Hon. Patricia V. Trumbull<br><br>Complaint Filed:   June 22, 2007<br>Trial Date Set:      None Yet |

# TABLE OF CONTENTS

PAGE(S)

I. ARGUMENT ..................................................................................................................... 2

    A. U.S. Bank's Conduct Necessitated the Motion to Compel. ................................. 2

    B. U.S. Bank's Invocation of Privilege Was Not Substantially Justified. .................. 3

    C. The Sanctions Sought Are Reasonable. .................................................................. 3

II. CONCLUSION .................................................................................................................. 4

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*U.S. Bank National Association v. U.S. Timberlands Klamath Falls, L.L.C.,*
   2005 WL 2037353 (Del. Ch. Aug. 16, 2005) ............................................................... 3

**Statutes/Rules**

Federal Rules of Civil Procedure Rule 30 ..................................................................... 1
Federal Rules of Civil Procedure Rule 37 ................................................................. 2, 3

# NOTICE OF MOTION

TO DEFENDANT U.S. BANK TRUST NATIONAL ASSOCATION AND TO ITS ATTORNEYS OF RECORD IN THE ABOVE-CAPTIONED ACTION:

PLEASE TAKE NOTICE that, on **Tuesday, June 17, 2008, at 10:00 a.m.**, or as soon thereafter as the matter may be heard, in Courtroom 5 (the Honorable Patricia V. Trumbull, United States Magistrate Judge, presiding) of the above-entitled Court located at 280 South First Street, San Jose, California, plaintiff Finisar Corporation ("Finisar") shall—and hereby does—move the Court to:

(1) Order defendant U.S. Bank Trust National Association ("U.S. Bank") to pay to Finisar, within ten (10) days, $7,310.00,[1] to reimburse Finisar for attorney's fees incurred to prepare and prosecute "Plaintiff Finisar Corporation's Motion: (1) To Compel Production of Documents, (2) To Compel Deposition Testimony, and (3) For Additional Time to Complete Deposition" (the "Motion to Compel");

(2) Order U.S. Bank to reimburse Finisar for travel and lodging costs incurred by its counsel to attend the hearing on the instant motion (the "Motion"); and

(3) Order U.S. Bank to reimburse Finisar for attorney's fees and expenses, including court reporter fees and counsel's travel and lodging, associated with completion of the deposition of Diana L. Jacobs.

Finisar deposed Diana L. Jacobs, U.S. Bank's Vice President and designee pursuant to Federal Rules of Civil Procedure 30(b)(6),[2] on March 26, 2008. By its companion Motion to Compel, Finisar seeks an order compelling Ms. Jacobs to give testimony that she was instructed by U.S. Bank's counsel not to provide and did not give during that deposition. By the instant motion (the "Motion for Sanctions"), Finisar seeks reimbursement for the expenses of bringing

---

[1] Twenty hours for L. Rex Sears, at $295 per hour; and three hours for Sterling A. Brennan, at $470 per hour. See "Declaration of L. Rex Sears in Support of Finisar Corporation's Motions to Compel and for Sanctions" ("Sears Decl."), ¶¶ 6-7.

[2] Subsequent "Rule" references are to the Federal Rules of Civil Procedure, unless otherwise indicated.

FINISAR'S MOTION FOR SANCTIONS           1.           CASE NO.: 5:07-CV-04052-JF-PVT

the Motion to Compel and of having to further depose Ms. Jacobs to obtain testimony that should have been given the first time.

Finisar's instant Motion for Sanctions is and shall be made pursuant to Rule 37(a)(5)(A); and on the grounds that U.S. Bank's refusal to provide the discovery sought by the Motion to Compel was not substantially justified. Finisar's Motion for Sanctions is and shall be based upon this Notice, the Points and Authorities set forth below, the accompanying Sears Declaration, the pleadings, documents, and other records on file in the above-captioned action (the "Action"), and such additional evidence and argument as may be presented in connection with the hearing and determination of the Motion for Sanctions.

## POINTS AND AUTHORITIES

Finisar respectfully offers the following points and authorities in support of its Motion for Sanctions.

### I.   ARGUMENT

As more fully set forth in Finisar's companion Motion to Compel, U.S. Bank withheld certain documents and refused to provide certain deposition testimony based on its assertion of a joint defense privilege allegedly protecting communications between U.S. Bank and the holders of convertible notes (the "Noteholders") issued under the contractual trust indenture instruments at issue in this case. As shown in the Motion to Compel, no such privilege attaches to the communications at issue. As shown hereinbelow, that means Finisar's instant Motion for Sanctions should be granted.

#### A.   U.S. Bank's Conduct Necessitated the Motion to Compel.

Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Because U.S. Bank's conduct necessitated Finisar's Motion to Compel, Finisar's instant Motion for Sanctions should be granted.

FINISAR'S MOTION FOR SANCTIONS          2.          CASE NO.: 5:07-CV-04052-JF-PVT

**B.    U.S. Bank's Invocation of Privilege Was Not Substantially Justified.**

Rule 37(a)(5)(A) further provides that monetary sanctions should not be imposed if "the opposing party's nondisclosure . . . or objection was substantially justified." Here, U.S. Bank was not substantially justified. To the contrary, despite bearing the burden of production (as the party asserting privilege), U.S. Bank identified no authority to support its position until after Finisar presented contrary authority. Even then, U.S. Bank's sole authority consisted of an inapposite, unpublished, and unsound state court decision based on a state rule of evidence inapplicable in what the Court has held to be a federal question case. Specifically, *after* Finisar's counsel articulated the infirmities in U.S. Bank's position in colloquy during Ms. Jacobs deposition (*see, e.g.,* Sears Decl., Ex. "B," 194:7-15, 195:23-196:24), and *after* Finisar sent the letter reproduced as Exhibit "C" to the Sears Declaration, U.S. Bank finally responded by citing a single inapposite and unsound unpublished state court decision, *U.S. Bank National Association v. U.S. Timberlands Klamath Falls, L.L.C.*, 2005 WL 2037353 (Del. Ch. Aug. 16, 2005).

According to *U.S. Timberlands*, "otherwise privileged communications between the Trustee, its counsel, and the Noteholders" fall within the scope of the common interest doctrine. 2005 WL 2037353, at *2. However, that solitary opinion cannot justify U.S. Bank's conduct because it was not even offered until well after U.S. Bank made its unjustified invocations of privilege, because the opinion is inapposite and unsound for all of the reasons articulated in § IV.E of Finisar's Motion to Compel, and because U.S. Bank was on notice of its sole authority's various deficiencies before Finisar moved to compel (*see* Sears Decl., Exs. "C" & "D").

**C.    The Sanctions Sought Are Reasonable.**

Finisar seeks two forms of monetary sanction: first, recovery of the fees and out-of-pocket costs incurred to prepare and prosecute this motion; second, recovery of the fees and out-of-pocket costs incident to having to depose Ms. Jacobs again. Both categories of expense are directly attributable to U.S. Bank's unjustified intransigence in invoking privilege to cover communications with strangers to the attorney-client relationship. Moreover, Finisar has been very conservative in its request: Finisar has not asked to recover the substantially greater fees incurred in pretrial efforts to secure U.S. Bank's voluntary compliance, or even to prepare the

instant Motion for Sanctions; and its Utah-based counsel bills at rates far below San Jose-area attorneys.

## II. CONCLUSION

Because Finisar's Motion to Compel was necessitated by U.S. Bank's unjustified invocation of privilege, the instant Motion for Sanctions should be granted.

DATED: May 13, 2008

Respectfully submitted,

Sterling A. Brennan
L. Rex Sears
WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

Caroline McIntyre
BERGESON, LLP


By___/s/ L. Rex Sears_____
         L. Rex Sears
    Attorneys for Plaintiff FINISAR CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson, awilkinson@faegre.com; Eva K. Schueller, eschueller@mofo.com; Michael B. Fisco, mfisco@faegre.com; Edward T. Wahl, ewahl@faegre.com and Paul T. Friedman, pfriedman@mofo.com.

**WORKMAN NYDEGGER**

/s/ L. Rex Sears
L. REX SEARS
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111
Telephone:  (801) 533-9800