# EXHIBIT A

1  Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
   L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
2  WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
   1000 Eagle Gate Tower
3  60 East South Temple
   Salt Lake City, Utah 84111
4  Telephone:  (801) 533-9800
   Facsimile:   (801) 328-1707
5
   Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
6  BERGESON, LLP
   303 Almaden Boulevard
7  Suite 500
   San Jose, California 95110-2712
8  Telephone:  (408) 291-6200
   Facsimile:   (408) 297-6000
9
   Attorneys for Plaintiff FINISAR CORPORATION
10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14
   FINISAR CORPORATION, a Delaware          Case No. 5:07-CV-04052-JF (PVT)
15 corporation,

16             Plaintiff,                   PLAINTIFF FINISAR CORPORATION'S
                                            NOTICE OF TAKING DEPOSITIONS
17     v.                                   OF: (1) DEFENDANT U.S. BANK
                                            TRUST NATIONAL ASSOCIATION
18                                          PURSUANT TO RULE 30(b)(6); (2)
   U.S. BANK TRUST NATIONAL                 DIANA JACOBS; AND (3) THOMAS
19 ASSOCIATION, a national banking          TABOR; (4) REQUEST TO PRODUCE
   association, not in its individual capacity, DOCUMENTS AT RULE 30(b)(6)
20 but solely in its capacity as Indenture   DEPOSITION
21 Trustee in behalf of all Holders of Finisar
   Corporation's 5¼% Convertible
22 Subordinated Notes due 2008, 2½%
   Convertible Senior Subordinated Notes due
23 2010, and 2½% Convertible Subordinated
   Notes due 2010; and DOES 1 through 10,
24 inclusive,
25
               Defendants
26

27                                          Complaint Filed:   June 22, 2007
                                            Trial Date Set:    None Yet
28

FINISAR'S NOTICE OF TAKING DEPOSITIONS                    CASE NO.: 5:07-CV-04052-JF-PVT

1 TO DEFENDANT U.S. BANK TRUST NATIONAL ASSOCIATION AND TO ITS

2 ATTORNEYS OF RECORD IN THE ABOVE-CAPTIONED ACTION:

3     PLEASE TAKE NOTICE that plaintiff Finisar Corporation ("FINISAR"), by and through

4 its attorneys of record in the above-captioned action (the "ACTION"), will take the deposition on

5 oral examination of each of the following officers, directors, employees, managing agents,

6 representatives, agents, or designees of defendant U.S. Bank Trust National Association ("U.S.

7 BANK") at the law offices of Bergeson, LLP, located at 303 Almaden Boulevard, Suite 500, San

8 Jose, California 95110-2712, on the dates and at the times set forth below, before an officer duly

9 qualified to administer oaths:

10     1.    The designee(s) of U.S. BANK pursuant to Rule 30(b)(6) of the Federal Rules of

11         Civil Procedure (the "RULE 30(b)(6) DEPOSITION") with respect to the matters

12         described in Attachment "B" hereto

13         Date:        Tuesday, March 18, 2008

14         Time:        9:30 a.m. (PST)

15     2.    DIANA JACOBS
16         U.S. Bank National Association
          1420 Fifth Avenue, 7th Floor
17         Seattle, Washington 98101

          Date:        Wednesday, March 19, 2008
18
          Time:        9:30 a.m. (PST)
19
    3.    THOMAS TABOR
20         U.S. Bank National Association
          100 Wall Street, 16th Floor
21         New York, New York 10005

22         Date:        Thursday, March 20, 2008

23         Time:        9:30 a.m. (PST)

24 The foregoing depositions shall continue from time to time until completed, Saturdays, Sundays,

25 and holidays excepted, unless otherwise agreed to between counsel for FINISAR and U.S.

26 BANK.

27     PLEASE TAKE FURTHER NOTICE that, to the extent that U.S. Bank has not otherwise

28 made production beforehand in response to FINISAR's First Set of Requests For Production of

1  Documents, U.S. BANK is hereby requested to produce at the time of the RULE 30(b)(6)
2  DEPOSITION all documents, information, and things coming within the scope of the document
3  requests set forth in Attachment "A" hereto.
4      PLEASE TAKE FURTHER NOTICE that the matters upon which FINISAR will examine
5  U.S. BANK at the RULE 30(b)(6) DEPOSITION, and for which U.S. BANK is required to
6  designate those of its officers, directors, managing agents, or other persons who consent to testify
7  on its behalf, are set forth in Attachment "B" hereto.
8      PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) of the Federal Rules
9  of Civil Procedure, the foregoing depositions will be recorded by stenographic means and may be
10 recorded by sound and visual/video means.

11 DATED: February 5, 2008          Sterling A. Brennan
                                    L. Rex Sears
12                                  WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

13                                  Caroline McIntyre
                                    BERGESON, LLP
14
15                                  By _____
                                        Sterling A. Brennan
16                                  Attorneys for Plaintiff FINISAR CORPORATION

## ATTACHMENT "A"

Pursuant to Rules 30(b)(5) and 34 of the Federal Rules of Civil Procedure, FINISAR requests that, to the extent U.S. BANK has not previously produced them to FINISAR, U.S. BANK produce the documents, information, and things identified below at or before the RULE 30(b)(6) DEPOSITION.

### DEFINITIONS

For purposes of this Attachment "A" and the following Attachment "B," the following specially defined terms shall have the meanings set forth below (all other words, terms, or phrases used herein shall have their ordinary and customary meanings):

A. "PERSON" includes, without limitation, any individual, association, partnership, corporation, limited liability company, entity, firm, agency, or organization.

B. "U.S. BANK," "YOU," and "YOUR" each means defendant U.S. Bank Trust National Association, its parent or affiliate corporations, divisions, subsidiaries, departments, or other related entities (including, but not limited to, U.S. Bancorp and U.S. Bank National Association), partners, joint venturers, predecessors or successors-in-interest, its present and former officers, directors, employees, agents or representatives (including its attorneys, accountants, and other legal or financial advisors), and any other PERSON acting on behalf of any of the foregoing with respect to the document categories set forth herein or the subject matters described in Attachment "B."

C. "FINISAR" means plaintiff Finisar Corporation, its divisions, subsidiaries, joint venturers, predecessors or successors-in-interest, its present and former officers, directors, agents, representatives, and employees, and any other PERSON who YOU believe was acting on behalf of any of the foregoing with respect to the document categories set forth herein or the subject matters described in Attachment "B."

D. "DOCUMENT(S)" shall have the meaning of (a) "documents," "tangible things," and "electronically stored information" in the broadest possible sense that those terms are used in and interpreted under Rules 26(b) and 34(a) of the Federal Rules of Civil Procedure, and (b) "writings," "recordings," and "photographs" in the broadest possible sense that those terms are

1 used in and defined by Section 1001 of the Federal Rules of Evidence, and shall include without
2 limitation documents, writings, drawings, graphs, charts, photographs, sound recordings, and
3 other data or data compilations, stored in any medium from which information can be obtained
4 either directly or, if necessary, after translation by YOU into a reasonably usable form.

5   E. "RELATE" or "RELATING TO" each mean referring to, concerning, discussing,
6 analyzing, stating, describing, embodying, constituting, memorializing, mentioning, commenting
7 on, reviewing, identifying, or serving as a basis for supporting or in any other way bearing upon
8 or illuminating the subject matter of the individual document categories or items herein.

9   F. "COMMUNICATION(S)" means presenting, raising, imparting, transmitting,
10 exchanging, transferring, or otherwise making known any information, whether orally, in writing,
11 or by any other means.

12   G. "COMPLAINT" means FINISAR's "Complaint For Declaratory Relief" dated
13 June 21, 2007 and filed on June 22, 2007, by which the ACTION was commenced.

14   H. "ANSWER" means the "Answer To Complaint For Declaratory Relief" dated
15 August 6, 2007, filed in YOUR behalf in response to the COMPLAINT.

16   I. "NOTES" means collectively the 5¼% Convertible Subordinated Notes due 2008,
17 2½% Convertible Subordinated Notes due 2010, and 2½% Convertible Senior Subordinated
18 Notes due 2010 referenced by YOU in the ANSWER.

19   J. "HOLDER(S)" includes any and all PERSONS known or believed by YOU to
20 have, or to have had, any legal, equitable, or other beneficial interest in any of the NOTES.

21   K. "INDENTURES" means collectively that certain Indenture dated as of October 15,
22 2001, that certain Indenture dated as of October 15, 2003, and that certain Indenture dated as of
23 October 12, 2006 referenced by YOU in the ANSWER.

24   L. "DEFAULT" has the meaning assigned to the term "Default" by Section 1.01 of
25 the INDENTURES.

26   M. "EVENT OF DEFAULT" has the meaning assigned to the term "Event of
27 Default" by Section 6.01 of the INDENTURES.

28

FINISAR'S NOTICE OF TAKING DEPOSITIONS  2.  CASE NO.: 5:07-CV-04052-JF-PVT

N. "INTERROGATORIES" means "Plaintiff Finisar Corporation's First Set Of Interrogatories To Defendant U.S. Bank Trust National Association" in the ACTION, propounded concurrently with this Notice of Taking Depositions.

O. "DOCUMENT REQUESTS" means "Plaintiff Finisar Corporation's First Set Of Requests For Production Of Documents To Defendant U.S. Bank Trust National Association" in the ACTION, propounded concurrently with this Notice of Taking Depositions.

P. "YOUR DISCLOSURES" means "Defendant's Initial Disclosures Under Fed. R. Civ. Pro. 26(a)(1)" in the ACTION, dated January 4, 2008.

Q. "JOINT CASE MANAGEMENT STATEMENT" means the parties' "Joint Case Management Statement And [Proposed] Order Thereon" dated November 21, 2007, submitted to the Court in the ACTION.

R. "Each" includes both "each" and "every."

S. "By" includes "by" and "on behalf of."

## INSTRUCTIONS

A. No individual document category or item specified herein is intended to, or shall, supersede, exclude, or restrict the scope of any other individual document category or item.

B. To the extent that any DOCUMENT is furnished by YOU in connection with any individual document category or item herein, it may be omitted by YOU in responding to any subsequent document category or item to which the DOCUMENT is also responsive.

C. If YOU claim privilege or attorney work product protection for any DOCUMENT sought by the document categories or items herein, YOU are requested to identify each such DOCUMENT and, with respect thereto, state the specific basis for the claim of privilege or work product protection by providing the following information:

(1) the date, identity, and general subject matter of the DOCUMENT, and the specific grounds asserted in support of withholding the DOCUMENT from production;

(2) the identity of each PERSON (other than stenographic or clerical assistants) who participated in the preparation of the DOCUMENT;

(3) the identity of each PERSON to whom the contents of the DOCUMENT have

been communicated, whether orally or by copy, distribution, reading, substantial summarization, or otherwise;

    (4)    a description of any DOCUMENT or other materials transmitted with or attached to the subject DOCUMENT;

    (5)    the number of pages comprising the DOCUMENT;

    (6)    the particular document categories or items to which the DOCUMENT is responsive; and

    (7)    whether any business or non-legal matter is contained or discussed in the DOCUMENT.

    D.    With respect to each DOCUMENT—which otherwise might be responsive to one or more of the individual document categories or items herein—that has been lost, discarded, destroyed, or removed from YOUR possession, custody, or control since its preparation or receipt, please (a) identify the DOCUMENT, (b) identify when the DOCUMENT was last in YOUR possession, custody, or control, (c) state the particular document categories or items herein to which each DOCUMENT would be responsive, (d) set forth in detail the circumstances of the loss, destruction, or transfer from YOUR possession of the DOCUMENT, including when the DOCUMENT was last in YOUR possession, custody, or control, (e) why the DOCUMENT was transferred or destroyed, (f) who authorized or had knowledge of the transfer or destruction, and (g) identify all PERSONS having knowledge of the DOCUMENT.

**DOCUMENTS TO BE PRODUCED**

**Category No. 1:**

All DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS RELATING TO any of the INDENTURES.

**Category No. 2:**

All DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS RELATING TO any of the NOTES.

**Category No. 3:**

All DOCUMENTS RELATING TO any alleged DEFAULT.

**Category No. 4:**

All DOCUMENTS RELATING TO any alleged EVENT OF DEFAULT.

**Category No. 5:**

All DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS RELATING TO either any alleged DEFAULT.

**Category No. 6:**

All DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS to or from any HOLDER or any other PERSON RELATING to any of the NOTES or INDENTURES.

**Category No. 7:**

All DOCUMENTS comprising, evidencing, or referencing any reports made or provided by YOU to any HOLDER pursuant to Section 7.14 of the INDENTURES or otherwise.

**Category No. 8:**

All DOCUMENTS comprising, evidencing, or referencing any and all notices of any DEFAULT provided by YOU to HOLDERS pursuant to Section 7.15 of the INDENTURES.

**Category No. 9:**

All DOCUMENTS RELATING TO, or upon which YOU base, the First Affirmative Defense alleged in the ANSWER.

**Category No. 10:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Second Affirmative Defense alleged in the ANSWER.

**Category No. 11:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Third Affirmative Defense alleged in the ANSWER.

**Category No. 12:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Fourth Affirmative Defense alleged in the ANSWER.

**Category No. 13:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Fifth Affirmative Defense alleged in the ANSWER.

**Category No. 14:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Sixth Affirmative Defense alleged in the ANSWER.

**Category No. 15:**

All DOCUMENTS RELATING TO, or upon which YOU base, YOUR denial in the ANSWER of the contentions by FINISAR in the COMPLAINT.

**Category No. 16:**

All DOCUMENTS RELATING TO, or upon which YOU base, the request in the "Prayer For Relief" in the ANSWER for the "[award to] the Trustee [of] the costs and expenses incurred in this action, including but not limited to reasonable attorneys' fees."

**Category No. 17:**

All DOCUMENTS comprising, evidencing, or referencing any agreement by FINISAR to pay to YOU any of YOUR costs, fees, or expenses RELATING TO YOUR duties as "Trustee" under the INDENTURES.

**Category No. 18:**

All DOCUMENTS RELATING TO the amount of YOUR costs, fees, or expenses that RELATE TO YOUR duties as "Trustee" under the INDENTURES.

**Category No. 19:**

All DOCUMENTS identified in YOUR response to the INTERROGATORIES.

**Category No. 20:**

All DOCUMENTS identified in YOUR DISCLOSURES.

1 **Category No. 21:**

2     All DOCUMENTS identified or referenced in the JOINT CASE MANAGEMENT

3 STATEMENT.

4 **Category No. 22:**

5     To the extent no otherwise or already produced by YOU, all DOCUMENTS that YOU

6 have been requested to produce pursuant to the DOCUMENT REQUESTS.

# ATTACHMENT "B"

FINISAR will examine U.S. BANK upon the following matters, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure:

**Matter No. 1:**

The subject matters of the DOCUMENTS described in the foregoing Attachment "A."

**Matter No. 2:**

YOUR written responses to the DOCUMENT REQUESTS.

**Matter No. 3:**

The DOCUMENTS produced by YOU in response to the DOCUMENT REQUESTS.

**Matter No. 4:**

The identity and role of all individuals who participated in the preparation of YOUR written responses to the DOCUMENT REQUESTS.

**Matter No. 5:**

The identity of all individuals who participated in the collection of any DOCUMENTS produced in response to the DOCUMENT REQUESTS.

**Matter No. 6:**

The identity, location, and authenticity of any and all DOCUMENTS described in the DOCUMENT REQUESTS or the foregoing Attachment "A."

**Matter No. 7:**

The subject matters of the INTERROGATORIES.

**Matter No. 8:**

YOUR responses to the INTERROGATORIES.

**Matter No. 8:**

All information provided by YOU in response to the INTERROGATORIES.

**Matter No. 9:**

The identity and role of all individuals who participated in the preparation of YOUR responses to the INTERROGATORIES.

**Matter No. 10:**

The identity and role of all individuals who participated in the gathering or development of any information provided in YOUR response to the INTERROGATORIES.

**Matter No. 11:**

YOUR efforts to gather and/or develop information responsive to the INTERROGATORIES.

**Matter No. 12:**

All COMMUNICATIONS to or from any HOLDER.

**Matter No. 13:**

All COMMUNICATIONS RELATING TO the NOTES.

**Matter No. 14:**

All COMMUNICATIONS RELATING TO the INDENTURES.

**Matter No. 15:**

All alleged defaults by FINISAR under the NOTES or INDENTURES, and the claimed bases therefor.

**Matter No. 16:**

All alleged EVENTS OF DEFAULT and the claimed bases therefor.

**Matter No. 16:**

All COMMUNICATIONS RELATING TO either any alleged defaults under the NOTES or INDENTURES, or any EVENT OF DEFAULT.

**Matter No. 17:**

The bases for the denials, affirmative defenses, and requests for relief alleged or asserted in the ANSWER.

CERTIFICATE OF SERVICE BY MAIL
(Fed. R. Civ. P., Rule 5(b))

I hereby declare that I am over the age of 18 years, not a party to the above-captioned action, and employed in the County of Salt Lake, State of Utah, by Workman Nydegger, a Professional Corporation, 1000 Eagle Gate Tower, 60 East South Temple, Salt Lake City, Utah 84111. On the date listed below, I served a copy of PLAINTIFF FINISAR CORPORATION'S NOTICE OF TAKING DEPOSITIONS OF: (1) DEFENDANT U.S. BANK TRUST NATIONAL ASSOCIATION PURSUANT TO RULE 30(b)(6); (2) DIANA JACOBS; AND (3) THOMAS TABOR; (4) REQUEST TO PRODUCE DOCUMENTS AT RULE 30(b)(6) DEPOSITION on the following attorneys for defendant U.S. Bank Trust National Association, as addressed below, via First Class Mail:

Michael B. Fisco, Esq.
Abby E. Wilkinson, Esq.
Theresa H Dykoschak, Esq.
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, MN 54402-3901

D. Anthony Rodriguez, Esq.
Eva K. Schueller, Esq.
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of February 2008, at Salt Lake City, Utah.

*Teresa Bradshaw*
Teresa Bradshaw