# EXHIBIT C



# WORKMAN | NYDEGGER
INTELLECTUAL PROPERTY ATTORNEYS

1000 EAGLE GATE TOWER, 60 EAST SOUTH TEMPLE | SALT LAKE CITY, UTAH 84111
TEL: (801) 533-9800 | FAX: (801) 328-1707 | WWW.WNLAW.COM

L. Rex Sears
rsears@wnlaw.com

April 25, 2008

**VIA EMAIL**
*Confirmation Copy via U.S. Mail*

Edward T. Wahl, Esq.
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402-3901

Re:   Finisar v. U.S. Bank Trust National Assocation

Dear Ned,

This letter addresses four discovery issues that have arisen in the above-referenced action (the "Action"), further delay in the resolution of which will lead to motions practice.

### *Withholding of Documents and Information Based on "Joint Defense"*

Information and documents responsive to Finisar Corporation's written discovery requests have been withheld, and instructions not to answer were given during the depositions of Diana Jacobs and Thomas Tabor, based on an assertion of a "joint defense privilege" allegedly covering communications between U.S. Bank Trust National Association and holders of notes issued under the indentures being litigated in this Action. As you are no doubt aware, because privilege operates in derogation of the truth-seeking function of discovery, it is narrowly construed and its proponent bears the burden of establishing its applicability. U.S. Bank's reliance on privilege is improper because U.S. Bank has never even tried to explain how the privilege it claims applies.

Moreover, it is apparent that U.S. Bank would not be able to make the showing necessary to justify its refusal to provide discovery based on supposed privilege, if it tried. Although "[f]ederal courts have used the term 'joint defense privilege' to refer to both the joint client privilege and the common interest rule privilege . . . . [a] distinction should be made between these two doctrines. The joint client doctrine applies when clients share the same lawyer; whereas the common interest or allied lawyer doctrine applies when parties with separate lawyers consult together under the guise of a common interest or defense." *Securities Investor Protection Corp. v. Stratton Oakmont, Inc.*, 213 B.R. 433, 435 n. 1 (Bankr. S.D.N.Y. 1997). Because Ms. Jacobs testified (and you confirmed) that U.S. Bank's counsel does not represent the noteholders, U.S. Bank cannot assert a joint client privilege.

Edward T. Wahl, Esq.
FAEGRE & BENSON LLP
April 25, 2008
Page 2

---

Nor can U.S. Bank rely on the "common interest rule" because "[u]nder the strict confines of the common-interest doctrine, the lack of representation for the remaining parties vitiates any claim to privilege." *Cavallaro v. United States,* 153 F. Supp. 2d 52, 61 (D. Mass. 2001). Because U.S. Bank's counsel does not represent the noteholders, and because (so far as has been disclosed) no other counsel has been representing the noteholders in their supposedly joint pursuit of a common interest, the requirements for application of the common interest rule have not been met.

Furthermore, the common interest doctrine protects only communications "with the *attorney* of the member of the community of interest." *In re Teleglobe Comms. Corp.,* 493 F.3d 345, 364 (3d Cir. 2007) (emphasis in original). Accordingly, communications from either U.S. Bank or its counsel to the unrepresented noteholders are not covered, nor are communications from the noteholders to U.S. Bank (rather than its counsel). *Id.*

In addition, "the joint defense privilege is merely an extension of the attorney-client privilege . . . . In other words, it confers no independent privileged status to documents or information." *Metro Wastewater Reclamation Dist. v. Continental Cas. Co.,* 142 F.R.D. 471, 478 (D. Colo. 1992). The common interest doctrine is simply an exception to the rule that "[d]isclosing a communication to a third party . . . waives the privilege." *Teleglobe,* 493 F.3d at 361. "Thus, to be eligible for protection under the joint defense privilege, it must be established that the materials fall within the ambit of . . . the attorney-client privilege." *Metro,* 142 F.R.D. at 478. Communications from the noteholders to either U.S. Bank or its counsel cannot be protected by the common interest doctrine, nor can communications from U.S. Bank to the noteholders, because they do not "fall within the ambit of . . . the attorney-client privilege," in the first place.

Finally, it appears that the noteholders did not even request or expect that their communications with U.S. Bank would be held in confidence.

Accordingly, we ask that documents and information withheld from production in response to written discovery on the ground of a purported joint defense privilege between U.S. Bank and the noteholders be produced, and that answers be provided to deposition questions that witnesses were instructed not to answer on the same ground.

### *Failure to Produce Other Forms of Indenture*

Finisar asked U.S. Bank to produce indentures under which it serves as trustee that include reporting covenants. To date, U.S. Bank has declined to produce *any* indentures, based on boilerplate objections to Finisar's request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank has also objected on grounds of privilege and confidentiality.

Edward T. Wahl, Esq.
FAEGRE & BENSON LLP
April 25, 2008
Page 3

---

Any pretense that indentures are either privileged or confidential cannot be credited. As for the alleged overbreadth and undue burden, Ms. Jacobs testified that answering Finisar's request (at least with respect to the indentures in her possession) would take no more than a couple of hours. As for leading to the discovery of admissible evidence, other courts addressing issues similar to those at issue in the Action have taken note of different forms of reporting covenant in assessing the scope of the covenants before them. In short, none of U.S. Bank's objections has merit and the requested documents should be produced.

As Sterling has communicated to you previously, Finisar does not desire to receive multiple exemplars of indentures with identically-worded reporting covenants; but it seeks (and is entitled to production of) an exemplar for each version thereof. If and to the extent that U.S. Bank's objections are predicated on the requirement to separate indentures containing reporting covenants from those lacking such terms, we would be willing to inspect all of U.S. Bank's indentures and make the segregation ourselves.

### *Failure to Produce Tabor Documents*

During Mr. Tabor's deposition, it came to light that he was in possession of many documents responsive to document requests propounded by Finisar in its notices of deposition and elsewhere that had not yet been produced. Such documents were apparently provided to you some time ago, but still have not been produced. Mr. Tabor's responsive documents should be produced immediately.

### *Protective Order and Noteholder Identity Issues*

During Ms. Jacobs' deposition, you interposed confidentiality objections to certain questions calling for the disclosure of noteholder identities, and such disclosures have been redacted from various documents produced by U.S. Bank. Ms. Jacobs was ultimately permitted to testify subject to an agreement that the parties would pursue entry of a protective order. We prepared and circulated a form of order consistent with that suggested by the Court on its website. The only concern you stated with the form proposed was the lack of any special provision specifically addressing disclosures of noteholder identities. Although no good reason was given for requiring such a provision, we agreed to consider adding language affording special protection to specific documents and deposition testimony. But you still have not identified all of the documents and testimony for which you desire special protection; and as I communicated previously, we are not even in possession of all of the documents that you have so far designated.

We suspect that your delay was calculated to ensure that U.S. Bank's motion for summary judgment was filed before Finisar's. That having been accomplished, we see no need to continue dragging this out. Accordingly, rather than continue waiting, unless you are prepared to stipulate to entry of the protective order without any special provision addressing disclosure of noteholder identities, we will bring a motion for entry of such an order (and perhaps seek fees

Edward T. Wahl, Esq.
FAEGRE & BENSON LLP
April 25, 2008
Page 4

---

incurred as a result of U.S. Bank's unreasonable refusal to stipulate to entry of an order being sought, after all, to accommodate U.S. Bank rather than Finisar).

\*   \*   \*   \*   \*

As mentioned above, the foregoing issues have been outstanding for some time, and continued delay in their resolution is unacceptable. Absent other arrangements, I will call you at 10 a.m. my time, 11 a.m. your time, next Tuesday, April 29, 2008 to discuss. If another time would be more convenient, please let me know.

Sincerely,

WORKMAN | NYDEGGER

L. Rex Sears

LRS/jw
cc:  Michael B. Fisco
     Abby E. Wilkinson
     D. Anthony Rodriguez