# EXHIBIT 3



UNITED STATES | ENGLAND | GERMANY | CHINA

EDWARD T. WAHL
ewahl@faegre.com
(612) 766-8720

May 20, 2008

L. Rex Sears, Ph.D.                                                    **BY E-MAIL**
Workman Nydegger
60 East South Temple
1000 Eagle Gate Tower
Salt Lake City, UT  84111

   Re: <u>Finisar v. U.S. Bank Trust National Association</u>

Dear Rex:

This letter responds to your May 5 letter, requesting additional information regarding asserted privileges and information contained in the privilege log we provided to you on March 25.

First, with respect to entry numbers 1, 2, 15, and 16, Jeanne M. Escobedo and Cara Seeley are paralegals at U.S. Bank. Accordingly, the asserted privileges are appropriate. We will provide you with a revised privilege log that reflects this additional information.

Second, with respect to entry numbers 7-12, 38-53, 85-96, 102-106, 134-135, and 181-186, these documents should have listed Faegre & Benson, not Ms. Jacobs or U.S. Bank, as the author. These entries are drafts of documents that were created by Faegre & Benson and provided to Ms. Jacobs for her review. Accordingly, the asserted privileges are appropriate. Similarly, entry numbers 64-65 are notices that were drafted by Faegre & Benson, and the author was incorrectly listed as a Beneficial Holder. Again, these were drafts that were provided to Ms. Jacobs for her review, and the asserted privileges are appropriate. We will provide you with a revised privilege log that reflects the revisions to the listed entries.

Third, with respect to entry numbers 6, 160, and 210-218, these documents include or are notes from attorney-client communications, and we will update the privilege log to reflect this attorney-client privilege. In addition to privileged notes, entry numbers 211 and 214 contain an indenture review document that was created by Faegre & Benson in preparation for litigation, for which we also assert work product privilege.

Fourth, with respect to entry numbers 97 and 145, these documents are printouts of what appear to be compressed files (i.e., several separate e-mails were printed as one contiguous e-

L. Rex Sears
May 20, 2008
Page 2

mail). As a result, non-privileged e-mails are mixed in with privileged e-mails. We will produce these documents to you with the appropriate redactions and provide you with a revised privilege log to reflect the asserted privileges.

Fifth, the following documents should be designated as confidential under the protective order, and we will produce appropriately designated versions to you for entry numbers 76, 175-176, and 206. In addition, we will produce entry numbers 141, 219, and 220, which were incorrectly withheld as privileged documents. We will also modify the description for entry number 209, which contains information not related to Finisar (i.e., the names of other issuers or individuals), and we will update the privilege log to include a revised description for these redactions.

Finally, with respect to documents identified as having been authored by Faegre & Benson (entry numbers 3-5, 18, 67-73, 98-100, 128-131, 142-143, 147, 152-155, 158, 167-170, 177-180, and 205), we have confirmed that these documents were not shared with the noteholders. Even if we had shared these documents with the noteholders, we maintain that the documents would have retained their privileged status, which issue will be determined by the Court as a result of your motion to compel.

Sincerely,

Edward T. Wahl

fb.us.2868557.01