1  Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
   L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
2  WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
   1000 Eagle Gate Tower
3  60 East South Temple
   Salt Lake City, Utah 84111
4  Telephone:  (801) 533-9800
   Facsimile:   (801) 328-1707
5
   Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
6  BERGESON, LLP
   303 Almaden Boulevard
7  Suite 500
   San Jose, California 95110-2712
8  Telephone:  (408) 291-6200
   Facsimile:   (408) 297-6000
9
   Attorneys for Plaintiff FINISAR CORPORATION
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14

15  FINISAR CORPORATION, a Delaware        Case No. 5:07-CV-04052-JF (PVT)
    corporation,
16                                         [ XXXXXXXXXXX  **STIPULATED
              Plaintiff,                   PROTECTIVE  ORDER**
17
          v.
18

19  U.S. BANK TRUST NATIONAL
    ASSOCIATION, a national banking
20  association, not in its individual capacity but
    solely in its capacity as indenture trustee in
21  behalf of all holders of Finisar Corporation's
    5¼% Convertible Subordinated Notes due
22  2008, 2½% Convertible Senior Subordinated
    Notes due 2010, and 2½% Convertible        District Judge:      Hon. Jeremy Fogel
23  Subordinated Notes due 2010; and DOES 1    Magistrate Judge:    Hon. Patricia V. Trumbull
    through 10, inclusive,
24
                                              Initial Complaint Filed:   June 22, 2007
25            Defendants.                     Trial Date:                Not Yet Set
26
    _____
27  AND RELATED COUNTERCLAIMS.
    _____
28

1.    PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

        2.1    Party:  Finisar Corporation, U.S. Bank Trust National Association, and each of their respective officers, directors, and employees.

        2.2    Disclosure Material:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), which are produced or generated in disclosures or responses to discovery in this action.

        2.3    Confidential Information or Items:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

        2.4    Producing Party:  A Party or non-party that produces Disclosure Material in this action.

        2.5    Receiving Party:  A Party that receives Disclosure Material from a Producing Party.

        2.6    Designating Party:  A Party or non-party that designates Disclosure Material as "Confidential."

1.

2.7    Protected Material:  Any Disclosure Material that is designated as "Confidential"; documents produced by U.S. Bank Trust National Association bearing production control nos. USB FIN 000445, USB FIN 000446, USB FIN 000998, USB FIN 000999, USB FIN 001000, USB FIN 001032, USB FIN 001071, USB FIN 002628, and USB FIN 004017; and testimony given by Diana L. Jacobs during her March 26, 2008 deposition and recorded at 121:10-122:10, 128:15-129:18, 130:7-8, 133:13-135:17, 136:2, 136:5-6, 140:3-13, 140:25, 148:24-149:2, 181:8-14, 181:16, 183:13-22, 199:22, and 201:24 of the transcript thereof.

2.8    Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9    House Counsel:  Attorneys who are employees of a Party.

2.10    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.11    Expert:  A person with specialized knowledge or experience who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party or a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.  This definition includes a professional jury or trial consultant retained in connection with this action.

2.12    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.13    State Court Action:  That certain related action pending between the Parties in the Superior Court for the State of California for the County of Santa Clara, entitled *Finisar Corporation v. U.S. Bank Trust National Association,* Case No. 107CV081092.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4.    <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>:  Each Designating Party must take care to limit any designation to specific material that qualifies under the appropriate standards; and to designate for protection only those parts of Disclosure Material that qualify, so that portions of Disclosure Material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that Disclosure Material it designated for protection does not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," in prominent lettering, at the bottom of each page that contains protected material.  If not all of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

3.

A Party or non-party that makes original documents or materials available for inspection need not designate any of them in the manner prescribed by the foregoing paragraph until after the inspecting Party has indicated the documents of which it desires to receive copies.  During the inspection, all of the material made available for inspection shall be deemed Protected Material; and thereafter, all of the material made available for inspection of which the inspecting Party does not indicate a desire to receive copies shall continue to be deemed Protected Material.  As for the materials selected by the inspecting Party for copying, the Producing Party must determine which (if any) of them contain Disclosure Material qualifying for protection under this Order; and then, before providing copies thereof to the Receiving Party, designate any such for which it desires continued treatment as Protected Material in the manner prescribed by the foregoing paragraph.

(b)    For testimony given in deposition or in other pretrial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all Protected Material.   When it is impractical to so identify specific testimony, or when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify specific portions of the testimony as Protected Material.  During the twenty (20) days following the conclusion of the deposition or proceeding, all of the testimony shall be deemed Protected Material.  Thereafter, only those portions of the testimony that are designated for protection, in writing, within the twenty (20) days, shall be covered by the provisions of this Order.

Transcript pages containing and deposition exhibits comprising Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL."

(c)    For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the

4.

legend "CONFIDENTIAL."  If only portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the protected

portions.

    5.3    Inadvertent Failures to Designate:  An inadvertent failure to designate qualified

information does not, standing alone, waive the Designating Party's right to secure protection

under this Order for such material.  If Disclosure Material is appropriately designated after initial

production, the Receiving Party, on notification of the designation, must make reasonable efforts

to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    Timing of Challenges:  Unless a prompt challenge to a Designating Party's

designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic

burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge

promptly after the original designation is made or otherwise disclosed.

    6.2    Meet and Confer:  A Receiving Party that challenges a Designating Party's

designation must do so in good faith and must begin the process by conferring directly (in voice

to voice dialogue; other forms of communication are not sufficient) with counsel for the

Designating Party.  In conferring, the challenging Party must explain the basis for its belief that

the confidentiality designation was not proper and must give the Designating Party an opportunity

to review the designated material, to reconsider the circumstances, and, if no change in

designation is offered, to explain the basis for the chosen designation.  A challenging Party may

proceed to the next stage of the challenge process only if it has engaged in this meet and confer

process first.

    6.3    Procedure:  If a challenge to a Designating Party's designation is not resolved

through the meet and confer process described above, then the challenging Party may seek a

ruling on the propriety of the designation either by noticed motion made pursuant to Civil Local

Rule 7-2 or, with the consent of the Designating Party, by administrative motion made in

accordance with the procedures specified by Civil Local Rule 7-11.  The burden of persuasion

5.

1    shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue

2    to afford the material in question the protection to which Protected Material is entitled.

3    7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

4        7.1    <u>Basic Principles</u>:  A Receiving Party may use Protected Material only for

5    prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

6    disclosed only to the categories of persons and under the conditions described in this Order; and

7    Protected Material must be stored and maintained by a Receiving Party at a location and in a

8    manner that ensures that access is limited to the persons authorized under this Order.  When the

9    litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

10   below.

11       7.2    <u>Disclosure of Protected Material</u>:  Unless otherwise ordered by the court or

12   authorized in writing by the Designating Party, a Receiving Party may disclose any Protected

13   Material only to:

14           (a)    The Receiving Party's Counsel;

15           (b)    Any officers, directors, and employees of the Receiving Party to whom

16       disclosure is reasonably necessary for this litigation and who have signed an undertaking

17       in the form of the "Agreement to Be Bound by Protective Order" appearing as Exhibit A

18       hereto;

19           (c)    Experts (as defined in this Order) of the Receiving Party to whom

20       disclosure is reasonably necessary for this litigation and who have signed an undertaking

21       in the form of the "Agreement to Be Bound by Protective Order" appearing as Exhibit A

22       hereto;

23           (d)    The Court and its personnel;

24           (e)    Court reporters, their staffs, and Professional Vendors to whom disclosure

25       is reasonably necessary for this litigation and who have signed an undertaking in the form

26       of the "Agreement to Be Bound by Protective Order" appearing as Exhibit A hereto;

27

28

6.

(f)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed an undertaking in the form of the "Agreement to Be Bound by Protective Order" appearing as Exhibit A hereto; and

(g)    The author or original source of any Protected Material.

8.    <u>PROCESS COMPELLING PRODUCTION IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing (by fax and email, if possible), immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must promptly deliver a copy of this Order to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear all burdens and expenses associated with seeking such protection.

9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute an undertaking in the form of the "Agreement to Be Bound by Protective Order" appearing as Exhibit A hereto.

STIPULATED PROTECTIVE ORDER                                          CASE NO.: 5:07-CV-04052-JF-PVT

10.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Designating Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to its Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it; and the Receiving Party may destroy instead of returning any abstracts, compilations or summaries comprising Protected Material and including any attorney work product.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material other than as permitted by this section 11.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in section 4, above.

12.    MISCELLANEOUS

12.1    Right to Further Relief:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

8.

1          12.2    <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Protective

2    Order, no Party waives any right it otherwise would have to object to disclosing or producing any

3    information or item on any ground not addressed in this Order.  Similarly, no Party waives any

4    right to object on any ground to use in evidence of any of the material covered by this Order.

5                              [Balance of page intentionally left blank.]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**                                      CASE NO.: 5:07-CV-04052-JF-PVT

1          12.3    <u>Use of Information in the State Court Action</u>.  The Parties agree that discovery and

2  other information obtained or disclosed in this action may also be used in the State Court Action

3  on the same terms and conditions as set forth in this Protective Order.

4  DATED:  May 13, 2008           Sterling A. Brennan
                                     L. Rex Sears

5                                     WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

6                                     Caroline McIntyre
                                   BERGESON, LLP

7

8                                     By    /s/ L. Rex Sears
                                             L. Rex Sears

9                                     Attorneys for Plaintiff FINISAR CORPORATION

10  DATED:  May 13, 2008           Michael B. Fisco
                                     Edward T. Wahl

11                                     Abby E. Wilkinson
                                   FAEGRE & BENSON LLP

12                                     By    /s/ Edward T. Wahl

13                                             Edward T. Wahl
                                   Attorneys for Defendant

14                                     U.S. BANK TRUST NATIONAL ASSOCIATION

15          I attest that concurrence in the filing of the foregoing document has been obtained from

16  each of the identified signatories thereof.

17  DATED:  May 13, 2008           Sterling A. Brennan
                                     L. Rex Sears

18                                     WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

19                                     Caroline McIntyre
                                   BERGESON, LLP

20                                     By    /s/ L. Rex Sears

21                                           L. Rex Sears
                                   Attorneys for Plaintiff FINISAR CORPORATION

22                                     **ORDER**

23          PURSUANT TO STIPULATION, IT IS SO ORDERED.

24  DATED:    June 3, 2008

25                                       *Patricia V. Trumbull*

26                                      Hon. Patricia V. Trumbull
                                   United States Magistrate Judge

27

28

STIPULATED PROTECTIVE ORDER                              CASE NO.: 5:07-CV-04052-JF-PVT

EXHIBIT A

**ACKNOWLEDGMENT  AND  AGREEMENT  TO  BE  BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Finisar Corporation v. U.S. Bank Trust

National Association,* Case No. 5:07-CV-04052-JF (PVT) in the United States District Court for

the Northern District of California (the "Action").  I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of the Action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date:_____

City and State where sworn and signed: _____

Signature: _____

11.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson, awilkinson@faegre.com; Eva K. Schueller, eschueller@mofo.com; Michael B. Fisco, mfisco@faegre.com; Edward T. Wahl, ewahl@faegre.com and Paul T. Friedman, pfriedman@mofo.com.


**WORKMAN NYDEGGER**


/s/ L. Rex Sears
    L. REX SEARS
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah, 84111

12.