# Exhibit B

AMERICAN BAR FOUNDATION

Corporate Debt Financing Project

# Commentaries

ON

MODEL DEBENTURE INDENTURE PROVISIONS
1965

MODEL DEBENTURE INDENTURE PROVISIONS
ALL REGISTERED ISSUES
1967

AND

CERTAIN NEGOTIABLE PROVISIONS
which may be included in a particular
INCORPORATING INDENTURE

Published
by
THE AMERICAN BAR FOUNDATION
1155 East 60th Street
Chicago, Illinois 60637

This volume may be cited "American Bar Foundation, COMMENTARIES ON INDENTURES"

Copyright © 1971 by The American Bar Foundation
Library of Congress Catalog Card Number 79-127110

*The American Bar Foundation reserves no copyright with respect to the Sample Incorporating Indentures, the Model Debenture Indenture Provisions, or the samples of covenants, clauses, definitions and other negotiable provisions appearing in the Commentaries contained in this volume. The Foundation consents to their use in the preparation of indentures.*

ii

## ARTICLE SEVEN

### DEBENTUREHOLDERS' LISTS AND REPORTS BY TRUSTEE AND COMPANY

### CONTENTS

| | | Page |
|---|---|---|
| § 7-1. | Company to Furnish Trustee Names and Addresses of Debentureholders ............................................ | 279 |
| § 7-2. | Preservation of Information; Communications to Debentureholders ................................................ | 281 |
| § 7-3. | Reports by Trustee ..................................... | 285 |
| § 7-4. | Reports by Company .................................... | 288 |

Article 700 of the Model Provisions is herein incorporated as Article Seven hereof, Sections 701 through 704 of the Model Provisions being §§ 7-1 through 7-4 hereof respectively.

The "reporting date" referred to in § 7-3 shall be ............

[*The "reporting date" should be not later than 1 year after the earliest issue date of any of the Debentures.*]

[*If the Indenture is to be qualified under the Trust Indenture Act, there should be added at this point an additional paragraph reading substantially as follows:*

"*It is intended that this Indenture shall be qualified under the Trust Indenture Act and, accordingly, it is hereby declared that Article Seven shall become operative forthwith.*"]

The objective of Article 700 of the Model Provisions is the facilitation of concerted action by the debentureholders. It contains elaborate provisions for maintaining the names and addresses of debentureholders, for making periodic reports to them by the Trustee and by the Company and for allowing debentureholders to communicate among themselves. This Article is based upon the requirements of § 312 (bondholders' lists), § 313 (reports by indenture trustee) and § 314 (reports by obligor) of the Trust Indenture Act. Most of the language of the Article is copied from these sections of the TIA.

For one reason or another, debentureholders generally have shown little interest in availing themselves of their rights under provisions similar to those set forth in Article 700.[1] In large measure, other

---

[1] *See* KENNEDY, CORPORATE TRUST ADMINISTRATION 219 (1961).

means of obtaining information have proved to be as effective as those provided for in the indenture. Because the interested debentureholder can usually obtain information through normal channels of investor communication, e.g., brokerage firms, financial periodicals and advisory services, the reporting provisions of Article 700 have had very little practical impact.

*This Article shall not be operative as a part of this Indenture until this Indenture is qualified under TIA, and until such qualification this Indenture shall be construed as if this Article were not contained herein.*

By the foregoing "trigger clause", Article 700 is rendered inapplicable to indentures not qualified under the TIA, which includes direct placements.[2] Direct placements are almost always held in fully registered form; very little trading takes place; and the debentureholders are known to each other, thus obviating the need for Sections 701 and 702. Sections 608 and 613 of the Model Provisions are not applicable in direct placements, thus rendering irrelevant the reports required of the Trustee by Section 703 to show compliance with Sections 608 and 613. Lastly, the requirements for financial reports by the Company under Section 704 are usually supplanted by more explicit provisions contained in the purchase agreements between the Company and the institutional investors.

### § 7-1 [Section 701]. Company to Furnish Trustee Names and Addresses of Debentureholders.

**The Company will furnish or cause to be furnished to the Trustee semi-annually, not less than 45 days nor more than 60 days after each semi-annual interest payment date, and at such other times as the Trustee may request in writing, within 30 days after receipt by the Company of any such request, a list in such form as the Trustee may reasonably require containing all the information in the possession or control of the Company, or any of its Paying Agents other than the Trustee, as to the names and addresses of the Holders of Debentures, obtained since the date as of which the next previous list, if any, was furnished. Any such list may be dated as of a date not more than 15 days prior to the time such information is furnished or caused to be furnished and need not include information received after such date.**

Most indentures provide specific dates for the furnishing of lists of debentureholders under Section 701 which are based upon the date

---

[2] The nature and effect of this provision are explored in connection with its use in § 6-8 (Disqualification, etc.).

of the particular indenture and reflect the requirement of TIA § 312(a) that such lists be furnished by the Company to the Trustee "at stated intervals of not more than six months". In order to avoid blank spaces in the Model Provisions, for which the particular dates would have to be furnished in the incorporating indenture, these dates are tied to the semi-annual interest payment dates, which are specified in Article Two and § 3-1. As a practical matter, the names and addresses of unregistered debentureholders ordinarily can be obtained, if at all, only in connection with interest payments, and the dates typically specified in debenture indentures for the furnishing of such information are related to such interest payment dates. It is common to allow a sufficient period of time after the interest payment date for the Company to compile and transmit the list of debentureholders, such as the 45 to 60 days allowed in Section 701, and it is also common to provide that the date of the list may be as much as 15 days prior to the time it is furnished.

A sampling of qualified indentures indicates that the date for the first report is typically more than six months from the effective date of the indenture. This may be considered to be in compliance with TIA § 312(a) because the statute only requires the six-month intervals and fails to state when the reports must commence. Furthermore, it appears that the draftsmen of the TIA contemplated that such information would be obtainable only after an interest payment date. When the TIA was drafted the Internal Revenue Code contained provisions which required all debentureholders to file ownership certificates when they presented their coupons for collection of interest.[3] From such certificates the Trustee or paying agents could readily compile the list of debentureholders.

Because filing such certificates is no longer required, the information as to the names and addresses of the debentureholders required by Section 701 is often not readily obtainable by the Company through ordinary procedures. The typical procedure for collecting interest coupons does not furnish to the paying agents the names

---

[3] See H. R. Rep. No. 1016, 76th Cong., 1st Sess. 50 (1939); KENNEDY, supra note 1, at 218.

of debentureholders.[4]  Furnishing incomplete lists does not violate Section 701, since it only requires the filing of all information in the possession or control of the Company.

Of course, the names of the registered holders are readily available from the debenture register maintained by the Trustee.[5]

### 1967 All Registered Version of Section 701 of the Model Provisions

The following 1967 version is simplified and is appropriate for any all registered issue of Debentures:

**§ 7-1 [Section 701]. Company to Furnish Trustee Names and Addresses of Debentureholders.**

**The Company will furnish or cause to be furnished to the Trustee**

**(a) semi-annually, not more than 15 days after each Regular Record Date, a list, in such form as the Trustee may reasonably require, of the names and addresses of the Holders of Debentures as of such Regular Record Date, and**

**(b) at such other times as the Trustee may request in writing, within 30 days after the receipt by the Company of any such request, a list of similar form and content as of a date not more than 15 days prior to the time such list is furnished,**

**excluding from any such list names and addresses received by the Trustee in its capacity as Debenture Registrar.**

When the Trustee is also the debenture registrar, there is very little additional information which the Company can furnish to the Trustee concerning the names and addresses of debentureholders. Hence this simplification of Section 701.

**§ 7-2 [Section 702]. Preservation of Information; Communications to Debentureholders.**

**[Subsection (a)]**

**(a) The Trustee shall preserve, in as current a form as is reasonably practicable, all information as to the names and addresses of Holders of Debentures (i) contained in the most recent list furnished to it as provided in *Section 701*, (ii) received by it in the capacity of Paying Agent (if so acting) hereunder, and (iii) filed with it within the 2 preceding years pursuant to *Section 703(c)(2)*.**

---

[4] For an explanation and analysis of the coupon collection procedure, see KENNEDY, *supra* note 1, at 143-50.  For a method of obtaining the names and addresses of unregistered holders under modern coupon collection techniques, see *id.* at 218.

[5] *See* § 3-5 (Registration, Transfer and Exchange).

§ 7-2, Preservation of Information, etc.

The Trustee may (i) destroy any list furnished to it as provided in *Section 701* upon receipt of a new list so furnished, (ii) destroy any information received by it as Paying Agent (if so acting) hereunder upon delivering to itself as Trustee, not earlier than 45 days after an interest payment date of the Debentures, a list containing the names and addresses of the Holders of Debentures obtained from such information since the delivery of the next previous list, if any, (iii) destroy any list delivered to itself as Trustee which was compiled from information received by it as Paying Agent (if so acting) hereunder upon the receipt of a new list so delivered, and (iv) destroy not earlier than 2 years after filing, any information filed with it pursuant to *Section 703(c)(2)*.

Subsection (a) merely sets forth the period of time during which particular lists of debentureholders must be preserved. Reference is made to names and addresses of debentureholders received by the Trustee from the Company pursuant to Section 701, received by the Trustee as paying agent, or filed with the Trustee by debentureholders for the purpose of receiving periodic reports pursuant to Section 703(c)(2).

### 1967 All Registered Version of Section 702(a) of the Model Provisions

The following simplification of Section 702(a) follows the foregoing simplification of Section 701 in the use of all registered issues of debentures:

(a) The Trustee shall preserve, in as current a form as is reasonably practicable, the names and addresses of Holders of Debentures contained in the most recent list furnished to the Trustee as provided in Section 701 and the names and addresses of Holders of Debentures received by the Trustee in its capacity as Debenture Registrar. The Trustee may destroy any list furnished to it as provided in Section 701 upon receipt of a new list so furnished.

[Subsections (b) and (c)]

(b) If 3 or more Holdings of Debentures (hereinafter referred to as "*applicants*") apply in writing to the Trustee, and furnish to the Trustee reasonable proof that each such applicant has owned a Debenture for a period of at least 6 months preceding the date of such application, and such application states that the applicants desire to communicate with other Holders of Debentures with respect to their rights under this Indenture or under the Debentures and is accompanied by a copy of the form of proxy or other communication which such applicants propose to transmit, then the Trustee shall, within 5 business days after the receipt of such application, at its election, either

282

§ 7-2, Preservation of Information, etc.

(i) afford such applicants access to the information preserved at the time by the Trustee in accordance with *Section 702(a)*, or

(ii) inform such applicants as to the approximate number of Holders of Debentures whose names and addresses appear in the information preserved at the time by the Trustee in accordance with *Section 702(a)*, and as to the approximate cost of mailing to such Debentureholders the form of proxy or other communication, if any, specified in such application.

If the Trustee shall elect not to afford such applicants access to such information, the Trustee shall, upon the written request of such applicants, mail to each Debentureholder whose name and address appear in the information preserved at the time by the Trustee in accordance with *Section 702(a)*, a copy of the form of proxy or other communication which is specified in such request, with reasonable promptness after a tender to the Trustee of the material to be mailed and of payment, or provision for the payment of the reasonable expenses of mailing, unless within 5 days after such tender, the Trustee shall mail to such applicants and file with the Commission together with a copy of the material to be mailed, a written statement to the effect that, in the opinion of the Trustee, such mailing would be contrary to the best interests of the Holders of Debentures or would be in violation of applicable law. Such written statement shall specify the basis of such opinion. If the Commission, after opportunity for a hearing upon the objections specified in the written statement so filed, shall enter an order refusing to sustain any of such objections or if, after the entry of an order sustaining one or more of such objections, the Commission shall find, after notice and opportunity for hearing, that all the objections so sustained have been met and shall enter an order so declaring, the Trustee shall mail copies of such material to all such Debentureholders with reasonable promptness after the entry of such order and the renewal of such tender; otherwise the Trustee shall be relieved of any obligation or duty to such applicants respecting their application.

(c) Each and every Holder of the Debentures and coupons, by receiving and holding the same, agrees with the Company and the Trustee that neither the Company nor the Trustee nor any Paying Agent shall be held accountable by reason of the disclosure of any such information as to the names and addresses of the Holders of Debentures in accordance with *Section 702(b)*, regardless of the source from which such information was derived, and that the Trustee shall not be held accountable by reason of mailing any material pursuant to a request made under *Section 702(b)*.

These subsections set forth a procedure by which three or more debentureholders may communicate with other debentureholders for the purpose of collectively enforcing their rights under the debentures

283

§ 7-2, Preservation of Information, etc.

or the indenture.  Examples of such rights under the Model Provisions are the declaration of an acceleration under Section 502, a direction to the Trustee to enforce remedies under Section 512 and the removal of the Trustee under Section 610.  The Trustee must either afford to qualified applicants access to the debentureholders' lists that it preserves under Section 702(a); or, upon payment or provision for payment of the reasonable expenses for mailing, the Trustee must undertake to mail to the debentureholders on such lists a copy of the form of proxy or other communication that the applicants desire to transmit.  If the Trustee feels that the mailing would be contrary to the best interests of the debentureholders or would be in violation of law, it may seek to obtain an order from the Securities and Exchange Commission relieving it of any duty to make the mailing.  Subsection (c) absolves the Trustee of any liability in disclosing information or mailing material to debentureholders.

As stated in the discussion of Section 701, the list of coupon debentureholders not registered as to principal is likely to be incomplete because modern procedures for the collection of coupons do not furnish to the paying agents the names and addresses of the debentureholders. Procedures do exist, however, by which the Company or the Trustee may, in connection with the collection of coupons, obtain the names and addresses of debentureholders with whom they desire to communicate.  This can be accomplished by having the paying agents deliver to the collecting banks certain certificates to be completed by the last bank in the chain of collection which knows the name and address of the owner of the debenture from which the coupon was detached.[6]

Perhaps the most crucial period for maintaining communication among debentureholders occurs when the interest is in default.  At such times, obtaining the names of debentureholders becomes most difficult.  Interest payments having been suspended, it is no longer possible to obtain such information in connection with the collection of coupons.  Furthermore, there is likely to develop much speculative trading activity in the debentures, thus making inaccurate the last list of unregistered debentureholders.

---

[6] See KENNEDY, supra note 1, at 218.

284

§ 7-3 [Section 703].  Reports by Trustee.

(a) The term *"reporting date"*, as used in this Section, means the date specified in *Article Seven*.  Within 60 days after the reporting date in each year, the Trustee shall transmit to the Debentureholders, as provided in *Subsection (c)* of this Section, a brief report dated as of such reporting date with respect to:

(1) its eligibility under *Section 609* and its qualifications under *Section 608*, or in lieu thereof, if to the best of its knowledge it has continued to be eligible and qualified under said Sections, a written statement to such effect;

(2) the character and amount of any advances (and if the Trustee elects so to state, the circumstances surrounding the making thereof) made by the Trustee (as such) which remain unpaid on the date of such report, and for the reimbursement of which it claims or may claim a lien or charge, prior to that of the Debentures, on any property or funds held or collected by it as Trustee, except that the Trustee shall not be required (but may elect) to report such advances if such advances so remaining unpaid aggregate not more than ½ of 1% of the principal amount of the Debentures Outstanding on the date of such report;

(3) the amount, interest rate and maturity date of all other indebtedness owing by the Company (or by any other obligor on the Debentures) to the Trustee in its individual capacity, on the date of such report, with a brief description of any property held as collateral security therefor, except an indebtedness based upon a creditor relationship arising in any manner described in *Section 613(b)(2), (3), (4)* or *(6)*;

(4) the property and funds, if any, physically in the possession of the Trustee as such on the date of such report;

(5) any additional issue of Debentures which the Trustee has not previously reported; and

(6) any action taken by the Trustee in the performance of its duties hereunder which it has not previously reported and which in its opinion materially affects the Debentures, except action in respect of a default, notice of which has been or is to be withheld by the Trustee in accordance with *Section 602*.

TIA § 313(a) requires the Trustee to transmit the reports specified therein to the debentureholders "at stated intervals of not more than 12 months".  The fixing of the precise date is generally left to the Trustee to be determined in the light of its reporting dates under other indentures, so that it may schedule its reporting requirements evenly throughout the year.  Therefore, the date is not stated in

§ 7-3, Reports by Trustee

Section 703 but would be inserted in the incorporating indenture. For example, Article Seven of the Sample Incorporating Indenture incorporates all the provisions of Article 700 of the Model Provisions and then states as follows:

"The 'reporting date' referred to in § 7-3 shall be . . . . . . . . . . . . . . . . . ."

It would be possible to define the reporting date by means of a formula keyed to the date of the indenture, so that no special provision would have to be made in Article Seven. Such a formula might read as follows, in lieu of the first sentence of subsection (a):

The term "reporting date", as used in this Section, means the first day of the tenth calendar month following the date of this instrument.

The use of such a formula, however, would prevent the Trustee from selecting a more convenient date.

As in the case of Section 701, the literal requirements of the statute are somewhat varied by the practical necessity of allowing sufficient time to prepare and distribute the reports. Thus, the Trustee has two months from the reporting date to transmit its reports so that the exact interval between dates of transmittal from year to year may be up to two months more or less than 12 months.

The reports to be transmitted deal with the eligibility of the Trustee under Section 609, its qualification through absence of conflicting interests under Section 608, the nature of any creditor relationship to the Company that is not excluded from the operation of Section 613, and any advances by the Trustee in excess of ½ of 1% of the principal amount of debentures outstanding for which it may claim a lien or charge prior to the debentures on any funds held by it. In addition, the Trustee is required to report any funds in its possession as Trustee under the indenture, any additional issue of debentures of the Company under which it is the Trustee, and any action taken by it which materially affects the debentures, other than action in respect of a default, notice of which has been withheld as being in the best interest of the debentureholders under Section 602.

286

§ 7-3, Reports by Trustee

[Subsections (b), (c) and (d)]

(b) The Trustee shall transmit to the Debentureholders, as provided in *Subsection (c)* of this Section, a brief report with respect to the character and amount of any advances (and if the Trustee elects so to state, the circumstances surrounding the making thereof) made by the Trustee (as such) since the date of the last report transmitted pursuant to *Subsection (a)* of this Section (or if no such report has yet been so transmitted, since the date of the execution of this instrument) for the reimbursement of which it claims or may claim a lien or charge, prior to that of the Debentures, on property or funds held or collected by it as Trustee, and which it has not previously reported pursuant to this Subsection, except that the Trustee shall not be required (but may elect) to report such advances if such advances remaining unpaid at any time aggregate 10% or less of the principal amount of the Debentures Outstanding at such time, such report to be transmitted within 90 days after such time.

(c) Reports pursuant to this Section shall be transmitted by mail:

(1) to all Registered Holders of Debentures, as the names and addresses of such Holders appear in the Debenture Register;

(2) to such Holders of Debentures as have, within the 2 years preceding such transmission, filed their names and addresses with the Trustee for that purpose; and

(3) except in the case of reports pursuant to *Subsection (b)* of this Section, to each Debentureholder whose name and address is preserved at the time by the Trustee, as provided in *Section 702(a)*.

(d) A copy of each such report shall, at the time of such transmission to Debentureholders, be filed by the Trustee with each stock exchange upon which the Debentures are listed and also with the Commission. The Company will notify the Trustee when the Debentures are listed on any stock exchange.

Subsection (a) requires an annual report as to advances by the Trustee in excess of ½ of 1% of the principal amount of debentures outstanding as to which the Trustee may claim a lien. Whenever such advances exceed 10% of such principal amount, under Subsection (b) a separate report must be transmitted within 90 days.

Subsection (c) enumerates the three sources of the names and addresses of debentureholders to whom reports must be sent by the Trustee pursuant to Section 703, and by the Company pursuant to Section 704. These are the debenture register of registered holders, names voluntarily filed by unregistered holders, and the lists referred to in Section 702(a) which ordinarily would be based upon informa-

§ 7-4, Reports by Company

tion received in the process of collecting coupons. In practice, very few unregistered holders file their names with the Trustee under this provision.[7]

Subsection (d) requires that a copy of each such report be filed with any stock exchange upon which debentures are listed and with the Securities and Exchange Commission.

The 1967 version of Section 703 is somewhat simpler than the Section 703 appearing in the 1965 version and is appropriate for an all registered issue of debentures:

§ 7-4 [Section 704]. Reports by Company.

The Company will

(1) file with the Trustee, within 15 days after the Company is required to file the same with the Commission, copies of the annual reports and of the information, documents and other reports (or copies of such portions of any of the foregoing as the Commission may from time to time by rules and regulations prescribe) which the Company may be required to file with the Commission pursuant to Section 13 or Section 15(d) of the Securities Exchange Act of 1934; or, if the Company is not required to file information, documents or reports pursuant to either of said Sections, then it will file with the Trustee and the Commission, in accordance with rules and regulations prescribed from time to time by the Commission, such of the supplementary and periodic information, documents and reports which may be required pursuant to Section 13 of the Securities Exchange Act of 1934 in respect of a security listed and registered on a National Securities Exchange as may be prescribed from time to time in such rules and regulations;

(2) file with the Trustee and the Commission, in accordance with rules and regulations prescribed from time to time by the Commission, such additional information, documents and reports with respect to compliance by the Company with the conditions and covenants of this Indenture as may be required from time to time by such rules and regulations; and

(3) transmit to the Holders of Debentures, within 30 days after the filing thereof with the Trustee, in the manner and to the extent provided in *Section 703(c)* with respect to reports pursuant to *Section 703(a)*, such summaries of any information, documents and reports required to be filed by the Company pursuant to *paragraphs (1)* and *(2)* of this Section as may be required by rules and regulations prescribed from time to time by the Commission.

Under paragraph (1) of Section 704 the Company must file with the Trustee annual and other reports that it is required to file with the

---

[7] *See* KENNEDY, *supra* note 1, at 219.

Securities and Exchange Commission under Sections 13 and 15(d) of the Securities Exchange Act of 1934. If the Company is not required to file reports under either of such Sections of the Securities Exchange Act, then it must file with the Trustee and the Commission reports of the nature referred to in Section 13 of that Act in accordance with rules and regulations prescribed by the Commission.

Under paragraph (2) of Section 704 the Company is required to file with the Trustee and the Commission such additional reports with respect to compliance with the covenants of the indenture as may be required by rules and regulations of the Commission.

Paragraph (3) of Section 704 requires that summaries of the reports filed with the Trustee under paragraphs (1) and (2) be transmitted to the debentureholders, as prescribed from time to time by rules and regulations of the Commission. None of the rules and regulations referred to in paragraphs (1), (2) and (3) has as yet been promulgated by the Securities and Exchange Commission.

If Article 700 of the Model Provisions is not operative by reason of the trigger clause, the parties will probably negotiate a covenant dealing with the furnishing of information with respect to the Company's affairs. See Sample Covenant 1 of § 10-8 (Financial and Other Information).

The 1967 version of Section 704 is similar in substance but naturally the references in paragraph (3) are to the 1967 version of Section 703.