# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BEAZER HOMES USA, INC., : | |
| : | |
| Plaintiff, : | Civil Action File |
| v. : | No. 1:07-CV-2006-JEC |
| : | |
| U.S. BANK NATIONAL ASSOCIATION : | |
| and U.S. BANK TRUST NATIONAL : | |
| ASSOCIATION, : | |
| : | |
| Defendants. : | |

**DEFENDANTS' SUR-REPLY TO
PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS
REQUEST FOR DECLARATORY JUDGMENT**

Donald A. Loft
Georgia Bar No. 455706
Frank W. DeBorde
Georgia Bar No. 215415
Ross A. Albert
Georgia Bar No. 007749
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA  30326
Phone:  (404) 233-7000
Fax:     (404) 365-9532

Ira H. Goldman
(admitted pro hac vice)
Julie A. Manning
(admitted pro hac vice)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, Connecticut  06103-1919
Phone:  (860) 251-5000

**ATTORNEYS FOR DEFENDANTS**

Defendants U.S. Bank National Association and U.S. Bank Trust National Association, as indenture trustee ("U.S. Bank") with respect to Plaintiff Beazer Homes USA, Inc.'s ("Beazer's") Senior Notes, each hereby submits this sur-reply memorandum in further support of their Response to Plaintiff's Request for Declaratory Judgment (the "Response") in order to (i) respond to Beazer's newly-raised argument regarding Section 314 of the Trust Indenture Act and (ii) address Beazer's continued, misplaced reliance on the *Landry's* case.

### I. Beazer Misconstrues the Legislative History of the TIA and Fails to Interpret TIA § 314(a)(1) in Accordance with TIA § 302

Beazer's Reply in Further Support of its Request for Declaratory Judgment (the "Reply") misconstrues the legislative history of the TIA. (Br. at 11-12). The Senate Report cited by Beazer in its Reply indicates that the original version of the TIA required obligors to file separate, and not necessarily identical, reports with the indenture trustee and the SEC. When finalizing the TIA, however, Congress concluded that, instead of creating a separate disclosure mechanism under the TIA, it could achieve the same goal by requiring obligors to provide copies to the indenture trustee of the disclosure they already are "required to file with the [SEC] pursuant to section 13 or section 15(d) of the Securities Exchange Act of 1934…." TIA § 314(a)(1). This is why the title of the relevant section of the House Report (also cited by Beazer is in its Reply for the incorrect proposition that the TIA

rejected incorporation of SEC filing deadlines) is "*Elimination of duplication of periodic reports by obligors.*" Nothing in this legislative history supports any inference that incorporation of the SEC filing deadlines in the TIA was considered and "rejected."

Moreover, recourse to the legislative history to determine intent is unnecessary where the statute at issue expressly states the Congressional purpose in enacting it. As explained at length in U.S. Bank's Response, Section 302(b) of the TIA expressly requires that the TIA be interpreted "to meet the problems and eliminate the practices enumerated in [TIA § 302(a)]," one of which was obligors' failure to furnish "adequate current information as to its financial condition" to indenture trustees and investors. See TIA § 302(a)(4). Rather than read TIA § 314(a)(1) to meet this problem, however, Beazer's Reply reads TIA § 314(a)(1) in a vacuum and simply ignores the express purpose of the TIA; indeed, Beazer ignores TIA § 302 altogether, failing to address it in any way in its Reply.

II.   **The *Landry's* Case, which Beazer Factually Mischaracterizes, Involved a Different Issue than the One Before this Court**

Beazer's Reply states that the "Trustee . . . attempts to sidestep the *Landry's* case, in which this same Trustee tried but failed to win a default based on the borrower's delayed SEC filing." (Reply at 5). This is a factually inaccurate

3

characterization of *Landry's*, a case that is, in any event, completely irrelevant to the legal question before this Court.

First, the central issue in *Landry's* was whether a notice of default was defective because it was sent during the period in which the company could have had its late-filed Form 10-K deemed timely by the SEC under Rule 12b-25. (See U.S. Bank National Association's Opposition to Preliminary Injunction, at 1-2, attached at Tab 4 to Plaintiff's Brief). Thus, the legal question in *Landry's* is wholly unrelated to the legal question that has been put before this Court.

Second, Beazer continues to mischaracterize the facts of *Landry's* in its Reply. In *Landry's*, unlike in the present case, the company brought its lawsuit after the reporting covenant default had ripened into an Event of Default under the terms of the indenture, and U.S. Bank, acting upon the direction of a majority of note holders, had exercised its right of acceleration. (*Id*. 6-12). Landry's initiated the litigation by going to the district court — ***without giving notice or an opportunity to object to U.S. Bank*** — and asking for a temporary restraining order. Thus, while it is true that the *Landry's* court issued a temporary restraining order requiring U.S. Bank to temporarily withdraw its Notice of Acceleration, it did so ***on an ex parte basis***. Moreover, and perhaps more significantly, the temporary restraining order was never converted into a preliminary injunction; the case settled

4

during the preliminary injunction hearing on terms that were exceedingly favorable to the noteholders, in effect, converting 7.5% notes due in 2014 into 9.5% notes due (at the option of a holder) in early 2009.[1]

## CONCLUSION

For the reasons set forth herein, and the reasons set forth in U.S. Bank's Response, U.S. Bank respectfully requests that this Court deny Beazer's request for declaratory judgment relief and instead enter a declaratory judgment that Beazer's failure to timely file and deliver its Form 10-Q for the period ended June 30, 2007 constituted a Default under each of the Indentures.

[Signature page follows.]

---

[1] As described in an 8-K filed by Landry's Restaurants, Inc. on August 30, 2007, the terms of the settlement require Landry's to (i) pay a $3 million consent fee to noteholders, (ii) pay the reasonable attorney's fees and costs of U.S. Bank and the noteholder defendants, and (iii) exchange its existing 7.5% Senior Notes for new 9.5% Senior Notes that can be put to the company within 18 months at 101% of par.

Dated: October __, 2007

        Respectfully submitted,

        MORRIS, MANNING & MARTIN, LLP

        By: _____
             Donald A. Loft
             Georgia Bar No. 455706
             Frank W. DeBorde
             Georgia Bar No. 215415
             Ross A. Albert
             Georgia Bar No. 007749
             1600 Atlanta Financial Center
             3343 Peachtree Road, N.E.
             Atlanta, GA  30326
             Phone:  (404) 233-7000
             Fax:    (404) 365-9532
             dloft@mmmlaw.com
             fdeborde@mmmlaw.com
             ralbert@mmmlaw.com

        - and -

        Ira H. Goldman
        (admitted pro hac vice)
        Julie A. Manning
        (admitted pro hac vice)
        Shipman & Goodwin LLP
        One Constitution Plaza
        Hartford, Connecticut  06103-1919
        (860) 251-5000

        ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned counsel certifies that the foregoing brief has been prepared in Times New Roman 14, one of the four fonts and points approved by the Court in LR 5.1C.

This _____ day of October, 2007.

                                      MORRIS, MANNING & MARTIN, LLP

                                      _____
                                      Donald A. Loft
                                      Georgia Bar No. 455706

# CERTIFICATE OF SERVICE

I certify that on October 16, 2007 I electronically filed the foregoing "Defendants' Sur-Reply to Plaintiff's Reply in Further Support of Its Request for Declaratory Judgment" using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

> Emmet J. Bondurant, II, Esq.
> Ronan P. Doherty, Esq.
> Jason James Carter, Esq.

I further certify that a copy of said document was served on the following attorneys of record via First Class U.S. Mail, addressed as follows:

> David G. Januszewski, Esq.
> Michael Justin Lubeley, Esq.
> Jason A. Otto, Esq.
> David R. Owen, Esq.
> Adam Zurofsky, Esq.
> Cahill Gordon & Reindel, LLP
> 80 Pine Street
> New York, NY 10005

This _____ day of October, 2007.

MORRIS, MANNING & MARTIN, LLP

_____
Donald A. Loft, Georgia Bar No. 455706

1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326
404-233-7000 (phone); 404-365-9532 (fax)

1787077 v02