Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
BERGESON, LLP
303 Almaden Boulevard
Suite 500
San Jose, California 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff FINISAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity but solely in its capacity as indenture trustee in behalf of all holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010; and DOES 1 through 10, inclusive,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:07-CV-04052-JF (PVT)<br><br>**DECLARATION OF L. REX SEARS IN SUPPORT OF PLAINTIFF FINISAR CORPORATION'S OPPOSITION TO U.S. BANK TRUST NATIONAL ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT**<br><br><br>District Judge:        Hon. Jeremy Fogel<br>Magistrate Judge:  Hon. Patricia V. Trumbull<br><br>Initial Complaint Filed:   June 22, 2007<br>Trial Date:                      Not Yet Set |

I, L. Rex Sears, declare and state:

1. I am a shareholder of the law firm Workman Nydegger and one of the attorneys of record representing plaintiff Finisar Corporation ("Finisar") in the above-captioned action (the "Action"). I make this declaration based upon my own personal knowledge and records maintained by Workman Nydegger, to which I have access in the course of fulfilling my duties for Workman Nydegger and its clients (including Finisar), in the ordinary course of business.

2. Attached as Exhibit "A" hereto is a true and correct copy of Plaintiff Finisar Corporation's First Set of Requests for Production of Documents to Defendant U.S. Bank Trust National Association, propounded by Finisar to defendant U.S. Bank Trust National Association ("U.S. Bank") in the Action on February 5, 2007.

3. Attached as Exhibit "B" hereto is a true and correct copy of Defendant U.S. Bank Trust National Association's Response to Plaintiff Finisar Corporation's First Set of Requests for Production of Documents.

4. Attached as Exhibit "C", "D", and "E" hereto are true and correct copies of correspondence between attorneys representing Finisar and attorneys representing U.S. Bank in the Action.

5. Attached as Exhibit "F" hereto are true and correct copies of documents produced by U.S. Bank to Finisar in the Action on June 9, 2008, bearing production control nos. USB FIN 005740 and USB FIN 005779.

6. Attached as Exhibit "G" hereto are true and correct copies of documents produced by U.S. Bank to Finisar in the Action on June 9, 2008, bearing production control nos. USB FIN 005946 and USB FIN 005987.

7. Attached as Exhibit "H" hereto are true and correct copies of documents produced by U.S. Bank to Finisar in the Action on June 9, 2008, bearing production control nos. USB FIN 006326, USB FIN 006361, and USB FIN 006362.

8. Attached as Exhibit "I" hereto are true and correct copies of documents produced by U.S. Bank to Finisar in the Action on June 9, 2008, bearing production control nos. USB FIN 006730, USB FIN 006784, and USB FIN 006785.

1.

9. Attached as Exhibit "J" hereto are true and correct copies of documents produced by U.S. Bank to Finisar in the Action on June 9, 2008, bearing production control nos. USB FIN 006417 and USB FIN 006509.

10. Attached as Exhibit "K" hereto are true and correct copies of documents produced by U.S. Bank to Finisar in the Action on June 9, 2008, bearing production control nos. USB FIN 006827, USB FIN 006896, and USB FIN 006897.

11. Plaintiff Finisar Corporation's Motion for Summary Judgment was filed in the Action on June 6, 2008. Because the documents reproduced as Exhibits "F" through "K" hereto were not produced until June 9, 2008, Finisar was unable to have U.S. Bank's designee authenticate them at her March 26, 2008 deposition, Finisar did not have sufficient time to propound and receive a response to a request for admission authenticating those documents before filing its opposition to U.S. Bank Trust National Association's Motion for Summary Judgment ("U.S. Bank's Motion"), and Finisar did not have a reasonable opportunity to have the documents authenticated by other means before filing its opposition to U.S. Bank's Motion. Finisar expects that additional discovery would show the documents to be authentic business records of U.S Bank.

12. During the March 26, 2008 deposition of Diana L. Jacobs, both individually and in her capacity as the designee of U.S. Bank pursuant to Federal Rule of Civil Procedure 30(b)(6), Finisar attempted to elicit testimony disclosing whatever information U.S. Bank might have regarding injury suffered by the holders of any notes issued under the trust indentures at issue in this action as a result of the acts complained of by U.S. Bank. U.S. Bank's counsel asserted that the questions called for privileged information, and instructed Ms. Jacobs not to answer in a manner that might disclose the substance of communications between U.S. Bank and the aforementioned holders. Finisar has challenged U.S. Bank's assertion of privilege in a motion to compel that was heard and taken under submission by Magistrate Judge Trumbull on June 17, 2008. Finisar expects that the testimony it seeks would undermine any claim that the aforementioned holders have sustained any injury by reason of the Finisar actions or omissions complained of by U.S. Bank.

2.

13.     During the aforementioned deposition of Ms. Jacobs, Finisar also attempted to elicit testimony regarding any requests or directions given by the aforementioned holders to U.S. Bank regarding the continued prosecution of this Action. Those efforts were frustrated by U.S. Bank's invocation of privilege, which has been challenged in the aforementioned motion to compel. Finisar expects that the testimony it seeks would undermine any claim by U.S. Bank that attorney's fees it has incurred in connection with this Action were reasonably incurred.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 20th day of June, at Salt Lake City, Utah.

　　　　　　　　　　　　　　　　　　/s/ L. Rex Sears
　　　　　　　　　　　　　　　　　　L. Rex Sears

3.

SEARS DECLARATION IN OPPOSITION
TO US BANK'S MOTION FOR SUMMARY JUDGMENT                    CASE NO.: 5:07-CV-04052-JF-PVT

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2008June 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson, awilkinson@faegre.com; Eva K. Schueller, eschueller@mofo.com; Michael B. Fisco, mfisco@faegre.com; and Paul T. Friedman, pfriedman@mofo.com.

**WORKMAN NYDEGGER**

/s/ L. Rex Sears
STERLING A. BRENNAN
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah, 84111

4.