# EXHIBIT A

Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
BERGESON, LLP
303 Almaden Boulevard
Suite 500
San Jose, California 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Plaintiff FINISAR CORPORATION

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity, but solely in its capacity as Indenture Trustee in behalf of all Holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010; and DOES 1 through 10, inclusive,<br><br>Defendants | Case No. 5:07-CV-04052-JF (PVT)<br><br>**PLAINTIFF FINISAR CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT U.S. BANK TRUST NATIONAL ASSOCIATION**<br><br><br>Complaint Filed: June 22, 2007<br>Trial Date Set: None Yet |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Finisar Corporation, by and through its attorneys of record in the above-captioned action (the "ACTION"), hereby requests that, at *10:00 a.m. on Tuesday, March 11, 2008*, at the offices of Finisar Corporation's attorneys, Workman | Nydegger, located at 1000 Eagle Gate Tower, 60 E. South Temple, Salt Lake City, Utah 84111, or at such other time or place as may be expressly agreed to as between the respective attorneys of record for Finisar Corporation and defendant U.S. Bank Trust National Association, defendant U.S. Bank Trust National Association produce for inspection and photocopying the *originals,* or, if the originals are not available, legible copies, of each and all of the documents (as that term is more specifically defined below) requested herein that are in the possession, custody, or control of defendant U.S. Bank Trust National Association or any of its officers, directors, agents or representatives (including, but not limited to, its attorneys, accountants, or other advisors), or parent, affiliated, or related entities (e.g., U.S. Bank National Association, U.S. Bank, and U.S. Bancorp).

In addition, within the time and in the manner specified by Rule 34(b)(2) of the Federal Rules of Civil Procedure, defendant U.S. Bank Trust National Association also is required to serve a written response on Finisar Corporation's attorneys of record to this "First Set Of Requests For Production Of Documents" (the "REQUESTS"). The response shall state that, with respect to each item or category of the REQUESTS, inspection and related activities will be permitted as requested, unless an objection is made to an item or category, in which case the reasons for the objection must be stated. If an objection is made to a part of a request, that part must be specified and inspection is to be permitted with respect to the remaining parts.

## I.   DEFINITIONS

For purposes of the REQUESTS, the specially defined terms set forth below shall have the following meanings (all other words, terms, or phrases used in the REQUESTS shall have their ordinary and customary meanings):

A.   "PERSON" includes, without limitation, any individual, association, partnership, corporation, limited liability company, entity, firm, agency, or organization.

B.  "U.S. BANK," "YOU," and "YOUR" each mean defendant U.S. Bank Trust National Association, its parent corporations, divisions, subsidiaries, affiliates, departments, or other related entities (e.g., U.S. Bancorp and U.S. Bank National Association), joint venturers, partners, predecessors or successors-in-interest, its present and former officers, directors, employees, agents or representatives (including its attorneys, accountants, and other legal or financial advisors), and any other PERSON acting on behalf of any of the foregoing with respect to the subject matters of the REQUESTS.

C.  "FINISAR" means plaintiff Finisar Corporation, its present and former officers, directors, agents, representatives and employees, and any other PERSON who YOU believe was acting on behalf of any of the foregoing with respect to the subject matters of the REQUESTS.

D.  "DOCUMENT(S)" shall have the meaning of (a) "documents," "tangible things," or "electronically stored information" in the broadest possible sense that those terms are used in and interpreted under Rules 26(b) and 34(a) of the Federal Rules of Civil Procedure, and (b) "writings," "recordings," and "photographs" in the broadest possible sense that those terms are used in and defined by Section 1001 of the Federal Rules of Evidence, and shall include without limitation documents, writings, drawings, graphs, charts, photographs, sound recordings, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by YOU into a reasonably usable form.

E.  "RELATE" or "RELATING TO" each mean referring to, concerning, discussing, analyzing, stating, describing, embodying, constituting, memorializing, mentioning, commenting on, reviewing, identifying, or serving as a basis for supporting or in any other way bearing upon or illuminating the subject matter of the individual REQUESTS.

F.  "COMMUNICATION(S)" means presenting, raising, imparting, transmitting, exchanging, transferring, or otherwise making known any information, whether orally, in writing, or by any other means.

G.  "COMPLAINT" means FINISAR's "Complaint For Declaratory Relief" dated June 21, 2007 and filed on June 22, 2007, by which the ACTION was commenced.

H. "ANSWER" means the "Answer To Complaint For Declaratory Relief" dated August 6, 2007, filed in YOUR behalf in response to the COMPLAINT.

I. "NOTES" means collectively the 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Subordinated Notes due 2010, and 2½% Convertible Senior Subordinated Notes due 2010 referenced by YOU in the ANSWER.

J. "HOLDER(S)" includes any and all PERSONS known or believed by YOU to have, or to have had, any legal, equitable, or other beneficial interest in any of the NOTES.

K. "INDENTURES" means collectively that certain Indenture dated as of October 15, 2001, that certain Indenture dated as of October 15, 2003, and that certain Indenture dated as of October 12, 2006 referenced by YOU in the ANSWER.

L. "DEFAULT" has the meaning assigned to the term "Default" by Section 1.01 of the INDENTURES.

M. "EVENT OF DEFAULT" has the meaning assigned to the term "Event of Default" by Section 6.01 of the INDENTURES.

N. "INTERROGATORIES" means "Plaintiff Finisar Corporation's First Set Of Interrogatories To Defendant U.S. Bank Trust National Association" in the ACTION, propounded concurrently with the REQUESTS.

O. "YOUR DISCLOSURES" means "Defendant's Initial Disclosures Under Fed. R. Civ. Pro. 26(a)(1)" in the ACTION, dated January 4, 2008.

P. "JOINT CASE MANAGEMENT STATEMENT" means the parties' "Joint Case Management Statement And [Proposed] Order Thereon" dated November 21, 2007, submitted to the Court in the ACTION.

Q. "Each" includes both "each" and "every."

R. "By" includes "by" and "on behalf of."

## II. INSTRUCTIONS

A. No individual document category or item specified in the REQUESTS is intended to, or shall, supersede, exclude, or restrict the scope of any other individual document category or item.

B. To the extent that any DOCUMENT is furnished by YOU in connection with any individual document category or item herein, it may be omitted by YOU in responding to any subsequent document category or item to which the DOCUMENT is also responsive.

C. If YOU claim privilege or attorney work product protection for any DOCUMENT sought by the REQUESTS, YOU are requested to identify each such DOCUMENT and, with respect thereto, state the specific basis for the claim of privilege or work product protection by providing the following information:

(1) the date, identity, and general subject matter of the DOCUMENT, and the specific grounds asserted in support of withholding the DOCUMENT from production;

(2) the identity of each PERSON (other than stenographic or clerical assistants) who participated in the preparation of the DOCUMENT;

(3) the identity of each PERSON to whom the contents of the DOCUMENT have been communicated, whether orally or by copy, distribution, reading, substantial summarization, or otherwise;

(4) a description of any DOCUMENT or other materials transmitted with or attached to the subject DOCUMENT;

(5) the number of pages comprising the DOCUMENT;

(6) the particular document categories or items to which the DOCUMENT is responsive; and

(7) whether any business or non-legal matter is contained or discussed in the DOCUMENT.

D. With respect to each DOCUMENT—which might otherwise be responsive to one or more of the individual document categories or items herein—that has been lost, discarded, destroyed, or removed from YOUR possession, custody, or control since its preparation or receipt, please (a) identify the DOCUMENT, (b) identify when the DOCUMENT was last in YOUR possession, custody, or control, (c) state the particular document categories or items herein to which each DOCUMENT would be responsive, (d) set forth in detail the circumstances of the loss, destruction, or transfer from YOUR possession of the DOCUMENT, including when

the DOCUMENT was last in YOUR possession, custody, or control, (e) why the DOCUMENT was transferred or destroyed, (f) who authorized or had knowledge of the transfer or destruction, and (g) identify all PERSONS having knowledge of the DOCUMENT.

E. The REQUESTS are intended to be a continuing discovery requests to the full extent permitted by the Federal Rules of Civil Procedure. Thus, to the extent that YOU acquire or become aware of additional DOCUMENTS responsive to one or more of the individual document categories or items herein after YOUR initial written response and production, YOU are to supplement YOUR written response and production of documents.

### III. DOCUMENTS TO BE PRODUCED

**Category No. 1:**

All DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS RELATING TO any of the INDENTURES.

**Category No. 2:**

All DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS RELATING TO any of the NOTES.

**Category No. 3:**

All DOCUMENTS RELATING TO any alleged DEFAULT.

**Category No. 4:**

All DOCUMENTS RELATING TO any alleged EVENT OF DEFAULT.

**Category No. 5:**

All DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS RELATING TO either any alleged DEFAULT or EVENT OF DEFAULT.

**Category No. 6:**

All DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS to or from any HOLDER or any other PERSON RELATING to any of the NOTES or INDENTURESS.

**Category No. 7:**

All DOCUMENTS comprising, evidencing, or referencing any reports made or provided by YOU to any HOLDER pursuant to Section 7.14 of the INDENTURES or otherwise.

**Category No. 8:**

All DOCUMENTS comprising, evidencing, or referencing any and all notices of any DEFAULT provided by YOU to HOLDERS pursuant to Section 7.15 of the INDENTURES.

**Category No. 9:**

All DOCUMENTS RELATING TO, or upon which YOU base, the First Affirmative Defense alleged in the ANSWER.

**Category No. 10:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Second Affirmative Defense alleged in the ANSWER.

**Category No. 11:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Third Affirmative Defense alleged in the ANSWER.

**Category No. 12:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Fourth Affirmative Defense alleged in the ANSWER.

**Category No. 13:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Fifth Affirmative Defense alleged in the ANSWER.

**Category No. 14:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Sixth Affirmative Defense alleged in the ANSWER.

**Category No. 15:**

All DOCUMENTS RELATING TO, or upon which YOU base, YOUR denial in the ANSWER of the contentions by FINISAR in the COMPLAINT.

**Category No. 16:**

All DOCUMENTS RELATING TO, or upon which YOU base, the request in the "Prayer For Relief" in the ANSWER for the "[award to] the Trustee [of] the costs and expenses in this action, including but not limited to reasonable attorneys' fees."

**Category No. 17:**

All DOCUMENTS comprising, evidencing, or referencing any agreement by FINISAR to pay to YOU any of YOUR costs, fees, or expenses RELATING TO YOUR duties as "Trustee" under the INDENTURES.

**Category No. 18:**

All DOCUMENTS RELATING TO the amount of YOUR costs, fees, or expenses that RELATE TO YOUR duties as "Trustee" under the INDENTURES.

**Category No. 19:**

All DOCUMENTS comprising any contract or other agreement (including specifically indentures or indenture agreements) pursuant to which YOU serve or have served as an indenture trustee and which contains any form of a clause, section, or other provision RELATING TO the provision to the indenture trustee of reports or other documents filed, or to be filed, with the Securities and Exchange Commission or other regulatory agency.

**Category No. 20:**

All DOCUMENTS RELATING TO, or upon which YOU base, the request in the "Prayer For Relief" in the ANSWER for the "[award to] the Trustee [of] the costs and expenses incurred in this action, including but not limited to reasonable attorneys' fees."

**Category No. 21:**

All DOCUMENTS identified in YOUR response to the INTERROGATORIES.

**Category No. 22:**

All DOCUMENTS identified in YOUR DISCLOSURES.

/ / /

/ / /

/ / /

FINISAR'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS                    7.                    CASE NO.: 5:07-CV-04052-JF-PVT

**Category No. 23:**

All DOCUMENTS identified or referenced in the JOINT CASE MANAGEMENT STATEMENT.

DATED: February 5, 2008

Sterling A. Brennan
L. Rex Sears
WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

Caroline McIntyre
BERGESON, LLP

By _____
Sterling A. Brennan
Attorneys for Plaintiff FINISAR CORPORATION

CERTIFICATE OF SERVICE BY MAIL
(Fed. R. Civ. P., Rule 5(b))

I hereby declare that I am over the age of 18 years, not a party to the above-captioned action, and employed in the County of Salt Lake, State of Utah, by Workman Nydegger, a Professional Corporation, 1000 Eagle Gate Tower, 60 East South Temple, Salt Lake City, Utah 84111. On the date listed below, I served a copy of PLAINTIFF FINISAR CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT U.S. BANK TRUST NATIONAL ASSOCIATION on the following attorneys for defendant U.S. Bank Trust National Association, as addressed below, via First Class Mail:

Michael B. Fisco, Esq.
Abby E. Wilkinson, Esq.
Theresa H Dykoschak, Esq.
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, MN 54402-3901

D. Anthony Rodriguez, Esq.
Eva K. Schueller, Esq.
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of February 2008, at Salt Lake City, Utah.

*Teresa Bradshaw* (signature)
Teresa Bradshaw