# EXHIBIT B

D. Anthony Rodriguez (CA State Bar No. 162587)
Eva K. Schueller (CA State Bar No. 237886)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: DRodriguez@mofo.com
Email: ESchueller@mofo.com

Michael B. Fisco (MN No. 175341)
Abby E. Wilkinson (MN No. 0313981)
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402-3901
Telephone: 612.766.7000
Facsimile: 612.766.1600
Email: mfisco@faegre.com
Email: awilkinson@faegre.com

Attorneys for Defendant U.S. Bank Trust National Association,
in its capacity as Indenture Trustee

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity, but solely in its capacity as Indenture Trustee on behalf of all Holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.   C 07-4052 JF (PVT)<br><br>**DEFENDANT U.S. BANK TRUST NATIONAL ASSOCIATION'S RESPONSE TO PLAINTIFF FINISAR CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Complaint Filed:   June 22, 2007<br>Trial Date Set:   None Yet<br>Judge: Honorable Jeremy Fogel |

Defendant U.S. Bank Trust National Association's Response to Plaintiff
Finisar Corporation's First Set of Requests for Production of Documents        CASE NO.: 5:07-CV-04052-JF-PVT

For its responses and objections to Plaintiff Finisar Corporation's First Set of Requests for Production of Documents to Defendant, U.S. Bank Trust National Association ("U.S. Bank") states as follows:

### PRELIMINARY STATEMENT, RESERVATION OF RIGHTS, AND CONTINUING GENERAL OBJECTIONS

1. Nothing contained in any response to any category or topic shall be construed as an admission by U.S. Bank relative to the existence or nonexistence of any information, and no such response shall be construed as an admission respecting the relevance or admissibility of any information or the truth or accuracy of any statement or characterization contained in any category and topic.

2. U.S. Bank objects to the categories and topics to the extent they are cumulative or duplicative of information already obtained or obtainable in discovery in this case.

3. U.S. Bank objects to every category and topic to the extent they seek the provision of information that is subject to the attorney-client privilege, work product privilege, or other privileges, on the grounds that privileged matter is exempt from discovery.

4. U.S. Bank objects to every category and topic to the extent that they seek information not known or reasonably available to U.S. Bank.

5. U.S. Bank objects generally to every category and topic to the extent that they refer to "any," or "all," when a limited amount of such information would in many cases be sufficient, on the grounds that such a requirement makes the category or topic cumulative and duplicative, overbroad, and unduly burdensome.

6. U.S. Bank has made and will make reasonable efforts to object and respond to each category and topic as U.S. Bank understands and interprets them. If Finisar subsequently

2

**Defendant U.S. Bank Trust National Association's Response to Plaintiff**
**Finisar Corporation's First Set of Requests for Production of Documents**        CASE NO.: 5:07-CV-04052-JF-PVT

asserts any interpretation of any category or topic that differs from U.S. Bank's interpretation, U.S. Bank reserves the right to supplement its objections and responses.

7. The general objections set forth above, and the objections to specific categories and topics set forth below, are made as to the matters that are clearly objectionable from the face of the category or topic. These objections are made without prejudice to, or waiver of, U.S. Bank's right to object on all appropriate grounds to specific information sought during the course of the deposition.

**SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT CATEGORIES**

**REQUEST NO. 1:**

ALL DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS RELATING TO any of the INDENTURES.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it is vague, overly broad and unduly burdensome. To the extent it seeks information protected from discovery by the attorney-client privilege and the work product doctrine, U.S. Bank objects to this request. U.S. Bank objects to this request to the extent it seeks information that is confidential or subject to the privacy rights of persons not a party to this litigation. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 2:**

ALL DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS RELATING TO any of the NOTES.

3

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it is vague, overly broad and unduly burdensome. To the extent it seeks information protected from discovery by the attorney-client privilege and the work product doctrine, U.S. Bank objects to this request. U.S. Bank objects to this request to the extent it seeks information that is confidential or subject to the privacy rights of persons not a party to this litigation. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 3:**

All DOCUMENTS RELATING TO any alleged DEFAULT.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. U.S. Bank objects to this request to the extent it seeks information that is confidential or subject to the privacy rights of persons not a party to this litigation. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 4:**

All DOCUMENTS RELATING TO any alleged EVENT OF DEFAULT.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. U.S. Bank objects to

4

**Defendant U.S. Bank Trust National Association's Response to Plaintiff**
**Finisar Corporation's First Set of Requests for Production of Documents**   CASE NO.: 5:07-CV-04052-JF-PVT

this request to the extent it seeks information that is confidential or subject to the privacy rights of persons not a party to this litigation. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 5:**

All DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS RELATING TO either any alleged DEFAULT or EVENT OF DEFAULT.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it is vague, overly broad and unduly burdensome. U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. U.S. Bank objects to this request to the extent it seeks information that is confidential or subject to the privacy rights of persons not a party to this litigation. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 6:**

All DOCUMENTS comprising, evidencing, or referencing any COMMUNICATIONS to or from any HOLDER or any other PERSON RELATING to any of the NOTES or INDENTURES.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it is vague, overly broad and unduly burdensome. To the extent it seeks information protected from discovery by the attorney-client privilege and the work product doctrine, U.S. Bank objects to this request. U.S. Bank objects to this request to the extent it seeks information that is confidential or subject to the privacy rights

5

**Defendant U.S. Bank Trust National Association's Response to Plaintiff Finisar Corporation's First Set of Requests for Production of Documents**              CASE NO.: 5:07-CV-04052-JF-PVT

of persons not a party to this litigation. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 7:**

All DOCUMENTS comprising, evidencing, or referencing any reports made or provided by YOU to any HOLDER pursuant to Section 7.14 of the INDENTURES or otherwise.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it is vague, overly broad and unduly burdensome. U.S. Bank objects to this request to the extent it seeks information that is confidential or subject to the privacy rights of persons not a party to this litigation. To the extent it seeks information protected from discovery by the attorney-client privilege and the work product doctrine, U.S. Bank objects to this request. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 8:**

All DOCUMENTS comprising, evidencing, or referencing any and all notices of any DEFAULT provided by YOU to HOLDERS pursuant to Section 7.15 of the INDENTURES.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it is vague, overly broad and unduly burdensome. U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. U.S. Bank objects to this request to the extent it seeks information that is confidential or subject to the privacy rights of persons not a party to this litigation. Subject to these objections and the general

objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 9:**

All DOCUMENTS RELATING TO, or upon which YOU base, the First Affirmative Defense alleged in the ANSWER.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 10:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Second Affirmative Defense alleged in the ANSWER.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 11:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Third Affirmative Defense alleged in the ANSWER.

7

Defendant U.S. Bank Trust National Association's Response to Plaintiff
Finisar Corporation's First Set of Requests for Production of Documents

CASE NO.: 5:07-CV-04052-JF-PVT

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 12:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Fourth Affirmative Defense alleged in the ANSWER.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 13:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Fifth Affirmative Defense alleged in the ANSWER.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged

8

Defendant U.S. Bank Trust National Association's Response to Plaintiff
Finisar Corporation's First Set of Requests for Production of Documents        CASE NO.: 5:07-CV-04052-JF-PVT

responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 14:**

All DOCUMENTS RELATING TO, or upon which YOU base, the Sixth Affirmative Defense alleged in the ANSWER.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 15:**

All DOCUMENTS RELATING TO, or upon which YOU base, YOUR denial in the ANSWER of the contentions by FINISAR in the COMPLAINT.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 16:**

All DOCUMENTS RELATING TO, or upon which YOU base, the request in the "Prayer For Relief" in the ANSWER for the "[award to] the Trustee [of] the costs and expenses in this action, including but not limited to reasonable attorneys' fees."

9

**Defendant U.S. Bank Trust National Association's Response to Plaintiff
Finisar Corporation's First Set of Requests for Production of Documents**          CASE NO.: 5:07-CV-04052-JF-PVT

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 17:**

All DOCUMENTS comprising, evidencing, or referencing any agreements by FINISAR to pay to YOU any of YOUR costs, fees, or expenses RELATING TO YOUR duties as "Trustee" under the INDENTURES.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 18:**

All DOCUMENTS RELATING TO the amount of YOUR costs, fees, or expenses that RELATE TO YOUR duties as "Trustee" under the INDENTURES.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it seeks information protected from discovery by the attorney-client privilege and the work product doctrine. Subject to these objections and the general objections above, U.S. Bank will produce any non-privileged

10

**Defendant U.S. Bank Trust National Association's Response to Plaintiff**
**Finisar Corporation's First Set of Requests for Production of Documents**            CASE NO.: 5:07-CV-04052-JF-PVT

responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 19:**

All DOCUMENTS comprising any contract or other agreement (including specifically indentures or indenture agreements) pursuant to which YOU serve or have served as an indenture trustee and which contains any form of a clause, section, or other provision RELATING TO the provision to the indenture trustee of reports or other documents filed, or to be filed, with the Securities and Exchange Commission or other regulatory agency.

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it is vague, overly broad and unduly burdensome. U.S. Bank also objects on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. To the extent it seeks information protected from discovery by the attorney-client privilege and the work product doctrine, U.S. Bank objects to this request. U.S. Bank objects to this request to the extent it seeks information that is confidential or subject to the privacy rights of persons not a party to this litigation.

**REQUEST NO. 20:**

All DOCUMENTS RELATING TO, or upon which YOU base, the request in the "Prayer For Relief" in the ANSWER for the "[award to] the Trustee [of] the costs and expenses incurred in this action, including but not limited to reasonable attorneys' fees."

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it is repetitive – see Response to Request No. 16.

**REQUEST NO. 21:**

All DOCUMENTS identified in YOUR response to the INTERROGATORIES.

11

**RESPONSE:**

U.S. Bank incorporates the objections it asserted in its Answer to Interrogatories. Subject to and without waiving these objections, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 22:**

All DOCUMENTS identified in YOUR DISCLOSURES.

**RESPONSE:**

To the extent it seeks information protected from discovery by the attorney-client privilege and the work product doctrine, U.S. Bank objects to this request. U.S. Bank objects to this request to the extent it seeks information that is confidential or subject to the privacy rights of persons not a party to this litigation. Subject to and without waiving these objections, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

**REQUEST NO. 23:**

All DOCUMENTS identified or referenced in the JOINT CASE MANAGEMENT STATEMENT.

**RESPONSE:**

To the extent it seeks information protected from discovery by the attorney-client privilege and the work product doctrine, U.S. Bank objects to this request. U.S. Bank objects to this request to the extent it seeks information that is confidential or subject to the privacy rights of persons not a party to this litigation. Subject to and without waiving these objections, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place agreed to by the parties.

12

Defendant U.S. Bank Trust National Association's Response to Plaintiff
Finisar Corporation's First Set of Requests for Production of Documents

CASE NO.: 5:07-CV-04052-JF-PVT

Dated: 3-14, 2008

**MORRISON & FOERSTER LLP**

By /s/
   D. Anthony Rodriguez (No. 162587)
   Eva K. Schueller (No. 237886)
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

**FAEGRE & BENSON LLP**
Michael B. Fisco
Abby E. Wilkinson
90 South Seventh Street, Suite 2200
Minneapolis, MN 55402-3901
Telephone: 612.766.7000
Facsimile: 612.766.1600

ATTORNEYS FOR DEFENDANT, U.S. BANK TRUST NATIONAL ASSOCIATION, in its capacity as Indenture Trustee

fb.us.2654165.06

13

Defendant U.S. Bank Trust National Association's Response to Plaintiff Finisar Corporation's First Set of Requests for Production of Documents

CASE NO.: 5:07-CV-04052-JF-PVT

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**DEFENDANT U.S. BANK TRUST NATIONAL ASSOCIATION'S RESPONSE TO PLAINTIFF FINISAR CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

[X] **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

[X] **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6.

| | |
|---|---|
| Caroline McIntyre<br>BERGESON, LLP<br>303 Almaden Boulevard, Suite 500<br>San Jose, California 95110-2712<br><br>Phone: 408-291-6200<br>Fax: 408-297-6000<br><br>Email: cmcintyre@be-law.com | Attorney for Plaintiff<br>Finisar Corporation |

Defendant U.S. Bank Trust National Association's Response to Plaintiff
Finisar Corporation's First Set of Requests for Production of Documents     CASE NO.: 5:07-CV-04052-JF-PVT
sf-2484071

Sterling A. Brennan  
L. Rex Sears  
WORKMAN | NYDEGGER  
1000 Eagle Gate Tower  
60 East South Temple  
Salt Lake City, Utah 84111  

Attorney for Plaintiff  
Finisar Corporation  

Phone: 801.533.9800  
Fax: 801.328.1707  
Email: sbrennan@wnlaw.com  
Email: rsears@wnlaw.com  

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California, this 14th day of March, 2008.

_____  
Mary E. Land  
(typed)

_____  
*Mary E. Land* (signature)

15

Defendant U.S. Bank Trust National Association's Response to Plaintiff  
Finisar Corporation's First Set of Requests for Production of Documents  
sf-2484071

CASE NO.: 5:07-CV-04052-JF-PVT