# EXHIBIT C



WORKMAN | NYDEGGER
INTELLECTUAL PROPERTY ATTORNEYS

Sterling A. Brennan
EMAIL: SBrennan@WNLAW.COM

1000 EAGLE GATE TOWER, 60 EAST SOUTH TEMPLE  |  SALT LAKE CITY, UTAH 84111
TEL: (801) 533-9800  |  FAX: (801) 328-1707  |  WWW.WNLAW.COM

March 18, 2008

Michael B. Fisco, Esq.                          Via E-Mail and
Edward T. Wahl, Esq.                            First-Class Mail
Abby E. Wilkinson, Esq.
FAEGRE & BENSON LLP
90 South Seventh Street
Suite 2200
Minneapolis, Minnesota 55402-3901

          Re:    *Finisar Corporation v. U.S. Bank Trust National Association*
                 N.D. Cal. Case No. 5:07-CV-04052-JF(PVT)

Dear Michael, Ned, and Abby:

          I am writing to follow up on the e-mail message that I sent to the three of you and your
co-counsel at Morrison & Foerster on March 15, 2008, regarding the responses of your client,
U.S. Bank Trust National Association ("U.S. Bank"), to the first set of interrogatories
("Interrogatories"), first set of requests for production of documents ("Document Request"), and
deposition notice (the "Notice") that we propounded in behalf of our firm's client, Finisar
Corporation ("Finisar"), to U.S. Bank on February 5, 2008 in the above-captioned action (the
"Action"). As I observed in my March 15 e-mail message, U.S. Bank's responses to Finisar's
discovery requests are deficient in several materials respects. This letter highlights those
deficiencies, which we request that U.S. Bank immediately remedy, particularly before we
conduct the depositions that have been arranged next week for U.S. Bank's Rule 30(b)(6)
designees and Diana Jacobs and Thomas Tabor, both of U.S. Bank. I will first address U.S.
Bank's responses to the Interrogatories, then its responses to the Document Requests, and finally
its responses to the Notice.

## U.S. BANK'S RESPONSES TO THE INTERROGATORIES

          The Interrogatories consist of only 12 basic and straightforward individual
interrogatories, by which Finisar seeks (1) a detailed statement of all facts that U.S. Bank
contends supports its contention that any "Event of Default" has occurred under any of the
subject convertible notes (the "Notes") or the subject indenture agreements (the "Indentures"),
(2) a detailed statement of the bases for U.S. Bank's contention that any Event of Default has
occurred under any of the Notes or Indentures, (3) identification of all "Documents" upon which
U.S. Bank bases its contention that any Event of Default has occurred under any of the Notes or
Indentures, (4) identification of each "Person" whom U.S. Bank believes has knowledge of the
facts upon which it bases its contention that any Event of Default has occurred under any of the
Notes or Indentures, (5) identification of all "Communications" between U.S. Bank and any of

MICHAEL B. FISCO, ESQ.
EDWARD T. WAHL, ESQ.
ABBY E. WILKINSON, ESQ.
FAEGRE & BENSON, LLP
MARCH 18, 2008
PAGE 2

the Note "Holders" relating to the Notes or Indentures, (6) identification of all Communications between U.S. Bank and the Holders relating to any Event of Default that U.S. Bank contends has occurred under any of the Notes or Indentures, (7) a statement of all facts upon which U.S. Bank bases its affirmative defenses alleged in its "Answer," (8) identification of all Documents upon which U.S. Bank bases its affirmative defenses, (9) identification of each Person whom U.S. Bank believes has knowledge of any of the facts upon which it bases its affirmative defenses, (10) a statement of all facts upon which U.S. Bank bases the denials in its Answer of the allegations of Finisar's Complaint, (11) the identification of all Documents upon which U.S. Bank bases its denials, and (12) identification of each Person whom U.S. Bank claims has knowledge of any of the facts upon which it bases its denials.

In response to the Interrogatories, U.S. Bank first generally asserts some 15 different numbered "general objections," which, to our observation, have neither merit nor application to the Interrogatories. In addition, U.S. Bank asserts in response to each of the individual Interrogatories either redundant objections already included in the general objections or, in some cases, additional objections that likewise appear to be without merit or application. The mere assertion of the objections need not present an issue, however, unless U.S. Bank is actually withholding responsive information on the basis of one or more of the objections. If that is the case, please identify for us each of the Interrogatories to which U.S. Bank is withholding responsive information and the objection(s) upon which U.S. Bank is relying in so withholding.

Turning to the answers, Finisar intends to hold U.S. Bank to the statement of facts recited in its response to Interrogatory no. 1. In other words, having been asked to state in detail all facts that U.S. Bank contends support its contention that any Event of Default has occurred under the Notes or Indentures, we must presume that the only facts upon which U.S. Bank relies are those limited, alleged facts stated in U.S. Bank's answer to Interrogatories no. 1. Should U.S. Bank seek to assert any different or additional facts in the briefing of summary judgment motions or otherwise, Finisar will object and point to U.S. Bank's answer to Interrogatory no. 1.

Finisar's position with respect to U.S. Bank's answer to Interrogatory no. 1 applies as well to U.S. Bank's answer to Interrogatory no. 2, by which U.S. Bank merely refers Finisar to its answer to Interrogatory no. 1.

In the same vein as the discussion above regarding U.S. Bank's answers to Interrogatory nos. 1 and 2, given U.S. Bank's answer to Interrogatory no. 3, Finisar will hold U.S. Bank to the Indentures and Finisar's filings with the SEC with respect to documentary support for U.S. Bank's contention that any Event of Default has occurred under the Notes or Indentures.

Given U.S. Bank's answer to Interrogatory no. 4, Finisar will also hold U.S. Bank to the limited use of Ms. Jacobs and Mr. Tabor for any witness testimony regarding U.S. Bank's contention that any Event of Default has occurred under the Notes or Indentures.

MICHAEL B. FISCO, ESQ.
EDWARD T. WAHL, ESQ.
ABBY E. WILKINSON, ESQ.
FAEGRE & BENSON, LLP
MARCH 18, 2008
PAGE 3

U.S. Bank has not adequately responded to Interrogatory no. 5, particularly with respect to oral Communications that U.S. Bank has had with Holders relating to the Notes or Indentures. We expect a full identification of any such Communications, including the form of such Communications, when they occurred, who the parties were to the Communications, and the substance of the Communications.

U.S. Bank's response to Interrogatory no. 6 suffers from the safe deficiencies described above with respect to its response to Interrogatory no. 5.

In its Answer, U.S. Bank asserted six affirmative defenses, for (1) failure to state a cause of action, (2) estoppel and/or waiver, (3) unclean hands, (4) breach of contract, (5) breach of the implied covenant of good faith and fair dealing, and (6) another action pending. In response to Interrogatory no. 7, which asks for a statement of all facts upon which U.S. Bank bases its affirmative defenses, U.S. Bank merely refers to its answer to Interrogatory no. 1 and states that this Action is the second of two related actions filed by Finisar against U.S. Bank. Such a limited answer suggests either of two things: U.S. Bank has no facts to support its affirmative defenses (particularly nos. 1 through 5) or it is withholding facts. Of course, both would be improper. We must presume that U.S. Bank has no facts to support its affirmative defenses, and intend to so inform the Court when appropriate.

In response to Interrogatory no. 8, which seeks the identification of all Documents that U.S. Bank contends supports its affirmative defenses, U.S. Bank identifies only the Indentures, Finisar's complaint in the action pending in State Court, its Complaint in this Action, and Finisar's SEC filings. As with U.S. Bank's other responses, we will hold U.S. Bank to those few identified Documents in seeking to establish its affirmative defenses.

The same will be true for the two persons that U.S. Bank identifies, in response to Interrogatory No. 9, having knowledge of the facts upon which U.S. Bank bases its affirmative defenses.

Interrogatory nos. 10, 11, and 12 essentially mirror Interrogatory nos. 7, 8, and 9, except the latter ones focus on U.S. Bank's denials of the allegations of Finisar's Complaint. The discussion above regarding U.S. Bank's responses to Interrogatory Nos. 7, 8, and 9 (regarding affirmative defenses) applies as well to its responses to Interrogatory nos. 10, 11, and 12.

## U.S. BANK'S RESPONSES TO THE DOCUMENT REQUEST

With but two exceptions (i.e., U.S. Bank's responses to category nos. 19 and 20), U.S. Bank represents in its responses to each of the other 21 document categories of the Document Request that "subject to and without waiving [asserted] objections, U.S. Bank will produce any non-privileged responsive documents that are reasonably available to it at a time and place

MICHAEL B. FISCO, ESQ.
EDWARD T. WAHL, ESQ.
ABBY E. WILKINSON, ESQ.
FAEGRE & BENSON, LLP
MARCH 18, 2008
PAGE 4

agreed to by the parties." This response prompts several inquiries. First, has U.S. Bank withheld any Documents from production on the basis of any of the asserted objections? If so, to which categories and upon which objections is U.S. Bank relying in withholding Documents? Is U.S. Bank withholding any Documents on the basis of any claimed privilege? If it is, U.S. Bank is required to provide to us a privilege log. We hereby reiterate our request that if any Documents have been withheld on the basis of privilege that you immediately provide to us an appropriate privilege log.

Finally, we understand that all Documents to be produced by U.S. Bank were sent to us at our office. Indeed, we received yesterday a CD containing some 1,031 pages of Documents. Do these constitute all of the Documents that U.S. Bank intended to produce?

Turning now to category no. 20, we understand your response and do not challenge it. We apologize for inadvertently duplicating category no. 16.

Finally, your refusal to produce Documents in response to category no. 19 is improper. We do not believe that the requested trust indenture agreements are subject to any of the objections you assert. The that Finisar seeks are directly relevant to the issues in this Action. We ask that U.S. Bank immediately reconsider and withdraw its objections, and produce the requested Documents. Otherwise, we intend to bring U.S. Bank's refusal to comply with this request to the attention of the Court and seek an order requiring compliance. Furthermore, if the requested Documents are not produced in advance of next week's depositions, but the Documents are subsequently produced either under Court order or otherwise, we will seek to have the witnesses produced again for examination, at U.S. Bank's expense.

### U.S. BANK'S RESPONSE TO THE NOTICE

You have informed us that U.S. Bank's Rule 30(b)(6) designees in response to Finisar's Notice will be Ms. Jacobs and Mr. Tabor. We have further agreed that their depositions, both as individually noticed and as U.S. Bank's designees, will proceed on Wednesday, March 26, 2008, at the Foster Pepper law firm in Seattle, Washington.

As for the Documents requested in the Notice, they track the Documents sought in the Document Request; thus, the comments above regarding U.S. Bank's responses to the Document Request apply to the same document requests in the Notice.

Finally, it appears to us that U.S. Bank will be producing a designee with respect to each of the subject matters set forth in the Notice. As mentioned above, we understand that Ms. Jacobs and Mr. Tabor will be those designees. We are awaiting from you confirmation as to which of the two will be the first produced on March 26, with our preference being Mr. Tabor.

*    *    *    *    *

MICHAEL B. FISCO, ESQ.
EDWARD T. WAHL, ESQ.
ABBY E. WILKINSON, ESQ.
FAEGRE & BENSON, LLP
MARCH 18, 2008
PAGE 5

For those deficiencies identified above, we ask that U.S. Bank remedy them before next week's depositions.  Please let me know if you have any questions regarding the foregoing.  Also we are scheduled to have a conference call tomorrow morning with Michael to discuss U.S. Bank's refusal to consent to Finisar's filing of its Amended Complaint.  Perhaps we can discuss U.S. Bank's discovery responses at that time as well.

Very truly yours,

WORKMAN | NYDEGGER

Sterling A. Brennan

SAB/jw

c:    L. Rex Sears, Esq.

## Jamie Warner

| | |
|---|---|
| **From:** | Sterling A. Brennan |
| **Sent:** | Friday, March 21, 2008 6:43 PM |
| **To:** | 'ewahl@faegre.com' |
| **Cc:** | 'Fisco, Michael B.'; Wilkinson, Abby E.; Rex Sears |
| **Subject:** | Finisar v. U.S. Bank Trust National Association |

Ned:

I received your voicemail message indicating that you had sent to us another CD containing an additional 142 pages of documents. I also understand from your message that you will be providing to us a privilege log.

Further, you confirmed in your message that Diana Jacobs, both as individually noticed and as a Rule 30(b)(6) designee of your client, will be appearing for deposition as we previously agreed this coming **Wednesday, March 26, 2008, in Seattle**. For the reasons referenced in the following paragraph, I suggest that we start Ms. Jacobs's deposition promptly at 9:00 a.m. next Wednesday.

You also reiterated in your message, however, that, contrary to what we initially though, Thomas Tabor will not be able to appear for deposition in Seattle on the same day as Ms. Jacobs, but instead he will be made available the following week in New York City. We find this change of arrangements regrettable, but do not want to get bogged down in an unnecessary discovery battle on this point. You told me that Mr. Tabor would be made available in New York City on either April 1 or April 2, and that you preferred April 1. So do I. Thus, subject to our disturbance over not being able to proceed with Mr. Tabor's deposition next Wednesday in Seattle, we will plan on conducting his deposition, both in Mr. Tabor's individually noticed capacity and as a Rule 30(b)(6) designee, on **Tuesday, April 1, 2008, in New York City.** We suggest that the deposition be taken Morrison & Foerster's New York office, if you can make that arrangement. Given our similar backgrounds, we probably both have been there before, and it seems as convenient as anywhere else in New York. I suggest that we start Mr. Tabor's deposition at 9:30 a.m.

We assume that you will not require us to serve a new deposition notice, either for Ms. Jacobs or Mr. Tabor, but that instead the written confirmations that we have made of the changed arrangements will suffice and that we can expect Ms. Jacobs's and Mr. Tabor's appearance.

Also, in light of the considerable "give" that we think are providing to be accommodating and to minimize battles, could you please provide to us by Monday a specific designation as to which of the subject matter categories set forth in our client's deposition notice Ms. Jacobs and Mr. Tabor will be the designee(s)?

Finally, in your message you said that you would be sending to me on Monday a letter responding to my previous written communications to you outlining the deficiencies in your client's responses to our client's discovery requests. Please be advised that I will be traveling that day and am not sure when I will be able to access the letter for review. In any event, as I have set forth in my two previous written communications, and as I explained in detail in our telephone conversation earlier this week, we strongly urge U.S. Bank to reconsider its position and make available to us before the depositions exemplars of indenture agreements that contain any variant form of the clause (or no clause at all) regarding the note issuer's requirement to provide to the trustee or note holders copies of reports that the issuer files with the SEC. Such alternative forms are germane to our position in this case and, as we have previously told you, has been a topic of analysis not only in each of the three federal court opinions issued on the issues in our case, but also – as we are informed – in other similar cases in which U.S. Bank is involved.

Please enjoy your weekend.

-- Sterling

## Jamie Warner

**From:**  Sterling A. Brennan
**Sent:**  Sunday, March 23, 2008 10:20 PM
**To:**  Jamie Warner
**Subject:** FW: Finisar v US Bank Trust: Discovery issues

**From:** Wahl, Edward T. [mailto:EWahl@faegre.com]
**Sent:** Saturday, March 08, 2008 10:41 AM
**To:** Sterling A. Brennan
**Cc:** Fisco, Michael B.; Wilkinson, Abby E.; Rex Sears
**Subject:** RE: Finisar v US Bank Trust: Discovery issues

Dear Sterling:

I regret that we did not talk yesterday.  I am leaving for a funeral today and will be back on Tuesday.

In the meantime, we have an understanding that we will respond to your notice of deposition and written discovery on Friday March 14.

I have arranged for your depositions at Foster Pepper in Seattle.  We simply need to identify specific dates during the week of March 24.

I will discuss the other issues you raise in your email when I return.  Thanks for your consideration on the schedule.

Ned Wahl

**From:** sbrennan@wnlaw.com [mailto:sbrennan@wnlaw.com]
**Sent:** Thu 3/6/2008 11:58 PM
**To:** Wahl, Edward T.
**Cc:** Fisco, Michael B.; Wilkinson, Abby E.; Rex Sears
**Subject:** Re: Finisar v US Bank Trust: Discovery issues

Ned:

  I am sorry that I missed your call today.  I will be on the road tomorrow, but will still try to reach you to discuss the details of the items referenced in your attached message.

  Let me quickly address here the second portion of your letter to me earlier this week regarding your client's intended discovery requests to Finisar.  As we understand it, you wish to preserve the ability to propound discovery in the event that neither sides' summary judgment motions are granted and we need to proceed to trial.  We also are presuming from your suggested approach that you are assuming a deadline for discovery is approaching.  Although the parties suggested deadlines in their joint case management statement, the Court has not, as of yet, adopted or ordered any of these deadlines.  Thus, I think some flexibility remains for your client to prepare and propound discovery after the Court's ruling on the motions, if necessary.

  We suggest that you defer expending the time or incurring the cost of preparing any discovery until after the Court's rulings, rather than extending our client's deadlines to respond.

3/25/2008

Re: Finisar v US Bank Trust: Discovery issues    Case 5:07-cv-04052-JF    Document 84-4    Filed 06/20/2008    Page 9 of 21

If we don't have the chance to talk tomorrow, let's make sure we connect by Monday.

-- Sterling

Sent from my BlackBerry wireless handheld.

-----Original Message-----
From: "Wahl, Edward T." <EWahl@faegre.com>

Date: Thu, 6 Mar 2008 19:04:43
To:<sbrennan@wnlaw.com>
Subject: Finisar v US Bank Trust:  Discovery issues


Dear Sterling:

I tried to reach you this afternoon, but was unsuccessful. I am writing to follow up on our call from Tuesday afternoon.  I appreciate your flexibility in adjusting the logistics of written discovery and depositions.  Here is the current state of the issues we discussed.

1. You were willing to move the depositions to Seattle, which is the location we prefer.  I believe I have located a law firm to host the depositions.

2. You were willing to move the deposition dates to accommodate conflicts in my schedule and the witnesses' schedules.  We suggest some mutually convenient dates during the week of March 24.  Let's discuss this.

3. You also were willing to consider a brief extension of our time to respond to discovery, including your notice of deposition.  I would appreciate an extension of 3-4 days.

I look forward to concluding our remaining details tomorrow.

Ned Wahl

3/25/2008



UNITED STATES | ENGLAND | GERMANY | CHINA

EDWARD T. WAHL
EWahl@faegre.com
(612) 766-8720

March 24, 2008

Sterling A. Brennan, Esq.                          **VIA EMAIL AND U.S. MAIL**
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111

Re:    *Finisar Corporation v. U.S. Bank Trust National Association*
       S.C.C.S.C. Case No. 2007-107CV081092
       <u>N.D. Cal. Case No. 5:07-CV-04052-JF(PVT)</u>

Dear Mr. Brennan:

I am responding to your letter dated March 18. I will respond to each of your comments in the order in which you raise them.

**1.    General Objections to Interrogatories.** You inquire about whether U.S. Bank is withholding information on the basis of these general objections. I am not specifically aware of information that is being withheld on the basis of these general objections, but I would not be surprised to learn that you and we have different interpretations as to the scope of some of your requests. These general objections are one way for us to provide answers without waiving objections to your interpretations of your questions that we wish to preserve. In responding to this and the rest of your challenges, I also note that you are in the process of amending your complaint, which means that we will soon respond to a significantly different set of allegations. This process may require a reconsideration of our discovery responses.

**2.    Interrogatory 1.** You assert that, in pursuing the case, we are limited to this answer and can raise no other facts in our development of the case. This is an unreasonable reading of our obligations under Fed. R Civ. P. 33. We objected generally and specifically to the interrogatory, and we provided a full answer in writing and under oath. There is no requirement in the Rules that we provide an exhaustive catalog of all conceivable facts. You may examine U.S. Bank witnesses on this topic at the depositions you have scheduled, and U.S. Bank witnesses will respond. If it is necessary for us to supplement our answer under the Rules at a later date, we will do so.

Sterling A. Brennan, Esq.
March 24, 2008
Page 2

**3.    Interrogatories 2, 3 and 4.** Our response is the same as for Interrogatory 1. We believe, subject to objections, that we have provided a complete answer. You may examine at deposition, and if it is necessary for us to supplement our answers at a later date, we will do so.

**4.    Interrogatories 5 and 6.** You assert that we have not adequately responded to Interrogatories 5 and 6 and demand the specific details regarding each and every communication with holders of the Notes ("Noteholders"). U.S. Bank objected generally and specifically to these Interrogatories and again refers you to the written communications to the Noteholders that were produced in conjunction with U.S. Bank's response to Finisar's document requests. U.S. Bank also conducted seven conference calls with certain Noteholders on the following dates: July 19, 2007, November 13, 2007, December 11, 2007, January 14, 2008, January 30, 2008, February 19, 2008, and March 11, 2008. As indicated in its responses to the Interrogatories, U.S. Bank discussed the defaults and Events of Default under the Notes or the Indentures during these telephone conferences, in addition to providing the Noteholders with a status update regarding the two actions that Finisar commenced against U.S. Bank. U.S. Bank previously objected to these Interrogatories on privacy grounds and re-asserts that objection with respect to disclosing the identities of the individual Noteholders with whom it had these conferences.

**5.    Interrogatories 7 and 8: Affirmative Defenses.** The facts and documents underlying each of the affirmative defenses are stated in the interrogatory answers. In each instance, Finisar's failure to file the specified reports constituted a Default under the Indentures, which ripened into an Event of Default. The facts as described in the cited interrogatories respond to your request adequately. For example, under the terms of the Indentures, Finisar cannot state a claim because its obligations are set forth clearly and do not support Finisar's position. Affirmative Defenses 2-6 are supported by Finisar's failure to file the required reports. Finally, the pleadings filed in the other related action constitute the basis for the allegations in the sixth affirmative defense.

**6.    Interrogatories 9-12.** Again, you demand details that exceed the requirements of the Rules. The witnesses identified, the documents referenced, and the facts summarized constitute the basis for U.S. Bank's position on each of the issues about which you inquire. You will depose the witnesses and we will supplement our responses if that becomes necessary.

**7.    General Objections to Document Requests.** I reiterate the essence of our response above: we have made general objections to allow us to answer your questions as we understand them, and without waiving objections that might be necessary to defend our position. We have not withheld documents under the general assertion of privilege. We are working on a privilege log and will produce it soon. We have also objected on privacy grounds and have redacted the names of certain individuals.

Sterling A. Brennan, Esq.
March 24, 2008
Page 3

**8.      Production of Documents.**  We produced one set to your office on March 17 and
another last Friday, March 21 for overnight delivery.  To the best of my information, these
productions represent all non-privileged documents that could be produced as the product of
reasonable efforts.  If we locate additional documents, we will produce them.

**9.      Category 19.**  You refer to Category 19, but you seem to be addressing Request 19
in the Document Requests.  You have raised this in correspondence and on our calls.  The
production you seek would be immensely burdensome and would not lead to the discovery of
admissible evidence.  U.S. Bank maintains all of its objections to this request.

We have previously discussed the arrangements for the depositions in Seattle and New
York.  To recapitulate:  we will produce Ms. Jacobs in Seattle at Foster Pepper's office on
Wednesday, March 26 at 9 A.M.  We will produce Mr. Tabor in New York on April 1 at
9:30 A.M.  I am working on confirming that the New York deposition will be at Morrison &
Foerster's offices.

Very truly yours,

Edward T. Wahl

ETW/ks
fb.us.2723029.02



WORKMAN | NYDEGGER
INTELLECTUAL PROPERTY ATTORNEYS

1000 EAGLE GATE TOWER, 60 EAST SOUTH TEMPLE | SALT LAKE CITY, UTAH 84111
TEL: (801) 533-9800 | FAX: (801) 328-1707 | WWW.WNLAW.COM

L. Rex Sears
rsears@wnlaw.com

April 25, 2008

*VIA EMAIL*
*Confirmation Copy via U.S. Mail*

Edward T. Wahl, Esq.
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402-3901

    Re:    Finisar v. U.S. Bank Trust National Assocation

Dear Ned,

    This letter addresses four discovery issues that have arisen in the above-referenced action (the "Action"), further delay in the resolution of which will lead to motions practice.

### Withholding of Documents and Information Based on "Joint Defense"

    Information and documents responsive to Finisar Corporation's written discovery requests have been withheld, and instructions not to answer were given during the depositions of Diana Jacobs and Thomas Tabor, based on an assertion of a "joint defense privilege" allegedly covering communications between U.S. Bank Trust National Association and holders of notes issued under the indentures being litigated in this Action. As you are no doubt aware, because privilege operates in derogation of the truth-seeking function of discovery, it is narrowly construed and its proponent bears the burden of establishing its applicability. U.S. Bank's reliance on privilege is improper because U.S. Bank has never even tried to explain how the privilege it claims applies.

    Moreover, it is apparent that U.S. Bank would not be able to make the showing necessary to justify its refusal to provide discovery based on supposed privilege, if it tried. Although "[f]ederal courts have used the term 'joint defense privilege' to refer to both the joint client privilege and the common interest rule privilege . . . . [a] distinction should be made between these two doctrines. The joint client doctrine applies when clients share the same lawyer; whereas the common interest or allied lawyer doctrine applies when parties with separate lawyers consult together under the guise of a common interest or defense." *Securities Investor Protection Corp. v. Stratton Oakmont, Inc.,* 213 B.R. 433, 435 n. 1 (Bankr. S.D.N.Y. 1997). Because Ms. Jacobs testified (and you confirmed) that U.S. Bank's counsel does not represent the noteholders, U.S. Bank cannot assert a joint client privilege.

Edward T. Wahl, Esq.
FAEGRE & BENSON LLP
April 25, 2008
Page 2

---

Nor can U.S. Bank rely on the "common interest rule" because "[u]nder the strict confines of the common-interest doctrine, the lack of representation for the remaining parties vitiates any claim to privilege." *Cavallaro v. United States,* 153 F. Supp. 2d 52, 61 (D. Mass. 2001). Because U.S. Bank's counsel does not represent the noteholders, and because (so far as has been disclosed) no other counsel has been representing the noteholders in their supposedly joint pursuit of a common interest, the requirements for application of the common interest rule have not been met.

Furthermore, the common interest doctrine protects only communications "with the *attorney* of the member of the community of interest." *In re Teleglobe Comms. Corp.,* 493 F.3d 345, 364 (3d Cir. 2007) (emphasis in original). Accordingly, communications from either U.S. Bank or its counsel to the unrepresented noteholders are not covered, nor are communications from the noteholders to U.S. Bank (rather than its counsel). *Id.*

In addition, "the joint defense privilege is merely an extension of the attorney-client privilege . . . . In other words, it confers no independent privileged status to documents or information." *Metro Wastewater Reclamation Dist. v. Continental Cas. Co.,* 142 F.R.D. 471, 478 (D. Colo. 1992). The common interest doctrine is simply an exception to the rule that "[d]isclosing a communication to a third party . . . waives the privilege." *Teleglobe,* 493 F.3d at 361. "Thus, to be eligible for protection under the joint defense privilege, it must be established that the materials fall within the ambit of . . . the attorney-client privilege." *Metro,* 142 F.R.D. at 478. Communications from the noteholders to either U.S. Bank or its counsel cannot be protected by the common interest doctrine, nor can communications from U.S. Bank to the noteholders, because they do not "fall within the ambit of . . . the attorney-client privilege," in the first place.

Finally, it appears that the noteholders did not even request or expect that their communications with U.S. Bank would be held in confidence.

Accordingly, we ask that documents and information withheld from production in response to written discovery on the ground of a purported joint defense privilege between U.S. Bank and the noteholders be produced, and that answers be provided to deposition questions that witnesses were instructed not to answer on the same ground.

### *Failure to Produce Other Forms of Indenture*

Finisar asked U.S. Bank to produce indentures under which it serves as trustee that include reporting covenants. To date, U.S. Bank has declined to produce *any* indentures, based on boilerplate objections to Finisar's request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank has also objected on grounds of privilege and confidentiality.

Edward T. Wahl, Esq.
FAEGRE & BENSON LLP
April 25, 2008
Page 3

---

Any pretense that indentures are either privileged or confidential cannot be credited. As for the alleged overbreadth and undue burden, Ms. Jacobs testified that answering Finisar's request (at least with respect to the indentures in her possession) would take no more than a couple of hours. As for leading to the discovery of admissible evidence, other courts addressing issues similar to those at issue in the Action have taken note of different forms of reporting covenant in assessing the scope of the covenants before them. In short, none of U.S. Bank's objections has merit and the requested documents should be produced.

As Sterling has communicated to you previously, Finisar does not desire to receive multiple exemplars of indentures with identically-worded reporting covenants; but it seeks (and is entitled to production of) an exemplar for each version thereof. If and to the extent that U.S. Bank's objections are predicated on the requirement to separate indentures containing reporting covenants from those lacking such terms, we would be willing to inspect all of U.S. Bank's indentures and make the segregation ourselves.

### Failure to Produce Tabor Documents

During Mr. Tabor's deposition, it came to light that he was in possession of many documents responsive to document requests propounded by Finisar in its notices of deposition and elsewhere that had not yet been produced. Such documents were apparently provided to you some time ago, but still have not been produced. Mr. Tabor's responsive documents should be produced immediately.

### Protective Order and Noteholder Identity Issues

During Ms. Jacobs' deposition, you interposed confidentiality objections to certain questions calling for the disclosure of noteholder identities, and such disclosures have been redacted from various documents produced by U.S. Bank. Ms. Jacobs was ultimately permitted to testify subject to an agreement that the parties would pursue entry of a protective order. We prepared and circulated a form of order consistent with that suggested by the Court on its website. The only concern you stated with the form proposed was the lack of any specific provision specifically addressing disclosures of noteholder identities. Although no good reason was given for requiring such a provision, we agreed to consider adding language affording special protection to specific documents and deposition testimony. But you still have not identified all of the documents and testimony for which you desire special protection; and as I communicated previously, we are not even in possession of all of the documents that you have so far designated.

We suspect that your delay was calculated to ensure that U.S. Bank's motion for summary judgment was filed before Finisar's. That having been accomplished, we see no need to continue dragging this out. Accordingly, rather than continue waiting, unless you are prepared to stipulate to entry of the protective order without any special provision addressing disclosure of noteholder identities, we will bring a motion for entry of such an order (and perhaps seek fees

Edward T. Wahl, Esq.
FAEGRE & BENSON LLP
April 25, 2008
Page 4

---

incurred as a result of U.S. Bank's unreasonable refusal to stipulate to entry of an order being sought, after all, to accommodate U.S. Bank rather than Finisar).

\*      \*      \*      \*      \*

As mentioned above, the foregoing issues have been outstanding for some time, and continued delay in their resolution is unacceptable. Absent other arrangements, I will call you at 10 a.m. my time, 11 a.m. your time, next Tuesday, April 29, 2008 to discuss. If another time would be more convenient, please let me know.

Sincerely,

WORKMAN | NYDEGGER

L. Rex Sears

LRS/jw
cc:   Michael B. Fisco
        Abby E. Wilkinson
        D. Anthony Rodriguez



**FAEGRE & BENSON**
LLP

UNITED STATES | ENGLAND | GERMANY | CHINA

EDWARD T. WAHL
EWahl@faegre.com
(612) 766-8720

April 29, 2008

**VIA FACSIMILE AND EMAIL**

Sterling A. Brennan, Esq.
L. Rex Sears, Esq.
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111

Re:    *Finisar Corporation v. U.S. Bank Trust National Association*
       S.C.C.S.C. Case No. 2007-107CV081092
       <u>N.D. Cal. Case No. 5:07-CV-04052-JF(PVT)</u>

Gentlemen:

To help focus our meeting tomorrow I am responding to your letter and email from Friday, April 25. I answer your arguments in the order of presentation.

**1.      US Bank Trust's Assertions of Privilege**

We are looking further at the authorities you cited and will comment shortly.

**2.      Other Forms of Indenture**

In your Request 19, you asked:

**REQUEST NO. 19:**

All DOCUMENTS comprising any contract or other agreement (including specifically indentures or indenture agreements) pursuant to which YOU serve or have served as an indenture trustee and which contains any form of a clause, section, or other provision RELATING TO the provision to the indenture trustee of reports or other documents filed, or to be filed, with the Securities and Exchange Commission or other regulatory agency.

April 29, 2008
Page 2

US Bank Trust responded:

**RESPONSE:**

U.S. Bank objects to this request on the grounds that it is vague, overly broad and unduly burdensome. U.S. Bank also objects on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. To the extent it seeks information protected from discovery by the attorney-client privilege and the work product doctrine, U.S. Bank objects to this request. U.S. Bank objects to this request to the extent it seeks information that is confidential or subject to the privacy rights of persons not a party to this litigation.

Our objections are proper and we stand by them. There is no conceivable relevance to this request, in that language in other indentures has no bearing on the interpretation of the indentures at issue in this case. The case turns essentially on the interpretation of a contract, and the contract is available for the court to analyze. Furthermore, the request is vague in its definition of "any contract or other agreement" and its final clause: "RELATING TO the provision to the indenture trustee of reports or other documents filed, or to be filed, with the Securities and Exchange Commission or other regulatory agency." It is overly broad and unduly burdensome in that US Bank Trust serves as indenture trustee on something like 60,000-80,000 matters, which would require an extensive review of records by clerical staff and management. We objected on privilege grounds to the extent that you expect drafts of documents that would be privileged. We objected on confidentiality grounds in that disclosure could affect the confidentiality interests of parties to indentures who are third parties to this litigation.

We see no utility to this request, and the burden of production vastly outweighs the probative value of any documents that might be produced. We decline to alter our position.

3.    **Tabor Documents**

You both assert strong claims about Mr. Tabor's documents, and your assertions are unfounded. At Mr. Tabor's deposition, he was obviously confused about your questions. When I questioned him, he seemed to understand the issue, and he testified that his production was complete. Nevertheless, in the interest of comity, I agreed to review the issue. I asked him to send me all of his documents so I could determine what had been overlooked. It took Mr. Tabor several days to accomplish this. I was occupied when they arrived, but I have had the documents scanned for review and comparison to avoid duplication. (Sterling asked questions that reflected his desire to avoid duplication.) We are currently engaged in this review, and I have updated Rex by email on the subject.

April 29, 2008
Page 3

When we discussed these steps at Mr. Tabor's deposition, we were both professional and cordial. No deadlines were discussed, but we agreed to undertake the task, as we are doing. The threatening tone of your letter and email are inappropriate and unprofessional.

**4.    Protective Order**

Again, your text and tone are misplaced and are wholly improper. At Ms. Jacobs's deposition, I asserted objections to questions that sought the identity of holders and that called for privileged information. We agreed to a provisional protective agreement for the deposition to proceed, and we agreed to work out the terms of the protective order. As our correspondence will show, you sent a draft order, and we discussed some alternative approaches in the ensuing days. We subsequently agreed that I would identify certain documents that would be subject to protection, and you would review them and propose new language for the order. I wrote last week and asked where your language was, and you requested additional documents. I have since sent the designations for Diana Jacobs's deposition, and I will produce the additional page. I still await your language.

Your claim that the process was somehow related to the motion is utterly wrong. I am not working on the motion, and took no action for any tactical reason, as you suggest. We have a process in place that you have abandoned. You can save yourselves the time and expense of a motion by simply seeing through the process that you suggested. In any case, no fees are justified for any actions on our part.

I will speak with you on Wednesday at 10:30 C.D.T.

Very truly yours,

Edward T. Wahl

ETW/ks

**WORKMAN | NYDEGGER**
INTELLECTUAL PROPERTY ATTORNEYS

1000 EAGLE GATE TOWER, 60 EAST SOUTH TEMPLE | SALT LAKE CITY, UTAH 84111
TEL: (801) 533-9800 | FAX: (801) 328-1707 | WWW.WNLAW.COM

L. REX SEARS
rsears@wnlaw.com

April 30, 2008

***VIA EMAIL***
***Confirmation Copy via U.S. Mail***

Edward T. Wahl, Esq.
Theresa Dykoschak, Esq.
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402-3901

   Re:  Finisar v. U.S. Bank Trust National Association

Counsel,

   This letter summarizes this morning's teleconference addressing outstanding discovery issues in the above-referenced matter. Issues are addressed below in the same order as in Ned's letter of yesterday, addressing the same issues.

   The first issue is the assertion of privilege by U.S. Bank Trust National Association to justify withholding communications with noteholders from discovery. During our teleconference you indicated, for the first time, that you could identify a case holding that communications among an indenture trustee, the noteholding beneficiaries, and the trustee's counsel are privileged; and you promised that you would provide a copy of it today. I indicated that we would review your authority, if and when it was provided; but that for the time being we were unconvinced that such communications were privileged.

   The second issue is U.S. Bank's refusal to produce other indentures, as requested by Finisar Corporation. I inquired whether U.S. Bank would agree at least to produce the twenty or so indentures that Diana Jacobs indicated she has in her possession. You said you would let me know.

   The third issue is as-yet unproduced documents from Thomas Tabor. You indicated that you had (some time ago) received about one and one-half banker's boxes of documents from Mr. Tabor, which are not yet ready for production.

   The fourth issue is the protective order. If I understood correctly, you said that you expected to produce USB FIN 002628 at some point in the not-too-distant future, that you would let us know whether U.S. Bank desires special protection for any testimony given by Mr. Tabor

Edward T. Wahl, Esq.
Theresa Dykoschak, Esq.
April 30, 2008
Page 2

---

within that same timeframe, and that you would let us know (without specifying any timeframe) whether U.S. Bank desired special protection for any of Mr. Tabor's documents.

In general, you promised to provide by tomorrow some (but not all) information about when you would be providing some (but not all) further documents and information, but would not commit to any firm deadlines for actual production. I responded that absent firm commitments, further delay (however innocent) is unacceptable; and that your inability to make firm commitments left us with no viable alternative to filing a motion addressing each of the foregoing. I further noted that no motion would be filed tomorrow, and that upon receipt of your promised information we would consider whether it justified a change in course.

If your recollection differs from that set forth above, please let me know.

Assuming (as seems likely, at least right now) that motions practice will be necessary to secure U.S. Bank's compliance with its discovery obligations, Finisar anticipates filing a motion next week. If Finisar filed on Tuesday, May 6, in the normal course its motion would not be heard until Tuesday, June 10, less than thirty-five days before the July 11 hearing date presently set for summary judgment motions. To avoid further prejudice to Finisar's preparation and filing of its motion for summary judgment, would U.S. Bank stipulate to shorten the time for hearing Finisar's anticipated discovery motion (as contemplated by Judge Trumbull's standing order)?

Sincerely,

WORKMAN | NYDEGGER

L. Rex Sears

LRS/jw