# EXHIBIT D

**WORKMAN | NYDEGGER**
INTELLECTUAL PROPERTY ATTORNEYS

1000 EAGLE GATE TOWER, 60 EAST SOUTH TEMPLE | SALT LAKE CITY, UTAH 84111
TEL: (801) 533-9800 | FAX: (801) 328-1707 | WWW.WNLAW.COM

L. REX SEARS
rsears@wnlaw.com

May 2, 2008

<u>*VIA EMAIL*</u>
*Confirmation Copy via U.S. Mail*

Edward T. Wahl, Esq.
Theresa Dykoschak, Esq.
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402-3901

   Re: Finisar v. U.S. Bank Trust National Association

Counsel,

  This letter memorializes my understanding of representations made during our teleconference of yesterday, relating to discovery issues in the above-referenced case; and proposes language to address your concerns with the form of protective order we previously provided.

  During our call, you indicated:

1. Twenty or so indentures in Diana Jacobs' possession were being shipped to you yesterday, for delivery today, and copies thereof will be produced in our office by next Tuesday, May 6, 2008;

2. A copy of USB FIN 002628 will be produced in our office today;

3. Production copies of documents provided to you by Thomas Tabor after his deposition will be produced in our office by next Tuesday, May 6, 2008;

4. Any designations of documents provided by Mr. Tabor that U.S. Bank desires to have specially designated by a protective order will be transmitted to me by next Tuesday, May 6, 2008; and

5. Any designations of testimony recorded in the transcripts of the March 26, 2008 and April 1, 2008 depositions of Diana Jacobs and Thomas Tabor, which U.S. Bank desires to have specially designated by a protective order, will be transmitted to me today.

Edward T. Wahl, Esq.
Theresa Dykoschak, Esq.
FAEGRE & BENSON LLP
May 2, 2008
Page 2

---

If your recollection differs from mine in any particular, please let me know promptly. Based on your representations, Finisar intends to limit its motion to compel to discovery it was denied by U.S. Bank's assertion of a joint defense privilege.

You also indicated during our call that you had previously provided designations of testimony given by Ms. Jacobs for which U.S. Bank desires special treatment. In reviewing correspondence from you over the past week or so, I have been unable to locate any such designation. Please either direct me to the correspondence to which you had reference, or provide those designations again.

During our call, I agreed to provide you with proposed protective order language addressing U.S. Bank's request to have certain documents and deposition testimony specially designated. To that end, I suggest that section 2.7 of the draft we previously provided be revised to read:

>    2.7    <u>Protected Material</u>: Any Disclosure Material that is designated as "Confidential"; documents produced by U.S. Bank bearing production control nos. USB FIN 000445, USB FIN 000446, USB FIN 000998, USB FIN 000999, USB FIN 001000, USB FIN 001032, USB FIN 001071, and USB FIN 002628; testimony given by Diana Jacobs during her March 26, 2008 deposition and recorded at page xx, line yy of the transcript thereof; and testimony given by Thomas Tabor during his April 1, 2008 deposition and recorded at page xx, line yy of the transcript thereof.

Additional documents and the correct deposition transcript designations can be added as you provide them. Please let me know if this meets with your approval.

Sincerely,

WORKMAN | NYDEGGER

L. Rex Sears

LRS/jw
cc: Michael B. Fisco
    Abby E. Wilkinson



UNITED STATES | ENGLAND | GERMANY | CHINA

EDWARD T. WAHL
ewahl@faegre.com
(612) 766-8720

May 6, 2008

L. Rex Sears, Ph.D.
Workman Nydegger
60 East South Temple
1000 Eagle Gate Tower
Salt Lake City, UT 84111

**BY E-MAIL**

Re:   <u>Finisar v. U.S. Bank Trust National Association</u>

Dear Rex:

This letter responds to your summaries of our April 30 and May 1 teleconferences regarding the issues you have raised with respect to discovery in the above-referenced action. We will continue to work with you to resolve your issues and believe that we have made progress over the past week; however, we believe that this letter is necessary to clarify inaccuracies in your April 30 and May 2 letters.

First, with respect to your dispute over the privilege asserted with respect to communications with the noteholders, we have presented our position to you and provided you with a memorandum opinion in support of our position. You indicated that you disagree with our assertion of privilege. If Finisar believes that it is necessary to commence motion practice to resolve this privilege dispute, U.S. Bank will respond accordingly and defend its position.

Second, you requested that U.S. Bank produce all indentures under which it serves as trustee that include reporting covenants. As we have indicated, this would require the review and production of approximately 60,000 to 80,000 indentures. I believe that we discussed two acceptable compromises during the teleconference on April 30, and we confirmed with you on Thursday that U.S. Bank will produce the twenty or so indentures currently in Diana Jacobs's files. Contrary to your summary of our Thursday teleconference, we did not agree on a deadline for the production of these materials because we had not yet received the materials from our client. We can now confirm that we have received the documents, they are being processed, and we will prepare them to be produced to you as soon as possible.

Third, as we discussed on April 30, we have provided you with updates regarding the production of additional documents from Thomas Tabor. No deadlines for the production of these materials were established in our prior communications. As a result, and without

L. Rex Sears
May 6, 2008
Page 2

having an opportunity to consult with my colleagues regarding the status and timing of the production, I was not able to immediately respond to your demand on April 30 for a specific date by which you would receive the additional production. As I indicated several times during that teleconference, I would contact you the next day (Thursday) and provide you with a specific date by which we would produce these documents. When we spoke on Thursday, I confirmed that we would produce additional documents from Thomas Tabor for delivery to you on Tuesday, May 6. These materials are scheduled to be delivered to your offices today.

Fourth, as I indicated on both Wednesday and Thursday, I had not yet received the proposed protective order language from you. We received that language on Friday evening and will let you know if we have additions or corrections. We will provide you with additional designations for Mr. Tabor's and Ms. Jacobs's documents covered by the protective order tomorrow. We previously provided you with the special designations for Ms. Jacobs' testimony, but we will send you an additional copy of those earlier designations.

Fifth, during our teleconferences, I indicated that I would provide you with a copy of USB FIN 0002628, which I sent to you last Friday. Also on Friday, I separately provided Sterling Brennan with the errata page from Mr. Tabor's deposition. We have received your recent request for additional information regarding certain privileged documents and are working to provide a response to you by May 12.

Finally, we will address your comments on the privilege log and on the production of redacted documents in the next few days.

Sincerely,

Edward T. Wahl

ETW:ks

fb.us.2834463.01