Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
BERGESON, LLP
303 Almaden Boulevard
Suite 500
San Jose, California 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff FINISAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>     Plaintiff,<br><br>     v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity but solely in its capacity as indenture trustee in behalf of all holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010; and DOES 1 through 10, inclusive,<br><br>     Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:07-CV-04052-JF (PVT)<br><br>**PLAINTIFF FINISAR CORPORATION'S OBJECTIONS TO, AND NOTICE OF MOTION AND MOTION TO STRIKE, PORTIONS OF THE DECLARATION OF DIANA JACOBS IN SUPPORT OF MOTION BY U.S. BANK TRUST NATIONAL ASSOCIATION FOR SUMMARY JUDGMENT**<br><br>District Judge:  Hon. Jeremy Fogel<br>Magistrate Judge: Hon. Patricia V. Trumbull<br><br>Initial Complaint Filed: June 22, 2007<br>Trial Date:      Not Yet Set |

# NOTICE OF MOTION

TO DEFENDANT U.S. BANK TRUST NATIONAL ASSOCATION AND TO ITS ATTORNEYS OF RECORD IN THE ABOVE-CAPTIONED ACTION:

NOTICE IS HEREBY GIVEN that, on **Friday, July 11, 2008, at 9:00 a.m.**, or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled Court (the Honorable Jeremy Fogel, United States District Judge, presiding) located at 280 South First Street, San Jose, California, Finisar[1] shall—and hereby does—object to, and move the Court to strike, portions of the Jacobs Declaration submitted in support of U.S. Bank's Motion, which is set for hearing at the same date, time, and place. Finisar shall and does object and move to strike on the ground that the declarant is not competent to make the averments challenged. Finisar's objections and motion are and shall be based upon this Notice and the Statement of Objections set forth below, the other pleadings, documents, and other records on file in the Action, and such additional evidence and argument as may be presented in connection with the hearing and determination thereof.

# STATEMENT OF OBJECTIONS

### A. Objections to Paragraphs 5-8

Finisar objects and moves to strike the following language appearing in paragraphs 5-8 of the Jacobs Declaration:

- From paragraph 5: "Finisar did not timely file a quarterly report for its second fiscal quarter ended October 29, 2006," and the word "instead," appearing at page 2, lines 3-4.

- From paragraph 6: "Finisar did not timely file a quarterly report for its second fiscal quarter ended January 28, 2007," and the word "instead," appearing at page 2, lines 8-9.

- From paragraph 7: "Finisar did not timely file an annual report for its second fiscal quarter ended April 30, 2007," and the word "instead," appearing at page 2, lines 12-13.

---

[1] Terms with initial capitals are defined in the Glossary of Terms appended to Plaintiff Finisar Corporation's Motion for Summary Judgment and are used herein with the same signification.

1.

- From paragraph 8: "Finisar did not timely file a quarterly report for its second fiscal quarter ended July 29, 2007," and the word "instead," appearing at page 2, lines 16-17.

Finisar objects to and moves to strike these passages on the grounds that Ms. Jacobs is not competent to testify as to Finisar's fiscal calendar, the deadlines for Finisar to file its reports, or Finisar's filing of its reports. Finisar further objects to and moves to strike the specified passages from paragraph 8 (and to paragraph 8 in its entirety) as irrelevant, as U.S. Bank never provided any notice of default alleging that Finisar had not timely filed a quarterly report for a fiscal quarter ended July 29, 2007.

### B.  Objections to Paragraphs 9-11

Finisar objects to and moves to strike the following language appearing in paragraphs 9-11 of the Jacobs Declaration:

- From paragraph 9: "as a result of the company's failure to file its second quarterly report. That Default ripened into an 'Event of Default' under each Indenture on March 5, 2007, which date was 60 days after U.S. Bank delivered the Notices of Default to Finisar," appearing at page 2, lines 21-23.

- From paragraph 10: "as a result of the company's failure to file its third quarterly report. That Default ripened into an 'Event of Default' under each Indenture on June 23, 2007, which date was 60 days after U.S. Bank delivered the Notices of Default to Finisar," appearing at page 2, line 26 – page 3, line 1.

- From paragraph 11: "as a result of the company's failure to file its annual report for fiscal year 2007. That Default ripened into an 'Event of Default' under each Indenture on September 14, 2007, which date was 60 days after U.S. Bank delivered the Notices of Default to Finisar," appearing at page 3, lines 4-7.

Finisar objects to and moves to strike these passages on the grounds that Ms. Jacobs is not competent to testify as to Finisar's fiscal calendar, the deadlines for Finisar to file its reports, Finisar's filing of its reports, or the legal effect (under the Indentures) of the acts and omissions alleged.

2.

**C.     Objections to Paragraph 13**

Finisar objects to and moves to strike from paragraph 13 of the Jacobs Declaration the word "delayed," appearing at page 3, line 11, on the grounds that Ms. Jacobs is not competent to testify as to Finisar's fiscal calendar, the deadlines for Finisar to file its reports, or Finisar's filing of its reports.

**D.     Objections to Paragraph 14**

Finisar objects to and moves to strike paragraph 14 of the Jacobs Declaration, in its entirety, on the grounds that Ms. Jacobs is not competent to testify as to Finisar's fiscal calendar, the deadlines for Finisar to file its reports, Finisar's filing of its reports, or the equivalence of financial information included in various reports.

**E.     Objections to Paragraph 15**

Finisar objects to and moves to strike from paragraph 15 of the Jacobs Declaration the word "delayed," appearing at page 3, line 25, on the grounds that Ms. Jacobs is not competent to testify as to Finisar's fiscal calendar, the deadlines for Finisar to file its reports, or Finisar's filing of its reports.

**F.     Objection to Paragraph 20**

Finisar objects to and moves to strike paragraph 20 of the Jacobs Declaration, in its entirety, on the grounds that paragraph 1 of the Jacobs Declaration avers that the entire declaration is made based on Ms. Jacobs' personal knowledge, and Ms. Jacobs has no personal knowledge of the matters averred in paragraph 20.

**G.     Objection to Paragraph 21**

Finisar objects to and moves to strike paragraph 21 of the Jacobs Declaration, in its entirety, on the grounds that paragraph 1 of the Jacobs Declaration avers that the entire declaration is made based on Ms. Jacobs' personal knowledge, and Ms. Jacobs has no personal knowledge of the matters averred in paragraph 21.

**H.     Objections to Paragraph 23**

Finisar objects to and moves to strike from paragraph 23 of the Jacobs Declaration the language "Finisar did not pay the invoices submitted by U.S. Bank. Accordingly," and "That

3.

1  Default would have ripened into an additional Event of Default under each Indenture within sixty
2  days of the Notice of Default (on March 2, 2008)," appearing at page 5, lines 16 and 18-19, on the
3  grounds that Ms. Jacobs has no personal knowledge of the submission of invoices by U.S. Bank,
4  and she is not competent to testify as to either what Finisar did not do or the legal effect (under
5  the Indentures) of the acts and omissions alleged.

6      **I.   Objection to Paragraph 24**

7      Finisar objects to and moves to strike from paragraph 23 of the Jacobs Declaration the
8  language "Through March 31, 2008, U.S. Bank's fees and expenses totaled approximately
9  $588,130.50.  The fees and expenses include annual and default administration fees due to the
10 indenture trustee and the fees and expenses of U.S. Bank's counsel arising from and relating to
11 the Events of Default," and "Finisar has not subsequently paid any of U.S. Bank's fees and
12 expenses," appearing at page 5, lines 21-24 and page 6, line 6, on the grounds that:  paragraph 1
13 of the Jacobs Declaration avers that the entire declaration is made based on Ms. Jacobs' personal
14 knowledge, and Ms. Jacobs has no personal knowledge of the amount or nature of fees and
15 expenses incurred by or due to U.S. Bank or its counsel; Ms. Jacobs is not competent to testify as
16 to what Finisar did not do; and Ms. Jacobs is not competent to testify as to the existence of any
17 Event of Default.
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### J. Objection to Paragraph 30 and Exhibit 37

Finisar objects to and moves to strike paragraph 30 and exhibit 37 of the Jacobs Declaration, in their respective entireties, on the grounds that paragraph 1 of the Jacobs Declaration avers that the entire declaration is made based on Ms. Jacobs' personal knowledge, and Ms. Jacobs has no personal knowledge of either the matters averred in paragraph 30 or the provenance or nature of the document attached as exhibit 37 to her declaration.

DATED: June 20, 2008

Sterling A. Brennan
L. Rex Sears
WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

Caroline McIntyre
BERGESON, LLP


By   /s/ Sterling A. Brennan
         STERLING A BRENNAN
Attorneys for Plaintiff FINISAR CORPORATION

5.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson, awilkinson@faegre.com; Eva K. Schueller, eschueller@mofo.com; Michael B. Fisco, mfisco@faegre.com; and Paul T. Friedman, pfriedman@mofo.com.

**WORKMAN NYDEGGER**

/s/ Sterling A. Brennan
STERLING A. BRENNAN
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah, 84111

6.

FINISAR'S OBJECTIONS AND MOTION TO
STRIKE JACOBS DECLARATION

CASE NO.: 5:07-CV-04052-JF-PVT