1  D. ANTHONY RODRIGUEZ (CA SBN 162587)
   EVI K. SCHUELLER (CA SBN 237886)
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California 94105-2482
   Telephone: 415.268.7000
4  Facsimile: 415.268.7522
   Email: DRodriguez@mofo.com
5  Email: ESchueller@mofo.com

6  MICHAEL B. FISCO (MN No. 175341)
   EDWARD T. WAHL (MN No. 15409X)
7  ABBY E. WILKINSON (MN No. 0313981)
   (*Pro hac applications granted*)
8  FAEGRE & BENSON LLP
   90 South Seventh Street, Suite 2200
9  Minneapolis, Minnesota 55402-3901
   Telephone: 612.766.7000
10 Facsimile: 612.766.1600
   Email: mfisco@faegre.com
11 Email: awilkinson@faegre.com

12 Attorneys for Defendant U.S. Bank Trust National Association,
   in its capacity as Indenture Trustee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity, but solely in its capacity as Indenture Trustee on behalf of all Holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C 07-4052 JF (PVT)<br><br>**U.S. BANK'S NATIONAL ASSOCIATION'S RESPONSE TO PLAINTIFF FINISAR CORPORATION'S MOTION TO (1) DISMISS, (2) STRIKE, AND (3) ADJUDICATE U.S. BANK TRUST NATIONAL ASSOCIATION'S COUNTERCLAIMS**<br><br>Date: July 11, 2008<br>Time: 9:00 a.m.<br>Judge: The Hon. Jeremy Fogel<br>Location: Courtroom 3 |

U.S. BANK'S RESPONSE TO FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE & (3) ADJUDICATE COUNTERCLAIMS
CASE NO. C07-4052 JF (PVT)
sf-2534998

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................................ii

STATEMENT OF THE ISSUES ...........................................................................................................1

PRELIMINARY STATEMENT ............................................................................................................1

BACKGROUND ....................................................................................................................................2

ARGUMENT ..........................................................................................................................................4

I.    U.S. BANK'S COUNTERCLAIMS WERE TIMELY AND PROPER............................................4

    A.    California's Compulsory Cross-Claim Rule Does Not Apply to Finisar's Declaratory Judgment Actions. ..............................................................4

    B.    U.S. Bank Can Raise Counterclaims in Its Amended Answer Because Finisar's Amended Complaint Superseded Its Original Complaint and Expanded the Scope of the Action. ............................................5

        1.    Finisar's Amendment Under Rule 15 Replaces the Second Complaint and U.S. Bank Can Respond Anew. ......................................5

        2.    Finisar's Expansion of the Causes of Action in the Federal Action Through Its Amended Complaint Entitles U.S. Bank to Bring Its Counterclaims. ..................................................................6

    C.    U.S. Bank Could Not Bring the Claim for Fees and Expenses Earlier Than Its Counterclaim. ..................................................................6

II.    THE INDENTURES AUTHORIZE U.S. BANK TO PURSUE CLAIMS FOR BREACH OF THE INDENTURES. ...................................................................7

CONCLUSION .......................................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Colaprico v. Sun Microsys., Inc.*,
　758 F. Supp. 1335 (N.D. Cal. 1991) .................................................................................... 7

*Indus. Indem. Co. v. Mazon*,
　158 Cal. App. 3d 862 (1984) ................................................................................................ 4

*Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*,
　50 F.R.D. 415 (D. Del. 1970) ............................................................................................... 5

*King v. Atiyeh*,
　814 F.2d 565 (9th Cir. 1987) ................................................................................................ 5

*McGlinchy v. Shell Chem. Co.*,
　845 F.2d 802 (9th Cir. 1988) ................................................................................................ 7

*Moellers N. Am., Inc. v. MSK Covertech, Inc.*,
　912 F. Supp. 269 (W.D. Mich. 1995) ................................................................................... 5

*Refuse Fuels, Inc. v. Nat'l Union Fire Ins. Co.*,
　139 F.R.D. 576 (D. Mass. 1991) .......................................................................................... 5

*Russo v. Scrambler Motorcycles*,
　56 Cal. App. 3d 112 (1976) .................................................................................................. 4

*Smith v. Simmons*,
2008 WL 744709, No. 1:05-CV-01187-OWW-GSA
　(E.D. Cal. Mar. 18. 2008) ..................................................................................................... 7

*Stone v. Dep't of Aviation*,
　453 F.3d 1271 (10th Cir. 2006) ............................................................................................ 7

*Tralon Corp. v. Cedarapids, Inc.*,
　966 F. Supp. 812 (N.D. Iowa 1997) ..................................................................................... 6

*Young v. City of New Orleans*,
　751 F.2d 794 (5th Cir. 1985) ................................................................................................ 7

**STATUTES**

California Code of Civil Procedure
    § 426.30(a) .................................................................................................................... 4
    § 426.60 ..................................................................................................................... 4, 5
    § 1060 ............................................................................................................................ 4

Federal Rules of Civil Procedure
    Rule 12 ......................................................................................................................... 7
    Rule 12(b)(6) ................................................................................................................ 7
    Rule 12(c) ..................................................................................................................... 7
    Rule 13 ...................................................................................................................... 5, 7
    Rule 13(a) ..................................................................................................................... 7
    Rule 13(a)(1) ................................................................................................................ 6
    Rule 15 ...................................................................................................................... 1, 5
    Rule 15(a) ..................................................................................................................... 5
    Rule 15(a)(2) ................................................................................................................ 3


**OTHER AUTHORITIES**

6 C. Wright & A. Miller, Federal Practice and Procedure
    § 1411 ........................................................................................................................... 7

**STATEMENT OF THE ISSUES**

1. Is U.S. Bank barred from raising counterclaims in response to Finisar's Amended Complaint, (a) where the California Code of Civil Procedure provides that no counterclaims are compulsory in response to actions seeking only declaratory relief, (b) where the counterclaims were authorized both by Fed. R. Civ. P. 15 and the terms of U.S. Bank's consent to amendment, and (c) where the counterclaim for fees and expenses was not mature at the time of the original answers?

2. Do the Indentures authorize U.S. Bank to pursue a breach of contract claim on behalf of the Noteholders as a result of Finisar's failure to file its quarterly and annual reports in a timely manner with the SEC?

**PRELIMINARY STATEMENT**

Earlier this year, Finisar Corporation ("Finisar") sought and received U.S. Bank Trust National Association's ("U.S. Bank") consent to file its Amended Complaint, which expanded the scope of its existing claims and brought new claims for the first time challenging U.S. Bank's contractual right to reimbursement of its fees and expenses. In response (as permitted by all applicable procedural rules and the specific terms of its consent) U.S. Bank answered the Amended Complaint and counterclaimed for breach of contract due to Finisar's breach of the Indentures and for fees and expenses under the Indentures.

Despite having amended and broadened its own claims, Finisar now argues that U.S. Bank had no right to respond in kind. But no authority requires U.S. Bank to raise, or otherwise lose, counterclaims in its answers to Finisar's original state court complaints that sought only declaratory relief. Regardless, Finisar's decision to amend its complaint opened the door to new counterclaims that had never been raised before. Indeed, at least one counterclaim was not even mature at the time U.S. Bank first answered. Contrary to Finisar's suggestion, U.S. Bank is authorized and duty-bound to pursue the breach of contract claims, with the issue of damages to be resolved beyond the pleading stage. Finisar's motion to dismiss, to strike, and to adjudicate counterclaims should be denied.

## BACKGROUND

From October 2001 through October 2006, Finisar issued three series of debt securities in the form of subordinated notes (the "Notes") under three Indentures, in the aggregate principal amount of $250.25 million as of the date Finisar commenced this action. U.S. Bank acts as indenture trustee under the Indentures for the holders of the Notes (the "Noteholders"). As indenture trustee, U.S. Bank is contractually obligated under the Indentures to represent the Noteholders' common interests.

On December 8, 2006, Finisar announced that it would be late in filing its quarterly report for its second fiscal quarter, ending October 29, 2006 ("Q2 Form 10-Q"), and disclosed that it was investigating its stock-option granting practices. Finisar then failed to file in a timely manner (1) a quarterly report for its third fiscal quarter ended January 28, 2007 ("Q3 Form 1-Q"), (2) an annual report for its fiscal year ended April 30, 2007 ("Form 10-K"), and (3) a quarterly report for its first fiscal quarter ended July 29, 2007 ("1Q Form 10-Q", collectively with the Q2 Form 10-Q, Q3 Form 10-Q, and Form 10-K, the "SEC Filings"). Twelve months later, on December 4, 2007, Finisar filed its SEC Filings, which were between 3 and 12 months late. In the SEC Filings, Finisar alerted investors that they should not rely on any filings or other earnings statements made by Finisar before November 28, 2006.

On March 2, 2007, Finisar filed its first Complaint for Declaratory Relief in the Superior Court for the County of Santa Clara, California ("State Court"). Finisar's complaint contained one cause of action for declaratory relief against U.S. Bank, seeking a determination that it was not in default for its delay in filing its Q2 Form 10 Q. U.S. Bank filed its Answer on April 13, 2007, before removing the action to this Court. The action was later remanded to the State Court ("State Action").

After failing to file its Q3 Form 10-Q in a timely manner, Finisar filed its second Complaint for Declaratory Relief in the State Court on June 22, 2007. Again Finisar's complaint contained one cause of action for declaratory relief against U.S. Bank, this time seeking a broader determination that it was not in default for its delay in filing its Q3 Form 10-Q and any other

U.S. BANK'S RESPONSE TO FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE & (3) ADJUDICATE COUNTERCLAIMS
CASE NO. C07-4052 JF (PVT)
sf-2534998

2

filing with the SEC. U.S. Bank filed its Answer in the State Court on August 6, 2007, and removed the action to this Court ("Federal Action").

On July 2, 2007, and December 17, 2007, U.S. Bank remitted invoices to Finisar for payment of its fees and expenses relating to the Events of Default and related litigation commenced by Finisar. (Mot. Summ. Judg. at 7-8; Ex. 30 to Declaration of Diana L. Jacobs in Support of Mot. Summ. Judg. ("Jacobs Decl.").) Before the Events of Default, Finisar paid all of U.S. Bank's fees and expenses. (Jacobs Decl. ¶ 22.) To prevent an additional Event of Default as a result of any failure to pay, on February 20, 2008, Finisar paid U.S. Bank's fees and expenses through November 30, 2007 under "protest" and asserted that it was entitled to recover the amounts paid. (Am. Compl. ¶¶ 53, 55.)

In March 2008, Finisar sought U.S. Bank's consent to amend its complaint in the Federal Action to incorporate its additional cause of action for recovery of amounts paid to U.S. Bank. Initially, Finisar proposed that U.S. Bank disavow any right to bring counterclaims in its Consent. U.S. Bank refused, and Finisar ultimately agreed to the consent that U.S. Bank filed with the Court on March 19, 2008 ("Consent"), which provided:

> 1. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, [U.S. Bank] consents to the filing by Finisar of an Amended Complaint . . .; and
>
> 2. [U.S. Bank] shall respond to the Amended Complaint within thirty (30) days of the filing thereof.

Finisar filed the Amended Complaint on March 19, 2008 ("Amended Complaint"). The Amended Complaint substantially modifies Finisar's recitation of the facts. In the Amended Complaint, Finisar expands the scope of its original cause of action (which sought relief for Finisar's delay in filing the Q3 Form 10-Q and other SEC filings) by requesting a declaration that it was not in default for its delay in filing its Q2 Form 10-Q. (Before the amendment, Finisar's requested relief regarding the delay in filing the Q2 Form 10-Q was only raised in the State Action.) Finally, Finisar asserts a new cause of action to recover the amounts paid to U.S. Bank for fees and expenses.

Pursuant to the Consent, U.S. Bank answered and counterclaimed on April 18, 2008 ("Amended Answer"). U.S. Bank asserted two counterclaims: (1) for breach of contract due to

U.S. BANK'S RESPONSE TO FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE & (3) ADJUDICATE COUNTERCLAIMS  
CASE NO. C07-4052 JF (PVT)  
sf-2534998

3

Finisar's failure to file the required documents with the SEC and U.S. Bank, and (2) for the fees and expenses incurred by U.S. Bank in acting as indenture trustee under the Indentures. (Counterclaims ¶¶ 23-31.)

Finisar now argues that U.S. Bank lost its right to counterclaim, and that the counterclaims do not state a claim. Finisar is wrong on both counts, for the reasons that follow.

## ARGUMENT

### I. U.S. BANK'S COUNTERCLAIMS WERE TIMELY AND PROPER.

#### A. California's Compulsory Cross-Claim Rule Does Not Apply to Finisar's Declaratory Judgment Actions.

No rule requires U.S. Bank to assert, or otherwise lose, counterclaims in response to Finisar's original complaints seeking only declaratory relief. Because each of Finisar's original complaints filed in the State Court sought only declaratory relief pursuant to California Code of Civil Procedure section 1060, no counterclaim was compulsory. (First Compl. ¶ 31; Second Compl. ¶ 36.)

Finisar cites California Code of Civil Procedure section 426.30(a) for the proposition that counterclaims not raised at the outset are waived. But California Code of Civil Procedure section 426.60 provides that counterclaims that are not raised are not waived "where the only relief sought is a declaration of the rights and duties of the respective parties in an action for declaratory relief under Chapter 8 (commencing with Section 1060) . . . ." Cal. Code Civ. P. § 426.60(c); *see also Indus. Indem. Co. v. Mazon*, 158 Cal. App. 3d 862, 866 (1984) (denying motion to dismiss counterclaims and holding that section 426.30 does not apply where plaintiff sought only declaratory relief); *Russo v. Scrambler Motorcycles*, 56 Cal. App. 3d 112, 117 (1976) (same).

In short, where the plaintiff seeks only declaratory relief, no counterclaim is compulsory under California rules. Because both original complaints sought only declaratory relief, Section 426.30 did not require U.S. Bank to raise its counterclaims at risk of otherwise losing them. For this independent reason, Finisar's motion to dismiss fails.

### B. U.S. Bank Can Raise Counterclaims in Its Amended Answer Because Finisar's Amended Complaint Superseded Its Original Complaint and Expanded the Scope of the Action.

#### 1. Finisar's Amendment Under Rule 15 Replaces the Second Complaint and U.S. Bank Can Respond Anew.

Even if California Code of Civil Procedure Section 426.60 did not give U.S. Bank the right to hold its counterclaims when responding to a complaint for declaratory relief, U.S. Bank would have the right the assert its counterclaims in response to the Amended Complaint. The Amended Complaint superseded the original complaint in the Federal Action and receives *nunc pro tunc* treatment from June 22, 2007. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (rejecting contention that amended complaint did not supersede the original complaint). Accordingly, U.S. Bank was entitled to respond anew, including bringing counterclaims for the first time. "Since the amending pleader chooses to redo his original work, and receives the benefit of this *nunc pro tunc* treatment, he can hardly be heard to complain that claims filed against him are improper because they should have been asserted in response to his original pleading." *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D. Del. 1970) (permitting plaintiff's counterclaims to defendant's amended answer with counterclaims).

Where Finisar undertook to re-do its pleadings, U.S. Bank was free to respond in kind. *Refuse Fuels, Inc. v. Nat'l Union Fire Ins. Co.*, 139 F.R.D. 576, 578 (D. Mass. 1991) ("If plaintiffs' motion for leave to amend . . . was made pursuant to Rule 15(a) . . . the defendants did not need leave to serve new counterclaims and to assert new defenses"). "Rule 15(a) of the Federal Rules of Civil Procedure allows a party to plead in response to an amended complaint in accordance with the deadlines imposed by the court and Rule 13 refers to both compulsory and permissive counterclaims as pleadings." *Moellers N. Am., Inc. v. MSK Covertech, Inc.*, 912 F. Supp. 269, 272-73 (W.D. Mich. 1995) (counterclaims included in response directed by the court were authorized by the Federal Rules of Civil Procedure). Indeed, here the Consent agreed to by Finisar and filed by U.S. Bank expressly stated that U.S. Bank would "respond" within 30 days—without in any way limiting the content, nature, or format of the response. *Id.*

U.S. BANK'S RESPONSE TO FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE & (3) ADJUDICATE COUNTERCLAIMS  
CASE NO. C07-4052 JF (PVT)  
sf-2534998

5

      **2.**     **Finisar's Expansion of the Causes of Action in the Federal Action Through Its Amended Complaint Entitles U.S. Bank to Bring Its Counterclaims.**

As the courts and Federal Rules recognize, Finisar cannot expand the scope of the Federal Action through its Amended Complaint, yet refuse to allow U.S. Bank to include counterclaims in its response. In the Amended Complaint, Finisar seeks relief for all of its late filings when it asserts that it is "entitled to a judicial declaration . . . that it did not default under Section 4.02 of the Indentures by reason of any delay in making its SEC Filings." This includes its Q2 Form 10-Q, Q3 Form 10-Q, and Form 10-K. (Am. Compl. at ¶ 62; see also Am. Compl. at ¶ 34.) The original complaint, however, was limited to its delay in filing its Q3 Form 10-Q and other filings with the SEC.[1] (Second Compl. ¶ 36.)

Realizing that the State Action has been all but suspended pending determination by this Court, Finisar used the opportunity to amend its complaint in the Federal Court to merge both actions. The Amended Complaint specifically incorporates the cause of action arising out of the first Event of Default—Finisar's failure to file the Q2 Form 10-Q—which previously had been addressed only in the complaint still pending in State Court. Particularly where Finisar expanded this action to encompass the first late SEC filing, Finisar cannot bar U.S. Bank from adding counterclaims that address the same occurrence. *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997) (new counterclaims permitted without leave of court when amended complaint expanded scope of plaintiff's claims).

   **C.**     **U.S. Bank Could Not Bring the Claim for Fees and Expenses Earlier Than Its Counterclaim.**

Even if the state and federal statutes, rules, and holdings described above somehow were disregarded, U.S. Bank's counterclaim for fees and expenses was timely. This counterclaim was not compulsory when U.S. Bank answered the original complaints because it was not yet mature. Rule 13(a)(1) states, in part, that "[a] pleading must state as a counterclaim any claim that—*at the*

---

[1] An interpretation that these "other filings" might include the Q2 Form 10-Q is illogical because it would render the State Action duplicative.

*time of its service—* the pleader has against an opposing party . . . ." Fed. R. Civ. P. 13 (emphasis supplied). "A counterclaim that has not matured at the time the pleader serves his pleading is not compulsory, even if it arises out of the same transaction as does the plaintiff's claim." *Young v. City of New Orleans*, 751 F.2d 794, 801 (5th Cir. 1985) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1411 at 55 (1971)); *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1276 (10th Cir. 2006) (noting that under Colorado law, which is almost identical to Rule 13(a), claim acquired after answer was filed is not a compulsory counterclaim, even if it arises out of the same transaction).

Although Finisar's contractual obligations under the Indentures to reimburse U.S. Bank existed when Finisar served its complaints in March and June of 2007, U.S. Bank's claims did not arise at that time. U.S. Bank issued its invoices for fees and expenses later in July and again in December of 2007. When U.S. Bank answered, Finisar had not yet triggered or threatened an Event of Default with respect to its obligation to pay the invoices. On February 20, 2008, by paying the outstanding invoices through November 30, 2007, Finisar avoided an Event of Default and potentially obviated the need for any counterclaim. But in protesting any future payments, and seeking return of amounts paid in its Amended Complaint, Finisar created an actual controversy giving rise to U.S. Bank's counterclaim.

## II.  THE INDENTURES AUTHORIZE U.S. BANK TO PURSUE CLAIMS FOR BREACH OF THE INDENTURES.

Finisar willfully mischaracterizes U.S. Bank's counterclaim in its motion, which is inappropriate under Fed R. Civ. P. Rule 12. The scope and application of Rule 12 are quite limited and do not apply in this situation.[2] U.S. Bank properly states a claim for relief in the first count of its counterclaim.

---

[2] *See, e.g., Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation"); *Smith v. Simmons*, 2008 WL 744709, No. 1:05-CV-01187-OWW-GSA, at *4 (E.D. Cal. Mar. 18. 2008) ("motions to dismiss under Fed. R. Civ. P. 12(b)(6) are disfavored and rarely granted." (citation omitted)); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("A dismissal on the pleadings [under Rule 12(c)] for failure to state a claim is proper only if 'the movant clearly establishes that no material
(Footnote continues on next page.)

1    Finisar's misguided argument based on the fact that U.S. Bank's first counterclaim
2 demands "unspecified damages" is a red herring.  In fact, U.S. Bank's first counterclaim properly
3 requests a judicial determination that Finisar breached the SEC reporting covenants of the
4 Indentures and that the related Events of Default are continuing.  (Counterclaims ¶¶ 25-26.)  U.S.
5 Bank seeks this judicial determination of Finisar's continuing default in Count I of the
6 Counterclaim because it is seeking to establish the basis for remedies under the Indentures.  U.S.
7 Bank is fully authorized under the Indentures to act on behalf of the Noteholders, including acting
8 to accelerate notes, to collect principal and interest, and to collect its costs and fees, which it
9 seeks in Count I.  (Indentures §§ 6.02, 6.03, 7.06.)  Finisar's argument that principal and interest
10 are not due now overlooks the fact that an acceleration can be declared if the Court finds there is a
11 continuing default, as U.S. Bank requests in Count I.  This is precisely why U.S. Bank asserted
12 this count in the Counterclaim.

13   U.S. Bank is not seeking in Count I to enforce claims for any damages that are unique to
14 an individual Noteholder (e.g., any loss in value of their investment during the period Finisar
15 failed to file its SEC Filings).  A determination of Finisar's default under Count I, however, is
16 necessary to determine how Noteholders may proceed if they were uniquely damaged.  U.S. Bank
17 is not taking this individual action in Count I.

18   Because U.S. Bank has plainly stated a claim for breach of the Indentures, Finisar's
19 motion to dismiss, strike, or adjudicate U.S. Bank's first counterclaim should be denied.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

(Footnote continued from previous page.)

issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" (quotation omitted)).

# CONCLUSION

For all of the foregoing reasons, Finisar's motion to dismiss, strike or adjudicate U.S. Bank's counterclaims should be denied.

Dated: June 20, 2008

Michael B. Fisco (MN No. 175341)
Edward T. Wahl (MN No. 15409X)
Abby E. Wilkinson (MN No. 0313981)
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402-3901
Telephone: 612.766.7000
Facsimile: 612.766.1600

D. ANTHONY RODRIGUEZ
EVI K. SCHUELLER
MORRISON & FOERSTER LLP

By:  /s/ D. Anthony Rodriguez
     D. Anthony Rodriguez

Attorneys for Defendant

U.S. BANK'S RESPONSE TO FINISAR'S MOTION TO (1) DISMISS, (2) STRIKE & (3) ADJUDICATE COUNTERCLAIMS
CASE NO. C07-4052 JF (PVT)
sf-2534998

9