D. ANTHONY RODRIGUEZ (CA SBN 162587)
EVA K. SCHUELLER (CA SBN 237886)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: DRodriguez@mofo.com
Email: ESchueller@mofo.com

MICHAEL B. FISCO (MN No. 175341)
ABBY E. WILKINSON (MN No. 0313981)
(*Pro hac applications granted*)
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota  55402-3901
Telephone: 612.766.7000
Facsimile: 612.766.1600
Email: mfisco@faegre.com
Email: awilkinson@faegre.com

Attorneys for Defendant U.S. Bank Trust National Association,
in its capacity as Indenture Trustee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity, but solely in its capacity as Indenture Trustee on behalf of all Holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.   C 07-4052 JF (PVT)<br><br>**DEFENDANT AND COUNTERCLAIM PLAINTIFF U.S. BANK TRUST NATIONAL ASSOCIATION'S AMENDED ANSWER TO FINISAR CORPORATION'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>Complaint Filed:   June 22, 2007<br>Trial Date:            Not Set |

**AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

Defendant and counterclaim plaintiff U.S. Bank Trust National Association, a national banking association, not in its individual capacity but solely in its capacity as indenture trustee (the "<u>Trustee</u>" or "<u>U.S. Bank</u>") for its answer to the First Amended Complaint ("Amended Complaint") of plaintiff Finisar Corporation ("<u>Finisar</u>" or the "<u>Issuer</u>"), states as follows:

Except as expressly admitted or qualified hereafter, the Trustee denies each and every allegation of the Amended Complaint.

## I.   INTRODUCTION

1.   Lacks information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

2.   Answering paragraph 2 of the Amended Complaint, admits that as of April 18, 2008, Finisar is current on all payments due on the Subordinated Notes.

3.   Answering the first sentence of paragraph 3 of the Amended Complaint, denies Finisar's characterization of the Trustee's legal position, and instead respectfully refers the Court to the Trustee's filings in this action for a complete and accurate statement of the Trustee's legal position.  Answering the second sentence of paragraph 3 of the Amended Complaint, denies Finisar's characterization of the three federal court decisions referred to therein, and instead respectfully refers the Court to those decisions for a complete and accurate statement of their contents.  Denies the allegations in the last sentence of paragraph 3.

4.   Denies the allegations in the first sentence of paragraph 4, except admits that Finisar failed to file timely with the SEC its: (1) quarterly report for its second fiscal quarter ended October 29, 2006; (2) its quarterly report for its third fiscal quarter ended January 28, 2007; (3) its annual report for its fiscal year ended April 30, 2007; and (4) its quarterly report for its first fiscal quarter ended July 29, 2007.  Lacks information sufficient to form a belief as to the truth of paragraph 4 of the Amended Complaint, and respectfully refers the Court to the "various Forms 8-K and 12b-25" referred to therein for a complete and accurate statement of their contents.

5.   Answering paragraph 5 of the Amended Complaint, admits that on December 4, 2007, Finisar filed with the SEC and provided the Trustee with copies of (1) its quarterly report

for its second fiscal quarter ended October 29, 2006; (2) its quarterly report for its third fiscal quarter ended January 28, 2007; (3) its annual report for its fiscal year ended April 30, 2007; and (4) its quarterly report for its first fiscal quarter ended July 29, 2007.

6. Denies the allegations in the first sentence of paragraph 6 of the Amended Complaint. Answering the allegations in the second sentence of paragraph 6, denies that the "additional financial information" offered satisfied Finisar's obligations under the Indentures, and alleges that Finisar imposed unreasonable and burdensome conditions on its production.

7. Lacks information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint, except admits that Finisar has not been delisted.

8. Answering the first sentence of paragraph 8 of the Amended Complaint, denies Finisar's characterization of the Trustee's Notice of Default, and instead respectfully refers the Court to those Notices of Default for a complete and accurate statement of their contents. Answering the second sentence of paragraph 8 of the Amended Complaint, denies Finisar's characterization of the Trustee's legal position, and instead respectfully refers the Court to the Trustee's filings in this action for a complete and accurate statement of the Trustee's legal position.

9. The allegations in Paragraph 9 of the Amended Complaint describe the relief that Finisar seeks by this Action, and therefore no response is required. To the extent a response is required, the Trustee denies that Finisar is entitled to any of the relief sought.

## II.    PARTIES

10. Lacks information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint.

11. Admits the allegations in paragraph 11 of the Amended Complaint.

12. Lacks information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint.

13. Lacks information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint.

DEFENDANT & COUNTERCLAIM PLTFF. U.S. BANK'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS
CASE NO. C 07-04052 JF (PVT)
sf-2538255

2

### III. JURISDICTION AND VENUE

14. Admits the allegations in paragraph 14 of the Amended Complaint.

15. Answering paragraph 15 of the Amended Complaint, denies Finisar's characterization of the Trustee's legal position on removal, and instead respectfully refers the Court to the Trustee's Notice of Removal and related filings for a complete and accurate statement of the Trustee's legal position.

16. Answering paragraph 16 of the Amended Complaint, admits that Finisar moved to remand and lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. Answering paragraph 17 of the Amended Complaint, denies Finisar's characterization of the Court's December 7, 2007, Order, and instead respectfully refers the Court to that Order for a complete and accurate statement of its contents.

18. The allegations in Paragraph 18 of the Amended Complaint consist of legal conclusions to which no response is required.

19. The allegations in Paragraph 19 of the Amended Complaint consist of legal conclusions to which no response is required.

20. The allegations in Paragraph 20 of the Amended Complaint consist of legal conclusions to which no response is required.

### IV. FACTUAL ALLEGATIONS

21. Admits the allegations in paragraph 21 of the Amended Complaint.

22. Admits the allegations in paragraph 22 of the Amended Complaint.

23. Admits the allegations in paragraph 23 of the Amended Complaint.

24. Admits the allegations in paragraph 24 of the Amended Complaint.

25. Answering paragraph 25 of the Amended Complaint, denies Finisar's characterization of Section 4.02 of the Indentures, and instead respectfully refers the Court to the Indentures for a complete and accurate statement of their contents.

26. Answering paragraph 26 of the Amended Complaint, denies Finisar's characterization of the Trustee's Notices of Default dated January 4, 2007, and instead

DEFENDANT & COUNTERCLAIM PLTFF. U.S. BANK'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS
CASE NO. C 07-04052 JF (PVT)
sf-2538255

3

respectfully refers the Court to those Notices of Default for a complete and accurate statement of their contents.

27. Answering paragraph 27 of the Amended Complaint, admits that true and correct copies of the Trustee's Notices of Default dated January 4, 2007, are attached to the Amended Complaint as Exhibit D.

28. Answering paragraph 28 of the Amended Complaint, denies Finisar's characterization of the Trustee's Notices of Default dated April 23, 2007, and instead respectfully refers the Court to those Notices of Default for a complete and accurate statement of their contents.

29. Answering paragraph 29 of the Amended Complaint, admits that true and correct copies of the Trustee's Notices of Default dated April 23, 2007, are attached to the Amended Complaint as Exhibit E.

30. Answering paragraph 30 of the Amended Complaint, denies Finisar's characterization of the Trustee's Notices of Default dated July 16, 2007, and instead respectfully refers the Court to those Notices of Default for a complete and accurate statement of their contents.

31. Answering paragraph 31 of the Amended Complaint, admits that true and correct copies of the Trustee's Notices of Default dated April 23, 2007, are attached to the Amended Complaint as Exhibit F.

32. Admits the allegations in paragraph 32 of the Amended Complaint.

33. Answering paragraph 33 of the Amended Complaint, admits that on December 4, 2007, Finisar provided the Trustee with copies of (1) its quarterly report for its second fiscal quarter ended October 29, 2006; (2) its quarterly report for its third fiscal quarter ended January 28, 2007; (3) its annual report for its fiscal year ended April 30, 2007; and (4) its quarterly report for its first fiscal quarter ended July 29, 2007.

34. Denies the allegations in paragraph 34 of the Amended Complaint.

35. Lacks information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint.

DEFENDANT & COUNTERCLAIM PLTFF. U.S. BANK'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS
CASE NO. C 07-04052 JF (PVT)
sf-2538255

4

1  36.  Admits the allegations in paragraph 36 of the Amended Complaint.

2  37.  Answering paragraph 37 of the Amended Complaint, denies Finisar's characterization of Section 6.02 of the Indentures, and instead respectfully refers the Court to the Indentures for a complete and accurate statement of their contents.

5  38.  Answering paragraph 38 of the Amended Complaint, denies Finisar's characterization of Section 6.03 of the Indentures, and instead respectfully refers the Court to the Indentures for a complete and accurate statement of their contents.

8  39.  Denies the allegations in paragraph 39 of the Amended Complaint.

9  40.  Admits the allegations in paragraph 40 of the Amended Complaint.

10  41.  Denies the allegations in paragraph 41 of the Amended Complaint.

11  42.  Denies the allegations in paragraph 42 of the Amended Complaint.

12  43.  Admits the allegations in paragraph 43 of the Amended Complaint.

13  44.  Denies the allegations in paragraph 44 of the Amended Complaint.

14  45.  Denies the allegations in paragraph 45 of the Amended Complaint.

15  46.  Answering paragraph 46 of the Amended Complaint, denies Finisar's characterization of Section 7.06 of the Indentures, and instead respectfully refers the Court to the Indentures for a complete and accurate statement of their contents.

18  47.  Answering paragraph 47 of the Amended Complaint, denies Finisar's characterization of the Trustee's Notice of Default dated January 2, 2008, and instead respectfully refers the Court to this Notice of Default for a complete and accurate statement of its contents.

21  48.  Answering paragraph 48 of the Amended Complaint, denies Finisar's characterization of the Trustee's Notice of Default dated January 2, 2008, and instead respectfully refers the Court to this Notice of Default for a complete and accurate statement of its contents.

24  49.  Answering paragraph 49 of the Amended Complaint, admits that a true and correct copy of the Trustee's Notice of Default dated January 2, 2008, is attached to the Amended Complaint as Exhibit G.

27  50.  Denies the allegations in paragraph 50 of the Amended Complaint.

28  51.  Denies the allegations in paragraph 51 of the Amended Complaint.

52. Denies the allegations in paragraph 52 of the Amended Complaint.

53. Answering paragraph 53 of the Amended Complaint, admits that Finisar wired to the Trustee on February 20, 2008, the amount of $317,817.58, lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and respectfully refers the Court to Finisar's February 20, 2008, letter to the Trustee for a complete and accurate statement of its contents.

54. Denies the allegations in paragraph 54 of the Amended Complaint.

55. Denies the allegations in paragraph 55 of the Amended Complaint.

## V.   CLAIMS FOR RELIEF

### First Claim for Relief

56. The Trustee restates its responses to paragraphs 1 through 55 above as if fully set forth herein.

57. Answering paragraph 57 of the Amended Complaint, denies Finisar's characterization of the Trustee's legal position, and instead respectfully refers the Court to the Trustee's filings in this action for a complete and accurate statement of the Trustee's legal position.

58. Denies the allegations in paragraph 58 of the Amended Complaint.

59. Answering paragraph 59 of the Amended Complaint, admits that on December 4, 2007, Finisar provided the Trustee with copies of (1) its quarterly report for its second fiscal quarter ended October 29, 2006; (2) its quarterly report for its third fiscal quarter ended January 28, 2007; (3) its annual report for its fiscal year ended April 30, 2007; and (4) its quarterly report for its first fiscal quarter ended July 29, 2007.

60. Denies the allegations in paragraph 60 of the Amended Complaint.

61. The allegations in Paragraph 61 of the Amended Complaint consist of legal conclusions to which no response is required.

62. Denies the allegations in paragraph 62 of the Amended Complaint.

/ / /

/ / /

DEFENDANT & COUNTERCLAIM PLTFF. U.S. BANK'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS
CASE NO. C 07-04052 JF (PVT)
sf-2538255

6

**Second Claim for Relief**

63. The Trustee restates its responses to paragraphs 1 through 62 above as if fully set forth herein.

64. Denies the allegations in paragraph 64 of the Amended Complaint.

65. Answering paragraph 65 of the Amended Complaint, denies Finisar's characterization of the Trustee's legal position, and instead respectfully refers the Court to the Trustee's filings in this action for a complete and accurate statement of the Trustee's legal position.

66. Denies the allegations in paragraph 66 of the Amended Complaint.

67. The allegations in Paragraph 67 of the Amended Complaint consist of legal conclusions to which no response is required.

68. Denies the allegations in paragraph 68 of the Amended Complaint.

**Third Claim for Relief**

69. The Trustee restates its responses to paragraphs 1 through 68 above as if fully set forth herein.

70. Answering paragraph 70 of the Amended Complaint, admits that Finisar wired to the Trustee on February 20, 2008, the amount of $317,817.58, lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and respectfully refers the Court to Finisar's February 20, 2008, letter to the Trustee for a complete and accurate statement of its contents.

71. Denies the allegations in paragraph 71 of the Amended Complaint.

72. Denies the allegations in paragraph 72 of the Amended Complaint.

**VI.    PRAYER FOR RELIEF**

73. The remainder of the Amended Complaint sets forth Finisar's prayer for relief, to which no response is required. To the extent a response is required, the Trustee denies that Finisar is entitled to any of the relief requested.

///

///

DEFENDANT & COUNTERCLAIM PLTFF. U.S. BANK'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS
CASE NO. C 07-04052 JF (PVT)
sf-2538255

7

# DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Finisar's request for equitable relief is barred by the doctrine of unclean hands.

3. Finisar is in breach of the Indentures.

4. Finisar failed to mitigate its damages, if any.

5. Some or all of Finisar's claims are barred by the doctrines of waiver or estoppel.

6. Any damages that Finisar purports to have sustained, which damages the Trustee specifically denies, were proximately caused in whole or in part by the acts, omissions, or fault of Finisar.

# THE TRUSTEE'S COUNTERCLAIMS

The Trustee incorporates and realleges its responses to the Amended Complaint as though fully set forth herein.

# INTRODUCTION AND PARTIES

1. Counterclaim defendant Finisar is a technology company based in Santa Clara County, California.

2. Beginning in October 2001 through October 2006, Finisar issued the following three series of debt securities: (a) 5¼% Convertible Subordinated Notes due 2008 under that certain Indenture dated as of October 15, 2001 ("2001 Indenture"), in the original principal amount of $125,000,000; (b) 2½% Convertible Subordinated Notes due 2010 under that certain Indenture dated as of October 15, 2003 ("2003 Indenture"), in the original principal amount of $150,000,000; and (c) 2½% Convertible Senior Subordinated Notes due 2010 under that certain Indenture dated as of October 12, 2006 ("2006 Indenture," together with the 2001 Indenture and 2003 Indenture, the "Indentures"), in the original principal amount of $100,000,000.

3. Counterclaim plaintiff U.S. Bank is a national banking association whose main office is located in Wilmington, Delaware. U.S. Bank acts as indenture trustee under the Indentures for holders of the subordinated notes (collectively, the "Subordinated Notes").

4. As of the date Finisar commenced this action, the aggregate principal amount outstanding under the 5¼% Convertible Subordinated Notes was $100,250,000, the 2½%

DEFENDANT & COUNTERCLAIM PLTFF. U.S. BANK'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS
CASE NO. C 07-04052 JF (PVT)
sf-2538255

8

1  Convertible Subordinated Notes was $50,000,000, and the 2½% Convertible Senior Subordinated
2  Notes was $100,000,000. Finisar also must pay semiannual interest on the Subordinated Notes
3  on April 15 and October 15.

## JURISDICTION AND VENUE

5       5.     This Court has subject matter jurisdiction over the Trustee's counterclaims
6  pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367(a) (supplemental jurisdiction).
7  Jurisdiction over the Trustee's breach of contract counterclaim is present for the same reasons as
8  set forth in the Trustee's Notice of Removal dated August 7, 2007, and this Court may properly
9  exercise supplemental jurisdiction over the Trustee's counterclaim for fees and expenses.

10       6.     Finisar is subject to this Court's personal jurisdiction because it is a resident of this
11  District.

12       7.     This action is properly venued in the Northern District of California pursuant to 28
13  U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

**A.    Finisar's Filing Requirements Under the Indentures.**

16       8.     Section 4.02 of the Indentures requires Finisar to timely file with the Securities
17  and Exchange Commission ("SEC"), and to provide copies of such reports to U.S. Bank within
18  15 days of filing, certain annual and quarterly reports and other information set forth in
19  Sections 13 and 15(d) of the Securities Exchange Act of 1934 ("Exchange Act").

20       9.     Section 4.02 of the Indentures also requires Finisar to comply with the provisions
21  of Section 314(a) of the Trust Indenture Act of 1939 ("TIA"), which incorporates Sections 13 and
22  15(d) of the Exchange Act and the rules and regulations promulgated thereunder.

23       10.    Section 4.02 of the Indentures provides:

> The Company shall file with the Trustee, within 15 days after it files
> such annual and quarterly reports, information, documents and other
> reports with the [Commission/SEC], copies of its annual report and of
> the information, documents and other reports (or copies of such
> portions of any of the foregoing as the [Commission/SEC] may by
> rules and regulations prescribe) which the Company is required to file
> with the Commission pursuant to Section 13 or 15(d) of the Exchange
> Act. If at any time the Company is not subject to Section 13 or 15(d)
> of the Exchange Act, such reports shall be provided at the times the

DEFENDANT & COUNTERCLAIM PLTFF. U.S. BANK'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS
CASE NO. C 07-04052 JF (PVT)
sf-2538255

9

Company would have been required to provide reports had it continued to [be/have been] subject to such reporting requirements. The Company also shall comply with the other provisions of TIA Section 314(a).

**B.    Finisar's Late-Filed Quarterly and Annual Reports.**

11.    Finisar is a publicly-held company whose shares trade on NASDAQ. As a result, Finisar is obligated to file quarterly and annual reports with the SEC on Forms 10-Q and 10-K, respectively.

12.    On December 8, 2006, Finisar filed a Form 12b-25 (a "Notification of Late Filing") with the SEC, stating that it would be unable to timely file a quarterly report for its second fiscal quarter ended October 29, 2006, until it completed an investigation of stock option grants made by it following Finisar's initial public offering on November 11, 1999.

13.    Finisar subsequently failed to timely file (1) a quarterly report for its third fiscal quarter ended January 28, 2007, (2) an annual report for its fiscal year ended April 30, 2007, and (3) a quarterly report for its first fiscal quarter ended July 29, 2007. For each subsequent failure to timely file, Finisar filed a Notification of Late Filing with the SEC.

14.    Finisar's failure to timely file reports with the SEC, and to provide copies of those reports to the Trustee, constitutes a default under Section 4.02 of the Indentures.

**C.    The Events of Default and Ensuing Actions.**

15.    On or about January 4, 2007, the Trustee sent to Finisar three "Notices of Default," one under each Indenture, as a result of Finisar's failure to file its second quarterly report. Each default ripened into an "Event of Default" under each Indenture on March 5, 2007, pursuant to Section 6.01(4) of the Indentures, which provides that an "Event of Default" occurs if "the Company fails to perform or observe any other term, covenant or agreement contained in the Notes or this Indenture for a period of 60 days after receipt by the Company of a Notice of Default (as defined in Section 6.01)."

16.    Shortly after receiving the Notices of Default dated January 4, 2007, Finisar commenced an action against U.S. Bank in the Superior Court for the County of Santa Clara, California (the "State Court") on March 2, 2007 ("the First Declaratory Judgment Action"). In

DEFENDANT & COUNTERCLAIM PLTFF. U.S. BANK'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS
CASE NO. C 07-04052 JF (PVT)
sf-2538255

10

the First Declaratory Judgment Action, Finisar asserts that its failure to file quarterly and annual reports with the SEC does not result in a default under Section 4.02 of the Indentures or, alternatively, that enforcement of remedies under the Indentures as a result of its failure to file reports with the SEC would be inequitable  The First Declaratory Judgment Action remains pending in the State Court.

17.     After Finisar commenced the First Declaratory Judgment Action, U.S. Bank sent three additional Notices of Default to Finisar, each dated April 23, 2007, as a result of the company's failure to file its quarterly report for its third fiscal quarter ended January 28, 2007. Each default ripened into an Event of Default under each Indenture on June 23, 2007.

18.     Shortly after receiving the Notices of Default, Finisar commenced this action in the Superior Court for the County of Santa Clara, California on June 22, 2007 (the "Second Declaratory Judgment Action").  The Trustee removed the Second Declaratory Judgment Action to this Court on August 7, 2007.  On December 7, 2007, this Court denied Finisar's motion to remand and determined that Finisar's duty to provide documents to the indenture trustee arises under federal statutes and that Section 4.02 of the Indentures is a mechanism to enforce the provisions of the TIA and the Exchange Act.

19.     On or about July 16, 2007, the Trustee sent three additional Notices of Default to Finisar for its failure to file a Form 10-K for its fiscal year ended April 30, 2007, resulting in an additional Event of Default under the Indentures.

20.     On December 4, 2007, more than one year after it had filed its last Form 10-Q, Finisar filed its previously delayed quarterly and annual reports.  Finisar informed investors in all four filings made by it on December 4, 2007, that they should not rely on filings made by Finisar before November 28, 2006.

**D.     The Indenture Trustee's Fees and Expenses.**

21.     Twice in 2007, U.S. Bank remitted invoices to Finisar for payment of its fees and expenses. Finisar's counsel subsequently requested additional copies of those same invoices, which were provided on December 17 and 19, 2007.  Finisar's counsel then requested additional information from U.S. Bank regarding the invoices submitted by it, which U.S. Bank provided.

DEFENDANT & COUNTERCLAIM PLTFF. U.S. BANK'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS
CASE NO. C 07-04052 JF (PVT)
sf-2538255

11

U.S. Bank subsequently provided copies of the indenture trustee's fee schedules, which were previously given by U.S. Bank to Finisar upon issuance of the Subordinated Notes in 2001, 2003, and 2006.

22.  Despite covenanting and agreeing to pay the indenture trustee's fees and expenses under Section 7.06 of the Indentures, Finisar refused to pay U.S. Bank.  Accordingly, on January 2, 2008, U.S. Bank sent a Notice of Default to Finisar in accordance with Section 6.01 of the Indentures.  That default would have ripened into an additional Event of Default under each Indenture within sixty days of the Notice of Default (on March 2, 2008).  To forestall the occurrence of another Event of Default, Finisar paid U.S. Bank's fees and expenses through November 30, 2007 on February 20, 2008, in the amount of $317,817.58.  Finisar paid the indenture trustee's fees and expenses under protest and asserts that it is entitled to the return of those monies.

## COUNT I – DECLARATORY JUDGMENT
## (BREACH OF CONTRACT)

23.  The Trustee restates and realleges the foregoing allegations.

24.  Finisar executed each Indenture as a legally binding contract.

25.  Finisar's failures to file timely with the SEC and the Trustee the following quarterly and annual reports constitute ongoing and continuing Events of Default under the Indentures:  (1) its quarterly report for its second fiscal quarter ended October 29, 2006; (2) its quarterly report for its third fiscal quarter ended January 28, 2007; and (3) its annual report for its fiscal year ended April 30, 2007.

26.  Finisar's failure to file timely with the SEC and the Trustee its quarterly report for its first fiscal quarter ended July 29, 2007, constitutes an ongoing and continuing default under the Indentures.

27.  The Court should declare that Finisar's failures to file its financial statements in a timely manner constitute ongoing and continuing Events of Default under Section 4.02 of the Indentures and such Events of Default have not been cured or waived.

DEFENDANT & COUNTERCLAIM PLTFF. U.S. BANK'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS
CASE NO. C 07-04052 JF (PVT)
sf-2538255

12

## COUNT II – FEES AND EXPENSES

28. The Trustee restates and realleges the foregoing allegations.

29. Section 7.06 of the Indentures obligates the Issuer to pay all reasonable fees and expenses of U.S. Bank in acting as trustee, including fees and expenses of the Trustee's agents and counsel.

30. The Trustee has and will continue to incur fees and expenses as a result of the Events of Default under the Indentures, including, but not limited to, fees and expenses relating to the First Declaratory Judgment Action and the Second Declaratory Judgment Action.

31. Finisar should be ordered to pay all fees and expenses incurred by U.S. Bank in acting as indenture trustee under the Indentures, including, but not limited to, fees and expenses relating to the First Declaratory Judgment Action and the Second Declaratory Judgment Action.

## PRAYER FOR RELIEF

**BY REASON OF THE FOREGOING, THE TRUSTEE REQUESTS THAT THIS COURT ENTER AN ORDER FOR JUDGMENT AS FOLLOWS:**

a. denying Finisar's claims for declaratory relief;

b. declaring that Finisar's failures to file its financial statements in a timely manner constitute ongoing and continuing Events of Default under Section 4.02 of the Indentures and such Events of Default have not been cured or waived;

c. declaring that U.S. Bank may accelerate the Subordinated Notes as a result of the Events of Default;

d. declaring that Finisar is obligated to pay U.S. Bank's fee and expenses in accordance with the terms of the Indentures;

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT & COUNTERCLAIM PLTFF. U.S. BANK'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT & COUNTERCLAIMS
CASE NO. C 07-04052 JF (PVT)
sf-2538255

13

  f.  obligating Finisar to immediately pay the fees and expenses of U.S. Bank; and

  g.  granting such other and further relief as is just and proper.

Dated:  June 27, 2008        MICHAEL B. FISCO
                 ABBY E. WILKINSON
                 FAEGRE & BENSON LLP

                 D. ANTHONY RODRIGUEZ
                 EVA K. SCHUELLER
                 MORRISON & FOERSTER LLP

By:  // s //
   Michael B. Fisco

Attorneys for Defendant
U.S. Bank Trust National Association,
in its capacity as Indenture Trustee

I, D. Anthony Rodriguez, am the ECF User whose ID and password are being used to file this Defendant and Counterclaim Plaintiff U.S. Bank Trust National Association's Answer to First Amended Complaint and Counterclaims. In compliance with General Order 45, X.B., I hereby attest that Michael B. Fisco has concurred in this filing.

Dated: June 27, 2008        MORRISON & FOERSTER LLP

By:  // s //
   D. Anthony Rodriguez

Attorney for Defendant
U.S. Bank Trust National Association,
in its capacity as Indenture Trustee