D. ANTHONY RODRIGUEZ (CA SBN 162587)
EVA K. SCHUELLER (CA SBN 237886)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: DRodriguez@mofo.com
Email: ESchueller@mofo.com

MICHAEL B. FISCO (MN No. 175341)
ABBY E. WILKINSON (MN No. 0313981)
(*Pro hac applications granted*)
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402-3901
Telephone: 612.766.7000
Facsimile: 612.766.1600
Email: mfisco@faegre.com
Email: awilkinson@faegre.com

Attorneys for Defendant U.S. Bank Trust National Association,
in its capacity as Indenture Trustee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity, but solely in its capacity as Indenture Trustee on behalf of all Holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.   C 07-4052 JF (PVT)<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION'S OPPOSITION TO FINISAR CORPORATION'S MOTION TO STRIKE PORTIONS OF THE DECLARATION OF DIANA JACOBS IN SUPPORT OF MOTION BY U.S. BANK TRUST NATIONAL ASSOCIATION FOR SUMMARY JUDGMENT**<br><br>Date:       July 11, 2008<br>Time:      9:00 a.m.<br>Judge:    Hon. Jeremy Fogel<br>Location: Courtroom No. 3 |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTION OF THE DECLARATION OF DIANA JACOBS
Case No. C 07-04052 JF (PVT)
sf-2538762

1    U.S. Bank Trust and National Association ("U.S. Bank") respectfully submits this reply in opposition to Finisar Corporation's Motion to Strike Portions of the Declaration of Diana Jacobs in Support of Motion by U.S. Bank Trust National Association for Summary Judgment. In addition to the specific objections set forth below, Finisar's motion — which was filed nearly two months after service of the Ms. Jacobs's declaration — should be denied as untimely. *See* Fed. R. Civ. P. 12(f)(2) (motion to strike must be made either before responding to pleading, or if response is not allowed, within twenty days of service).

### A. Objections to Paragraphs 5-8

Finisar objects to and moves to strike certain passages on the grounds that Ms. Jacobs is allegedly not competent to testify as to Finisar's fiscal calendar, the deadlines for Finisar to file its reports, or Finisar's filing of its reports. Finisar further objects to and moves to strike the specified passages from paragraph 8 (and to paragraph 8 in its entirety) as irrelevant, as U.S. Bank never provided any notice of default alleging that Finisar had not timely filed a quarterly report for a fiscal quarter ended July 29, 2007.

**Response**:

Finisar's objections are unfounded. First, as set forth in U.S. Bank's Reply to Finisar Corporation's Motion for Summary Judgment at 5 ("Reply Brief"), the basis for Ms. Jacobs' statement in the declaration is her review of the relevant documents attached as Exhibits to her declaration. Independent of the Jacobs Declaration, this Court simply could take judicial notice of the SEC filings. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 988 (9th Cir. 1999) (the court's consideration of SEC filings relied on in the complaint was appropriate); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (request to take judicial notice of SEC filings was proper). Finisar cannot dispute, therefore, that (as Ms. Jacobs observed) (1) it is a large-accelerated filer (*see* Ex. 13 at Cover Page); (2) its fiscal quarters and years ended on the dates alleged by U.S. Bank (*see* Ex. 11 at Cover Page, Ex. 12 at Cover Page, Ex. 13 at Cover Page, and Ex. 14 at Cover Page); and (3) it failed to timely file its reports with the SEC (*see* Ex. 4, Ex. 5, Ex. 6, and Ex. 7).

1    Second, as U.S. Bank also argued in its Reply Brief at 5, attached to the Jacobs Declaration are, among other things, copies of Finisar's filings with the SEC during the relevant period. Finisar does not dispute that these are true and correct copies of its SEC filings. Nor does Finisar dispute that the information contained in these filings is correct. The SEC filings are sufficient evidence and are not subject to objection.

Third, the relevance objection is improper. U.S. Bank's Answer and Counterclaim alleges that Finisar's failure to file with the SEC and the Trustee its quarterly report for the fiscal quarter ended July 29, 2007, constitutes an ongoing and existing default under the Indentures.

### B.    Objections to Paragraphs 9-11

Finisar objects to and moves to strike certain passages on the grounds that Ms. Jacobs allegedly is not competent to testify as to Finisar's fiscal calendar, the deadlines for Finisar to file its reports, Finisar's filing of its reports, or the legal effect (under the Indentures) of the acts and omissions alleged.

**Response**:

Finisar's objections are unfounded. First, as set forth in U.S. Bank's Reply to Finisar Corporation's Motion for Summary Judgment at 5 ("Reply Brief"), the basis for Ms. Jacobs' statement in the declaration is her review of the relevant documents attached as Exhibits to her declaration. Independent of the Jacobs Declaration, this Court simply could take judicial notice of the SEC filings. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 988 (9th Cir. 1999) (the court's consideration of SEC filings relied on in the complaint was appropriate); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (request to take judicial notice of SEC filings was proper). Finisar cannot dispute, therefore, that (as Ms. Jacobs observed) (1) it is a large-accelerated filer (*see* Ex. 13 at Cover Page); (2) its fiscal quarters and years ended on the dates alleged by U.S. Bank (*see* Ex. 11 at Cover Page, Ex. 12 at Cover Page, Ex. 13 at Cover Page, and Ex. 14 at Cover Page); and (3) it failed to timely file its reports with the SEC (*see* Ex. 4, Ex. 5, Ex. 6, and Ex. 7).

Second, as U.S. Bank also argued in its Reply Brief at 5, attached to the Jacobs Declaration are, among other things, copies of Finisar's filings with the SEC during the relevant

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTION OF THE DECLARATION OF DIANA JACOBS
Case No. C 07-04052 JF (PVT)
sf-2538762

2

1  period. Finisar does not dispute that these are true and correct copies of its SEC filings. Nor does
2  Finisar dispute that the information contained in these filings is correct. The SEC filings are
3  sufficient evidence and are not subject to objection.

### C.  Objections to Paragraph 13

Finisar objects to and moves to strike from paragraph 13 of the Jacobs Declaration the word "delayed," appearing at page 3, line 11, on the grounds that Ms. Jacobs is allegedly not competent to testify as to Finisar's fiscal calendar, the deadlines for Finisar to file its reports, or Finisar's filing of its reports.

**Response**:

Finisar's objections are unfounded. First, as set forth in U.S. Bank's Reply to Finisar Corporation's Motion for Summary Judgment at 5 ("Reply Brief"), the basis for Ms. Jacobs' statement in the declaration is her review of the relevant documents attached as Exhibits to her declaration. Independent of the Jacobs Declaration, this Court simply could take judicial notice of the SEC filings. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 988 (9th Cir. 1999) (the court's consideration of SEC filings relied on in the complaint was appropriate); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (request to take judicial notice of SEC filings was proper). Finisar cannot dispute, therefore, that (as Ms. Jacobs observed) (1) it is a large-accelerated filer (*see* Ex. 13 at Cover Page); (2) its fiscal quarters and years ended on the dates alleged by U.S. Bank (*see* Ex. 11 at Cover Page, Ex. 12 at Cover Page, Ex. 13 at Cover Page, and Ex. 14 at Cover Page); and (3) it failed to timely file its reports with the SEC (*see* Ex. 4, Ex. 5, Ex. 6, and Ex. 7).

Second, as U.S. Bank also argued in its Reply Brief at 5, attached to the Jacobs Declaration are, among other things, copies of Finisar's filings with the SEC during the relevant period. Finisar does not dispute that these are true and correct copies of its SEC filings. Nor does Finisar dispute that the information contained in these filings is correct. The SEC filings are sufficient evidence and are not subject to objection.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTION OF THE DECLARATION OF DIANA JACOBS
Case No. C 07-04052 JF (PVT)
sf-2538762

3

### D. Objections to Paragraph 14

Finisar objects to and moves to strike paragraph 14 of the Jacobs Declaration, in its entirety, on the grounds that Ms. Jacobs is allegedly not competent to testify as to Finisar's fiscal calendar, the deadlines for Finisar to file its reports, Finisar's filing of its reports, or the equivalence of financial information included in various reports.

**Response:**

Finisar's objections are unfounded.  First, as set forth in U.S. Bank's Reply to Finisar Corporation's Motion for Summary Judgment at 5 ("Reply Brief"), the basis for Ms. Jacobs' statement in the declaration is her review of the relevant documents attached as Exhibits to her declaration.  Independent of the Jacobs Declaration, this Court simply could take judicial notice of the SEC filings.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 988 (9th Cir. 1999) (the court's consideration of SEC filings relied on in the complaint was appropriate); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (request to take judicial notice of SEC filings was proper).  Finisar cannot dispute, therefore, that (as Ms. Jacobs observed) (1) it is a large-accelerated filer (*see* Ex. 13 at Cover Page); (2) its fiscal quarters and years ended on the dates alleged by U.S. Bank (*see* Ex. 11 at Cover Page, Ex. 12 at Cover Page, Ex. 13 at Cover Page, and Ex. 14 at Cover Page); and (3) it failed to timely file its reports with the SEC (*see* Ex. 4, Ex. 5, Ex. 6, and Ex. 7).

Second, as U.S. Bank also argued in its Reply Brief at 5, attached to the Jacobs Declaration are, among other things, copies of Finisar's filings with the SEC during the relevant period.  Finisar does not dispute that these are true and correct copies of its SEC filings.  Nor does Finisar dispute that the information contained in these filings is correct.  The SEC filings are sufficient evidence and are not subject to objection.

### E. Objections to Paragraph 15

Finisar objects to and moves to strike from paragraph 15 of the Jacobs Declaration the word "delayed," appearing at page 3, line 25, on the grounds that Ms. Jacobs is allegedly not competent to testify as to Finisar's fiscal calendar, the deadlines for Finisar to file its reports, or Finisar's filing of its reports.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTION OF THE DECLARATION OF DIANA JACOBS
Case No. C 07-04052 JF (PVT)
sf-2538762

4

1  **Response**:

2  Finisar's objections are unfounded.  First, as set forth in U.S. Bank's Reply to Finisar
3  Corporation's Motion for Summary Judgment at 5 ("Reply Brief"), the basis for Ms. Jacobs'
4  statement in the declaration is her review of the relevant documents attached as Exhibits to her
5  declaration.  Independent of the Jacobs Declaration, this Court simply could take judicial notice
6  of the SEC filings.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 988 (9th Cir. 1999) (the
7  court's consideration of SEC filings relied on in the complaint was appropriate); *In re Calpine
8  Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (request to take judicial notice of
9  SEC filings was proper).  Finisar cannot dispute, therefore, that (as Ms. Jacobs observed) (1) it is
10 a large-accelerated filer (*see* Ex. 13 at Cover Page); (2) its fiscal quarters and years ended on the
11 dates alleged by U.S. Bank (*see* Ex. 11 at Cover Page, Ex. 12 at Cover Page, Ex. 13 at Cover
12 Page, and Ex. 14 at Cover Page); and (3) it failed to timely file its reports with the SEC (*see*
13 Ex. 4, Ex. 5, Ex. 6, and Ex. 7).

14 Second, as U.S. Bank also argued in its Reply Brief at 5, attached to the Jacobs
15 Declaration are, among other things, copies of Finisar's filings with the SEC during the relevant
16 period.  Finisar does not dispute that these are true and correct copies of its SEC filings.  Nor does
17 Finisar dispute that the information contained in these filings is correct.  The SEC filings are
18 sufficient evidence and are not subject to objection.

19 **F.     Objections to Paragraph 20**

20 Finisar objects to and moves to strike paragraph 20 of the Jacobs Declaration, in its
21 entirety, on the grounds that paragraph 1 of the Jacobs Declaration avers that the entire
22 declaration is made based on Ms. Jacobs' personal knowledge, and Ms. Jacobs allegedly has no
23 personal knowledge of the matters averred in paragraph 20.

24 **Response**:

25 Finisar's objections are unfounded.  Ms. Jacobs received and reviewed Exhibits 26 and 27
26 and thus, has personal knowledge of the information contained in them, either from her personal
27 involvement or from her review of the documents.  In any event, Finisar does not deny that the
28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTION OF THE DECLARATION OF DIANA JACOBS
Case No. C 07-04052 JF (PVT)
sf-2538762

5

1 documents are true and correct copies of the documents identified and are admissible as non-
2 hearsay or under Fed. R. Evid. 803(6) and 801(d)(2).

### G.  Objections to Paragraph 21

Finisar objects to and moves to strike paragraph 21 of the Jacobs Declaration, in its entirety, on the grounds that paragraph 1 of the Jacobs Declaration avers that the entire declaration is made based on Ms. Jacobs' personal knowledge, and Ms. Jacobs allegedly has no personal knowledge of the matters averred in paragraph 21.

**Response**:

Finisar's objections are unfounded. Ms. Jacobs received and reviewed Exhibits 28 and 29 and thus, has personal knowledge of the information contained in them, either from her personal involvement or from her review of the documents. In any event, Finisar does not deny that the documents are true and correct copies of the documents identified and are admissible as non-hearsay or under Fed. R. Evid. 803(6).

### H.  Objections to Paragraph 23

Finisar objects to and moves to strike from paragraph 23 of the Jacobs Declaration the language "Finisar did not pay the invoices submitted by U.S. Bank. Accordingly," and "That Default would have ripened into an additional Event of Default under each Indenture within sixty days of the Notice of Default (on March 2, 2008)," appearing at page 5, lines 16 and 18-19, on the grounds that Ms. Jacobs allegedly has no personal knowledge of the submission of invoices by U.S. Bank, and she is not competent to testify as to either what Finisar did not do or the legal effect (under the Indentures) of the acts and omissions alleged.

**Response**:

Finisar's' objections are unfounded. Ms. Jacobs has personal knowledge of the allegations in paragraph 23. In her professional capacity, she was aware of the invoices and the non-payment, and she reviewed Finisar's documents, which qualifies her as a competent witness, as described in responses to Objection A-E above.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTION OF THE DECLARATION OF DIANA JACOBS
Case No. C 07-04052 JF (PVT)
sf-2538762

6

## I. Objections to Paragraph 24

Finisar objects to and moves to strike from paragraph 23 of the Jacobs Declaration the language "Through March 31, 2008, U.S. Bank's fees and expenses totaled approximately $588,130.50. The fees and expenses include annual and default administration fees due to the indenture trustee and the fees and expenses of U.S. Bank's counsel arising from and relating to the Events of Default," and "Finisar has not subsequently paid any of U.S. Bank's fees and expenses," appearing at page 5, lines 21-24 and page 6, line 6, on the grounds that: paragraph 1 of the Jacobs Declaration avers that the entire declaration is made based on Ms. Jacobs' personal knowledge, and Ms. Jacobs allegedly has no personal knowledge of the amount or nature of fees and expenses incurred by or due to U.S. Bank or its counsel; Ms. Jacobs is allegedly not competent to testify as to what Finisar did not do; and Ms. Jacobs is not competent to testify as to the existence of any Event of Default.

**Response**:

Finisar's objections are unfounded. Ms. Jacobs has personal knowledge of her allegations in paragraph 24. In her professional capacity she was aware of U.S. Bank's fees and expenses and Finisar's non-payment, as described in her declaration.

## CONCLUSION

U.S. Bank respectfully requests that this Court overrule Finisar's objections and admit and consider the statements at issue in Ms. Jacobs's declaration.

Dated: June 27, 2008

D. ANTHONY RODRIGUEZ
EVA K. SCHUELLER
MORRISON & FOERSTER LLP

MICHAEL B. FISCO (MN No. 175341)
ABBY E. WILKINSON (MN No. 0313981)
(*Pro hac applications granted*)
FAEGRE & BENSON LLP

By: _____// s //_____
D. Anthony Rodriguez

Attorneys for Defendant

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTION OF THE DECLARATION OF DIANA JACOBS
Case No. C 07-04052 JF (PVT)
sf-2538762

7