D. ANTHONY RODRIGUEZ (CA SBN 162587)
EVA K. SCHUELLER (CA SBN 237886)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: DRodriguez@mofo.com
Email: ESchueller@mofo.com

MICHAEL B. FISCO (MN No. 175341)
ABBY E. WILKINSON (MN No. 0313981)
(*Pro hac applications granted*)
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402-3901
Telephone: 612.766.7000
Facsimile: 612.766.1600
Email: mfisco@faegre.com
Email: awilkinson@faegre.com

Attorneys for Defendant U.S. Bank Trust National Association,
in its capacity as Indenture Trustee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity, but solely in its capacity as Indenture Trustee on behalf of all Holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C 07-4052 JF (PVT)<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION'S REPLY TO FINISAR CORPORATION'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date: July 11, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Jeremy Fogel<br>Location: Courtroom No. 3 |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Case No. C07-04052 JF (PVT)
sf-2538173

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................................ii

I.   BASED ON THE UNDISPUTED FACTS, U.S. BANK IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW. ................................................1

    A.   Section 4.02 of the Indentures Requires Finisar to File Its Financial Reports with the Trustee Within the Exchange Act's Reporting Deadlines, Regardless of Its Status as a Required Filer. ....................................1

    B.   U.S. Bank has Established that Events of Default Exist Under the Indentures and Finisar has not Established that the Trustee's Enforcement of Remedies Would be Inequitable. ...............................................2

II.  U.S. BANK HAS ESTABLISHED ALL OF THE FACTS NECESSARY TO GRANT SUMMARY JUDGMENT IN ITS FAVOR. ..........................................4

    A.   Finisar's SEC Filings Constitute Competent Evidence. .....................................4

    B.   Finisar's Interim Reports Were Not Adequate. ..................................................5

III. THE INTENT OF SECTION 4.02 CAN BE DETERMINED WITHOUT REFERENCE TO PAROL EVIDENCE; AND IN ANY CASE, FINISAR'S REFERENCE TO OTHER TRUST INDENTURES IS IRRELEVANT TO THIS COURT'S DETERMINATION. .......................................6

IV.  U.S. BANK'S FEES AND EXPENSES ARE REASONABLE. ................................7

CONCLUSION ...................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ABS P'ship v. AirTran Airways, Inc.*,
   765 N.Y.S.2d 616 (App. Div. 1st Dep't 2003) .................................................................... 2

*Affiliated Computer Servs., Inc. v. Wilmington Trust Co.*,
   No. 3:06-CV-1770-D, 2008 WL 373162 (N.D. Tex. Feb. 12, 2008) ................................. 6

*Bank of New York v. BearingPoint, Inc.*,
   No. 600169106, 2006 WL 2670143 (N.Y. Sup. Ct. Sept. 18, 2006) ................................. 6

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ........................................................................................................... 4

*Cyberonics, Inc. v. Wells Fargo Bank Nat'l Ass'n*,
   No. H-07-121, 2007 WL 1729977 (S.D. Tex. June 13, 2007) .......................................... 6

*In re Calpine Corp. Sec. Litig.*,
   288 F. Supp. 2d 1054 (N.D. Cal. 2003) ......................................................................... 4-5

*K.D. v. Oakley Union Elementary Sch. Dist.*,
   No. C07-00920 MHP, 2008 WL 360460 (N.D. Cal. Feb. 8, 2008) .................................. 3

*Lemm v. Stillwater Land and Cattle Co.*,
   19 P.2d 785 (Cal. 1933) ..................................................................................................... 7

*Pac. Gas and Elec. Co. v. G.W. Thomas Drayage & Rigging Co., Inc.*,
   442 P.2d 641 (Cal. 1968) ................................................................................................... 7

*Pac. Portland Cement Co. v. Food Mach. & Chem. Corp.*,
   178 F.2d 541 (9th Cir. 1949) ............................................................................................. 3

*UnitedHealth Group, Inc. v. Wilmington Trust Co.*,
   538 F. Supp. 2d 1108 (2008) ............................................................................................. 6

*Universal Sales Corp., Ltd. v. California Press Mfg. Co.*,
   128 P.2d 665 (Cal. 1942) ................................................................................................... 7

U.S. Bank[1] respectfully submits this reply in support of U.S. Bank's motion for summary judgment ("U.S. Bank Motion").  The U.S. Bank Motion and Finisar's cross-motion for summary judgment ("Finisar Motion") are set for hearing on July 11, 2008, at 9:00 a.m.

**I.  BASED ON THE UNDISPUTED FACTS, U.S. BANK IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW.**

This Action turns on one core issue — that is, whether Section 4.02 of the Indentures requires Finisar to file its financial reports with the Trustee within 15 days of the deadlines established under the Exchange Act.  Although it acknowledges the issue at hand, Finisar obscures the issue with matters of discovery disputes, evidentiary objections, and claims of inequity, all of which are either unfounded or irrelevant to the Court's determination.  Finisar suggests that U.S. Bank has not addressed the "real issue" in its motion for summary judgment.  To the contrary.  Whether stated as a failure to file timely with the SEC or, more particularly, the Trustee, U.S. Bank's motion for summary judgment properly asks this Court to determine whether Finisar has complied with its obligations under Section 4.02 of the Indentures.  For all of its rhetoric, Finisar cannot deny that it did not file its quarterly and annual reports with either the SEC or Trustee by the Exchange Act's reporting deadlines.  Finisar thereby has defaulted under the Indentures and the Trustee may pursue its remedies, including acceleration of the Notes.

**A.  Section 4.02 of the Indentures Requires Finisar to File Its Financial Reports with the Trustee Within the Exchange Act's Reporting Deadlines, Regardless of Its Status as a Required Filer.**

Finisar offers two core arguments in support of its request for declaratory relief.  First, it argues that Section 4.02 of the Indentures requires Finisar to abide by the reporting deadlines established under the Exchange Act, but only when it is no longer a required filer thereunder.  Second, Finisar argues that because three of the four cases decided on this issue have been determined in favor of the issuer, Finisar's interpretation of Section 4.02 should prevail.

---

[1] All capitalized terms used in this reply and not otherwise defined shall have the meanings given to such terms in the U.S. Bank Motion.  The exhibits cited in this reply refer to the exhibits attached to the Declaration of Diana Jacobs dated April 24, 2008 ("Jacobs Declaration"), filed in support of the U.S. Bank Motion.

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT       1
Case No. C07-04052 JF (PVT)
sf-2538173

1    Finisar admits in its motion for summary judgment that Section 4.02 does in fact
2 incorporate the Exchange Act's reporting deadlines. (Finisar Motion at 7-8.) Finisar argues,
3 nevertheless, that the reporting deadlines are only incorporated under Section 4.02 when Finisar is
4 no longer a required filer under the Exchange Act. (*Id*.) As U.S. Bank explained in its opposition
5 to Finisar's motion, Section 4.02 cannot be arbitrarily divided into two separate reporting
6 obligations, but instead must be read and interpreted in its entirety. (U.S. Bank Opposition at
7 §§ I.A-B; *ABS P'ship v. AirTran Airways, Inc.*, 765 N.Y.S.2d 616, 619-20 (App. Div. 1st Dep't
8 2003) (all provisions of a contract must be interpreted so as to give them effect.)).

9    Finisar correctly identifies a key provision of the Indentures in this case, but fails in its
10 effort to flip that provision into one that favors its interpretation of Section 4.02. Section 4.02
11 establishes one simple rule: Finisar is required to meet the Exchange Act filing requirements
12 when it is subject to those requirements, and to act like it is subject to those requirements, even if
13 it is not. Although one could argue that the language in the various indentures in *Cyberonics*,
14 *Affiliated*, and *UnitedHealth Group* could have been more artfully drafted, the Indentures in this
15 case are clear and unambiguous. In any case, the decisions in *Cyberonics*, *Affiliated*, and
16 *UnitedHealth Group* are not controlling.

17    Finisar's suggested interpretation of Section 4.02 is nonsensical. Why would Section 4.02
18 require timely filings with the SEC if Finisar is not a required filer, but relieve Finisar of this
19 obligation if it is a required filer under the SEC rules and regulations? The answer is simple. It
20 does not. As a required filer, the first sentence of Section 4.02 presumes that Finisar will comply
21 with the SEC rules and regulations. It is not necessary to state the obvious.

22    **B.    U.S. Bank has Established that Events of Default Exist Under the Indentures and Finisar has not Established that the Trustee's Enforcement of Remedies Would be Inequitable.**
23

24    U.S. Bank has moved for summary judgment on three issues: (1) whether Finisar's failure
25 to timely file its financial reports with the SEC (and, as a result, the Trustee) constituted a Default
26 under Section 4.02 of the subject Indentures; (2) whether any default under Section 4.02, which
27 has ripened into an Event of Default, can be cured by Finisar's subsequent filing of its financial
28

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT    2
Case No. C07-04052 JF (PVT)
sf-2538173

reports with the SEC (and, in turn, the Trustee); and (3) whether Finisar is obligated to pay U.S. Bank's fees and expenses relating to this dispute.

By its motion, U.S. Bank has established that there are Events of Default under the Indentures and that it is has not waived its right to pursue any and all remedies arising from such Events of Default, including acceleration. As "alternative" relief, Finisar requests a declaration that enforcement of any remedies under the Indentures would be inequitable under the facts and circumstances presented in this Action. (Ex. 32 ¶¶ 9, 34; Ex. 33 ¶¶ 60, 62.) In its opposition papers, Finisar asserts that U.S. Bank entirely fails to address Finisar's claim for alternative relief. (Finisar Opposition at 7.) For this reason, Finisar argues that U.S. Bank's motion for summary judgment should be denied. (*Id.*)

U.S. Bank has not ignored Finisar's alternative request for relief.[2] In its motion for summary judgment, U.S. Bank expressly acknowledges Finisar's request for equitable relief. (U.S. Bank Motion at 17.) U.S. Bank argues that the Trustee is, nevertheless, entitled to exercise all remedies available to it under the Indentures, including acceleration of the Subordinated Notes. (*Id.*)

More to the point, Finisar has the burden of proving that acceleration of the Notes would be inequitable. *Pac. Portland Cement Co. v. Food Mach. & Chem. Corp.*, 178 F.2d 541, 547 (9th Cir. 1949) ("It is a fundamental rule that the burden of proof in its primary sense rests upon the party who, as determined by the pleadings, asserts the affirmative of an issue and it remains there until the termination of the action."). Except for its unsupported allegation that acceleration would be inequitable, Finisar has presented no factual basis to support its request for equitable relief. *K.D. v. Oakley Union Elementary Sch. Dist.*, No. C07-00920 MHP, 2008 WL 360460, at *7 (N.D. Cal. Feb. 8, 2008) ("equitable relief is a fact-specific inquiry"). To the extent this Court deems it appropriate to consider whether equitable relief should be granted, then a factual issue

---

[2] U.S. Bank has moved for summary judgment with respect to all claims and counterclaims in this Action. In both its original and amended complaints, Finisar filed a single claim for declaratory relief relating to Section 4.02 of the Indentures. (Ex. 32 ¶¶ 31-36, Ex. 33 ¶¶ 56-62.) Finisar cannot now recharacterize its alternative request for relief as a separate claim.

1  exists which is not ripe for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

2  (1986) (stating that summary judgment is appropriate where there is no genuine issue as to any

3  material fact and the moving party is entitled to judgment as a matter of law.)   As it stands, no

4  factual basis has been alleged that would require a further response from U.S. Bank.

## II. U.S. BANK HAS ESTABLISHED ALL OF THE FACTS NECESSARY TO GRANT SUMMARY JUDGMENT IN ITS FAVOR.

The facts relevant to this Court's determination under Section 4.02 are not in dispute. The parties agree that:  (1) Finisar is required to file quarterly and annual reports with the SEC; (2) Finisar is obligated to file those reports when the applicable regulations require; and (3) Finisar delayed filing its reports pending an internal review. (Finisar Motion at n.6, n.7, n.8 and 8.)  Despite agreeing to all of the foregoing, Finisar now asserts that U.S. Bank has failed to present evidence sufficient to support its motion for summary judgment.

### A. Finisar's SEC Filings Constitute Competent Evidence.

Finisar asserts that U.S. Bank "failed to produce competent *evidence* to support its contention that Finisar failed timely to file its Reports with the SEC." (Finisar Opposition at n.6.) Among other things, Finisar asserts that "U.S. Bank has offered *no* evidence that Finisar is a large accelerated filer, that its fiscal quarters and years ended on the dates alleged, that Finisar did not file by certain dates, and that notices of default were received by other dates." (*Id*.)  U.S. Bank, however, obtained all of this information from Finisar's own filings.

Attached to the Jacobs Declaration are, among other things, copies of Finisar's filings with the SEC during the relevant period.  Finisar does not dispute that these are true and correct copies of its SEC filings or that any of the information contained in those filings is incorrect. Finisar asserts, nevertheless, that Ms. Jacobs could not have personal knowledge of the information contained in those filings.  The basis for Ms. Jacobs' declaration, however, is her review of the relevant documents attached as Exhibits to the Jacobs Declaration.  Accordingly, Finisar's evidentiary objections are meritless.

Independent of the Jacobs Declaration, this Court could take judicial notice of the SEC filings. *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (request to

take judicial notice of SEC filings was proper).  Finisar cannot dispute, therefore, that (1) it is a large-accelerated filer (see Ex. 13 at Cover Page); (2) its fiscal quarters and years ended on the dates alleged by U.S. Bank (see Ex. 11 at Cover Page, Ex. 12 at Cover Page, Ex. 13 at Cover Page, and Ex. 14 at Cover Page); and (3) it failed to timely file its reports with the SEC (*see* Ex. 4, Ex. 5, Ex. 6, and Ex. 7.)[3]

### B.    Finisar's Interim Reports Were Not Adequate.

Finisar also argues that U.S. Bank has "failed to support its motion with evidence that Finisar's interim reports were inadequate." (Finisar Opposition at 5.)  U.S. Bank has no such burden of proof.  The Indentures do not allow Finisar to file interim reports in place of the required Exchange Act reports. Finisar cannot dispute that, in contrast to the SEC-compliant reports, the Form 8-K reports that it filed did not contain audited GAAP information.  Nor can Finisar dispute the deficiencies set forth in U.S. Bank's motion for summary judgment. (U.S. Bank Motion at 6.)  Moreover, the financial reports filed after Finisar completed its investigation provided the following explanatory note:

> Financial information included in the Company's reports on Form 10-K, Form 10-Q, and Form 8-K filed by Finisar prior to November 28, 2006 and the related reports of its independent registered public accounting firm, included in the Forms 10-K, and all earnings and press releases and similar communications issued by the Company prior to November 28, 2006 should not be relied upon and are superseded in their entirety . . . .

(Ex. 11 at 3, Ex. 12 at 3, Ex. 13 at 1, and Ex. 14 at 20.)  The interim reports failed to meet the Exchange Act requirements, and therefore, failed to satisfy the requirements of Section 4.02.

Finisar argues that "[n]othing in Section 4.02 of the Indentures even hints at a qualitative standard for the financial information that Finisar is to provide to U.S. Bank." (Finisar Opposition at n.9.)  Section 4.02 of the Indentures, however, expressly requires Finisar to file with the Trustee copies of those reports as the SEC "may by rules and regulations prescribe." (Indentures § 4.02.)  Without reference to the qualitative or quantitative standards set forth by the

---

[3] On the same day it filed its opposition papers, Finisar filed a motion to strike portions of the Jacobs Declaration.  Contemporaneously with this reply, U.S. Bank has filed a separate response to the motion to strike.

Exchange Act's rules and regulations, as Finisar asks this Court to do, Section 4.02 is rendered meaningless.

### III. THE INTENT OF SECTION 4.02 CAN BE DETERMINED WITHOUT REFERENCE TO PAROL EVIDENCE; AND IN ANY CASE, FINISAR'S REFERENCE TO OTHER TRUST INDENTURES IS IRRELEVANT TO THIS COURT'S DETERMINATION.

In the course of this Action, Finisar requested that U.S. Bank produce *all* indentures under which it acts as trustee and which also contain a reporting covenant.[4] Finisar now asks this Court to deny the U.S. Bank Motion *if* the Court determines, contrary to Finisar's own belief, that there is an ambiguity in the Indentures, because Finisar has not yet had an opportunity to authenticate the other indentures produced by U.S. Bank. (Finisar Opposition at 12.)

The parties agree Section 4.02 of the Indentures is unambiguous. For this reason, each party has moved for summary judgment. The courts in *BearingPoint, Cyberonics*, *Affiliated*, and *UnitedHealth Group*, also determined the meaning of the various indentures without regard to any parol evidence.[5] *Bank of New York v. BearingPoint, Inc.*, No. 600169/06, 2006 WL 2670143 (N.Y. Sup. Ct. Sept. 18, 2006); *Cyberonics, Inc. v. Wells Fargo Bank Nat'l Ass'n*, No. H-07-121, 2007 WL 1729977 (S.D. Tex. June 13, 2007); *Affiliated Computer Servs., Inc. v. Wilmington Trust Co.*, No. 3:06-CV-1770-D, 2008 WL 373162 (N.D. Tex. Feb. 12, 2008); *UnitedHealth Group, Inc. v. Wilmington Trust Co.*, 538 F. Supp. 2d 1108 (2008).

To hedge its bet, however, Finisar asks this Court to consider, when interpreting Section 4.02, certain indentures under which U.S. Bank acts as trustee, but to which Finisar is not

---

[4] *See* Declaration of L. Rex Sears submitted with Finisar's opposition to the U.S. Bank Motion, Ex. A at ¶ 19 (Requests for Production of Documents). Even assuming, *arguendo*, that other indentures to which U.S. Bank, but not Finisar, is a party would lead to the discovery of admissible evidence in this matter, Finisar's request for *all* U.S. Bank indentures was exceedingly unreasonable. U.S. Bank is one of the largest corporate trustees in the United States. Accordingly, it is party to thousands of trust indentures.

[5] Despite the foregoing, Finisar determined to serve discovery on the Trustee. As explained by U.S. Bank in its opposition papers, the Trustee responded to Finisar's discovery requests (and Finisar's related motions to compel and for sanctions), but did not separately serve discovery on Finisar. Instead, U.S. Bank reserved its right to serve discovery pending the outcome of the parties' motions for summary judgment. (U.S. Bank Opposition at 17.)

1  a party. As a preliminary matter, resort to parol evidence is unnecessary because the language in
2  Section 4.02 is not ambiguous. Extrinsic evidence can be examined to establish the presence or
3  absence of ambiguity so the court can place itself in the same situation the parties were in when
4  they entered into the contract to determine the parties' intent. *Pac. Gas and Elec. Co. v. G.W.*
5  *Thomas Drayage & Rigging Co., Inc.*, 442 P.2d 641, 645 (Cal. 1968) (*citing Universal Sales*
6  *Corp., Ltd. v. California Press Mfg. Co.*, 128 P.2d 665, 672 (Cal. 1942) and *Lemm v. Stillwater*
7  *Land and Cattle Co.*, 19 P.2d 785, 788 (Cal. 1933)). No such ambiguity is suggested in this
8  Action. Regardless, the parties' intent when entering into the subject Indentures could not be
9  determined by examining reporting covenants under other indentures to which Finisar is not a
10 party.

11  Finisar acknowledges that "indenture agreements are contracts whose actual, unique terms
12 must govern, rather than what the trustee [or issuer] might in hindsight wish had been a selected
13 contractual term." (Finisar Opposition at 10.) If the Court determines that Section 4.02 is
14 ambiguous, Finisar and U.S. Bank will need to present relevant parol evidence, after discovery is
15 taken by both parties.

16 **IV.   U.S. BANK'S FEES AND EXPENSES ARE REASONABLE.**

17  As explained in its opposition to Finisar's motion for summary judgment, U.S. Bank has a
18 fiduciary duty to defend the claims brought by Finisar. As set forth in her declaration, Diana
19 Jacobs, the trust officer on the Finisar account since January 2007, has provided detailed invoices
20 to Finisar on multiple occasions. Finisar also served discovery on U.S. Bank and took the
21 deposition of Ms. Jacobs. In short, the burden now has shifted to Finisar to establish that U.S.
22 Bank's fees and expenses were *un*reasonable.

23  Finisar claims in its motion that U.S. Bank's fees and expenses were negligently incurred
24 or incurred in bad faith. (Finisar Motion at 23.) The procedural history of this case, however,
25 demonstrates otherwise. U.S. Bank's fees and expenses stem largely from actions taken by
26 Finisar. Finisar failed to timely file its financial reports. Finisar commenced two separate actions
27
28

against U.S. Bank.  And, Finisar took extensive discovery of U.S. Bank, then filed a motion for summary judgment that incorporated no relevant information obtained through its discovery.[6]

U.S. Bank has acted prudently and reasonably at each stage of these proceedings.  Each of the courts that have addressed this issue has ruled based on the four corners of the relevant indentures.  To the extent that the fees and expenses in this case have escalated, it is due to the actions of Finisar, not U.S. Bank.

## CONCLUSION

U.S. Bank respectfully requests that this Court grant its motion for summary judgment and enter its proposed form of Order granting the relief set forth therein.

Dated: June 27, 2008

D. ANTHONY RODRIGUEZ
EVA K. SCHUELLER
MORRISON & FOERSTER LLP

MICHAEL B. FISCO (MN No. 175341)
ABBY E. WILKINSON (MN No. 0313981)
(*Pro hac applications granted*)
FAEGRE & BENSON LLP

By:    // s //
　　　　D. Anthony Rodriguez

Attorneys for Defendant
U.S. BANK TRUST NATIONAL ASSOCIATION

---

[6] As noted by Finisar, U.S. Bank agrees "that this [a]ction was amenable to summary judgment without any discovery."  (Finisar Opposition at 9.)  Finisar appears to agree and filed its own summary judgment motion, yet failed to stay its discovery demands or refrain from bringing a motion to compel discovery from U.S. Bank and a motion for sanctions against U.S. Bank shortly before filing its own summary judgment motion.  Even now, Finisar continues to raise issues relating to its discovery demands in the motions for summary judgment.  (Finisar Opposition at 9, 12-14.)