Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
BERGESON, LLP
303 Almaden Boulevard
Suite 500
San Jose, California 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff and Counterdefendant FINISAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity but solely in its capacity as indenture trustee in behalf of all holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:07-CV-04052-JF (PVT)<br><br>**PLAINTIFF AND COUNTERDEFENDANT FINISAR CORPORATION'S ANSWER TO DEFENDANT AND COUNTERPLAINTIFF U.S. BANK TRUST NATIONAL ASSOCIATION'S AMENDED COUNTERCLAIMS**<br><br>**(Demand for Jury Trial)**<br><br><br>District Judge:    Hon. Jeremy Fogel<br>Magistrate Judge:  Hon. Patricia V. Trumbull<br><br>Initial Complaint Filed:  June 22, 2007<br>Trial Date:  Not Yet Set |
| AND RELATED COUNTERCLAIMS. | |

FINISAR'S ANSWER TO U.S. BANK'S
AMENDED COUNTERCLAIMS                                                    CASE NO.: 5:07-CV-04052-JF-PVT

As its answer to the counterclaims alleged in "Defendant and Counterclaim Plaintiff U.S. Bank Trust National Association's Amended Answer to Finisar Corporation's First Amended Complaint and Counterclaims" (the "Amended Counterclaims"), filed in behalf of defendant and counterclaimant U.S. Bank Trust National Association ("U.S. Bank") in the above-captioned action (the "Action") on June 27, 2008, plaintiff and counterdefendant Finisar Corporation ("Finisar") admits, denies, alleges, and objects as follows:

1. Finisar admits the allegations of paragraph 1[1] of the Amended Counterclaims.

2. Finisar admits that it issued 5¼% Convertible Subordinated Notes under the 2001 Indenture, that it issued 2½% Convertible Subordinated Notes under the 2003 Indenture in the original principal amount of $150,000,000, and that it issued 2½% Convertible Senior Subordinated Notes under the 2006 Indenture in the original principal amount of $100,000,000. Finisar denies any remaining allegations of paragraph 2 of the Amended Counterclaims.

3. Finisar admits the allegations of paragraph 3 of the Amended Counterclaims.

4. Finisar admits that as of the date this Action was commenced, the aggregate outstanding principal amount of the 5¼% Convertible Subordinated Notes was $100,250,000, the aggregate outstanding principal amount of the 2½% Convertible Subordinated Notes was $50,000,000, and the aggregate outstanding principal amount of the 2½% Convertible Senior Subordinated Notes was $100,000,000. Finisar also admits that interest on the Subordinated Notes is payable semiannually in arrears on April 15 and October 15.

5. Finisar denies the allegations of paragraph 5 of the Amended Counterclaims.

6. Finisar admits the allegations of paragraph 6 of the Amended Counterclaims.

7. Finisar denies the allegations of paragraph 7 of the Amended Counterclaims.

8. Finisar denies the allegations of paragraph 8 of the Amended Counterclaims.

9. Finisar denies the allegations of paragraph 9 of the Amended Counterclaims.

---

[1] Finisar references numbered paragraphs of the Amended Counterclaims according to the numbering commenced on page 8, line 14, thereof.

1.

10. Finisar admits and alleges that the Indentures speak for themselves. Finisar denies the allegations of paragraph 10 of the Amended Counterclaims except to the extent that the text of Section 4.02 of the Indentures is truly and correctly reproduced therein.

11. Finisar admits that it is a publicly-held company whose shares trade on NASDAQ, and that it is subject to regulation by the United States Securities and Exchange Commission ("SEC"). Finisar denies any remaining allegations of paragraph 11 of the Amended Counterclaims except to the extent that they truly and faithfully report obligations imposed upon Finisar by regulations properly adopted by the SEC.

12. Finisar admits that on December 8, 2006, it filed with the SEC a Form 12b-25, which speaks for itself. Finisar denies any remaining allegations of paragraph 12 of the Amended Counterclaims except to the extent that the contents of the Form 12b-25 filed by Finisar with the SEC on December 8, 2006 are truly and faithfully reported therein.

13. Finisar admits and alleges that SEC rules and regulations make allowance for the filing of certain reports subsequent to the otherwise prescribed due date for the filing thereof; that the SEC has prescribed steps to be taken in the event that a filer anticipates it will be unable to file a report by the otherwise prescribed due date; and that, in connection with both its quarterly report for the fiscal quarter ended July 29, 2007 and its annual report for the fiscal year ended April 30, 2007, Finisar took each of the steps prescribed by the SEC. Finisar denies any remaining allegations of paragraph 13 of the Amended Counterclaims.

14. Finisar denies the allegations of paragraph 14 of the Amended Counterclaims.

15. Finisar admits that on or about January 4, 2007, U.S. Bank sent to Finisar three letters headed "Notice of Default." Finisar denies any remaining allegations of paragraph 15 of the Amended Counterclaims.

16. Finisar admits that on March 2, 2007 it commenced that certain civil action entitled *Finisar Corporation v. U.S. Bank Trust National Association,* Case No. 1:07CV081092, in the Superior Court of the State of California for the County of Santa Clara (the "State Court"), by filing with the State Court a document styled "Complaint for Declaratory Relief." Finisar denies any remaining allegations of paragraph 16 of the Amended Counterclaims.

17.  Finisar admits that on or about April 23, 2007, U.S. Bank sent to Finisar three letters headed "Notice of Default." Finisar denies any remaining allegations of paragraph 17 of the Amended Counterclaims.

18.  Finisar admits that it commenced this Action in the State Court on June 22, 2007, that U.S. Bank removed this Action to this Court on August 7, 2007, and that this Court denied Finisar's motion to remand this Action to the State Court. Finisar denies any remaining allegations of paragraph 18 of the Amended Counterclaims.

19.  Finisar admits that on or about July 16, 2007, U.S. Bank sent to Finisar three letters headed "Notice of Default." Finisar denies any remaining allegations of paragraph 19 of the Amended Counterclaims.

20.  Finisar admits that on December 4, 2007, it filed with the SEC and provided copies to U.S. Bank of Forms 10-Q for its fiscal quarters ended October 29, 2006, January 31, 2007, and July 29, 2007, and Form 10-K for its fiscal year ended April 30, 2007. Finisar denies any remaining allegations of paragraph 20 of the Amended Counterclaims.

21.  Finisar admits that in December 2007, U.S. Bank demanded that Finisar pay certain fees and expenses allegedly incurred by U.S. Bank, that Finisar's counsel requested clarification and additional information regarding the demand, and that U.S. Bank responded by providing certain additional documents and information. Finisar denies any remaining allegations of paragraph 21 of the Amended Counterclaims.

22.  Finisar admits that on or about January 2, 2008, U.S. Bank sent to Finisar a letter headed "Notice of Default"; that Finisar, on February 20, 2008, paid to U.S. Bank $317,817.58, under protest; and that Finisar is entitled to return thereof. Finisar denies any remaining allegations of paragraph 22 of the Amended Counterclaims.

23.  By this reference, Finisar incorporates the foregoing replies to the allegations of the Amended Counterclaims.

24.  Finisar admits that it executed each Indenture, and that each Indenture is a valid contract enforceable according to its terms. Finisar denies any remaining allegations of paragraph 24 of the Amended Counterclaims.

3.

25. Finisar denies the allegations of paragraph 25 of the Amended Counterclaims.

26. Finisar denies the allegations of paragraph 26 of the Amended Counterclaims.

27. Finisar denies the allegations of paragraph 27 of the Amended Counterclaims.

28. By this reference, Finisar incorporates the foregoing replies to the allegations of the Amended Counterclaims.

29. Finisar denies the allegations of paragraph 29 of the Amended Counterclaims.

30. Finisar denies the allegations of paragraph 30 of the Amended Counterclaims.

31. Finisar denies the allegations of paragraph 31 of the Amended Counterclaims.

32. Finisar denies all allegations of the Amended Counterclaims except as expressly admitted hereinabove.

**ADDITIONAL OR AFFIRMATIVE DEFENSES**

As additional, affirmative defenses to the Amended Counterclaims, Finisar asserts the following, without thereby acknowledging or assuming any burden with respect to the proof thereof not imposed by operation of law.

**First Additional Defense**

33. The Amended Counterclaims fail to state a claim upon which relief can or should be granted.

**Second Additional Defense**

34. The Amended Counterclaims are barred by laches, waiver, and/or estoppel.

**Third Additional Defense**

35. The Amended Counterclaims are barred by U.S. Bank's unclean hands.

**Fourth Additional Defense**

36. Finisar has substantially complied with all of its material obligations under the Indentures.

**Fifth Additional Defense**

37. Any fees and/or expenses U.S. Bank seeks to recover by way of the Amended Counterclaims were incurred in whole or in substantial part negligently and/or in bad faith.

### Sixth Additional Defense

38. Any fees and/or expenses U.S. Bank seeks to recover by way of the Amended Counterclaims arose and/or were incurred in whole or in substantial part as a result of the acts, omissions, or fault of U.S. Bank.

### Seventh Additional Defense

39. Any fees and/or expenses U.S. Bank seeks to recover by way of the Amended Counterclaims arose and/or were incurred in whole or in substantial part as a result of the acts, omissions, or fault of third parties.

### Eighth Additional Defense

40. U.S. Bank has failed to mitigate its damages, if any.

### PRAYER FOR RELIEF

WHEREFORE, Finisar prays that:

A. U.S. Bank take nothing by its Amended Counterclaims;

B. The Court declare that Finisar did not default under Section 4.02 of the Indentures;

C. The Court declare that even had Finisar defaulted under Section 4.02 of the Indentures, no Event of Default would be continuing as of the date hereof or at any time after December 4, 2007;

D. The Court declare that U.S. Bank may not accelerate the Subordinated Notes;

E. The Court declare that Finisar is not obligated to pay any of U.S. Bank's fees or expenses;

F. The Court award to Finisar its attorney's fees and all other costs and expenses of defending against the Amended Counterclaims; and

G. The Court award Finisar such other and further relief as is just and proper.

6.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Finisar demands TRIAL BY JURY of all claims and issues encompassed within the Amended Counterclaims that are so triable.

DATED July 21, 2008

    Sterling A. Brennan
    L. Rex Sears
    WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

    Caroline McIntyre
    BERGESON, LLP


    By_____/s/ Sterling A. Brennan_____
           Sterling A. Brennan
    Attorneys for Plaintiff FINISAR CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson, awilkinson@faegre.com; Eva K. Schueller, eschueller@mofo.com; Michael B. Fisco, mfisco@faegre.com; and Paul T. Friedman, pfriedman@mofo.com.

**WORKMAN NYDEGGER**

/s/ Sterling A. Brennan
STERLING A. BRENNAN
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah, 84111

7.