Sterling A. Brennan (CA State Bar No. 126019; E-mail: sbrennan@wnlaw.com)
L. Rex Sears (Admitted *Pro Hac Vice*; E-mail: rsears@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Caroline McIntyre (CA State Bar No. 159005; E-mail: cmcintyre@be-law.com)
BERGESON, LLP
303 Almaden Boulevard
Suite 500
San Jose, California 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Plaintiff FINISAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, a national banking association, not in its individual capacity, but solely in its capacity as Indenture Trustee in behalf of all Holders of Finisar Corporation's 5¼% Convertible Subordinated Notes due 2008, 2½% Convertible Senior Subordinated Notes due 2010, and 2½% Convertible Subordinated Notes due 2010; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:07-CV-04052-JF (PVT)<br><br>**PLAINTIFF FINISAR CORPORATION'S MOTION FOR ATTORNEY'S FEES**<br><br>[Fed. R. Civ. P. 54(d)(2);<br>Cal. Civ. Code § 1717(a)]<br><br>(Points and Authorities incorporated herein; Declaration of Sterling A. Brennan submitted herewith)<br><br>Date:　　　**Friday, November 7, 2008**<br>Time:　　　**9:00 a.m.**<br>Courtroom:　**3**<br><br>District Judge:　　Hon. Jeremy Fogel<br>Magistrate Judge:　Hon. Patricia V. Trumbull<br><br>Complaint Filed:　June 22, 2007<br>Summary Judgment: August 25, 2008 |

## TABLE OF CONTENTS

PAGE(S)

I. INTRODUCTION AND SUMMARY OF ARGUMENT .............................................. 2

II. ARGUMENT .................................................................................................................. 3

    A. California's Reciprocity Statute Entitles Finisar to Recover its Attorney's Fees .......... 3

        1. The Indentures Include Provisions that Trigger the Reciprocity Statute. ............. 3

        2. Finisar Is the Prevailing Party. .............................................................................. 3

    B. The Fees Finisar Seeks Are Reasonable ........................................................................ 4

    C. The New York Choice of Law Provision Does Not Impair the Operation of California's Reciprocity Statute ..................................................................................... 4

        1. California's Reciprocity Statute Embodies a Fundamental Policy. ...................... 4

        2. California Has a Materially Greater Interest than New York. .............................. 5

        3. Absent an Effective Contractual Choice of Law, California Law Governs. ........ 5

III. CONCLUSION ............................................................................................................... 7

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*ABF Capital Corp. v. Grove Properties Co.*,
  126 Cal. App. 4th 204, 23 Cal. Rptr. 3d 803 (2005) ................................................................ 5

*Chan v. Society Expeditions, Inc.*,
  123 F.3d 1287 (9th Cir. 1997) ................................................................................................. 4

*Ribbens International, S.A. v. Transport International Pool*,
  47 F. Supp. 2d 1117 (C.D. Cal. 1999) ................................................................................. 4, 5

*The Scotland*,
  105 U.S. 24 (1881) ................................................................................................................... 6

**Statutes/Rules**

California Civil Code section 1717 ........................................................................................ 1, 3, 4

Federal Rule of Civil Procedure 54 .............................................................................................. 1

**Other Authorities**

Restatement (Second) Conflict of Laws § 187 .......................................................................... 4, 5

Restatement (Second) Conflict of Laws § 188 ............................................................................. 6

# NOTICE OF MOTION

TO DEFENDANT AND COUNTERCLAIMANT U.S. BANK TRUST NATIONAL ASSOCATION AND TO ITS ATTORNEYS OF RECORD IN THE ABOVE-CAPTIONED ACTION:

PLEASE TAKE NOTICE that, on **Friday, November 7, 2008, at 9:00 a.m.**, or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled Court (the Honorable Jeremy Fogel, United States District Judge, presiding) located at 280 South First Street, San Jose, California, plaintiff and counterdefendant Finisar Corporation ("Finisar") shall—and hereby does—move the Court to award it the attorney's fees it has incurred to prevail in the above-captioned action ("Action"), in an amount not less than $560,504. Finisar's instant motion ("Motion") is and shall be made pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and California Civil Code section 1717(a).

The allegations of default claims and threat of acceleration by defendant and counterclaimant U.S. Bank Trust National Association ("U.S. Bank"), under three contractual trust indentures and associated corporate notes, obliged Finisar to seek a judicial declaration that it did not default. Two weeks ago, on August 25, 2008, the Court entered its "Order Granting in Part Finisar's Motion for Summary Judgment; and Denying U.S. Bank's Motion for Summary Judgment" ("Order") providing the declaration Finisar sought. Because the contracts at issue include provisions that permit U.S. Bank to recover fees it might incur in an action to enforce them, under California's reciprocity statute, California Civil Code section 1717(a), Finisar is entitled to recover the fees it incurred to prevail in this Action.

Finisar's Motion is and shall be based upon this Notice, the Points and Authorities set forth below, the accompanying "Declaration of Sterling A. Brennan in Support of Finisar Corporation's Motion for Attorney's Fees" ("Brennan Decl.") and matters appended thereto, the pleadings, documents, and other records on file in the Action, and such additional evidence and argument as may be presented in connection with the hearing and determination of the Motion.

# POINTS AND AUTHORITIES

Finisar respectfully submits the following points and authorities in support of its Motion.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Finisar and U.S. Bank are parties to three contractual trust indentures ("Indentures") under which Finisar issued three series of convertible notes ("Notes") in the principal amount (in round figures) of $250 million. (Order at 1:26-2:2.) In various "notices of default" issued by U.S. Bank beginning in January 2007, U.S. Bank asserted that Finisar had defaulted under the Indentures by not timely filing certain periodic reports with the Securities and Exchange Commission ("SEC"). (*Id.* at 3:18-4:1.) U.S. Bank also reported to the holders of Finisar's Notes—incorrectly, as this Court has now held—that Finisar had defaulted. (Brennan Decl., Exs. E, F.)

"If an Event of Default … occurs and is continuing," Section 6.02 of the Indentures authorizes U.S. Bank to declare all principal and interest outstanding on the Notes to be immediately due and payable. (Order at 2:9-12.) Accordingly, U.S. Bank's allegations of default were tantamount to a threat that Finisar would immediately have to repay $250 million to holders of the Notes. (*See* Declaration of Diana Jacobs in Support of Motion of U.S. Bank Trust National Association for Summary Judgment, April 24, 2008 ["Jacobs Decl."], p. 1, ¶ 3.)

Finisar responded to U.S. Bank's allegations and threats by commencing this Action. On August 25, 2008, the Court declared that Finisar had not defaulted. (Order at 7:22-8:1.) The Court also ruled that U.S. Bank could keep approximately $318,000 Finisar had already paid to U.S. Bank, under protest, to satisfy U.S. Bank's prior demand that Finisar pay fees incurred by U.S. Bank before Finisar filed its periodic reports with the SEC. (Order at 10:24-11:1.) Finisar's $250 million victory dwarfs U.S. Bank's $318,000 success.

The Indentures include the following provisions:

> SECTION 6.03 <u>Other Remedies</u>. If an Event of Default occurs and is continuing, the Trustee may pursue any available remedy to collect the payment of the principal and any accrued cash interest on the Notes or to *enforce the performance* of any provision of the Notes or this Indenture. [emphasis added]
>
> SECTION 7.06 <u>Compensation and Indemnification of Trustee and Its Prior Claim</u>. … [T]he Company covenants and agrees to pay or reimburse the Trustee … for all reasonable expenses … incurred or made

> by or on behalf of it in accordance with any of the provisions of this Indenture (including (i) the reasonable compensation and the expenses and disbursements of its counsel …) …

(Order at 2:17-3:2.) Between them, these provisions entitle U.S. Bank to recover whatever attorney's fees it might incur to enforce the Indentures. As discussed below, that is enough to trigger California's reciprocity statute, which entitles *Finisar* to recover *its* fees.

## II. ARGUMENT

### A. California's Reciprocity Statute Entitles Finisar to Recover its Attorney's Fees.

#### 1. The Indentures Include Provisions that Trigger the Reciprocity Statute.

California's reciprocity statute provides:

> In any action on a contract, where the contract specifically provides that attorney's fees … which are incurred to enforce that contract, shall be awarded … to one of the parties … the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). As noted above, the Indentures include two provisions—Sections 6.03 and 7.06—which between them authorize U.S. Bank to recover attorney's fees it might incur to enforce the Indentures. The Indentures thus provide "that attorney's fees … which are incurred to enforce that contract, shall be awarded … to one of the parties," which brings this case within the ambit of the reciprocity statute. *See* Cal. Civ. Code § 1717(a).

#### 2. Finisar Is the Prevailing Party.

Because the Indentures trigger the reciprocity statute, the prevailing party in this Action is "entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code §1717(a). As for who that party is, the reciprocity statute further provides, "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1). The Court's declaration of no default freed Finisar from the specter of immediate repayment of $250 million. U.S. Bank, by contrast, only gets to keep $318,000 Finisar has already paid. Finisar won on the major issue; U.S. Bank succeeded only on a relatively minor issue. Because Finisar obtained greater relief than U.S. Bank, it is the prevailing party and is entitled to recover its reasonable fees under the reciprocity statute.

3.

B.   **The Fees Finisar Seeks Are Reasonable.**

"Reasonable attorney's fees shall be fixed by the court." Cal. Civ. Code §1717(a). As set forth in the accompanying Brennan Declaration, Finisar seeks an award of fees in the amount of $560,504. (Brennan Decl., ¶¶ 9-10.) U.S. Bank cannot contest the reasonableness of that request as it claims to have reasonably incurred nearly twice that amount ($318,000 already reimbursed by Finisar and additional $760,000 U.S. Bank claims to have incurred since December 1, 2007). (*See* Order at 9:5-6; Brennan Decl., Ex. D.) The Brennan Declaration and U.S. Bank's own representation regarding reasonable fees amply demonstrate that Finisar's request is reasonable.

C.   **The New York Choice of Law Provision Does Not Impair the Operation of California's Reciprocity Statute.**

The Indentures include a choice of law provision indicating that they are to be governed by New York law. A proper choice of law analysis shows that contractual provision to be incapable of supplanting California's reciprocity statute.

"Federal common law applies to choice-of-law determinations in cases based on federal question jurisdiction," and "[f]ederal common law follows the approach of the Restatement (Second) of Conflicts of Laws." *Chan v. Society Expeditions, Inc.*, 123 F.3d 1287, 1297 (9th Cir. 1997). Section 187(2) of the Restatement, in turn, provides:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied … unless … (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

As shown below, the three-part inquiry mandated by the Restatement requires application of California's reciprocity statute.

1.   **California's Reciprocity Statute Embodies a Fundamental Policy.**

If New York law is at variance with California's reciprocity statute, then its application would violate a fundamental policy of the State of California. *See Ribbens Int'l, S.A. v. Transport Int'l Pool,* 47 F. Supp.2d 1117, 1122 (C.D. Cal. 1999) ("section 1717(a) represents the strongly held public policy of California . . . . a basic and fundamental policy choice by the state of

California"); *ABF Capital Corp. v. Grove Properties Co.*, 126 Cal. App. 4th 204, 214, 23 Cal. Rptr. 3d 803 (2005) ("Civil Code section 1717, subdivision (a) reflects a fundamental public policy of this state").

### 2.   California Has a Materially Greater Interest than New York.

Turning to the next inquiry prescribed by the Restatement, California has a materially greater interest than New York in determining whether Finisar is entitled to recover its fees. First, Finisar is based in California, and "California has [a] ... significant interest in having its rules regarding attorney's fees contractual provisions apply to its corporate resident." *Ribbens*, 47 F. Supp. 2d at 1122. (*See* Defendant and Counterclaim Plaintiff U.S. Bank Trust National Association's Amended Answer to Finisar Corporation's First Amended Complaint and Counterclaims ["Amended Answer"], p. 8, ¶ 1.) Because U.S. Bank is headquartered in Delaware, New York has no countervailing interest. (*See* Order at 1:56-26.)

Second:

> The interest of California in seeing its residents receive fair play with respect to attorney fees, when resort is made to the California courts, is a fundamental equitable policy of this state. Because resort is made to the California courts, and implicates the equitable treatment of California citizens, California has a great material interest in the attorney fees issue—fees which are attributable to litigation in California. ... California has a materially greater interest in enforcing the equitable rules governing access to its courts—including the reciprocal attorney fees rule—than New York has in assuring the enforcement of New York law concerning attorney fees, when those attorney fees are not incurred as a result of any use of New York courts, and have no effect on the accessibility to New York courts.

*ABF Capital*, 126 Cal.App.4th at 220.

### 3.   Absent an Effective Contractual Choice of Law, California Law Governs.

Finally, "under the rule of § 188," California "would be the state of the applicable law in the absence of an effective choice of law by the parties." *See* Rest. 2d Conflict of Laws § 187(2). Section 188 of the Restatement provides:

> the contacts to be taken into account ... to determine the law applicable to an issue include:
> (a) the place of contracting,
> (b) the place of negotiation of the contract,
> (c) the place of performance,

5.

FINISAR'S MOTION FOR ATTORNEY'S FEES                           CASE NO.: 5:07-CV-04052-JF-PVT

(d) the location of the subject matter of the contract, and
(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

Here, the places of contracting and negotiation are indeterminate. The other contacts, however, are clearly with California.

Finisar's obligations under the Indentures—e.g., reporting and interest payment—pertain to its general corporate administration rather than any localized operation. Finisar discharges those obligations at its California headquarters. (*See* Brennan Decl., ¶ 15.) U.S. Bank, however, has attempted to discharge its duties as trustee under the Indentures in various fora, including Seattle, where the Vice President currently administering the Indentures works. (*See* Brennan Decl., ¶ 12; Jacobs Decl., p. 6.) Thus, California is most properly characterized as Finisar's place of performance but New York is not properly characterized as U.S. Bank's.

The subject matter of the contracts is money borrowed and notes issued by Finisar, and associated security interests held in Finsar, all of which are most properly deemed to be located where Finisar is headquartered—i.e., in California. (*See* Amended Answer at p. 8, ¶ 1.) Finally, Finisar is domiciled, resides, and has its principal place of business in California, but neither party is domiciled or incorporated, or resides or has its principal place of business, in New York. (*See id.*; Order at 1:25-26.)[1]

As there are several weighty California contacts and no countervailing New York contacts, California law governs. At a minimum, there is no predominance of New York contacts to justify departure from the law of this forum, which this Court should assume expresses "the rules of justice." *See The Scotland*, 105 U.S. 24, 29 (1881) ("where the law of no particular State has exclusive force, but all are equal, any forum called upon to settle the rights of the parties would *prima facie* determine them by its own law as presumptively expressing the rules of justice").

///

///

---

[1] The Indentures direct Finisar to send notices to *a* U.S. Bank office in New York, but since the signing of the Indentures U.S. Bank has directed Finisar to send them to Ms. Jacobs in Seattle, instead. (Brennan Decl., ¶ 14.)

6.

FINISAR'S MOTION FOR ATTORNEY'S FEES                              CASE NO.: 5:07-CV-04052-JF-PVT

### III. CONCLUSION

Finisar should be awarded its reasonable fees, in an amount not less than $560,504.

DATED: September 8, 2008                Respectfully submitted,

Sterling A. Brennan
L. Rex Sears
WORKMAN NYDEGGER A PROFESSIONAL CORPORATION

Caroline McIntyre
BERGESON, LLP


By____/s/ Sterling A. Brennan_____
            Sterling A. Brennan
    Attorneys for Plaintiff FINISAR CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Anthony Rodriguez, drodriguez@mofo.com; Abby E. Wilkinson, awilkinson@faegre.com; Eva K. Schueller, eschueller@mofo.com; Michael B. Fisco, mfisco@faegre.com; Edward T. Wahl, ewahl@faegre.com and Paul T. Friedman, pfriedman@mofo.com.

**WORKMAN NYDEGGER**

/s/ Sterling A. Brennan
STERLING A. BRENNAN
**WORKMAN NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800